IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| **JUAN LOZADA-LEONI,** : | |
| Plaintiff, : | |
| : | Civil Action No. _____ |
| vs. : | **COMPLAINT FOR VIOLATION OF SECTION 806 OF THE SARBANES-OXLEY ACT OF 2002, 18 U.S.C. §1514A** |
| **MONEYGRAM INTERNATIONAL, INC., JUAN MANUEL GONZALEZ** and **CHRISTOPHER PONDER** in their official and individual capacities**,** : | **Jury Demand** |
| Defendants. | |

Plaintiff JUAN LOZADA-LEONI ("Plaintiff" or "Lozada") by and through his attorney, Steve Kardell, Esq., files this his Complaint demanding trial by jury against MoneyGram International, Inc. ("MGI"), Juan Manuel Gonzalez ("Gonzalez") and Christopher Ponder ("Ponder") (referred to individually or collectively as "Defendants"), hereby alleges as follows:

**OVERVIEW**

This is a retaliation/termination brought pursuant to Section 806 of the Sarbanes-Oxley Act ("SOX") case. In most cases these are fairly straightforward. The individual Defendants here are two managers that were involved in Plaintiff's termination. The fact situation here is

complicated because of a 2009 FTC Order, as well as a deferred prosecution agreement (DPA), both of which were hanging, like a Sword of Damocles, over MGI at all times relevant herein. These restrictions influenced all key decisions involved here, along with the oversight of a monitor, in this case the New York office of Freshfields, an international law firm.

Also significant is the fact that some 18 months after Plaintiff was terminated, MGI was found to have violated the 2009 FTC Order, and was hit with massive new fines and sanctions, along with a brand-new DPA.

These new sanctions, in many cases, completely incorporated and adopted some of the following complaints that Plaintiff had been terminated for raising:

A. his complaints regarding Defendant's violation of laws and regulations applicable to Defendant MGI (e.g., Bank Secrecy Act; Patriot Act, etc.);

B. his complaints regarding Defendant's willful violations of the FTC 2009 Order, and

C. his complaints regarding Defendant's willful violations of the DPA.

## JURISDICTION, VENUE AND PROCEDURAL PREREQUISITES

1. Jurisdiction is conferred on this Court pursuant to 18 U.S.C. § 1514A *et seq* and 28 U.S.C. § 1331.

2. Venue is proper in this district under 28 U.S.C. § 1391(a) because the acts that give rise to this Complaint, as well as certain of the transactions, acts, practices and courses of conduct constituting violations of the federal securities laws took place in this district.  Defendant's principal place of business is in this district. Venue is also proper because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

3. On September 28, 2017, Plaintiff timely filed a complaint with the United States Department of Labor. More than 180 days have elapsed since filing that complaint.[1] This Court has jurisdiction over this action without regard to the amount in controversy. 18 U.S.C. §1514A(b)(1).

## PARTIES

5. Plaintiff JUAN LOZADA-LEONI ("Plaintiff" or "Lozada"), who began work as a Senior Manager for the U.S. Compliance Team for MoneyGram International, Inc. on October 18, 2016.

6. Defendant MONEYGRAM INTERNATIONAL, INC. ("Defendant" or "MGI") a publicly traded, global money services business, incorporated under the laws of Delaware, and headquartered at 3000 Internet Blvd, Frisco, Texas 75034. MGI provides a service that enables customers to transfer money to various locations in the United States and around the world. MGI operates worldwide through a network of approximately 275,000 locations in 190 countries.

7. Defendant Juan Manuel Gonzalez ("Gonzalez") who was, at all relevant times, a Senior Director for MGI. Gonzalez worked for MGI at its headquarters located at 3000 Internet Blvd., Frisco, Texas. At all relevant times, Gonzalez had supervisory authority over Plaintiff.

8. Defendant Christopher Ponder ("Ponder") who was, at all relevant times, the Director of Human Resources for MGI. Ponder worked for MGI at its headquarters located at 3000 Internet

---

[1] From March 5, 2018 to the date of filing the instant action herein, this matter was before DOL Administrative Law Judge Tracy Daly, bearing Cause No. 2018-SOX-0004.

Blvd., Frisco, Texas. At all relevant times, Ponder had human resource authority over Plaintiff's terms and conditions of employment.

## FACTUAL ALLEGATIONS

9. As a result of Plaintiff's protected complaints, Defendant Gonzalez asserted pretextual criticisms relating to alleged shortcomings in Plaintiff's work performance.

10. As a result of Plaintiff's lawful complaints, both MGI and Defendant Gonzalez effectuated plaintiff's unlawful termination.

11. As a result of Plaintiff's protected complaints, both MGI and Defendant Ponder authorized Plaintiff's termination, without any warning.

12. The conduct of MGI, Defendant Gonzalez and Defendant Ponder was in direct retaliation for Plaintiff's lawful protected activity.

## FIRST CAUSE OF ACTION
### (Retaliation in Violation of the Sarbanes-Oxley Act - 18 USC § 1514A)

13. Plaintiff repeats and realleges each of the allegations contained in each of the preceding paragraphs as though fully set forth herein.

14. As set forth above, MGI and the individual Defendants violated the Sarbanes-Oxley Act of 2002, 18 U.S.C. 1514A, by taking adverse employment actions against Plaintiff, including, but not limited to, his termination, on April 4, 2017.

15. All adverse employment actions were directed against Plaintiff herein, in retaliation for the following protected activity:

    A. his complaints regarding Defendant's violation of laws and regulations applicable to Defendant MGI (e.g., Bank Secrecy Act; Patriot Act, etc.);

    B.  his complaints regarding Defendant's willful violations of the FTC 2009 Order, and

    C.  his complaints regarding Defendant's willful violations of the DPA.

    D.  Plaintiff's lawful conduct in attempting to improve MGI's compliance program.

16.    As a direct and proximate cause of MGI and the individual Defendants' retaliatory conduct, Plaintiff has suffered and will continue to suffer severe financial, mental and emotional hardship and injury including the loss of compensation, reduced possibilities for equivalent future compensation, and other additional damages, including interest, attorney's fees, costs and disbursements.

## RELIEF SOUGHT

A prevailing SOX whistleblower is entitled to "all relief necessary to make the employee whole," which, in Complainant's case, includes the following:

1. Back pay (lost wages and benefits);
2. Reinstatement with the same seniority that the employee would have had, were it not for the retaliation;
3. Alternatively; front pay in lieu of reinstatement;
4. Special damages (damages for impairment of reputation, personal humiliation, mental anguish and suffering, and other noneconomic harm that results from retaliation); and
5. Attorney's fees, and costs.

                                              Respectfully submitted,

                                              /s/ Steve Kardell

Steve Kardell
State Bar No. 11098400
skardell@kardelllawgroup.com
KARDELL LAW GROUP
4514 Cole Avenue, Suite 600
Dallas, Texas 75205
Telephone: (214) 616-4654
Facsimile: (469) 729-9926
ATTORNEY FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document has been served via email on MGI's counsel, John Barcus and Gary Eisenstat, on January 23, 2019.

/s/ Steve Kardell