**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **JUAN LOZADA-LEONI,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 5:19-cv-00011-RWS-CMC** |
| **MONEYGRAM INTERNATIONAL, INC.,** | § | |
| **JUAN MANUEL GONZALEZ and** | § | |
| **CHRISTOPHER PONDER in their official** | § | |
| **and individual capacities,** | § | |
| | | |
| *Defendants.* | | |

**DEFENDANT MONEYGRAM INTERNATIONAL, INC.'S**
**MOTION TO DISMISS FOR IMPROPER VENUE, OR ALTERNATIVELY, MOTION**
**TO TRANSFER VENUE, AND BRIEF IN SUPPORT**

Gary D. Eisenstat
State Bar No. 06503200
gary.eisenstat@ogletreedeakins.com
John M. Barcus
Texas Bar No. 24036185
john.barcus@ogletreedeakins.com
**OGLETREE, DEAKINS, NASH, SMOAK &**
**STEWART, P.C.**
Preston Commons West
8117 Preston Road, Suite 500
Dallas, Texas  75225
Telephone:  (214) 987-3800
Fax:  (214) 987-3927

**ATTORNEYS FOR DEFENDANTS**

## <u>TABLE OF CONTENTS</u>

OVERVIEW ................................................................................................................ 1

STATEMENT OF ISSUES TO BE DECIDED ........................................................ 3

EVIDENCE................................................................................................................ 3

FACTS AND FACTUAL ALLEGATIONS,  INCLUDING PROCEDURAL HISTORY ........... 3

THE INDIVIDUAL DEFENDANTS' JURISDICTIONAL MOTIONS....................................... 9

ARGUMENT AND AUTHORITY................................................................... 10

      A.     The Court should dismiss Plaintiff's claims against MGI pursuant to Rule 12(b)(3). ........................................................................................... 10

      B.     Alternatively, the Court should exercise its discretionary authority to transfer the case to the Northern District (or alternatively to the Sherman Division). ...... 16

           1.     The standards for discretionary transfer under Section 1404(a) are well established, and apply equally to transfers between districts and intra-district transfer. ........................................................................................ 16

           2.     Venue would have been proper in the Northern District, and in the Sherman Division of this District. ......................................................... 18

           3.     The public interest factors favor transfer to the Northern District, or alternatively to the Sherman Division of this District. ............................ 19

RELIEF REQUESTED.................................................................................... 23

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Ambraco, Inc. v. Bossclip B.V.*,
570 F.3d 233 (5th Cir. 2009) ................................................................11

*Amini Innovation Corp. v. Bank & Estate Liquidators, Inc.*,
512 F. Supp. 2d 1039 (S.D. Tex. 2007) ..................................................17

*Autogenomics, Inc. v. Oxford Gene Tech., Ltd.*,
566 F.3d 1012 (Fed. Cir. 2009)..............................................................20

*Baptist Hospitals of Southeast Tex. v. SelectCare of Tex., Inc.*,
2018 WL 5569424 (E.D. Tex. Oct. 4, 2018) ..........................................11

*Berry v. Pilgrim's Pride Corp.*,
2016 WL 6092701 (E.D. Tex. Oct. 19, 2016) .........................................18

*Broadway Nat'l Bank v. Plano Encryption Techs., LLC*,
173 F. Supp. 3d 469 (W.D. Tex. 2016)...................................................11

*Clemons v. WPRJ, LLC*,
928 F. Supp. 2d 885 (S.D. Tex. 2013) ...................................................11

*Cunningham v. CBC Congl., LLC*,
--- F. Supp. 3d ---, 2019 WL 452749 (E.D. Tex. Feb. 5, 2019)...............12

*DataTreasury Corp. v. First Data Corp.*,
243 F. Supp. 2d 591 (N.D. Tex. 2003) ..............................................17, 22

*Deb v. SIRVA, Inc.*,
832 F.3d 800 (7th Cir. 2016) .................................................................11

*Durrett v. Walmart, Inc.*,
2018 WL 5630521 (E.D. Tex. Oct. 31, 2018) ...........................16, 17, 18, 19, 20, 22

*Hoffman v. Blaski*,
363 U.S. 335 (1960).............................................................................18

*Langton v. Cbeyond Comm'n, L.L.C.*,
282 F. Supp. 2d 504 (E.D. Tex. 2003)................................................11, 16

*McClintock v. School Bd. East Feliciana Parish*,
299 Fed. App'x 363 (5th Cir. 2008) .......................................................14

*In re Radmax, Ltd.*,
   720 F.3d 285 (5th Cir. 2013) ........................................................................16, 18

*Ramming v. United States*,
   281 F.3d 158 (5th Cir. 2001) .................................................................................9

*Ruhrgas AG v. Marathon Oil Co.*,
   526 U.S. 574 (1999)...............................................................................................9

*Saint Lawrence Comms. LLC v. Apple Inc.*,
   2017 WL 3712153 (E.D. Tex. Feb. 6, 2017) ........................................................23

*Stewart Org., Inc. v. Ricoh Corp.*,
   487 U.S. 22 (1988)................................................................................................17

*In re Volkswagen AG*,
   371 F.3d 201 (5th Cir. 2004) ..................................................................18, 21, 22

*In re Volkswagen of Am., Inc.*,
   545 F.3d 304 (5th Cir. 2008) ..................................................................17, 18, 19

**Federal Statutes**

28 U.S.C.§ 1391...................................................................................... *passim*

28 U.S.C. § 1404..................................................................................... *passim*

28 U.S.C. § 1406....................................................................................2, 14

Sarbanes-Oxley Act of 2002 (15 U.S.C. § 7201, *et seq.*) ..................... *passim*

**Other Authorities**

29 C.F.R. 1980.114 ...................................................................................7

5B, Wright & Miller, Federal Practice and Procedure § 1352 (2004)...........................11

