# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TEXARKANA DIVISION

| | | |
|---|---|---|
| **JUAN LOZADA-LEONI,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 5:19-cv-00011-RWS-CMC** |
| **MONEYGRAM INTERNATIONAL, INC.,** | § | |
| **JUAN MANUEL GONZALEZ** and | § | |
| **CHRISTOPHER PONDER** in their official | § | |
| and individual capacities, | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANT JUAN MANUEL GONZALEZ'S
## MOTION TO DISMISS, OR ALTERNATIVELY, MOTION TO TRANSFER
## VENUE, AND BRIEF IN SUPPORT

Respectfully submitted,

Gary D. Eisenstat
State Bar No. 06503200
gary.eisenstat@ogletreedeakins.com
John M. Barcus
Texas Bar No. 24036185
john.barcus@ogletreedeakins.com
**OGLETREE, DEAKINS, NASH, SMOAK &**
**STEWART, P.C.**
Preston Commons West
8117 Preston Road, Suite 500
Dallas, Texas  75225
Telephone:  (214) 987-3800
Fax:  (214) 987-3927

**ATTORNEYS FOR DEFENDANTS**

## TABLE OF CONTENTS

OVERVIEW ................................................................................................................... 1

STATEMENT OF ISSUES TO BE DECIDED ........................................................ 2

EVIDENCE.................................................................................................................. 2

FACTS AND FACTUAL ALLEGATIONS,  INCLUDING PROCEDURAL HISTORY ........... 3

ARGUMENT AND AUTHORITY .......................................................................... 6

      A.     The Court should dismiss Plaintiff's claims against Gonzalez pursuant to Rule 12(b)(1), because Plaintiff failed to exhaust his administrative remedies, depriving the Court of subject matter jurisdiction. ............................................... 6

              1.     In determining a Rule 12(b)(1) motion, the Court may go outside the four corners of the Complaint............................................................. 6

              2.     Plaintiff's failure to exhaust deprives the Court of subject-matter jurisdiction; dismissal under Rule 12(b)(1) is therefore appropriate. ......... 7

      B.     Alternatively, Plaintiff has failed to state a claim against Gonzalez on which relief may be granted, and the Court should dismiss pursuant to Rule 12(b)(6). . 13

      C.     Amendment would be futile.................................................................... 14

      D.     Alternatively, the Court should dismiss Plaintiff's claims against Gonzalez pursuant to Rule 12(b)(2), because Gonzalez is not subject to specific or general personal jurisdiction. ................................................................. 14

      E.     Alternatively, the Court should transfer this case to the Northern District of , Texas, or to the Sherman Division of this District............................................. 17

      F.     Costs.......................................................................................................... 19

CONCLUSION.......................................................................................................... 19

**TABLE OF AUTHORITIES**

Page(s)

**Federal Cases**

*Blanchet v. Chevron/Texaco Corp.*,
    368 F. Supp. 2d 589 (E.D. Tex. 2004)................................................................6, 7

*Blankenship v. Buenger*,
    653 Fed. App'x 330 (5th Cir. 2016) ..................................................................6, 8

*Bozeman v. Per-Se Technologies, Inc.*,
    456 F. Supp. 2d 1282 (N.D. Ga. 2006).................................................9, 10, 11, 12

*Bridges v. McDonald's Corp.*,
    2009 WL 5126962 (N.D. Ill. Dec. 21, 2009)........................................................12

*Bush v. Lucas*,
    462 U.S. 367, 378 (1983)) ......................................................................................7

*Crosby v. Philip Holdings, LLC*,
    2012 WL 5456360 (S.D. Tex. Nov. 7, 2012) .......................................................13

*Cunningham v. CBC Congl., LLC*,
    --- F. Supp. 3d ---, 2019 WL 452749 (E.D. Tex. Feb. 5, 2019)...................15, 16, 17

*Feldman-Boland v. Stanley*,
    2016 WL 3826285 (S.D.N.Y. Jul. 13, 2016) ..................................................11, 12

*Hanna v. WCI Communities, Inc.*,
    348 F. Supp. 2d 1322 (S.D. Fla. 2004) .................................................................10

*Hanna v. WCI Communities, Inc.*,
    2004 WL 6072492 (S.D. Fla. Nov. 29, 2004)..........................................10, 11, 12

*Hawkins v. AT&T*,
    2013 WL 4505154 (N.D. Tex. Aug. 23, 2013).......................................................13

*Int'l Shoe Co. v. Washington*,
    326 U.S. 310 (1945)................................................................................................15

*Kokkomen v. Guardian Life Ins. Co. of Am.*,
    511 U.S. 375, 377 (1994)) .......................................................................................7

*Kurth v. Gonzales*,
    469 F. Supp. 2d 415 (E.D. Tex. 2006) ....................................................................7

*Lutzeier v. Citigroup, Inc.*,
   2015 WL 1033696 (E.D. Mo. Mar. 9, 2015) ...................................................11, 12

*McClendon v. Hewlett-Packard Co.*,
   2005 WL 2847224 (D. Idaho Oct. 27, 2005) ...................................................10, 13

*Murray v. TXU Corp.*,
   279 F. Supp. 2d 799 (N.D. Tex. 2003) ...................................................................10

*Nguyen v. Federal Deposit Ins. Corp.*,
   2018 WL 4293140 (E.D. Tex. Aug. 15, 2018) ........................................................7

*Parker v. Lithia Motors, Inc.*,
   2014 WL 12789711 (D. N.M. Jul. 2, 2014)............................................................12

*In re Radmax, Ltd.*,
   720 F.3d 285 (5th Cir. 2013) .................................................................................18

