**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| **JUAN LOZADA-LEONI,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | Civil Action No. 5:19-cv-00011-RWS-CMC |
| **MONEYGRAM INTERNATIONAL, INC.,** | § | |
| **JUAN MANUEL GONZALEZ and** | § | |
| **CHRISTOPHER PONDER in their official** | § | |
| **and individual capacities,** | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANT MONEYGRAM PAYMENT SYSTEMS, INC.'S
MOTION TO DISMISS, OR ALTERNATIVELY,
<u>MOTION TO TRANSFER VENUE, AND BRIEF IN SUPPORT</u>**

GARY D. EISENSTAT
Texas State Bar No. 06503200
gary.eisenstat@ogletree.com
JOHN M. BARCUS
Texas State Bar No. 24036185
john.barcus@ogletree.com

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
Preston Commons West
8117 Preston Road, Suite 500
Dallas, Texas  75225
Telephone:  (214) 987-3800
Fax:  (214) 987-3927

**ATTORNEYS FOR DEFENDANTS**

# TABLE OF CONTENTS

**Page**

**OVERVIEW** ................................................................................................................. 1

**STATEMENT OF ISSUES TO BE DECIDED** ..................................................... 2

**EVIDENCE** ................................................................................................................ 3

**FACTS AND FACTUAL ALLEGATIONS, INCLUDING PROCEDURAL HISTORY** ..... 3

    Background Regarding MPSI and MGI ................................................................ 3

    Plaintiff's Original DOL Complaint Against MGI .............................................. 4

    The ALJ Proceeding .......................................................................................... 4

    MPSI Put Plaintiff on Notice ............................................................................. 5

    Plaintiff Acknowledged MPSI as his Former Employer in the
      ALJ Proceeding ............................................................................................... 5

    Plaintiff's Election to File This Suit ................................................................... 6

    Plaintiff Tries to File Suit in the Northern District ............................................ 6

    Plaintiff Files Suit in this District ..................................................................... 7

    The Motions to Dismiss .................................................................................... 8

    Plaintiff's Dismissals and Amendments ............................................................ 9

**ARGUMENT AND AUTHORITY** ....................................................................... 10

    A.    The Court should dismiss Plaintiff's claims against MPSI pursuant to
        Rule 12(b)(1), because Plaintiff failed to exhaust his administrative
        remedies, depriving the Court of subject matter jurisdiction. ............................. 10

        1.    In determining a Rule 12(b)(1) motion, the Court may
            go outside the four corners of the Complaint. ........................................... 11

        2.    Plaintiff's failure to exhaust deprives the Court of subject-
            matter jurisdiction; dismissal under Rule 12(b)(1) is therefore
            appropriate. ............................................................................................. 12

    SOX Requires Exhaustion of Remedies ............................................................ 13

    Plaintiff Failed to Exhaust Regarding MPSI .................................................... 14

    Notice *to OSHA* is what matters ..................................................................... 15

    B.    Alternatively, Plaintiff has failed to state a claim against MPSI
        on which relief may be granted, and the Court should dismiss
        pursuant to Rule 12(b)(6). ...................................................................... 18

    C.    Further amendment would be futile. ...................................................... 20

    D.    Alternatively, the Court should transfer this case to the Northern
        District of Texas, or to the Sherman Division of this District. ............................. 20

    E.    Costs. ..................................................................................................... 21

**RELIEF REQUESTED** ......................................................................................... 22

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Blanchet v. Chevron/Texaco Corp.*,
   368 F. Supp. 2d 589 (E.D. Tex. 2004) ...................................................................................11

*Blankenship v. Buenger*,
   653 Fed. App'x 330 (5th Cir. 2016) ...............................................................................11, 12

*Bozeman v. Per-Se Technologies, Inc.*,
   456 F. Supp. 2d 1282 (N.D. Ga. 2006) ........................................................................... *passim*

*Bridges v. McDonald's Corp.*,
   No. 09-cv-1880, 2009 WL 5126962 (N.D. Ill. Dec. 21, 2009).......................................17, 18

*Crosby v. Philip Holdings, LLC*,
   No. H-12-01749, 2012 WL 5456360 (S.D. Tex. Nov. 7, 2012) ............................................19

*Feldman-Boland v. Stanley*,
   No. 15-cv-6698, 2016 WL 3826285 (S.D.N.Y. Jul. 13, 2016).......................................17, 18

*Hanna v. WCI Communities, Inc.*,
   348 F. Supp. 2d 1322 (S.D. Fla. 2004) .....................................................................15, 16, 18

*Hanna v. WCI Communities, Inc.*,
   No. 4-80595-CIV, 2004 WL 6072492 (S.D. Fla. Nov. 29, 2004) .........................................15

*Hawkins v. AT&T*,
   No. 3:12-cv-1173-L, 2013 WL 4505154 (N.D. Tex. Aug. 23, 2013)....................................19

*Kurth v. Gonzales*,
   469 F. Supp. 2d 415 (E.D. Tex. 2006) ..................................................................................12

*Lutzeier v. Citigroup, Inc.*,
   No. 4:14-CV-183 RLW, 2015 WL 1033696 (E.D. Mo. Mar. 9, 2015) ..................................17

*McClendon v. Hewlett-Packard Co.*,
   No. 05-087-S-BLW, 2005 WL 2847224 (D. Idaho Oct. 27, 2005) ..................................15, 19

*Murray v. TXU Corp.*,
   279 F. Supp. 2d 799 (N.D. Tex. 2003) ..................................................................................15

*Nguyen v. Federal Deposit Ins. Corp.*,
   No. 1:13-cv-668, 2018 WL 4293140 (E.D. Tex. Aug. 15, 2018) (Crone, J.)..........................11

*Parker v. Lithia Motors, Inc.*
   No. 13-cv-1326 RB/WPL (D.N.M. Jul. 1, 2013).............................................................17, 18

*In re Radmax, Ltd.*,
  720 F.3d 285 (5th Cir. 2013) ................................................................................21

*Smith v. Corning Inc.*,
  No. 06-CV-6516 CJS, 2007 WL 2120375 (W.D.N.Y. Jul. 23, 2007) .............................17, 18