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **JUAN LOZADA-LEONI,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 5:19-cv-00011-RWS-CMC** |
| **MONEYGRAM INTERNATIONAL, INC.,** | § | |
| **JUAN MANUEL GONZALEZ and** | § | |
| **CHRISTOPHER PONDER in their official** | § | |
| **and individual capacities,** | § | |
| | | |
| *Defendants.* | | |

## DEFENDANT MONEYGRAM INTERNATIONAL, INC.'S MOTION TO DISMISS FOR IMPROPER VENUE, OR ALTERNATIVELY, MOTION TO TRANSFER VENUE, AND BRIEF IN SUPPORT

Defendant MoneyGram International, Inc. ("MGI") files its Motion to Dismiss for Improper Venue, or Alternatively, Motion to Transfer Venue, and Brief in Support ("Motion") and states:

### OVERVIEW

1.     Plaintiff Juan Lozada-Leoni ("Plaintiff") alleges that he is a former employee of MGI, and that MGI terminated his employment in violation of the Sarbanes-Oxley Act of 2002 ("SOX"). Plaintiff filed an administrative complaint with the United States Department of Labor making the same allegation. After more than 180 days had passed without the DOL having made a final determination, Plaintiff filed suit in this Court, in which he has alleged that MGI and individual defendants Juan Manuel Gonzalez ("Gonzalez") and Christopher Ponder ("Ponder") (together, the "Individual Defendants") all took adverse employment actions against him in violation of SOX.

2.      This Court should dismiss Plaintiff's claims against MGI pursuant to Rule 12(b)(3) because the Eastern District of Texas is not a proper venue. As set forth in their respective motions to dismiss, the Court lacks subject-matter jurisdiction over Plaintiff's claims against both Individual Defendants, and lacks personal jurisdiction over Gonzalez. In the interests of judicial economy, Defendants recommend that the Court address and dismiss the claims against the Individual Defendants prior to deciding this Motion. The Court should then grant the Motion because the acts and omissions by MGI allegedly giving rise to Plaintiff's claim against MGI either were not done *by* MGI or did not occur in this District, and because MGI does not reside in this District.

3.      Simply put, Plaintiff brought his administrative complaint against the wrong party, and has now sued the wrong party. MGI did not employ Plaintiff. His employer was MoneyGram Payment Systems, Inc. ("MPSI"). MPSI – not MGI – also employs the Individual Defendants. MGI has no employees and no presence in this District. To the extent that any part of the acts giving rise to Plaintiff's claims occurred in this District, those acts were carried out by MPSI, not MGI. To the extent Plaintiff intends to pursue a claim against MGI, despite having been repeatedly put on notice, and having admitted, that MPSI is the "proper" defendant, he cannot do so in this District. The Court should either dismiss pursuant to Rule 12(b)(3) or transfer this action to the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1406.

4.      Alternatively and in addition, to the extent the Court determines that venue is *proper* in this District, the Court should exercise its discretion to transfer the case to the Northern District of Texas, Dallas Division, or to the Sherman Division of this District, pursuant to 28 U.S.C. § 1404.

## STATEMENT OF ISSUES TO BE DECIDED

5.     Pursuant to Local Rule CV-7(a)(1), MGI states that the issues to be decided by the Court in determining MGI's request for *case-dispositive* relief are:

    a.   Whether venue is proper in this Court under 28 U.S.C. § 1391; and

    b.   If venue is not proper, whether the Court should dismiss the case, or whether the court should transfer it to a proper venue.

6.     If and to the extent the Court determines these issues in favor of Plaintiff, the Court then must determine MGI's alternative requests for non-case-dispositive relief, *i.e.*, whether the Court should retain jurisdiction over the case or exercise its discretion to transfer the case to a more convenient venue pursuant to 28 U.S.C. § 1404.

## EVIDENCE

7.     Pursuant to Local Rule CV-7(b), MGI has attached several documents in support of the Motion. Many appear in the administrative record of the proceeding from which Plaintiff purports to bring this action for *de novo* review. The Court may take judicial notice of these items; they are provided for that purpose and for the convenience of the Court. MGI has additionally attached the Declaration of Elizabeth Weathers-Nguyen in support of certain of the factual statements made below, as well as excerpts from Plaintiff's deposition, and certain correspondence between counsel.

## FACTS AND FACTUAL ALLEGATIONS, INCLUDING PROCEDURAL HISTORY

8.     **Background Regarding MGI and MPSI.** MGI is a Delaware corporation that maintains its principal place of business at 2828 N. Harwood Street in Dallas, Texas. *See* Exhibit 1 at ¶ 2.[1] MGI has maintained its principal place of business in Dallas since 2010. [*Id.*] Plaintiff's

---

[1] Declaration of Elizabeth Weathers-Nguyen.

statement in his First Amended Complaint that MGI maintains its "headquarters located at 3000 Internet Blvd., Frisco, Texas," is untrue. [*Id.*] MGI has never maintained an office of any kind in Frisco, Texas. [*Id.*]

9.      Non-party MoneyGram Payment Systems, Inc. ("MPSI") is a subsidiary of MGI. [*Id.*] MPSI is likewise headquartered at 2828 N. Harwood Street in Dallas, Texas. [*Id.* ¶ 3.] MPSI maintains its personnel records for all U.S. offices in Dallas. [*Id.*] MPSI has no office or employees within the Texarkana Division. [*Id.*] MPSI gave Plaintiff an offer letter for employment from MPSI, which he accepted. [*Id.* ¶ 4 and Ex. 1.] MPSI employed Plaintiff from approximately October 2016 until approximately April 2017, when MPSI terminated his employment. [*Id.* ¶ 4.]