*Smith v. Corning Inc.*,
   2007 WL 2120375 (W.D.N.Y. Jul. 23, 2007).........................................................12

*Taylor v. United States Treasury Dep't*,
   127 F.3d 470 (5th Cir. 1997) ...................................................................................8

*Wallace v. Tesoro Corp.*,
   796 F.3d 468 (5th Cir. 2015) ................................................................................8, 9

*Williams v. J.B. Hunt Transp., Inc.*,
   826 F.3d 806 (5th Cir. 2016) ...................................................................................8

*Williamson v. Tucker*,
   645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981)) ...........................6

*Willis v. Vie Financial Group, Inc.*,
   2004 WL 1774575, at *6 (E.D. Pa. Aug. 6, 2004)) ............................................9, 10

**Federal Statutes**

18 U.S.C.§ 1514A...................................................................................................5, 8, 14

28 U.S.C.§ 1404....................................................................................................2, 17, 18, 19

28 U.S.C. § 1406............................................................................................................17

28 U.S.C. § 1919............................................................................................................19

Sarbanes-Oxley Act of 2002 (15 U.S.C. § 7201, *t seq.*) ........................................................ *passim*

**Other Authorities**

29 C.F.R. 1980.101(5) .............................................................................................................12

29 C.F.R. 1980.104(a).............................................................................................................12

29 C.F.R. 1980.114 ...................................................................................................................5

29 C.F.R. § 1980.103(c) ...........................................................................................................8

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **JUAN LOZADA-LEONI,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 5:19-cv-00011-RWS-CMC** |
| **MONEYGRAM INTERNATIONAL, INC.,** | § | |
| **JUAN MANUEL GONZALEZ and** | § | |
| **CHRISTOPHER PONDER in their official** | § | |
| **and individual capacities,** | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANT JUAN MANUEL GONZALEZ'S**
**MOTION TO DISMISS, OR ALTERNATIVELY, MOTION TO TRANSFER**
**VENUE, AND BRIEF IN SUPPORT**

Defendant Juan Manuel Gonzalez ("Gonzalez") files his Motion to Dismiss, or Alternatively, Motion to Transfer Venue, and Brief in Support ("Motion") and states:

**OVERVIEW**

1.      Plaintiff Juan Lozada-Leoni ("Plaintiff") alleges that he is a former employee of Defendant MoneyGram International, Inc. ("MGI"), and that MGI terminated his employment in violation of the Sarbanes-Oxley Act of 2002 ("SOX"). Plaintiff filed an administrative complaint with the United States Department of Labor ("DOL") against MGI, making the same allegation. After more than 180 days had passed without the DOL having made a final determination, Plaintiff filed suit in this Court, now alleging that MGI, Gonzalez, and Defendant Christopher Ponder ("Ponder") all took adverse employment actions against him in violation of SOX.

2.      This Court should dismiss Plaintiff's claims against Gonzalez pursuant to Rule 12(b)(1) because Plaintiff never filed an administrative complaint against Gonzalez, and the Court therefore lacks subject-matter jurisdiction. Alternatively, Plaintiff has failed to state a

claim against Gonzalez upon which relief may be granted, and the Court should dismiss Plaintiff's claims against Gonzalez pursuant to Federal Rule of Civil Procedure 12(b)(6). In addition, this Court should also dismiss Plaintiff's claims against Gonzalez pursuant to Federal Rule of Civil Procedure 12(b)(2) because Gonzalez is not subject to personal jurisdiction in this state. Alternatively and in addition, if the Court determines that it has subject-matter jurisdiction and that Plaintiff has stated a claim upon which relief may be granted, the Court should transfer this case to the Northern District of Texas, or the Sherman Division of this District, pursuant to 28 U.S.C. § 1404.

## STATEMENT OF ISSUES TO BE DECIDED

3.      Pursuant to Local Rule CV-7(a)(1), Gonzalez states that the issues to be decided by the Court in determining Gonzalez's requests for *case-dispositive* relief are:

      a.      Whether the Court has subject-matter jurisdiction over Plaintiff's claims against Gonzalez;

      b.      Whether Plaintiff has stated a claim against Gonzalez upon which relief may be granted; and

      c.      Whether the Court may exercise personal jurisdiction over Gonzalez.

4.      If and to the extent the Court determines all three of those issues in favor of Plaintiff, the Court then must determine Gonzalez's alternative request for non-case-dispositive relief in the form of a transfer of venue.

## EVIDENCE

5.      Pursuant to Local Rule CV-7(b), Gonzalez has attached several documents in support of the Motion. With the exception of his own Declaration, each of the attached documents appears in the administrative record of the proceeding from which Plaintiff purports to bring this action for *de novo* review. As set forth below, the Court is permitted to take judicial notice of these and other items and to consider them in determining Gonzalez's grounds for

dismissal under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) without converting the motion into a motion for summary judgment, and Gonzalez submits them for that purpose, and for the convenience of the Court. Gonzalez submits his Declaration in support of his grounds for dismissal under Rule 12(b)(2) (lack of personal jurisdiction) and his alternative request to transfer venue.