*Taylor v. United States Treasury Dep't*,
  127 F.3d 470 (5th Cir. 1997) ................................................................................12

*Wallace v. Tesoro Corp.*,
  796 F.3d 468 (5th Cir. 2015) ................................................................................13

*Williams v. J.B. Hunt Transp., Inc.*,
  826 F.3d 806 (5th Cir. 2016) ................................................................................12

**Federal Statutes**

18 U.S.C.
  § 1514A(b)(1)(A) (2006) ....................................................................................13
  § 1514A(b)(2)(D) ............................................................................................20

28 U.S.C.
  § 1404 ...............................................................................................2, 9, 10
  § 1404(a) .....................................................................................................21
  § 1406 .........................................................................................................20
  § 1919 .........................................................................................................21

Sarbanes-Oxley Act of 2002 ..................................................1, 4, 7, 8, 9, 13, 14, 15, 17, 18, 19

**Federal Rules of Civil Procedure and Local Rules**

29 C.F.R. 1980.101(5) ..........................................................................................17

29 C.F.R. 1980.104(a) ..........................................................................................17

29 C.F.R. 1980.114 ..............................................................................................6

29 C.F.R. § 1980.103(c) (1998) ................................................................................13

Local Rule CV-7(a)(1) ...........................................................................................2

Local Rule CV-7(b) ..............................................................................................3

Rule 12(b)(1) and 12(b)(6) ...............................................................................1, 2, 3, 8

Rule 54(d) .....................................................................................................21

Rule 12(b)(3) ...................................................................................................8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **JUAN LOZADA-LEONI,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 5:19-cv-00011-RWS-CMC** |
| **MONEYGRAM INTERNATIONAL, INC.,** | § | |
| **JUAN MANUEL GONZALEZ and** | § | |
| **CHRISTOPHER PONDER in their official** | § | |
| **and individual capacities,** | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANT MONEYGRAM PAYMENT SYSTEMS, INC.'S**
**MOTION TO DISMISS, OR ALTERNATIVELY,**
**MOTION TO TRANSFER VENUE, AND BRIEF IN SUPPORT**

Defendant MoneyGram Payment Systems, Inc. ("MPSI") files its Motion to Dismiss, or

Alternatively, Motion to Transfer Venue, and Brief in Support ("Motion") and states:

**OVERVIEW**

1.      Plaintiff Juan Lozada-Leoni ("Plaintiff") alleges that he is a former employee of

MPSI, and that MPSI terminated his employment in violation of the Sarbanes-Oxley Act of 2002

("SOX").  However, Plaintiff never filed an administrative complaint with the United States

Department of Labor ("DOL") against MPSI.  Instead, he made his administrative complaint

against Defendant MoneyGram International, Inc. ("MGI"), which was not his employer.  After

more than 180 days had passed without the DOL having made a final determination, Plaintiff

filed suit in this Court, alleging that MGI and former Defendants Juan Manuel Gonzalez

("Gonzalez") and Christopher Ponder ("Ponder") all took adverse employment actions against

him in violation of SOX.  MPSI was not initially named as a defendant.

2.      Gonzalez and Ponder filed motions to dismiss pursuant to Rule 12(b)(1) and

12(b)(6) because Plaintiff never filed an administrative complaint against them, meaning that the

Court lacked subject-matter jurisdiction and/or that Plaintiff had failed to state a claim against each of them upon which relief may be granted.  Faced with these motions and with the fact that he had sued the wrong entity, Plaintiff filed his Second Amended Complaint [Doc. 21], dismissing Gonzalez and Ponder and adding MPSI, his true employer, as a defendant.  However, because Plaintiff did not name MPSI as a respondent in the DOL charge, the Court lacks subject-matter jurisdiction over MPSI and/or Plaintiff has failed to state a claim against MPSI upon which relief may be granted, and the Court should dismiss Plaintiff's claims against MPSI pursuant to Rule 12(b)(1) and 12(b)(6).

3.      Alternatively, and in addition, if the Court determines that it has subject-matter jurisdiction and that Plaintiff has stated a claim upon which relief may be granted, the Court should transfer this case to the Northern District of Texas, or the Sherman Division of this District, pursuant to 28 U.S.C. § 1404.

## STATEMENT OF ISSUES TO BE DECIDED

4.      Pursuant to Local Rule CV-7(a)(1), MPSI states that the issues to be decided by the Court in determining MPSI's requests for *case dispositive* relief are:

a.      Whether the Court has subject-matter jurisdiction over Plaintiff's claims against MPSI; and

b.      Whether Plaintiff has stated a claim against MPSI upon which relief may be granted.

5.      If, and to the extent the Court determines both of those issues in favor of Plaintiff, the Court then must determine MPSI's alternative request for non-case-dispositive relief in the form of a transfer of venue.

## EVIDENCE

6.      Pursuant to Local Rule CV-7(b), MPSI has attached several documents in support of the Motion.  With the exception of the Declaration of Elizabeth Weathers-Nguyen, which is offered only in support of MPSI's argument in the alternative that the Court should transfer this case to a different venue, each of the attached documents appears in the administrative record of the proceeding from which Plaintiff purports to bring this action for *de novo* review.  As set forth below, the Court is permitted to take judicial notice of these and other items and to consider them in determining MPSI's grounds for dismissal under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) without converting the motion into a motion for summary judgment, and MPSI submits them for that purpose, and for the convenience of the Court.

## FACTS AND FACTUAL ALLEGATIONS, INCLUDING PROCEDURAL HISTORY

7.      **Background Regarding MPSI and MGI.**  MPSI is a Delaware corporation, with its principal place of business at 2828 N. Harwood Street in Dallas, Texas.  *See* Exhibit 1, at ¶ 3.[1] MPSI is a subsidiary of MGI.  [*Id.*]  MGI is also a Delaware corporation, and is also headquartered at 2828 N. Harwood Street in Dallas, Texas.  [*Id.*, ¶ 2.]  MPSI maintains its personnel records for all U.S. offices in Dallas.  [*Id.*, ¶ 3.]  MPSI has no office or employees within the Texarkana Division.  [*Id.*]  MPSI gave Plaintiff an offer letter for employment from MPSI, which he accepted.  [*Id.*, ¶ 4, and Ex. 1.]  MPSI employed Plaintiff from approximately October 2016 until approximately April 2017, when MPSI terminated his employment.  [*Id.*, ¶ 4.]  Plaintiff worked for MPSI at its office located at 3000 Internet Boulevard in Frisco, Texas. [*Id.*]  That office space is leased by MPSI, not MGI.  [*Id.*]  MGI does not transact business in

---

[1]    Declaration of Elizabeth Weathers-Nguyen.