10.     Plaintiff worked for MPSI at its office at 3000 Internet Boulevard in Frisco, Texas. [*Id.*] That office space is leased by MPSI, not MGI. [*Id.*] MGI does not transact business in MPSI's Frisco, Texas, office, or anywhere else in the Eastern District of Texas. [*Id.*] Plaintiff has never been employed by MGI. [*Id.* ¶ 5.] Individual Defendants are currently employed by MPSI and have never been employed by MGI. [*Id.*]

11.     **Plaintiff's Original DOL Complaint Misidentified his Employer as MGI.**
After MPSI terminated Plaintiff's employment, Plaintiff (through counsel) filed a "formal complaint under Section 806 of the Sarbanes-Oxley Act of 2002" with OSHA. *See* Exhibit 2.[2] MGI is the only identified respondent. *Id.* OSHA determined from the face of the complaint that Plaintiff had not even "present[ed] a prima facie showing" of liability. It issued a letter on October 12, 2017, dismissing the complaint for that reason. *See* Exhibit 3.[3] The DOL advised

---

[2] September 28, 2017, SOX Complaint submitted to OSHA Region Six Administrator by counsel for Plaintiff.
[3] October 12, 2017, letter from OSHA Regional Supervisory Investigator Angela Fisher to counsel for Plaintiff, advising of OSHA's dismissal of the Complaint.

Plaintiff that he had "30 days from the receipt of these Findings to file objections and to request a hearing before an Administrative Law Judge." [*Id.*] Plaintiff lodged objections on November 13, 2017, and requested a hearing in front of an ALJ. *See* Exhibit 4.[4]

12.     **The ALJ Proceeding.** The DOL opened Case Number 2018-SOX-00004, which it styled *Juan Lozada-Leoni v. MoneyGram International*, and assigned the case to Administrative Law Judge Tracy A. Daly. Judge Daly issued a Notice of Case Assignment and Prehearing order on January 11, 2018. *See* Exhibits 5 and 6.[5] In that Notice, Judge Daly ordered Plaintiff to file a "detailed Pleading Complaint" by January 25, 2018. *See* Exhibit 6 at p. 3.

13.     In a February 23, 2018, Notice of Hearing Date and Filing Deadlines, Judge Daly also imposed a March 15 deadline for "dispositive and joinder motions." *See* Exhibit 7.[6] Plaintiff filed no such motion. Plaintiff filed his Original [Administrative] Complaint on March 9, 2018. *See* Exhibit 8.[7] Plaintiff identified only one respondent – MGI – and did not seek relief against any party other than MGI. [*Id.*] MPSI, despite having been Plaintiff's employer, is not named. [*Id.*] Plaintiff filed his First Amended [Administrative] Complaint on March 26, 2018. *See* Exhibit 9.[8] Again, MGI was the only respondent and the only party against whom Plaintiff sought relief. [*Id.*]

14.     **MPSI Put Plaintiff on Notice.**  Presuming that Plaintiff's decision to file his complaint against MGI rather than against his employer, MPSI, had been inadvertent rather than deliberate, MPSI responded to Plaintiff's First Amended [Administrative] Complaint on April 6,

---

[4] November 13, 2017, letter from counsel for Plaintiff to the Chief Administrative Law Judge, Department of Labor, objecting to the dismissal and requesting a hearing on the record.
[5] Exhibit 5: Docket sheet for Case No. 2008-SOX-00004, *Juan Lozada-Leoni v. MoneyGram International*, before the United States Department of Labor. Exhibit 6: Notice of Case Assignment and Prehearing Order, issued on January 11, 2018.
[6] Notice of Hearing Date and Filing Deadlines, issued on February 23, 2018.
[7] Juan Lozada-Leoni's Original Complaint, filed on March 9, 2018.
[8] Juan Lozada-Leoni's First Amended [Administrative] Complaint, filed on March 26, 2018.

2018. *See* Exhibit 10.[9] In particular, MPSI filed the Response as "Respondent MoneyGram Payment Systems, Inc., improperly named herein as MoneyGram International." [*Id.* at p. 1.] In answering Plaintiff's allegation that MGI employed him, "MoneyGram state[d] that Complainant was employed by MoneyGram Payment Systems, Inc. rather than by MoneyGram International[.]" [*Id.* at § II, ¶ 1.]

15.   **Plaintiff Acknowledged MPSI as his Former Employer in the ALJ Proceeding.** Plaintiff gave deposition testimony on May 23, 2018. Again, MGI and MPSI were up front:

> Q:   Will you please state and spell your full name for the record, please.
>
> A:   Juan Lozada-Leoni. . . .
>
> * * *
>
> Q:   Okay. And, sir, my name is John Barcus. I'm with the Ogletree Deakins Law Firm and I represent MoneyGram Payment Systems, Incorporated. Do you understand that?
>
> A:   I do.
>
> Q:   And if I refer in this deposition simply to "MoneyGram," do you understand that I mean the entity that was ***your former employer, MoneyGram Payment Systems, Incorporated?***
>
> A:   ***I do.***

*See* Exhibit 11 at pp. 4:10 – 5:1 (emphasis added).[10] Despite the Response, and despite admitting that MPSI employed him, Plaintiff failed to amend his administrative complaint to identify MPSI as a respondent, or to assert claims against MPSI.