### FACTS AND FACTUAL ALLEGATIONS, INCLUDING PROCEDURAL HISTORY

6.    **Jurisdictional Facts Regarding Gonzalez.**    Gonzalez is employed by MoneyGram Payment Systems, Inc. ("MPSI"). *See* Exhibit 1.[1] His office is in Miami, Florida, where he resides with his family. [*Id.*] Gonzalez has never resided in Texas, and has never been employed or maintained an office in Texas, whether for MPSI, MGI, or any other employer. [*Id.*]

7.    **Plaintiff's Original Complaint Before the DOL Does Not Name Gonzalez.** After MGI allegedly terminated his employment, on September 28, 2017, Plaintiff (through counsel) filed a "formal complaint under Section 806 of the Sarbanes-Oxley Act of 2002." *See* Exhibit 2.[2] MGI is the only identified respondent; Gonzalez is not named. [*Id.*] The DOL concluded on October 12, 2017, that Plaintiff had not even "present[ed] a prima facie showing" of liability on the part of MGI. *See* Exhibit 3.[3] The DOL advised Plaintiff that he had "30 days from the receipt of these Findings to file objections and to request a hearing before an Administrative Law Judge." [*Id.*] Plaintiff lodged objections on November 13, 2017, and requested a hearing before an ALJ. *See* Exhibit 4.[4] Plaintiff's two-sentence letter objecting to the DOL's findings makes no mention of Gonzalez. [*Id.*]

---

[1] Declaration of Juan Manuel Gonzalez.
[2] September 28, 2017, SOX Complaint submitted to OSHA Region Six Administrator by counsel for Plaintiff.
[3] October 12, 2017, letter from OSHA Regional Supervisory Investigator Angela Fisher to counsel for Plaintiff, advising of OSHA's dismissal of the Complaint.
[4] November 13, 2017, letter from counsel for Plaintiff to the Chief Administrative Law Judge, Department of Labor, objecting to the dismissal and requesting a hearing on the record.

8.      **The DOL Scheduling Orders.** The DOL then opened Case Number 2018-SOX-00004, which it styled *Juan Lozada-Leoni v. MoneyGram International*, and assigned it to Administrative Law Judge Tracy A. Daly, who issued a Notice of Case Assignment and Prehearing order on January 11, 2018. *See* Exhibits 5 and 6.[5] In that Notice, Judge Daly ordered Plaintiff to file a "detailed Pleading Complaint" by January 25, 2018. *See* Exhibit 6 at p. 3.

9.      In a February 23, 2018, Notice of Hearing Date and Filing Deadlines, Judge Daly also imposed a March 15 deadline for "dispositive and joinder motions." *See* Exhibit 7.[6] Plaintiff filed no such motion.[7] Plaintiff filed his Original [Administrative] Complaint on March 9, 2018. *See* Exhibit 8.[8] Plaintiff identified MGI as the only respondent, and did not seek relief against any party other than MGI. [*Id.*] Plaintiff filed his First Amended [Administrative] Complaint on March 26, 2018. *See* Exhibit 9.[9] Again, MGI was the only respondent and the only party against whom Plaintiff sought relief. [*Id.*]

10.     In the February 23 Notice of Hearing Date, Judge Daly originally scheduled the case for final hearing on August 22-24, 2018. *See* Exhibit 7. After the deadlines to complete discovery and for filing and exchange of pretrial material had passed – deadlines that MGI met but Plaintiff did not – Plaintiff filed a motion for continuance of the final hearing date. Judge Daly granted the motion and reset the case for final hearing on January 16-17, 2019.

11.     **Plaintiff's Election to File this Suit.** However, rather than allowing Judge Daly to hear the matter, on December 21, 2018, counsel for Plaintiff "informally notified" Judge Daly

---

[5] Exhibit 5: Docket sheet for Case No. 2008-SOX-00004, *Juan Lozada-Leoni v. MoneyGram International*, before the United States Department of Labor. Exhibit 6: Notice of Case Assignment and Prehearing Order, issued on January 11, 2018.
[6] Notice of Hearing Date and Filing Deadlines, issued on February 23, 2018.
[7] Gonzalez contends that any attempt to "join" him as a respondent would have been ineffective as a matter of law, insofar as he was not identified as a respondent in the September 28, 2017, complaint from which Plaintiff was (effectively) taking an appeal by seeking a final hearing in front of an ALJ.
[8] Juan Lozada-Leoni's Original Complaint, filed on March 9, 2018.
[9] Juan Lozada-Leoni's First Amended Complaint, filed on March 26, 2018.

of his client's intention to "exercise his right under 29 C.F.R. 1980.114 to bring this matter in a U.S. District Court. In pertinent part, Complainant['s] counsel advised that 'next week we will be filing the formal removal notice under Section 1980.114.'" *See* Exhibit 10.[10] On January 23, 2019, Plaintiff filed his "Complaint for Violation of Section 806 of the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A" ("Original Complaint") in this case, naming MGI, Ponder, and Gonzalez as defendants. [Doc. 1.] On January 24, 2019, Judge Daly entered an Order of Dismissal providing that, in light of Plaintiff's filing of the Original Complaint, "the complaint filed in this matter under the Sarbanes-Oxley Act is DISMISSED with prejudice." *See* Exhibit 11.[11] On March 20, 2019, Plaintiff filed his First Amended Complaint ("Complaint"). [Doc. 4.] It is his live pleading.

12.     **Plaintiff's Allegations Against Gonzalez.** In the Complaint, Plaintiff alleges that he is a former employee of MGI. [Complaint (doc. 4) at ¶ 6.] He contends that Gonzalez "at all relevant times, was a Senior Director for MGI's Regional Compliance for the Americas" and that Gonzalez "worked for MGI at its headquarters located at 3000 Internet Blvd., Frisco, Texas." [*Id.*] He alleges that he engaged in a host of activities that he contends are protected under SOX. Plaintiff also alleges that Ponder and Gonzalez "are two managers to whom Plaintiff complained of MGI's violations and who were involved in Plaintiff's termination." [*Id.* ¶ 11.] For his only cause of action, he alleges that "Defendants violated [SOX] by taking adverse action against Plaintiff, including, but not limited to, termination and other forms of retaliation, because of his protected conduct under 18 U.S.C. § 1514A." [*Id.* ¶ 90.]