MPSI's Frisco, Texas office, or anywhere else in the Eastern District of Texas. [*Id.*] Plaintiff has never been employed by MGI. [*Id.*, ¶ 5.]

8.     **Plaintiff's Original DOL Complaint Against MGI.**   After MPSI terminated Plaintiff's employment, Plaintiff (through counsel) filed a "formal complaint under Section 806 of the Sarbanes-Oxley Act of 2002" with OSHA. *See* Exhibit 2.[2]  MGI is the only identified respondent. [*Id.*]  OSHA determined from the face of the complaint that Plaintiff had not even "present[ed] a prima facie showing" of liability.   It issued a letter on October 12, 2017, dismissing the complaint for that reason. *See* Exhibit 3.[3]  The DOL advised Plaintiff that he had "30 days from the receipt of these Findings to file objections and to request a hearing before an Administrative Law Judge." [*Id.*]  Plaintiff lodged objections on November 13, 2017, and requested a hearing in front of an ALJ. *See* Exhibit 4.[4]

9.     **The ALJ Proceeding.**  The DOL opened Case Number 2018-SOX-00004, which it styled *Juan Lozada-Leoni v. MoneyGram International*, and assigned the case to Administrative Law Judge Tracy A. Daly.  Judge Daly issued a Notice of Case Assignment and Prehearing order on January 11, 2018. *See* Exhibits 5 and 6.[5]  In that Notice, Judge Daly ordered Plaintiff to file a "detailed Pleading Complaint" by January 25, 2018. *See* Exhibit 6, at p. 3.

10.     In a February 23, 2018 Notice of Hearing Date and Filing Deadlines, Judge Daly also imposed a March 15 deadline for "dispositive and joinder motions." *See* Exhibit 7.[6]

---

[2]     September 28, 2017, SOX Complaint submitted to OSHA Region Six Administrator by counsel for Plaintiff.

[3]     October 12, 2017, letter from OSHA Regional Supervisory Investigator Angela Fisher to counsel for Plaintiff, advising of OSHA's dismissal of the Complaint.

[4]     November 13, 2017, letter from counsel for Plaintiff to the Chief Administrative Law Judge, Department of Labor, objecting to the dismissal and requesting a hearing on the record.

[5]     Exhibit 5: Docket sheet for Case No. 2008-SOX-00004, *Juan Lozada-Leoni v. MoneyGram International*, before the United States Department of Labor. Exhibit 6: Notice of Case Assignment and Prehearing Order, issued on January 11, 2018.

[6]     Notice of Hearing Date and Filing Deadlines, issued on February 23, 2018.

Plaintiff filed no such motion.  Plaintiff filed his Original [Administrative] Complaint on March 5, 2018.  *See* Exhibit 8.[7]  Plaintiff identified only one respondent — MGI — and did not seek relief against any party other than MGI.  [*Id.*]  MPSI, despite having been Plaintiff's employer, was not named.  [*Id.*]  Plaintiff filed his First Amended [Administrative] Complaint on March 26, 2018.  *See* Exhibit 9.[8]  Again, MGI was the only respondent and the only party against whom Plaintiff sought relief.  [*Id.*]

11.  **MPSI Put Plaintiff on Notice.**  Presuming that Plaintiff's decision to file his complaint against MGI rather than against his employer, MPSI, had been inadvertent rather than deliberate, MPSI responded to Plaintiff's First Amended [Administrative] Complaint on April 6, 2018.  *See* Exhibit 10.[9]  In particular, MPSI filed the Response as "Respondent MoneyGram Payment Systems, Inc., improperly named herein as MoneyGram International."  [*Id.*, at p. 1.]  In answering Plaintiff's allegation that MGI employed him, "MoneyGram state[d] that Complainant was employed by MoneyGram Payment Systems, Inc. rather than by MoneyGram International[.]"  [*Id.*, at § II, ¶ 1.]

12.  **Plaintiff Acknowledged MPSI as his Former Employer in the ALJ Proceeding.**  Plaintiff gave deposition testimony on May 23, 2018.  Again, MGI and MPSI were up front:

> Q:  Will you please state and spell your full name for the record, please.
>
> A:  Juan Lozada-Leoni.  .  .  .
>
> *  *  *

---

[7]  Juan Lozada-Leoni's Original Complaint, filed on March 5, 2018.

[8]  Juan Lozada-Leoni's First Amended [Administrative] Complaint, filed on March 26, 2018.

[9]  Response to Revised First Amended [Administrative] Complaint, filed on April 6, 2018.

Q:   Okay.  And, sir, my name is John Barcus.  I'm with the Ogletree Deakins Law Firm and I represent MoneyGram Payment Systems, Incorporated.  Do you understand that?

A:   I do.

Q:   And if I refer in this deposition simply to "MoneyGram," do you understand that I mean the entity that was *your former employer, MoneyGram Payment Systems, Incorporated?*

A:   *I do.*

*See* Exhibit 11, at pp. 4:10–5:1 (emphasis added).[10]  Despite the Response, and despite admitting that MPSI employed him, Plaintiff failed to amend his administrative complaint to identify MPSI as a respondent, or to assert claims against MPSI.

13.   **Plaintiff's Election to File This Suit.**  After already having continued the final hearing once, at Plaintiff's request, on December 19, 2018, Judge Daly set the ALJ Proceeding for a bifurcated final hearing beginning on January 16, 2019.  *See* Exhibit 12.[11]  Rather than allow Judge Daly to conduct the final hearing, on December 21, 2018, counsel for Plaintiff "informally notified" Judge Daly of his client's intention to "exercise his right under 29 C.F.R. 1980.114 to bring this matter in a U.S. District Court.  In pertinent part, Complainant['s] counsel advised that 'next week we will be filing the formal removal notice under Section 1980.114.'" *See* Exhibit 13.[12]  Judge Daly entered an order suspending the existing filing deadlines and directing Plaintiff to provide a copy of the promised federal complaint by January 4, 2019.  [*Id.*]

14.   **Plaintiff Tries to File Suit in the Northern District.**  After obtaining an extension of time to provide evidence of filing of his federal complaint, at 4:16 p.m. on January 23, 2019, counsel for Plaintiff delivered a letter by fax to Judge Daly, attaching what purported to be copies of three filings, and stating as follows:

---

[10]   Excerpts from the May 23, 2018, Deposition of Juan Lozada-Leoni.