16.   **Plaintiff's Election to File This Suit.** After already having continued the final hearing once at Plaintiff's request, on December 19, 2018, Judge Daly set the ALJ Proceeding

---

[9] Response to Revised First Amended [Administrative] Complaint, filed on April 6, 2018.
[10] Excerpts from the May 23, 2018, Deposition of Juan Lozada-Leoni.

for a bifurcated final hearing beginning on January 16, 2019. *See* Exhibit 12.[11] Rather than allow Judge Daly to conduct the final hearing, on December 21, 2018, counsel for Plaintiff "informally notified" Judge Daly of his client's intention to "exercise his right under 29 C.F.R. 1980.114 to bring this matter in a U.S. District Court. In pertinent part, Complainant['s] counsel advised that 'next week we will be filing the formal removal notice under Section 1980.114.'" *See* Exhibit 13.[12] Judge Daly entered an order suspending the existing filing deadlines and directing Plaintiff to provide a copy of the promised federal complaint by January 4, 2019. *Id.*

17. **Plaintiff Tries to File Suit in the Northern District.**   After obtaining an extension an extension of time to provide evidence of filing of his federal complaint, at 4:16 p.m. on January 23, 2019, counsel for Plaintiff delivered a letter by fax to Judge Daly, attaching what purported to be copies of three filings, and stating as follows:

> Enclosed please find your copy of the following:
>
> - Plaintiff Juan Lozada-Leoni's Original Complaint
>
> - Plaintiff's Civil Cover Sheet
>
> - Plaintiff's Certificate of Interested Parties
>
> ***We are currently experiencing technical difficulties with the <u>Northern District of Texas</u> ECF filing system.***
>
> As soon as we get a docket number assigned to this Original Complaint, we will provide you with a copy of same.

*See* Exhibit 14 (emphasis added).[13] The version of the complaint attached to the fax bore the style of this case – with MGI, Gonzalez, and Ponder named as defendants – but identified the court as the Northern District of Texas, Dallas Division. [*Id.*]

---

[11] December 19, 2018, Order Establishing Hearing Filing Deadlines and Notice of Additional Hearing Session.
[12] Order Suspending Filing Deadlines, issued on December 27, 2018.
[13] January 23, 2019, fax from counsel for Plaintiff.

18.   **Plaintiff Files Suit in this District.** At 10:45 p.m. on January 23, 2019, counsel for Plaintiff emailed Judge Daly to advise that the "technical difficulties" were ongoing, and that "rather than run the risk of violating Judge Daly's order that no more extensions would be granted beyond today, out of an abundance of caution we went ahead and filed in the Eastern District." *See* Exhibit 15.[14] Plaintiff's counsel remarked that his "preliminary research indicates that venue would be proper in both Districts." [*Id.*] On January 24, 2019, Judge Daly issued an Order of Dismissal, acknowledging what he believed to be a complaint that had been filed in the *Northern* District of Texas, Dallas Division, and ordering that "the complaint filed in this matter under the Sarbanes-Oxley Act is DISMISSED with prejudice." *See* Exhibit 16.[15]

19.   After Plaintiff filed his Original Complaint [doc. 1], on January 23, 2019, the undersigned counsel contacted counsel for Plaintiff to ask why the case had been filed in this Division, and to determine the connection, if any, between this Division and the claims in the lawsuit. Counsel for Plaintiff advised again that "there was some last minute glitch in my filing number in the Northern District, so I decided to file in the Eastern District." *See* Exhibit 17.[16] As to the question regarding the nexus between the Texarkana Division and the claims in the suit, counsel for Plaintiff deflected, stating that he would "defer answers . . . when we respond to what I'm sure will be a Motion to Transfer. . . . The firms that I have interviewed for local counsel are fairly confident that we can keep the case in the Texarkana Division, so we will see how accurate that prediction is." [*Id.*] Pressed again to answer the simple question of why the Texarkana Division is a proper venue, counsel for Plaintiff indicated, "I will let my local counsel do the talking for me." [*Id.*]

---

[14] January 23, 2019, email from counsel for Plaintiff.
[15] January 24, 2019, Order of Dismissal. Judge Daly appears to have received or reviewed the January 23 fax, but not the late-night January 23 email, prior to issuing the Order of Dismissal.
[16] February 6, 2019, email from counsel for Plaintiff.

20.     **Plaintiff's Inaccurate or Vague Allegations Regarding MGI.**  On March 20, 2019, Plaintiff filed his First Amended Complaint ("Complaint") [doc. 4]. It is his live pleading. As noted above, despite having been put on notice repeatedly that MPSI was his employer and acknowledging that MPSI was his employer, Plaintiff persists in naming MGI as the corporate defendant and omitting all reference to MPSI. Plaintiff alleges, inaccurately, that he "began work as a Senior Manager for the U.S. Regional Compliance Team for MoneyGram International, Inc. on October 8, 2016." [First Amended Complaint (doc. 4) at ¶ 6.] He alleges, again incorrectly, that MGI employed the Individual Defendants. [*Id.* ¶¶ 6-7.] He alleges that he complained "to management" about MGI's alleged violations of certain policies, laws, and regulations. [*Id.* ¶ 10.] He alleges, carefully and in the passive voice, that he "was terminated" for "seeking to stop MGI's illegal acts" and that Individual Defendants "are two managers to whom Plaintiff complained of MGI's violations and who were involved in Plaintiff's termination." [*Id.* ¶¶ 10-11.]

## THE INDIVIDUAL DEFENDANTS' JURISDICTIONAL MOTIONS

21.     As a general rule, a court faced with multiple grounds for dismissal should decide subject-matter jurisdiction first. "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999) ("in most instances subject-matter jurisdiction will involve no arduous inquiry" and ordinarily should be disposed of first, although if there is a "straightforward personal jurisdiction issue" and the subject-matter inquiry "raises a difficult and novel question," the court has discretion to reverse the order of inquiry).

22.     Both Individual Defendants have filed motions demonstrating that Plaintiff failed to exhaust his administrative remedies with regard to his claims against them, depriving the Court of subject-matter jurisdiction over those claims. Gonzalez has also challenged personal jurisdiction. For the reasons set forth in the Individual Defendants' respective motions, the Court should dismiss Plaintiff's claims against Individual Defendants. When it does, the Court should be left with Plaintiff's claims against MGI. For procedural reasons, it would make no sense for the Court to decide this Motion first, or for the Court to evaluate Individual Defendants' connections to this forum for purposes of determining whether this District is a proper venue for Plaintiff's claims against MGI, when the Court is otherwise constitutionally barred from determining the merits of Plaintiff's claims against the Individual Defendants.