---

[10] Order Suspending Filing Deadlines, issued on December 27, 2018.
[11] Order of Dismissal issued on January 24, 2019.

## ARGUMENT AND AUTHORITY

Based on the foregoing facts, and for each of the following reasons, the Court should grant the Motion and dismiss Plaintiff's claims and causes of action against Gonzalez with prejudice, or alternatively, should transfer this case to the Northern District of Texas, Dallas Division, or to the Sherman Division of this District.

**A.**      **The Court should dismiss Plaintiff's claims against Gonzalez pursuant to Rule 12(b)(1), because Plaintiff failed to exhaust his administrative remedies, depriving the Court of subject matter jurisdiction.**

13.      The Court should dismiss Plaintiff's claims against Gonzalez under Rule 12(b)(1), because Plaintiff's failure to exhaust his administrative remedies has deprived the Court of subject-matter jurisdiction.

**1.**      **In determining a Rule 12(b)(1) motion, the Court may go outside the four corners of the Complaint.**

14.      In considering a 12(b)(1) motion, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Blanchet v. Chevron/Texaco Corp.*, 368 F. Supp. 2d 589, 594-595 (E.D. Tex. 2004). *See, e.g.*, *Blankenship v. Buenger*, 653 Fed. App'x 330, 334 (5th Cir. 2016) (in analysis of subject-matter jurisdiction for Rule 12(b)(1) motion, court may properly consider the complaint, undisputed facts in the record, and its own resolution of disputed facts). This is because the Court "has broader power to decide its own right to hear the case than when the merits of the case are reached[.]" *Blanchet*, 368 F. Supp. 2d at 595 (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981)).

15.      In the Complaint, Plaintiff has *alleged* that he "timely filed a complaint with the United States Department of Labor. More than 180 days have elapsed since the filing of that

complaint. Plaintiff has therefore exhausted his administrative remedies." [Complaint (doc. 4) ¶ 3.] Precisely because Plaintiff *fails* to identify the respondent(s) named in his administrative complaint, he has arguably done enough to survive a "facial attack" on subject-matter jurisdiction. *See Blanchet*, 368 F. Supp. 2d at 595 (explaining that facial attacks on subject matter jurisdiction look only at the allegations in the complaint and accept them as true, whereas "factual attacks" challenge "the existence of subject matter jurisdiction . . . irrespective of the pleadings").[12] However, the Court need not go very *far* outside the Complaint to make the factual determination that Plaintiff failed to exhaust his administrative remedies, but it may do so.

**2.    Plaintiff's failure to exhaust deprives the Court of subject-matter jurisdiction; dismissal under Rule 12(b)(1) is therefore appropriate.**

16.    Dismissal under Rule 12(b)(1) is "predicated on the fact that federal courts are courts of limited jurisdiction. Federal courts must have both personal jurisdiction over the parties and subject-matter jurisdiction over the cause of action." *Kurth v. Gonzales,* 469 F. Supp. 2d 415, 420 (E.D. Tex. 2006). "It is presumed that a case lies outside of the court's limited jurisdiction, and the burden of establishing jurisdiction is with the party asserting jurisdiction." *Id.* (citing *Kokkomen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

17.    In some instances, "carrying that burden requires a showing of prior exhaustion of administrative remedies. This requirement stems from the fact that Congress may elect to grant jurisdiction over particular causes of action to administrative agencies. Under the doctrine of administrative exhaustion, claimants who do not first exhaust prescribed administrative remedies are not entitled to seek judicial relief." *Kurth*, 469 F. Supp. 2d at 420-421 (citing *Bush v. Lucas*, 462 U.S. 367, 378 (1983)).

---

[12] *See, e.g.*, *Nguyen v. Federal Deposit Ins. Corp.*, No. 1:13-cv-668, 2018 WL 4293140, *3 (E.D. Tex. Aug. 15, 2018) (Crone, J.) (granting motion to dismiss based on "factual attack," and explaining the difference).

18.     As the Fifth Circuit recently made clear, if there is a "statutory requirement of exhaustion of administrative remedies," the exhaustion requirement is jurisdictional, and a failure to exhaust opens the door to a motion to dismiss under Rule 12(b)(1). *Williams v. J.B. Hunt Transp., Inc.*, 826 F.3d 806, 810 (5th Cir. 2016). *See Blankenship v. Buenger*, 653 Fed. App'x 330, 334 (5th Cir. 2016) (motions to dismiss that rely "in part on matters of subject matter jurisdiction [are] more properly considered under Rule 12(b)(1)" than under Rule 12(b)(6)); *Taylor v. United States Treasury Dep't*, 127 F.3d 470, 475 (5th Cir. 1997) (explaining that statutory exhaustion requirements are "tantamount to legislative investiture of exclusive original jurisdiction in the agency").

19.     **<u>SOX Requires Exhaustion of Remedies.</u>** There is no dispute that there *is* a statutory requirement of exhaustion of administrative remedies in SOX. An employee seeking relief under SOX must first file a complaint with OSHA, the agency with delegated authority to receive such complaints. 29 C.F.R. § 1980.103(c) (1998); *see* 18 U.S.C. § 1514A(b)(1)(A) (2006) (person who alleges discharge in violation of SOX may seek relief by "filing a complaint with the Secretary of Labor" or "if the Secretary has not issued a final decision within 180 days of the filing of the complaint . . . bringing an action at law or equity for de novo review in the appropriate district court of the United States"). Plaintiff acknowledged the exhaustion requirement in the Complaint. [Complaint (doc. 4) ¶ 3.]