[11]   December 19, 2018, Order Establishing Hearing Filing Deadlines and Notice of Additional Hearing Session.

[12]   Order Suspending Filing Deadlines, issued on December 27, 2018.

15.     Enclosed please find your copy of the following:

- Plaintiff Juan Lozada-Leoni's Original Complaint
- Plaintiff's Civil Cover Sheet
- Plaintiff's Certificate of Interested Parties

**We are currently experiencing technical difficulties with the <u>Northern District of Texas</u> ECF filing system.**

As soon as we get a docket number assigned to this Original Complaint, we will provide you with a copy of same.

*See* Exhibit 14 (emphasis added).[13]  The version of the complaint attached to the fax bore the style of this case — with MGI, Gonzalez, and Ponder, but not MPSI, named as defendants — but identified the court as the Northern District of Texas, Dallas Division.  [*Id.*]

16.     **Plaintiff Files Suit in this District.**  At 10:45 p.m. on January 23, 2019, counsel for Plaintiff emailed Judge Daly to advise that the "technical difficulties" were ongoing, and that "rather than run the risk of violating Judge Daly's order that no more extensions would be granted beyond today, out of an abundance of caution we went ahead and filed in the Eastern District."  *See* Exhibit 15.[14]  Plaintiff's counsel remarked that his "preliminary research indicates that venue would be proper in both Districts."  [*Id.*]  On January 24, 2019, Judge Daly issued an Order of Dismissal, acknowledging what he believed to be a complaint that had been filed in the *Northern* District of Texas, Dallas Division, and ordering that "the complaint filed in this matter under the Sarbanes-Oxley Act is DISMISSED with prejudice."  *See* Exhibit 16.[15]

17.     After Plaintiff filed his Original Complaint [Doc. 1], on January 23, 2019, the undersigned counsel contacted counsel for Plaintiff to ask why the case had been filed in this

---

[13]  January 23, 2019, fax from counsel for Plaintiff.

[14]  January 23, 2019, email from counsel for Plaintiff.

[15]  January 24, 2019, Order of Dismissal. Judge Daly appears to have received or reviewed the January 23 fax, but not the late-night January 23 email, prior to issuing the Order of Dismissal.

Division, and to determine the connection, if any, between this Division and the claims in the lawsuit.  Counsel for Plaintiff advised again that "there was some last minute glitch in my filing number in the Northern District, so I decided to file in the Eastern District."  *See* Exhibit 17.[16] As to the question regarding the nexus between the Texarkana Division and the claims in the suit, counsel for Plaintiff deflected, stating that he would "defer answers . . .  when we respond to what I'm sure will be a Motion to Transfer. . . .   The firms that I have interviewed for local counsel are fairly confident that we can keep the case in the Texarkana Division, so we will see how accurate that prediction is."  [*Id.*]  Pressed again to answer the simple question of why the Texarkana Division is a proper venue, counsel for Plaintiff indicated, "I will let my local counsel do the talking for me."  [*Id.*]  On March 20, 2019, Plaintiff filed his First Amended Complaint ("Complaint") [Doc. 4].  Plaintiff again did not name MPSI as a defendant.

18.    **The Motions to Dismiss.**  On April 11, 2019, MGI filed its Motion to Dismiss for Improper Venue, or Alternatively, Motion to Transfer Venue, and Brief in Support [Doc. 5.]; Gonzalez filed his Motion to Dismiss, or Alternatively, Motion to Transfer Venue, and Brief in Support [Doc. 6], and Ponder filed his Motion to Dismiss, or Alternatively, Motion to Transfer Venue, and Brief in Support [Doc. 7.]

19.    Briefly stated, Gonzalez (a Florida resident) argued that the Court lacked personal jurisdiction over him, and that Plaintiff had failed to exhaust his administrative remedies against Gonzalez by failing to name him as a respondent in the OSHA complaint or in the administrative proceeding, and asked the Court to dismiss Plaintiff's claim against him pursuant to Rules 12(b)(3) (personal jurisdiction), 12(b)(1) (subject matter jurisdiction), and 12(b)(6) (failure to state a claim).   Ponder sought dismissal under Rules 12(b)(1) and 12(b)(6) on the same

---

[16]   February 6, 2019, email from counsel for Plaintiff.

failure-to-exhaust grounds.  Both Ponder and Gonzalez argued, in the alternative, that the Court should transfer venue to the Northern District of Texas, Dallas Division, or to the Sherman Division of this District.

20.     In its motion, MGI has urged the Court to first determine Gonzalez and Ponder's motions, and then, after dismissing them, to dismiss Plaintiff's remaining claim against MGI because jurisdiction is not *proper* in the Eastern District, or alternatively, to transfer Plaintiff's claim against MGI (and against the individuals, if the Court declined to dismiss them) to the Northern District of Texas, Dallas Division, or to the Sherman Division of this District, pursuant to 28 U.S.C. § 1404.

21.     **Plaintiff's Dismissals and Amendments.**  Plaintiff initially sought and obtained an extension of time to respond to the motions to dismiss through May 9, 2019.  [Doc. 12, 14.] Counsel for Plaintiff then advised that (1) in light of the (non-venue-related) grounds for dismissal raised by Gonzalez and Ponder, Plaintiff intended to amend to dismiss those defendants with prejudice, and (2) he intended to amend again to add claims against MPSI, all prior to or contemporaneously with his response to the venue motions, and he sought a further extension of time to accomplish all of this, which Defendants did not oppose.  [Doc. 16.]