## ARGUMENT AND AUTHORITY

Based on the foregoing facts, the Court should grant the Motion for each of the following reasons:

**A.     The Court should dismiss Plaintiff's claims against MGI pursuant to Rule 12(b)(3).**

23.     **The general venue statute applies.** In the absence of a special venue statute, venue is determined by the general venue statute, 28 U.S.C. § 1391. Plaintiff's only cause of action is for retaliation in violation of the Sarbanes-Oxley Act ("SOX"). [Complaint (doc. 4) ¶¶ 89-91.] Because there is no special venue provision in SOX, general venue rules apply. Venue is proper in (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;" (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred;" or (3) if there is no other district in which the action may be brought, "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(1)-(3).

24.     **Plaintiff has the burden to prove that venue is proper in this District.** In determining whether venue is proper in this District under 28 U.S.C. § 1391, under any of those three prongs, the allegations in the Complaint are subject to being controverted and are ***not*** automatically assumed to be true. "Under Rule 12(b)(3) . . . the district court assumes the truth of the allegations in the plaintiff's complaint *unless* contradicted by the defendant's affidavits. Rule 12(b)(3) is a somewhat unique context of dismissal in that a court may look beyond the mere allegations of a complaint, and need not view the allegations of the complaint as the exclusive basis for its decision." *Deb v. SIRVA, Inc.*, 832 F.3d 800, 809 (7th Cir. 2016) (emphasis original). The Court is instead "permitted to look at the evidence in the record," including "the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 237-238 (5th Cir. 2009).

25.     When challenged, plaintiff bears the burden to establish that venue is proper, because "it is the plaintiff's obligation to institute his action in a permissible forum, both in terms of jurisdiction and venue." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1352 (2004); *Langton v. Cbeyond Comm'n, L.L.C.*, 282 F. Supp. 2d 504, 508 (E.D. Tex. 2003) (Davis, J.). *See, e.g.*, *Baptist Hospitals of Southeast Tex. v. SelectCare of Tex., Inc.*, No. 1:17-CV-456, 2018 WL 5569424, at *3 (E.D. Tex. Oct. 4, 2018) (citing *Langton*); *Broadway Nat'l Bank v. Plano Encryption Techs., LLC*, 173 F. Supp. 3d 469, 473 (W.D. Tex. 2016) ("once challenged, the burden of sustaining venue lies with plaintiff"); *Clemons v. WPRJ, LLC*, 928 F. Supp. 2d 885, 897 (S.D. Tex. 2013) (same).

26.     **Venue is not proper in this District under Section 1391(b)(1).** The evidence establishes that this District is not a proper venue for Plaintiff's claims against MGI under Section 1391(b)(1) because this District is not a "judicial district in which any defendant resides,

if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). If the Court *were* to consider the residence of the Individual Defendants, this section would not apply, because it is undisputed that Gonzalez resides in Florida. However, even if the Court does not consider the residence of the Individual Defendants, this section *still* does not make this District a proper venue. MGI does not dispute that it is subject to personal jurisdiction in Texas. Accordingly, because Texas is a state with multiple Districts, MGI is "deemed to reside" in any district within Texas "within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts." 28 U.S.C. § 1391(d).

27.     MGI would not be subject to general personal jurisdiction in the Eastern District if it were a separate state. General jurisdiction exists "only when the defendant's contacts with the forum state are so continuous and systematic as to render them essentially at home in the forum state. Substantial, continuous, and systematic contact with a forum is a difficult standard to meet and requires extensive contacts between a defendant and the forum." *Cunningham v. CBC Congl., LLC*, --- F. Supp. 3d ---, 2019 WL 452749, at *1 (E.D. Tex. Feb. 5, 2019). There is no evidence that MGI is "essentially at home" in this District. To the contrary, it undisputed that MGI is a Delaware corporation with its principal place of business in Dallas, Texas, and it is undisputed that MGI does not have employees in this District and does not transact business in this District. Plaintiff cannot establish that venue is proper over his claims against MGI under Section 1391(b)(1).

28.     **Venue is not proper in this District under Section 1391(b)(2).**  The evidence also establishes that this District is not a proper venue for Plaintiff's claims against MGI because

it is not "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). By definition, all of the events or omissions giving rise to Plaintiff's sole cause of action for wrongful termination under SOX arose out of his employment, which was with MPSI. Plaintiff's allegation that he was employed by MGI is false, as are his contentions that any of the actors identified in his Complaint (including Gonzalez and Ponder, who were "involved in Plaintiff's termination") were acting as agents of MGI rather than as agents of their (and Plaintiff's) employer, MPSI. Even if the events giving rise to his claim (*i.e.*, his reporting of what he believed to be an illegal activity, and adverse employment actions allegedly taken against him as a result of his protected activity) occurred in this District, they were not events or omissions *involving MGI*.

29.     Plaintiff has alleged that he reported his concerns to Gonzalez, but has not alleged that Gonzalez was present in the District when he made those reports, and in any event, both Plaintiff and Gonzalez were employed by MPSI. Plaintiff has alleged that his employment "was terminated;" he has not alleged *where* his employment was terminated, or by whom, but ,even if Plaintiff was terminated in this District, the termination was carried out by MPSI and its employees, not by MGI. Plaintiff has made a handful of accurate allegations regarding MGI, including that it entered into a stipulated order with the FTC in 2009 and a Deferred Prosecution Agreement with the Department of Justice in 2012. However, the existence of those documents is not an "event or omission giving rise to the claim," and in any event, the stipulated order "arose" in Illinois and the DPA "arose" in a proceeding pending in the Middle District of Pennsylvania, as Plaintiff acknowledges. [Complaint (doc. 4) ¶¶ 12-16.] In light of the undisputed evidence that Plaintiff and the Individual Defendants were employed by MPSI, and that Plaintiff's employment with MPSI was terminated *by* MPSI, there is no evidence from

which the Court may reasonably conclude that a "substantial part of the events or omissions giving rise" to Plaintiff's claim against MGI occurred in this District, and venue is therefore not proper under Section 1391(b)(2).