20.     The Fifth Circuit has considered and expressly rejected an argument that "SOX contains no exhaustion requirement and that, to the contrary, merely filing a charge with OSHA that triggers an investigation is enough to permit a future district-court filing that is not limited by the scope of that charge." *Wallace v. Tesoro Corp.*, 796 F.3d 468, 475 (5th Cir. 2015). "The reason for the exhaustion requirement in Title VII applies with equal force to SOX. An

administrative charge is not filed as a preliminary to a lawsuit. Instead, its purpose is to trigger the agency's defined investigation and conciliation procedures. It would thwart the administrative scheme to allow plaintiffs to sue on claims that the agency never had the chance to investigate and attempt to resolve." *Id.*[13] There is no dispute, based on the administrative record contained in the Appendix, that Plaintiff never identified Gonzalez as a respondent at any level of the administrative proceeding, despite ample opportunity to do so. Accordingly, because Plaintiff failed to exhaust his administrative remedies, the Court must dismiss Plaintiff's claims against Gonzalez under Rule 12(b)(1).

21.    **Plaintiff Failed to Exhaust Regarding Gonzalez.** The fact that Plaintiff referenced Gonzalez in the factual narrative in the Administrative Complaint does not matter. In *Bozeman v. Per-Se Technologies, Inc.*, 456 F. Supp. 2d 1282 (N.D. Ga. 2006), the plaintiff alleged that the corporate defendant and two of its individual managers had retaliated against him and constructively discharged him in violation of Section 806 of SOX. *Bozeman*, 456 F. Supp. 2d at 1356. The court observed that "before an employee can assert a cause of action in federal court under the Sarbanes-Oxley Act, the employee must file a complaint with OSHA and afford OSHA the opportunity to resolve the allegations administratively." *Id.* (quoting *Willis v. Vie Financial Group, Inc.*, No. 04-435, 2004 WL 1774575, at *6 (E.D. Pa. Aug. 6, 2004)). If the employee files a complaint with OSHA and it is not resolved within 180 days, "the employee is authorized to proceed with an action in federal court based on that violation (*i.e.*, no further exhaustion of administrative remedies required)." *Id.*

22.    However, a "federal court can only conduct a 'de novo review' of those SOX whistleblower claims that have been administratively exhausted." *Bozeman*, 456 F. Supp. 2d at

---

[13] The Secretary of Labor agrees that SOX has an exhaustion requirement, and told the Fifth Circuit in an *amicus* brief that "a complainant's subsequent district court complaint may contain only those claims that were filed with the agency." *Id.* at 476 n. 6.

1357 (quoting *Willis*, 2004 WL 1774575, at *6)).[14] Just as Plaintiff has done, the plaintiff in *Bozeman* named the corporate defendant as the sole respondent in his administrative complaint filed with OSHA, before naming the corporate defendant and the two individual managers as defendants in the lawsuit. *Id.* As the court explained in dismissing the claims against the individuals, "while the regulations implementing SOX may provide for individual liability, that does not obviate the need for Plaintiff to exhaust his administrative remedies for each claim he seeks to assert against each defendant. . . . As the Plaintiff did not specifically name [the individual managers] in the OSHA proceedings, he, thus, failed to exhaust his administrative remedies with respect to them." *Id.* The court considered and squarely rejected the plaintiff's only attempt to excuse his noncompliance:  "The Plaintiff contends that [the individual managers] are covered by the administrative complaint he filed with OSHA because they are identified as actors in his complaint, and were, therefore, on notice as to the claims against them. The Court disagrees and finds the Plaintiff's arguments uncompelling." *Id.*

23.    The *Bozeman* court relied on *Hanna v. WCI Communities, Inc.*, No. 04-80595-CIV, 2004 WL 6072492, at *7 (S.D. Fla. Nov. 29, 2004) in support of its holding. In *Hanna*, the plaintiff named the corporate defendant and four individuals as respondents in his SOX administrative complaint, but did not name a fifth individual as a respondent, even though the administrative complaint referred to the fifth individual's "role in terminating him." *Hanna*, 2004 WL 6074292, at *1. When that fifth individual was named as a defendant in the plaintiff's lawsuit, he filed a motion to dismiss for failure to exhaust administrative remedies. *Id.*[15] The

---

[14] Citing, *inter alia*, *McClendon v. Hewlett-Packard Co.*, No. 05-087-S-BLW, 2005 WL 2847224, at *2-4 (D. Idaho Oct. 27, 2005) (district court may only conduct 'de novo review' of claims that have been administratively exhausted); *Hanna v. WCI Communities, Inc.*, 348 F. Supp. 2d 1322, 1324-1329 (S.D. Fla. 2004) (same); *Murray v. TXU Corp.*, 279 F. Supp. 2d 799, 802 (N.D. Tex. 2003) (district court lacks subject-matter jurisdiction over Section 806 claim if plaintiff has failed to comply with administrative procedures).

[15] The defendant filed under Rule 12(b)(6) rather than Rule 12(b)(1). The substantive analysis, for the reasons discussed below, is the same.

court granted the motion. The plaintiff conceded that the fifth individual "was not named in the heading of the administrative complaint," but asserted that the claim against him should not be dismissed because he "was identified as an actor in [plaintiff's] termination on page 5 of [the] administrative claim" and thus "was on notice as to the claims against him at an administrative level." *Id.* at *2.  Rejecting this argument, the court held:

> [Plaintiff's] argument misunderstands the purpose of filing an administrative complaint under the Sarbanes–Oxley Act's procedural framework. As stated above, the Act requires an aggrieved employee to file an administrative complaint to "afford OSHA the opportunity to resolve the allegations administratively." [Plaintiff's] failure to name [the fifth individual] in his administrative complaint failed to afford OSHA the opportunity to resolve [Plaintiff's] allegations through the administrative process. Even if the court assumed that [the fifth individual] was placed on notice that he had allegedly violated the law, that notice has no consequence as to whether OSHA was placed on notice that it was required to investigate [the fifth individual's] actions in this case.