22.     On May 16, 2019, Plaintiff filed his Response in Opposition to All Defendants' Jurisdictional Motions ("Response") [Doc. 19], and his Second Amended Complaint [Doc. 21]. As promised, Plaintiff dismissed Gonzalez and Ponder, and added a single cause of action against MPSI for unlawful retaliation in violation of SOX.   [Second Amended Complaint [Doc. 21], ¶¶ 88-90.]  It is styled as a cause of action against "Defendants," *i.e.*, MGI and MPSI. [*Id.*]  Plaintiff now acknowledges that he was employed by MPSI, rather than MGI.   [*Id.*, ¶ 4.] He continues to allege that he "has . . . exhausted his administrative remedies," but has not

alleged that he did so with respect to any particular defendant.   [*Id.*, ¶ 3.]   Plaintiff has not alleged any facts connecting his claims to this Division.   Indeed, apart from the dismissal of Gonzalez and Ponder, and the addition of MPSI, the Second Amended Complaint is substantively identical to the First Amended Complaint.

23.      In the Response, Plaintiff argues in summary fashion that jurisdiction is *proper* in this District over his claims against MGI and, in the alternative, that the Court should not exercise its discretion to transfer this case to the Northern District of Texas, Dallas Division, or to the Sherman Division of this District because, in his view, the "public and private interest factors" weigh against transfer.   Contemporaneously with this Motion, MGI has filed its Reply in Support of its Motion to Dismiss, explaining why dismissal for improper venue, or discretionary transfer under Section 1404, remains appropriate, despite the addition of MPSI as a party.

## ARGUMENT AND AUTHORITY

Based on the foregoing facts, and for each of the following reasons, the Court should grant the Motion and dismiss Plaintiff's claim against MPSI, or alternatively, should exercise its discretion to transfer this case to the Northern District of Texas, Dallas Division, or to the Sherman Division of this District.

**A.    The Court should dismiss Plaintiff's claims against MPSI pursuant to Rule 12(b)(1), because Plaintiff failed to exhaust his administrative remedies, depriving the Court of subject matter jurisdiction.**

24.      The Court should dismiss Plaintiff's claims against MPSI under Rule 12(b)(1), because Plaintiff's failure to exhaust his administrative remedies has deprived the Court of jurisdiction.

1.     **In determining a Rule 12(b)(1) motion, the Court may go outside the four corners of the Complaint.**

25.     In considering a 12(b)(1) motion, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Blanchet v. Chevron/Texaco Corp.*, 368 F. Supp. 2d 589, 594-595 (E.D. Tex. 2004).  *See, e.g.*, *Blankenship v. Buenger*, 653 Fed. App'x 330, 334 (5th Cir. 2016) (in analysis of subject-matter jurisdiction for Rule 12(b)(1) motion, court may properly consider the complaint, undisputed facts in the record, and its own resolution of disputed facts).  This is because the Court "has broader power to decide its own right to hear the case than when the merits of the case are reached[.]" *Blanchet*, 368 F. Supp. 2d at 595 (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981)).

26.     In the Second Amended Complaint, Plaintiff has *alleged* that he "timely filed a complaint with the United States Department of Labor.  More than 180 days have elapsed since the filing of that complaint.  Plaintiff has therefore exhausted his administrative remedies." [Second Amended Complaint (Doc. 21), ¶ 3.]  Precisely because Plaintiff *fails* to identify the respondent(s) named in his administrative complaint, he has arguably done enough to survive a "facial attack" on subject-matter jurisdiction.  *See Blanchet*, 368 F. Supp. 2d at 595 (explaining that facial attacks on subject matter jurisdiction look only at the allegations in the complaint and accept them as true, whereas "factual attacks" challenge "the existence of subject matter jurisdiction . . .  irrespective of the pleadings").[17]  However, the Court need not go very *far*

---

[17]  *See, e.g.*, *Nguyen v. Federal Deposit Ins. Corp.*, No. 1:13-cv-668, 2018 WL 4293140, *3 (E.D. Tex. Aug. 15, 2018) (Crone, J.) (granting motion to dismiss based on "factual attack," and explaining the difference).

outside the Complaint to make the factual determination that Plaintiff failed to exhaust his administrative remedies, but it may do so.

> **2.** **Plaintiff's failure to exhaust deprives the Court of subject-matter jurisdiction; dismissal under Rule 12(b)(1) is therefore appropriate.**

27.     Dismissal under Rule 12(b)(1) is "predicated on the fact that federal courts are courts of limited jurisdiction.  Federal courts must have both personal jurisdiction over the parties and subject-matter jurisdiction over the cause of action." *Kurth v. Gonzales,* 469 F. Supp. 2d 415, 420 (E.D. Tex. 2006).  "It is presumed that a case lies outside of the court's limited jurisdiction, and the burden of establishing jurisdiction is with the party asserting jurisdiction." *Id. (*citing *Kokkomen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

28.     In some instances, "carrying that burden requires a showing of prior exhaustion of administrative remedies.  This requirement stems from the fact that Congress may elect to grant jurisdiction over particular causes of action to administrative agencies.  Under the doctrine of administrative exhaustion, claimants who do not first exhaust prescribed administrative remedies are not entitled to seek judicial relief." *Kurth*, 469 F. Supp. 2d at 420-421 (citing *Bush v. Lucas*, 462 U.S. 367, 378 (1983)).

29.     As the Fifth Circuit recently made clear, if there is a "statutory requirement of exhaustion of administrative remedies," the exhaustion requirement is jurisdictional, and a failure to exhaust opens the door to a motion to dismiss under Rule 12(b)(1). *Williams v. J.B. Hunt Transp., Inc.*, 826 F.3d 806, 810 (5th Cir. 2016). *See Blankenship v. Buenger*, 653 Fed. App'x 330, 334 (5th Cir. 2016) (motions to dismiss that rely "in part on matters of subject matter jurisdiction [are] more properly considered under Rule 12(b)(1)" than under Rule 12(b)(6)); *Taylor v. United States Treasury Dep't*, 127 F.3d 470, 475 (5th Cir. 1997)

(explaining that statutory exhaustion requirements are "tantamount to legislative investiture of exclusive original jurisdiction in the agency").