30.     **Venue is not proper in this District under Section 1391(b)(3).**  Venue under Section 1391(b)(3) is only ever proper "if there is no district in which any action may otherwise be brought as provided in this section[.]" 28 U.S.C. § 1391(b)(3). In this case, there is a district in which Plaintiff's claims against MGI – however unmeritorious they are – may be brought. In particular, Plaintiff may bring an action against MGI in the Northern District of Texas, Dallas Division, which is the place Plaintiff informed Judge Daly that he *had* filed suit, and was just waiting on a docket number to be assigned.

31.     **The Court should exercise its discretion to dismiss rather than transfer.**  For all of the foregoing reasons, venue is not proper in this District for Plaintiff's claims against MGI. "If a district court where suit is filed determines that venue is improper, it has discretion to either dismiss the suit, or 'if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'" *McClintock v. School Bd. East Feliciana Parish*, 299 Fed. App'x 363, 366 (5th Cir. 2008) (quoting 28 U.S.C. § 1406(a)).

32.     Here, the Court should dismiss the case and not reward Plaintiff's gamesmanship by transferring the case to a different venue. Plaintiff knew that MPSI was his employer from the outset. After MPSI terminated his employment, Plaintiff chose *not* to submit an administrative complaint against MPSI, but rather against MGI. Whether that was a strategic or tactical decision or merely an oversight is unknown and immaterial. To the extent it was an oversight, Plaintiff and his counsel certainly knew when MPSI filed its Response that MPSI was the proper respondent, ***because it said so in the Response.*** Despite the obvious invitation, Plaintiff declined

to amend. Plaintiff then acknowledged in his deposition that MPSI had been his employer. Again, he declined to amend. Then, on the eve of the rescheduled final hearing, Plaintiff removed the case from administrative jurisdiction and filed this suit.

33.     Plaintiff therefore *knew*, before he filed this suit, that MGI was the wrong defendant. Plaintiff also *knew*, before filing this suit, that the Eastern District was the wrong venue for his claims, however spurious, against MGI. Plaintiff represented to Judge Daly on January 23, 2019, that he *had* filed suit in the Northern District but was having "technical difficulties" that he was going to work out, so that the Northern District could assign a docket number. In the version of the complaint he submitted to Judge Daly, Plaintiff alleged that venue was proper in the Northern District because "Defendant's principal place of business is in this district." *See* Exhibit 14 at p. 9. He alleged, correctly, that MGI is "incorporated under the laws of Delaware, and headquartered at 2828 N. Harwood St., No. 15, Dallas, Texas 75201." [*Id.* at p. 10.] He prepared a Certificate of Interested Parties, listing "MoneyGram International, Inc., 2828 N. Harwood Street #15, Dallas, Texas 75201." [*Id.* at pp. 6-7.]

34.     Apparently unable to overcome the alleged "technical difficulties," Plaintiff filed his Original Complaint in this Court. Suddenly and without explanation, MGI went from being headquartered in Dallas to "headquartered at 3000 Internet Blvd., Frisco, Texas 75034." [Doc. 1 at ¶ 6.] That is, Plaintiff not only changed his mind about which District was proper, he changed his factual allegations to something he ***knew to be false*** to justify filing this case in this District.

35.     Likewise, Plaintiff's choice of the Texarkana Division cannot be interpreted as anything other than gamesmanship. Plaintiff has not even *alleged* a factual nexus to this Division. Plaintiff's counsel acknowledged immediately after filing the Original Complaint that he anticipated "what I'm sure will be a Motion to Transfer," but refused to answer a direct

question about the basis for venue in this Division – "I will let my local counsel do the talking for me."

36.     The Court should not reward Plaintiff's gamesmanship (and his knowingly false allegation regarding MGI's principal place of business, not to mention the false allegations about MGI having been his employer) by making life easier on him with a transfer of venue. Instead, the Court should exercise its discretion to dismiss Plaintiff's claims against MGI.

**B.      Alternatively, the Court should exercise its discretionary authority to transfer the case to the Northern District (or alternatively to the Sherman Division).**

37.     In the alternative, if the Court determines that this District is a *proper* venue for Plaintiff's claims against MGI, the Court should exercise its discretion transfer the case to the Northern District of Texas, or alternatively to the Sherman Division of this District, pursuant to 28 U.S.C. § 1404(a).

**1.      The standards for discretionary transfer under Section 1404(a) are well established, and apply equally to transfers between districts and intra-district transfer.**

38.     When venue is proper in the district where a lawsuit is originally filed, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In determining motions for discretionary transfer, courts consider factors relating to both the convenience of the litigants and the public's interest in the fair administration of justice. *Langton*, 282 F. Supp. 2d at 509. These so-called "public and private interest factors," discussed in detail below, "apply as much to transfers between divisions of the same district as to transfers from one district to another." *In re Radmax, Ltd.*, 720 F.3d 285, 287 (5th Cir. 2013). *See, e.g.*, *Durrett v. Walmart, Inc.*, No. 2:18-CV-00332-JRG, 2018 WL 5630521 (E.D. Tex. Oct. 31, 2018) (same) (citing *Radmax*).

39.     The purpose of Section 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Amini Innovation Corp. v. Bank & Estate Liquidators, Inc.*, 512 F. Supp. 2d 1039, 1042 (S.D. Tex. 2007) (quoting *DataTreasury Corp. v. First Data Corp.*, 243 F. Supp. 2d 591, 593 (N.D. Tex. 2003)). Section 1404(a) is intended to place discretion in the district court to adjudicate motions to transfer according to an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). It is a tool to prevent "plaintiffs from abusing their privilege under § 1391 by subjecting defendants to venues that are inconvenient[.]" *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008).