*Hanna*, 2004 WL 6074292, at *3 (internal citations omitted). The *Bozeman* court relied on the same rationale:  "the Plaintiff never provided OSHA with an opportunity to issue a final decision within 180 days of his filing his administrative complaint as to the claims he raises against [the two managers] because he failed to specifically name them in the heading of his administrative complaint." *Bozeman*, 456 F. Supp. 2d at 1358.

24.     Many other courts have reached the same conclusion. *See, e.g.*, *Feldman-Boland v. Stanley*, No. 15cv6698, 2016 WL 3826285, at *5 (S.D.N.Y. Jul. 13, 2016) (granting motion to dismiss, and holding that mentioning the individual in the body of the administrative complaint is not sufficient); *Lutzeier v. Citigroup, Inc.*, No. 4:14CV183 RLW, 2015 WL 1033696, at *2 (E.D. Mo. Mar. 9, 2015) (relying on *Bozeman* and other authority, and dismissing plaintiff's claims against an individual not named as a respondent in the plaintiff's administrative complaint, despite the individual having "admittedly rather extensively" been named in the body

of the complaint);[16] *Parker v. Lithia Motors, Inc.*, No. CIV 13-1182 RB/GBW, 2014 WL 12789711 (D. N.M. Jul. 2, 2014) (granting motion to dismiss because plaintiffs failed to list individual defendants as "named persons" alleged to have violated the Act in their OSHA complaint, and noting that "courts that have considered this issue as well as the applicable regulations uniformly hold that a plaintiff may not assert a claim under [SOX] against a particular defendant unless he has exhausted his administrative remedies as to that defendant," and that it is "insufficient to merely mention an individual in the body of an administrative complaint"); *Bridges v. McDonald's Corp.*, No. 09-cv-1880, 2009 WL 5126962 (N.D. Ill. Dec. 21, 2009) (granting motion to dismiss despite the fact that individual was "identified as an actor and witness in the [administrative] complaint and therefore was on notice of the claim against her"); *Smith v. Corning Inc.*, No. 06-CV-6516 CJS, 2007 WL 2120375 (W.D.N.Y. Jul. 23, 2007) (granting motion to dismiss and holding that "it is not sufficient to merely mention the individual in the body of the administrative complaint" because the relevant regulations require otherwise).[17]

25.     Here the facts are undisputed. MGI is the only respondent Plaintiff identified in his original administrative complaint submitted to OSHA and his original and amended administrative complaints filed in the ALJ proceeding. Gonzalez is not mentioned in the OSHA letter, but is mentioned extensively in the administrative complaint. In the Complaint, Plaintiff

---

[16] In *Lutzeier*, the court noted that the relevant "administrative regulations require that a defendant be listed as a **'named' respondent** who is alleged to have violated the Act. *See* 29 C.F.R. 1980.101(5) ("*Respondent* means the person named in the complaint who is alleged to have violated the Act"); 29 C.F.R. 1980.104(a) ("Upon receipt of a complaint in the investigating office, the Assistant Secretary will notify the respondent of the filing of the complaint by providing a copy of the complaint[.]")." *Lutzeier*, 2015 WL 1033696, at *2.

[17] None of the courts in *Bozeman*, *Hanna*, *Feldman-Boland*, *Parker*, *Bridges*, or *Smith* were even called on to consider and distinguish contrary authority regarding SOX exhaustion, except for brief mention in *Bridges* of a case involving a *pro se* plaintiff, who submitted a SOX complaint with all of the formality and precision to be expected from a *pro se* plaintiff. Plaintiff is represented by a highly capable attorney who holds himself out as the "Dallas Whistleblower Lawyer" and who "routinely handles high-stakes Sarbanes-Oxley . . . claims." *See* http://www.dallaswhistleblowerlawyer.com.

---

alleges that he exhausted his administrative remedies by filing the OSHA complaint and requesting a final hearing. [Complaint (doc. 4) ¶ 3.] He does not allege that he named Gonzalez as a respondent at any stage of the administrative proceeding. On these facts, the law is clear. Plaintiff has failed to exhaust his administrative remedies regarding Gonzalez, and as a result, the Court lacks subject-matter jurisdiction over his claims against Gonzalez. The Court should dismiss those claims pursuant to Rule 12(b)(1).

**B.    Alternatively, Plaintiff has failed to state a claim against Gonzalez on which relief may be granted, and the Court should dismiss pursuant to Rule 12(b)(6).**

26.    Even if exhaustion of administrative remedies were not a *jurisdictional* prerequisite to suit under SOX, which it is, the Court should dismiss still Plaintiff's claims against Gonzalez pursuant to Rule 12(b)(6), because Plaintiff has failed to state a claim upon which relief may be granted.

27.    The Court is not confined this its analysis to the four corners of the Complaint. Instead, in considering a Rule 12(b)(6) motion involving a failure to exhaust administrative remedies, the Court may take judicial notice of the underlying administrative record. *See, e.g.*, *Hawkins v. AT&T*, No. 3:12-cv-1173-L, 2013 WL 4505154, at *3 (N.D. Tex. Aug. 23, 2013) (granting 12(b)(6) motion and noting that "documents contained in a Title VII administrative record are public records for which the court can take judicial notice and consider in a motion to dismiss"); *Crosby v. Philip Holdings, LLC*, No. H-12-01749, 2012 WL 5456360, at *2 and n. 5 (S.D. Tex. Nov. 7, 2012) (noting a lack of clarity in the case law regarding whether failure to exhaust "falls under 12(b)(1) or 12(b)(6), but noting that "even if this issue properly falls under a 12(b)(6) analysis, [documents from the administrative record] may be considered without converting this motion into one for summary judgment"); *McClendon v. Hewlett-Packard Co.*, No. CV-05-087-S-BLW, 2005 WL 2847224, at *2-3 (D. Idaho Oct. 27, 2005) (without

specifying whether the dismissal was pursuant to Rule 12(b)(1) or 12(b)(6), granting motion to dismiss SOX claim for failure to exhaust, and, in so doing, taking judicial notice of portions of the DOL administrative records submitted by the defendant).