30.   **SOX Requires Exhaustion of Remedies.**   There is no dispute that there *is* a statutory requirement of exhaustion of administrative remedies in SOX.   An employee seeking relief under SOX must first file a complaint with OSHA, the agency with delegated authority to receive such complaints.   29 C.F.R. § 1980.103(c) (1998); *see* 18 U.S.C. § 1514A(b)(1)(A) (2006) (person who alleges discharge in violation of SOX may seek relief by "filing a complaint with the Secretary of Labor" or "if the Secretary has not issued a final decision within 180 days of the filing of the complaint . . . bringing an action at law or equity for de novo review in the appropriate district court of the United States").   Plaintiff has acknowledged the exhaustion requirement.  [Second Amended Complaint (Doc. 21), ¶ 3.]

31.   The Fifth Circuit has considered and expressly rejected an argument that "SOX contains no exhaustion requirement and that, to the contrary, merely filing a charge with OSHA that triggers an investigation is enough to permit a future district-court filing that is not limited by the scope of that charge."  *Wallace v. Tesoro Corp.*, 796 F.3d 468, 475 (5th Cir. 2015).  "The reason for the exhaustion requirement in Title VII applies with equal force to SOX.   An administrative charge is not filed as a preliminary to a lawsuit.  Instead, its purpose is to trigger the agency's defined investigation and conciliation procedures.   It would thwart the administrative scheme to allow plaintiffs to sue on claims that the agency never had the chance to investigate and attempt to resolve."  *Id.*[18]   There is no dispute, based on the administrative record contained in the Appendix, that Plaintiff never identified MPSI as a respondent at any

---

[18]   The Secretary of Labor agrees that SOX has an exhaustion requirement, and told the Fifth Circuit in an *amicus* brief that "a complainant's subsequent district court complaint may contain only those claims that were filed with the agency." *Id.* at 476 n. 6.

level of the administrative proceeding, despite being put on actual notice that MPSI was his employer, and despite having ample opportunity to amend.  Accordingly, because Plaintiff failed to exhaust his administrative remedies, the Court must dismiss Plaintiff's claims against MPSI under Rule 12(b)(1).

32.  **Plaintiff Failed to Exhaust Regarding MPSI.**  Not only did Plaintiff fail to identify MPSI as a respondent, he failed altogether to *mention* MPSI in the factual narrative in the Administrative Complaint.  Even if he had, it would not have been enough.  The case of *Bozeman v. Per-Se Technologies, Inc.*, 456 F. Supp. 2d 1282 (N.D. Ga. 2006), upon which Gonzalez and Ponder relied in persuading Plaintiff to voluntarily dismiss his claims against them, is instructive.  In *Bozeman*, the plaintiff alleged that the corporate defendant and two of its individual managers had retaliated against him and constructively discharged him in violation of Section 806 of SOX.  *Bozeman*, 456 F. Supp. 2d at 1356.  The court observed that "before an employee can assert a cause of action in federal court under the Sarbanes-Oxley Act, the employee must file a complaint with OSHA and afford OSHA the opportunity to resolve the allegations administratively."  *Id. (*quoting *Willis v. Vie Financial Group, Inc.*, No. 04-435, 2004 WL 1774575, at *6 (E.D. Pa. Aug. 6, 2004)).  If the employee files a complaint with OSHA and it is not resolved within 180 days, "the employee is authorized to proceed with an action in federal court based on that violation (*i.e.*, no further exhaustion of administrative remedies required)."  *Id.*

33.     However, a "federal court can only conduct a 'de novo review' of those SOX whistleblower claims that have been administratively exhausted." *Bozeman*, 456 F. Supp. 2d at 1357 (quoting *Willis*, 2004 WL 1774575, at *6)).[19]   Just as Plaintiff has done, the plaintiff in *Bozeman* named a corporate defendant as the sole respondent in his administrative complaint filed with OSHA, before naming that entity and two others (his managers) as defendants in the lawsuit.  *Id.*   As the court explained in dismissing the claims against the individuals, "while the regulations implementing SOX may provide for individual liability, that does not obviate the need for Plaintiff to exhaust his administrative remedies **for each claim he seeks to assert against each defendant**. . . . As the Plaintiff did not specifically name [the individual managers] in the OSHA proceedings, he, thus, failed to exhaust his administrative remedies with respect to them."  *Id.*

34.     **Notice *to OSHA* is what matters.**   The *Bozeman* court considered and squarely rejected the plaintiff's only attempt to excuse his noncompliance:  "The Plaintiff contends that [the individual managers] are covered by the administrative complaint he filed with OSHA because they are identified as actors in his complaint, and were, therefore, on notice as to the claims against them.  The Court disagrees and finds the Plaintiff's arguments uncompelling."  *Id.* The *Bozeman* court relied on *Hanna v. WCI Communities, Inc.*, No. 4-80595-CIV, 2004 WL 6072492, at *7 (S.D. Fla. Nov. 29, 2004) in support of its holding.  In *Hanna*, the plaintiff named the corporate defendant and four individuals as respondents in his SOX administrative complaint, but did not name a fifth individual as a respondent, even though the administrative complaint referred to the fifth individual's "role in terminating him."   *Hanna*, 2004

---

[19]  Citing, *inter alia*, *McClendon v. Hewlett-Packard Co.*, No. 05-087-S-BLW, 2005 WL 2847224, at *2-4 (D. Idaho Oct. 27, 2005) (district court may only conduct 'de novo review' of claims that have been administratively exhausted); *Hanna v. WCI Communities, Inc.*, 348 F. Supp. 2d 1322, 1324-1329 (S.D. Fla. 2004) (same); *Murray v. TXU Corp.*, 279 F. Supp. 2d 799, 802 (N.D. Tex. 2003) (district court lacks subject-matter jurisdiction over Section 806 claim if plaintiff has failed to comply with administrative procedures).