40.     Chief Judge Gilstrap very recently explained and applied the public and private interest factors used to assess motions for transfer under Section 1404(a) in a case involving a request for intra-district transfer. *Durrett v. Walmart, Inc.*, No. 2:18-CV-00332-JRG, 2018 WL 5630521 (E.D. Tex. Oct. 31, 2018). In *Durrett*, the plaintiff filed suit in the Marshall Division, alleging a negligence claim against Walmart for a "slip and fall" injury. *Id.* at *1. Walmart asked the court to transfer the case to the Tyler Division, where the store was located and where the plaintiff obtained all of the medical treatment for her injuries. *Id.*

41.     After determining that jurisdiction would have been proper in the requested transferee district or division, the court must determine whether "for the convenience of the parties and witnesses, and in the interest of justice," the case should be transferred. 28 U.S.C. § 1404(a). The court does this by analyzing "public and private factors relating to the convenience of the parties and witnesses as well as the interests of particular venues in hearing the case." *Durrett*, 2018 WL 630521 at *2. Judge Gilstrap explained:

> The ***private factors*** are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." [*In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*").] The ***public factors*** are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* These factors are decided based on "the situation which existed when suit was instituted." *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960). Though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-315 (5th Cir. 2008) ("*Volkswagen II*").

*Durrett*, 2018 WL 5630521 at *2. *See, e.g.*, *Radmax*, 720 F.3d at 287-290 (applying the public and private interest factors and granting a writ of mandamus to correct an erroneous denial of a motion for intra-district transfer); *Berry v. Pilgrim's Pride Corp.*, No. 2:16-cv-409-JRG, 2016 WL 6092701 (E.D. Tex. Oct. 19, 2016) (applying public and private interest factors and granting motion for intra-district transfer).

### 2.     Venue would have been proper in the Northern District, and in the Sherman Division of this District.

42.     Before turning to the public and private interest factors, the Court must determine that venue would have been proper in the requested transferee court. 28 U.S.C. § 1404(a). For all the reasons set forth above, if the Court dismisses the Individual Defendants before turning to questions of venue, then the Northern District would at minimum have been a *proper* venue for Plaintiff's claims against MGI. And, if the Court disregards the fact that the events and omissions giving rise to Plaintiff's claims against MGI were actually committed by MPSI (which it should not), and simply looks at Plaintiff's allegations regarding *where* the events and omissions allegedly occurred without regard to who did them, then the Sherman Division of this

---

District would also have been a proper venue, insofar as Plaintiff has alleged a number of events and omissions that occurred in MPSI's Frisco, Texas, offices.

43.    If the Court either (1) decides the issue of venue before turning to Individual Defendants' jurisdictional grounds for dismissal or (2) denies Individual Defendants' jurisdictional grounds for dismissal, then either the Northern District of Texas, Dallas Division (where Plaintiff originally attempted to sue all three Defendants, before experiencing technical difficulties), or the Sherman Division of this District would have been proper venues for Plaintiff's claims in this lawsuit – though this depends, again, on the Court disregarding the fact that the events and omissions giving rise to Plaintiff's claims against Defendants were committed by MPSI and by MPSI employees Gonzalez and Ponder (which, again, the Court should not do).

### 3.    The public interest factors favor transfer to the Northern District, or alternatively to the Sherman Division of this District.

44.    As discussed above, the four private factors are (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. These factors favor transfer to the Northern District, or to the Sherman Division of this District.

45.    **Relative ease of access to sources of proof.** When considering this factor, "a court looks to where documentary evidence, such as documents and physical evidence, are stored." *Durrett*, 2018 WL 5630521, at *2 (citing *Volkswagen II*, 545 F.3d at 316)). If transfer would "result in more convenient access to sources of proof," the factor weighs in favor of transfer. *Id.* Any documentary evidence in MGI's possession are located at its headquarters in Dallas. There may be relevant documents located in MPSI's Frisco office, but MPSI maintains its personnel records in its Dallas headquarters. Any remaining documents are located out of

state (including in Gonzalez's office in Miami) or are in the possession of Plaintiff (in Austin) or his counsel (in Dallas). MGI is unaware of *any* documents or physical evidence located within the Texarkana Division. This factor favors transfer, and as between the two transferee courts, favors the Northern District.

46. **Availability of compulsory process.**   Non-party witnesses may only be compelled to attend trials within 100 miles of the place they reside, are employed, or regularly transact business *unless* the witness would not incur substantial expense, in which case the witness may be compelled to attend trial within the state in which he or she resides. Fed. R. Civ. P. 45(c)(1)(A)-(B). There are several likely witnesses who reside out of state. For them, this factor is neutral, because neither this Court nor either proposed transferee court could compel them to attend trial.[17] However, there also are several likely witnesses who work or worked MPSI in Frisco, or who are employed by MPSI but work in MGI's headquarters in Dallas. To the extent they are for some reason unwilling to attend trial voluntarily, all of those witnesses could be compelled to attend trial in either Plano or Dallas. None could be compelled to attend trial in Texarkana, at least not if it would cause them to incur "substantial expense." This factor favors transfer, and is neutral as between the potential transferee courts.

47. **The cost of attendance for willing witnesses.**   "The convenience of the witnesses is probably the single most important factor in a transfer analysis." *Durrett*, 2018 WL 5630521, at *3 (quoting *Autogenomics, Inc. v. Oxford Gene Tech., Ltd.*, 566 F.3d 1012, 1342 (Fed. Cir. 2009)). Perhaps more than any other, this factor favors transfer. As the Fifth Circuit explained, "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases

---

[17] None are known to reside in the portions of Oklahoma, Arkansas, and Louisiana that are within 100 miles of the Texarkana courthouse.

in direct relationship to the additional distance traveled." *Volkswagen I*, 371 F.3d at 204-205. The distance from the federal courthouse in Plano to the federal courthouse in Texarkana is 176 miles, and from the federal courthouse in Dallas it is 179 miles to Texarkana.