28.     For all of the reasons set forth above, it is undisputed that Plaintiff failed to exhaust his administrative remedies with regard to the claims he now asserts against Gonzalez. Because exhaustion of administrative remedies is a statutory prerequisite to filing suit alleging a whistleblower retaliation claim under SOX, Plaintiff has failed to state a claim upon which relief may be granted, and the Court should dismiss Plaintiff's claims against Gonzalez with prejudice, pursuant to Rule 12(b)(6).

**C.      Amendment would be futile.**

29.     The Court need not afford Plaintiff an opportunity to amend the Complaint, because any such amendment would be futile. Regardless of any allegations Plaintiff might include in a (second) amended complaint, it is undisputed from the face of the administrative record that Plaintiff did not bring an administrative complaint against Gonzalez. Plaintiff cannot now run to the DOL to file an administrative claim; the deadline was 180 days after the alleged discriminatory act. 18 U.S.C. § 1514A(b)(2)(D). Plaintiff alleges that MGI terminated his employment in April 2017.

**D.      Alternatively, the Court should dismiss Plaintiff's claims against Gonzalez pursuant to Rule 12(b)(2), because Gonzalez is not subject to specific or general personal jurisdiction.**

30.     In the alternative, the Court should dismiss Plaintiff's claims against Gonzalez under Rule 12(b)(2), because the Court lacks personal jurisdiction over Gonzalez. As set forth above, Gonzalez resides in Miami, Florida, and is employed there as Head of Regional Compliance and Strategic Projects for non-party MoneyGram Payment Systems, Inc. ("MPSI"). Gonzalez maintains his office for MPSI in Miami, Florida. Gonzalez has never resided in Texas,

has never been employed in Texas, and has never maintained an office in Texas, whether for MPSI, MGI, or any other employer.

31.     Rule 12(b)(2) requires a court to dismiss a claim if the court lacks personal jurisdiction over the defendant. "After a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish that *in personam* jurisdiction exists." *Cunningham v. CBC Congl., LLC*, --- F. Supp. 3d ---, 2019 WL 452749, at *1 (E.D. Tex. Feb. 5, 2019). The plaintiff must present "sufficient facts as to make out . . . a prima facie case supporting jurisdiction," and the allegations in the plaintiff's complaint are taken as true only if they are uncontroverted by the defendant's evidence. *Id.*

32.     Because the Texas long-arm statute confers jurisdiction to the limits of due process, the Court's inquiry is "whether the exercise of jurisdiction is consistent with due process under the United States Constitution." *Id.* "The Due Process Clause permits the exercise of personal jurisdiction over a non-resident defendant when the defendant has established minimum contacts with the forum state 'such that maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "Minimum contacts . . . can be satisfied by contacts that give rise to either general jurisdiction or specific jurisdiction." *Id.*

33.     **<u>Gonzalez is not subject to "general jurisdiction."</u>** General jurisdiction exists "only when the defendant's contacts with the forum state are so continuous and systematic as to render them essentially at home in the forum State. Substantial, continuous, and systematic contact with a forum is a difficult standard to meet and requires extensive contacts between a defendant and the forum. . . . For an individual, the paradigm forum for the exercise of general jurisdiction is the defendant's domicile." *Cunningham*, 2019 WL 452749, at *1 (internal

citations omitted). Plaintiff has not alleged any facts from which the Court could determine that it has general jurisdiction over Gonzalez. At most, he has alleged that "Gonzalez worked for MGI at its headquarters" located in Frisco, Texas. [Complaint (doc. 4) ¶ 6.] Gonzalez's testimony controverts this conclusory allegation – he has never been employed or maintained an office for MGI or MPSI in Texas – and it is undisputed that Gonzalez has *never* lived or worked in Texas. The Court lacks general jurisdiction over Gonzalez.

34.    **Gonzalez is not subject to "specific jurisdiction."** Specific jurisdiction exists "when the plaintiff alleges a cause of action that grows out of or relates to a contact between the defendant and the forum state." *Cunningham*, 2019 WL 452749, at *1. "For the Court to exercise specific jurisdiction, the Court must determine: (1) whether the defendant has purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *Id.* (internal citations and alterations omitted).

35.    Other than the vague and generalized allegation that Gonzalez "worked for MGI at its headquarters" in Frisco (which is factually incorrect), Plaintiff has not *alleged* that Gonzalez directed any activities toward Texas, and has not alleged that that his cause of action arises out of or relates to any alleged Texas-related contact by Gonzalez. Plaintiff has alleged that he "worked under the direction of Gonzalez." [Complaint (doc. 4) ¶ 28.] He contends that he exchanged several emails with Gonzalez, and that he "told Gonzalez about [purported problems with one of MGI's agents] over the phone." [*Id.* ¶ 56.] However, Plaintiff has alleged precisely *one* contact with Texas by Gonzalez – his alleged attendance at a meeting with MGI's client Wal-Mart, in Frisco, during "Plaintiff's third week on the job." [*Id.* ¶¶ 38-40.]