WL 6074292, at *1.   When that fifth individual was named as a defendant in the plaintiff's

lawsuit, he filed a motion to dismiss for failure to exhaust administrative remedies.  *Id.*[20]

35.     The *Hanna* court granted the motion.  As in *Bozeman*, the plaintiff conceded that

the fifth individual "was not named in the heading of the administrative complaint," but asserted

that the claim against him should not be dismissed because he "was identified as an actor in

[plaintiff's] termination on page 5 of [the] administrative claim" and thus "was on notice as to

the claims against him at an administrative level."  *Id.*, at *2.  Rejecting this argument, the court

held:

> [Plaintiff's] argument misunderstands the purpose of filing an
> administrative complaint under the Sarbanes–Oxley Act's procedural
> framework.  As stated above, the Act requires an aggrieved employee to
> file an administrative complaint to "afford OSHA the opportunity to
> resolve the allegations administratively."  ***[Plaintiff's] failure to name***
> ***[the fifth individual] in his administrative complaint failed to afford***
> ***OSHA the opportunity to resolve [Plaintiff's] allegations through the***
> ***administrative process.  Even if the court assumed that [the fifth***
> ***individual] was placed on notice that he had allegedly violated the law,***
> ***that notice has no consequence as to whether OSHA was placed on***
> ***notice that it was required to investigate [the fifth individual's] actions***
> ***in this case***.

*Hanna*, 2004 WL 6074292, at *3 (internal citations omitted).  The *Bozeman* court relied on the

same rationale:  "the Plaintiff never provided OSHA with an opportunity to issue a final decision

within 180 days of his filing his administrative complaint as to the claims he raises against [the

two managers] because he failed to specifically name them in the heading of his administrative

complaint."  *Bozeman*, 456 F. Supp. 2d at 1358.

---

[20]   The defendant filed under Rule 12(b)(6) rather than Rule 12(b)(1). The substantive analysis, for the reasons
discussed below, is the same.

36.    Many other courts have reached the same conclusion.  *See, e.g.*, *Feldman-Boland v. Stanley*, No. 15-cv-6698, 2016 WL 3826285, at *5 (S.D.N.Y. Jul. 13, 2016) (granting motion to dismiss, and holding that mentioning the individual in the body of the administrative complaint is not sufficient); *Lutzeier v. Citigroup, Inc.*, No. 4:14-CV-183 RLW, 2015 WL 1033696, at *2 (E.D. Mo. Mar. 9, 2015) (relying on *Bozeman* and other authority, and dismissing plaintiff's claims against an individual not named as a respondent in the plaintiff's administrative complaint, despite the individual having "admittedly rather extensively" been named in the body of the complaint);[21] *Parker v. Lithia Motors, Inc.*, No. CIV 13-1182 RB/GBW, 2014 WL 12789711 (D. N.M. Jul. 2, 2014) (granting motion to dismiss because plaintiffs failed to list individual defendants as "named persons" alleged to have violated the Act in their OSHA complaint, and noting that "courts that have considered this issue as well as the applicable regulations uniformly hold that a plaintiff may not assert a claim under [SOX] against a particular defendant unless he has exhausted his administrative remedies as to that defendant," and that it is "insufficient to merely mention an individual in the body of an administrative complaint"); *Bridges v. McDonald's Corp.*, No. 09-cv-1880, 2009 WL 5126962 (N.D. Ill. Dec. 21, 2009) (granting motion to dismiss despite the fact that individual was "identified as an actor and witness in the [administrative] complaint and therefore was on notice of the claim against her"); *Smith v. Corning Inc.*, No. 06-CV-6516 CJS, 2007 WL 2120375 (W.D.N.Y. Jul. 23, 2007) (granting motion to dismiss and holding that "it is not sufficient to merely mention

---

[21]  In *Lutzeier*, the court noted that the relevant "administrative regulations require that a defendant be listed as a *'named' respondent* who is alleged to have violated the Act. *See* 29 C.F.R. 1980.101(5) ("*Respondent* means the person named in the complaint who is alleged to have violated the Act"); 29 C.F.R. 1980.104(a) ("Upon receipt of a complaint in the investigating office, the Assistant Secretary will notify the respondent of the filing of the complaint by providing a copy of the complaint[.]")." *Lutzeier*, 2015 WL 1033696, at *2.

the individual in the body of the administrative complaint" because the relevant regulations require otherwise).[22]

37.     Here the facts are undisputed.  MGI is the only respondent Plaintiff identified in his original administrative complaint submitted to OSHA and his original and amended administrative complaints filed in the ALJ proceeding, including amendments Plaintiff filed *after* being put on notice that MPSI, not MGI, was his employer.  MPSI is not mentioned in the OSHA letter, or in the administrative complaint.  In the Second Amended Complaint, Plaintiff alleges that he exhausted his administrative remedies by filing the OSHA complaint and requesting a final hearing.  [Second Amended Complaint (Doc. 21), ¶ 3.]  He does not allege that he named MPSI as a respondent at any stage of the administrative proceeding.  On these facts, the law is clear.  Plaintiff has failed to exhaust his administrative remedies regarding MPSI and, as a result, the Court lacks subject-matter jurisdiction over his sole claim against MPSI.  The Court should dismiss that claim pursuant to Rule 12(b)(1).

**B.     Alternatively, Plaintiff has failed to state a claim against MPSI on which relief may be granted, and the Court should dismiss pursuant to Rule 12(b)(6).**

38.     Even if exhaustion of administrative remedies were not a *jurisdictional* prerequisite to suit under SOX, which it is, the Court should dismiss still Plaintiff's claims against MPSI pursuant to Rule 12(b)(6), because Plaintiff has failed to state a claim upon which relief may be granted.

---

[22]  None of the courts in *Bozeman*, *Hanna*, *Feldman-Boland*, *Parker*, *Bridges*, or *Smith* were even called on to consider and distinguish contrary authority regarding SOX exhaustion, except for brief mention in *Bridges* of a case involving a *pro se* plaintiff, who submitted a SOX complaint with all of the formality and precision to be expected from a *pro se* plaintiff. Plaintiff is represented by a highly capable attorney who holds himself out as the "Dallas Whistleblower Lawyer" and who "routinely handles high-stakes Sarbanes-Oxley . . . claims." *See* http://www.dallaswhistleblowerlawyer.com.