48.     During the administrative proceeding, Plaintiff deposed several MPSI employees (Ponder, Jon Tyson, and Lea Pfeifer) who reside in the DFW Metroplex, and MGI anticipates calling them to testify at trial. Plaintiff identified several additional DFW-based, MPSI- or MGI-affiliated witnesses in his disclosures in the administrative proceeding (including, for example, Andy Villareal and Kyle DeBlonk), and MGI anticipates it may need to call them to testify at trial. For these and any other willing witnesses in the DFW Metroplex, the cost of attendance would be substantially greater for them if trial were held in Texarkana rather than Plano or Dallas.

49.     As noted above, there are several likely out-of-state witnesses, including Gonzalez, who resides and works in Miami, Florida. During the administrative proceeding, Plaintiff deposed Gonzalez and another MPSI employee in Miami (Domh Leandro), as well as another MPSI employee living in the Atlanta area (Manuel Goico). Prior to abandoning the administrative proceeding, Plaintiff sought to depose a non-party witness in Minneapolis (Dana Johnson, an employee of MGI's client Supervalu), and another in Atlanta (former MPSI employee Derya White). Plaintiff has identified additional relevant witnesses, most of whom are current or former employees of MPSI, who reside in in several states and even as far away as Manchester, England, where Peter Green, a Vice-President of MGI's UK-based subsidiary, lives and works.

50.     Air travel is the only logical form of transportation for any of these witnesses who elect to attend trial. And, while MGI and its counsel recognize that commercial air travel to

---

Texarkana is possible, the only scheduled non-stop flights (at least known to MGI) are to and from DFW Airport. Thus, any out-of-state witness traveling to Texarkana for trial would *first* have to travel to an airport within the Northern District to make a connection. When the convenience of the DFW-based witnesses is added to the mix, this most important factor weighs heavily in favor of transfer, and as between the two transferee courts, slightly favors the Northern District.

51.     **All other practical problems that make trial of a case easy, expeditious, and inexpensive.** "Practical problems include those that are rationally based on judicial economy. Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor [of] or against transfer." *Durrett*, 2018 WL 5630521, at *4. There is no risk of duplication of suits associated with transfer. In addition, no discovery has been conducted in this case,[18] no scheduling order has been entered, and the case is not set for trial. Plaintiff will not be prejudiced due to any time delay occasioned by transfer. This factor is neutral.

4.     **The public interest factors favor transfer to the Northern District, or alternatively to the Sherman Division of this District.**

52.     As set forth above, the public factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Volkswagen I*, 371 F.3d at 203. The first, third, and fourth factors are neutral. The second factor strongly favors transfer. MGI and MPSI are both headquartered in Dallas. Many of the alleged

---

[18] A substantial amount of discovery was conducted during the administrative proceeding, and if the case is not dismissed, MGI anticipates asking the Court to place strict limitations on discovery to prevent unnecessary duplication.

events and omissions that give rise to Plaintiff's claims – which were carried out, if at all, by MPSI and its employees – are alleged to have occurred in MPSI's Frisco, Texas, office. Texarkana, by contrast, has no local interest in this dispute, and Plaintiff has not attempted to allege any factual connection to this Division (and his counsel refused to do so when asked). This factor decidedly favors transfer, but is neutral as between the two potential transferee courts.

53.     In summary, the majority of the public and private interest factors favor transfer, and the remaining factors are neutral. No fact (and no factor) favors Texarkana, and Plaintiff's choice of venue is not a separate factor in the discretionary transfer analysis. *Saint Lawrence Comms. LLC v. Apple Inc.*, No. 2:16-cv-82-JRG, 2017 WL 3712153, at *2 (E.D. Tex. Feb. 6, 2017). For all of those reasons, *if* the Court denies MGI's motion to dismiss Plaintiff's claims for improper venue, then the Court should exercise its discretion to transfer the case to the Northern District of Texas, Dallas Division. Alternatively, the Court should exercise its discretion to effect an intra-district transfer to the Sherman Division.

## <u>RELIEF REQUESTED</u>

For the foregoing reasons, MGI respectfully requests that the Court grant the Motion and dismiss all of Plaintiff's claims, causes of action, and requests for relief pleaded against MGI, or alternatively that the Court determine that this Division is an improper venue and transfer this case to the Northern District of Texas; or in the further alternative, that the Court exercise its discretion to transfer this case to Northern District of Texas, Dallas Division, or to the Sherman Division of this District. MGI additionally requests that the Court grant all other relief, general or special, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**


/s/ *John M. Barcus*
Gary D. Eisenstat
State Bar No. 06503200
gary.eisenstat@ogletreedeakins.com
John M. Barcus
Texas Bar No. 24036185
john.barcus@ogletreedeakins.com
Preston Commons West
8117 Preston Road, Suite 500
Dallas, Texas  75225
Telephone:  (214) 987-3800
Fax:  (214) 987-3927

**ATTORNEYS FOR DEFENDANTS**


**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(i), I certify that I have complied with the meet and confer requirement in Local Rule CV-7(h) with respect to the non-case-dispositive relief requested herein, by conferring with Steve Kardell, counsel for Plaintiff, on April 11, 2019. No agreement could be reached, because Plaintiff does not consent to a discretionary transfer of venue, and the Parties are at an impasse.

/s/ *John M. Barcus*
John M. Barcus


**CERTIFICATE OF SERVICE**

The foregoing instrument was filed using the Court's CM/ECF system on April 11, 2019, which will transmit a copy to all counsel of record.

/s/ *John M. Barcus*
John M. Barcus

37425899.1