36.     Significantly, Plaintiff has not alleged that Gonzalez took any adverse employment action against him in Texas. The fact that Gonzalez knew Plaintiff lived and worked in Texas "does not create a *prima facie* case for personal jurisdiction." *Cunningham*, 2019 WL 452749, at \*1. In sum, Plaintiff's allegations "fail to demonstrate a cause of action that grows out of or relates to a contact between" Gonzalez and Texas, and "the Court may not exercise personal jurisdiction" over Gonzalez. *Id.* The Court should dismiss Plaintiff's claims against Gonzalez pursuant to Rule 12(b)(2).

**E.      Alternatively, the Court should transfer this case to the Northern District of Texas, or to the Sherman Division of this District.**

37.     In the alternative, if the Court determines that it has personal jurisdiction over Gonzalez and subject-matter jurisdiction over Plaintiff's claims against Gonzalez, and that Plaintiff has stated a claim against Gonzalez upon which relief may be granted, the Court should transfer this case to the Northern District of Texas, Dallas Division, or alternatively to the Sherman Division of this District. MGI has contemporaneously herewith filed its Motion to Dismiss for Improper Venue, or Alternatively, Motion to Transfer Venue (the "MGI Motion"), in which it has demonstrated that, on the assumption the claims against Gonzalez and Ponder are dismissed, then the Eastern District is not a *proper* venue, and Plaintiff's remaining claims against MGI must be dismissed, or must be transferred to the Northern District pursuant to 28 U.S.C. § 1406. Gonzalez finds no fault in this analysis.

38.     However, to the extent the Court determines – for whatever reason – that the Eastern District is a *proper* venue, the Court should exercise its discretion to transfer this case to the Northern District of Texas, which (for the reasons articulated the MGI Motion) is the most convenient venue for all parties, pursuant to 28 U.S.C. § 1404(a). Alternatively, the Court should exercise its discretion to transfer this case to the Sherman Division of this District. In

determining whether to exercise its discretion to transfer a case pursuant to Section 1404(a), courts apply the so-called "public and private interest factors," which apply equally to motions to transfer between district and to transfers between divisions of the same district. *In re Radmax, Ltd.*, 720 F.3d 285, 287 (5th Cir. 2013).

39.     Gonzalez resides in Florida, has never resided in Texas, and has never been employed or maintained an office in Texas, so no potentially appropriate District or Division in this state is particularly "convenient" for him, but the Texarkana Division is least so of all. Air travel is the only logical form of transportation for Gonzalez. Gonzalez is aware that commercial air travel to Texarkana is possible. However, Gonzalez's understanding is the only scheduled non-stop flights are to and from DFW Airport. Thus, for Gonzalez to travel by air to Texarkana for trial, he would *first* have to travel to an airport within the Northern District (and within fifteen miles of the Eastern District federal courthouse in Plano, Texas) to make a connection.

40.     In addition to his own interests, as set forth the MGI Motion, MGI is headquartered in Dallas, Texas, which is within the Northern District, and MGI has no operations in the Eastern District. Ponder resides in Denton County, within the Sherman Division. No known witnesses reside or work within the Texarkana Division. To the contrary, witnesses identified (and in many cases deposed) during the administrative proceeding all live in the DFW Metroplex or out of state – except for Plaintiff, who lives in Austin. Every public or private interest factor is either neutral, or favors transfer. This Division has no nexus whatsoever to Plaintiff, Gonzalez, the remaining defendants, or Plaintiff's claims and allegations raised in the Complaint.

41.     If the Court dismisses Plaintiff's claims against Gonzalez for lack of personal or subject-matter jurisdiction, Gonzalez has no stake in selecting the place where Plaintiff's

remaining claims are litigated, except for his own convenience as a presumptive witness. However, for the reasons set forth above, to the extent the Court does not dismiss Plaintiff's claims against Gonzalez, the "public and private interest factors" favor transfer away from this District and Division, and the Court should at minimum exercise its discretion under Section 1404(a) and transfer this case to the Northern District of Texas, Dallas Division, or alternatively to the Sherman Division of this District.

**F.**     **Costs.**

42.     If the Court grants the Motion pursuant to Rule 12(b)(1), the Court should award Gonzalez his just costs pursuant to 28 U.S.C. § 1919. If the Court grants the Motion pursuant to Rule 12(b)(6), the Court should award Gonzalez his costs of court pursuant to Rule 54(d).

## CONCLUSION

For the foregoing reasons, Gonzalez respectfully requests that the Court grant the Motion; dismiss Plaintiff's claims and causes of action asserted against him, or alternatively, transfer this case to the Northern District of Texas, Dallas Division, or to the Sherman Division of this District; award Gonzalez his cost of Court; and grant all other relief, general or special, at law or in equity, to which Gonzalez may be justly entitled.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.**

/s/ *John M. Barcus*
Gary D. Eisenstat
State Bar No. 06503200
gary.eisenstat@ogletreedeakins.com
John M. Barcus
Texas Bar No. 24036185
john.barcus@ogletreedeakins.com
Preston Commons West
8117 Preston Road, Suite 500
Dallas, Texas  75225
Telephone:  (214) 987-3800
Fax:  (214) 987-3927

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(i), I certify that I have complied with the meet and confer requirement in Local Rule CV-7(h) with respect to the non-case-dispositive relief requested herein, by conferring by telephone with Steve Kardell, counsel for Plaintiff, on April 11, 2019. No agreement could be reached, because Plaintiff does not consent to a discretionary transfer of venue, and the Parties are at an impasse.

/s/ *John M. Barcus*
John M. Barcus

**CERTIFICATE OF SERVICE**

The foregoing instrument was filed using the Court's CM/ECF system on April 11, 2019, which will transmit a copy to all counsel of record.

/s/ *John M. Barcus*
John M. Barcus

38075447.1