39.     The Court is not confined in its analysis to the four corners of the Second Amended Complaint.  Instead, in considering a Rule 12(b)(6) motion involving a failure to exhaust administrative remedies, the Court may take judicial notice of the underlying administrative record.  *See, e.g.*, *Hawkins v. AT&T*, No. 3:12-cv-1173-L, 2013 WL 4505154, at *3 (N.D. Tex. Aug. 23, 2013) (granting 12(b)(6) motion and noting that "documents contained in a Title VII administrative record are public records for which the court can take judicial notice and consider in a motion to dismiss"); *Crosby v. Philip Holdings, LLC*, No. H-12-01749, 2012 WL 5456360, at *2 and n. 5 (S.D. Tex. Nov. 7, 2012) (noting a lack of clarity in the case law regarding whether failure to exhaust "falls under 12(b)(1) or 12(b)(6)," but noting that "even if this issue properly falls under a 12(b)(6) analysis, [documents from the administrative record] may be considered without converting this motion into one for summary judgment"); *McClendon v. Hewlett-Packard Co.*, No. CV-05-087-S-BLW, 2005 WL 2847224, at *2-3 (D. Idaho Oct. 27, 2005) (without specifying whether the dismissal was pursuant to Rule 12(b)(1) or 12(b)(6), granting motion to dismiss SOX claim for failure to exhaust and, in so doing, taking judicial notice of portions of the DOL administrative records submitted by the defendant).

40.     For all of the reasons set forth above, it is undisputed that Plaintiff failed to exhaust his administrative remedies with regard to the claim he now asserts against MPSI. Because exhaustion of administrative remedies is a statutory prerequisite to filing suit alleging a whistleblower retaliation claim under SOX, Plaintiff has failed to state a claim upon which relief may be granted, and the Court should dismiss Plaintiff's claim against MPSI with prejudice, pursuant to Rule 12(b)(6).

**C.**     **Further amendment would be futile.**

41.     The Court need not afford Plaintiff an opportunity to amend his pleadings for a third time, because any such amendment would be futile.  Regardless of any allegations Plaintiff might include in a third amended complaint, it is undisputed from the face of the administrative record that Plaintiff did not bring an administrative complaint against MPSI.  Plaintiff cannot now run to the DOL to file an administrative claim; the deadline was 180 days after the alleged discriminatory act.  18 U.S.C. § 1514A(b)(2)(D).  Plaintiff alleges that he "was fired" in April 2017.

**D.**     **Alternatively, the Court should transfer this case to the Northern District of Texas, or to the Sherman Division of this District.**

42.     In the alternative, if the Court determines that it has subject-matter jurisdiction over Plaintiff's claim against MPSI, and that Plaintiff has stated a claim against MPSI upon which relief may be granted, the Court should transfer this case to the Northern District of Texas, Dallas Division, or alternatively, to the Sherman Division of this District.  As discussed above, on April 11, 2019, MGI filed its Motion to Dismiss for Improper Venue or, Alternatively, Motion to Transfer Venue and Brief in Support (the "MGI Motion") [Doc. 5], to which Plaintiff filed his Response [Doc. 19] on May 15, 2019.  Contemporaneously with this Motion, MGI has filed its Reply in Support of its Motion to Dismiss, in which it has addressed Plaintiff's substitution of MPSI for Gonzalez and Ponder as the "other" defendant(s).

43.     In the MGI Motion and accompanying Reply, MGI has demonstrated that, on the assumption the claims against MPSI are dismissed, the Eastern District is not a *proper* venue, and Plaintiff's remaining claims against MGI must be dismissed, or must be transferred to the Northern District pursuant to 28 U.S.C. § 1406.  MPSI finds no fault in this analysis.  However, to the extent the Court determines — for whatever reason — that the Eastern District is a *proper*

venue, the Court should exercise its discretion to transfer this case to the Northern District of Texas, which (for the reasons articulated the MGI Motion and Reply) is the most convenient venue for all parties and witnesses, pursuant to 28 U.S.C. § 1404(a).  Alternatively, the Court should exercise its discretion to transfer this case to the Sherman Division of this District.  In determining whether to exercise its discretion to transfer a case pursuant to Section 1404(a), courts apply the so-called "public and private interest factors," which apply equally to motions to transfer between district and to transfers between divisions of the same district.  *In re Radmax, Ltd.*, 720 F.3d 285, 287 (5th Cir. 2013).

44.      If the Court dismisses Plaintiff's claims against MPSI for lack of subject-matter jurisdiction, or because Plaintiff has failed to state a claim against MPSI upon which relief may be granted, MPSI has no stake in selecting the place where Plaintiff's remaining claim against MGI is litigated.  However, for the reasons set forth in the MGI Motion and Reply, which MPSI expressly incorporates herein by reference, to the extent the Court does not dismiss Plaintiff's claim against MPSI, the "public and private interest factors" favor transfer away from this District and Division, which Plaintiff has now admitted has no "local interest" in the resolution of this dispute.  [Response (Doc. 19), at p. 17.] The Court should, at minimum, exercise its discretion under Section 1404(a) and transfer this case to the Northern District of Texas, Dallas Division, or alternatively, to the Sherman Division of this District.

**E.**      **Costs.**

45.      If the Court grants the Motion pursuant to Rule 12(b)(1), the Court should award MPSI its just costs pursuant to 28 U.S.C. § 1919.  If the Court grants the Motion pursuant to Rule 12(b)(6), the Court should award MPSI its costs of court pursuant to Rule 54(d).

## RELIEF REQUESTED

For the foregoing reasons, MPSI respectfully requests that the Court grant the Motion; dismiss Plaintiff's claims and causes of action asserted against it, or alternatively, transfer this case to the Northern District of Texas, Dallas Division, or to the Sherman Division of this District; award MPSI its costs of Court; and grant all other relief, general or special, at law or in equity, to which MPSI may be justly entitled.

Respectfully submitted,

By:     /s/ John M. Barcus
          GARY D. EISENSTAT
          Texas State Bar No. 06503200
          gary.eisenstat@ogletree.com
          JOHN M. BARCUS
          Texas State Bar No. 24036185
          john.barcus@ogletree.com

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Preston Commons West
8117 Preston Road, Suite 500
Dallas, Texas  75225
Telephone:  (214) 987-3800
Fax:  (214) 987-3927

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The foregoing instrument was filed using the Court's CM/ECF system on June 5, 2019, which will transmit a copy to all counsel of record.

    /s/ John M. Barcus
    JOHN M. BARCUS

38752444.2