**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| JUAN LOZADA-LEONI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | Civil Action No.  5:19-cv-00011-RWS-CMC |
| MONEYGRAM INTERNATIONAL, INC., | § | |
| and MONEYGRAM PAYMENT | § | |
| SYSTEMS, INC., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT MONEYGRAM PAYMENT SYSTEMS, INC.'S
MOTION TO DISMISS OR, ALTERNATIVELY, TO TRANSFER VENUE**

**Robert W. Weber**, *Local Counsel*
Texas State Bar No. 21044800
E-mail: bweber@smithweber.com
**SMITH & WEBER, LLP**
5505 Plaza Drive
Texarkana, Texas 75503
Telephone: 903-223-5656
Facsimile: 903-223-5652

**Steve Kardell**
Texas State Bar No. 11098400
E-mail: skardell@kardelllawgroup.com
**KARDELL LAW GROUP**
4514 Cole Avenue, Suite 600
Dallas, Texas 75205
Telephone: (214) 616-4654
Facsimile: (469) 729-9926

**ATTORNEYS FOR PLAINTIFF
JUAN LOZADA-LEONI**

# TABLE OF CONTENTS

Page

RESPONSE TO MPSI'S STATEMENT OF ISSUES TO BE DECIDED……….…………………….5

INTRODUCTION……………………………………………………………………….................5

  FACTUAL ALLEGATIONS…………………………………………………………..……….6

     A.     The Exhaustion Argument Is a Transparent Delay
Tactic…………..………………………………………………….……….6

     B.     The Failure to Exhaust Argument is
Specious…………………………………………………………….…6

       1.   The Cases Cited by Defendant Do Not Support its Position ……………………..……6

       2.   All Factors Point to MGI and MPSI as an Integrated Entity for Purposes
of SOX Compliance; therefore, there Is No Need for Notice or Exhaustion as
Far as MPSI Is Concerned………………………………………………………….7

       3.   There Was No Opportunity To Exhaust………………………………………………8

       4.   There Was No Lack of Notice to Defendant……………………………………………8

     C.     Defendant's Improper Conduct…………………………………………….9

LEGAL ARGUMENT…………………………………………………………………….9

I. Defendant's Motions to Dismiss Should Be Denied because Plaintiff Has Exhausted His
Administrative Remedies………………………………………………………………10

     A.     Notice to MPSI Was Sufficient…………………………………………11

     B.     Notice to OSHA Was Sufficient…………………………………………16

II. Defendant's Motion to Transfer Venue Should Be Denied because it Has Not Met its
Burden of Good Cause……………………………………………………………………17

CONCLUSION……………………………………………………………………...19

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bozeman v. Per-Se Technologies, Inc.,*
    456 F.Supp.2d 1282 (N.D.Ga. 2006)…………………………………………………………….15

*Chew v. MoneyGram Int'l Inc.,*
    No. 1:18-cv-07537 (N.D. Ill. filed Apr. 5, 2019)…………………………………………….6

*Chung v. Pomona Valley Community Hosp.,*
    667 F.2d 788 (9th Cir. 1982)……………………………………………………………12-15

*Collins v. Beazer Homes USA, Inc.,*
    334 F.Supp.2d 1365 (N.D.Ga. 2004)……………………………………………………….10

*Courtland v. Carpenters Local 408,*
    2008 WL 11338793 (D.Ariz. Feb. 1, 2008)……………………………………………….14

*Davis v. American Society of Civil Engineers,*
    290 F.2d 216 (D.C. 2004)……………………………………………………………………17

*Donovan v. Royal Logging Co.,*
    645 F.2d 822 (9th Cir. 1991)……………………………………………………………10,11

*Hanna v. WCI Communities, Inc.,*
    No. 4-80595-VIC, 2004 WL 6072492 (S.D.Fla. Nov. 29, 2004)…………………………...15

*Hughart v. Raymond James & Assocs., Inc.,*
    No. 2004 SOX 9, 2004 WL 5308719 (DOL ALJ, Dec. 17, 2004)…………………………..7

*Kaplan v. Int'l All. Theatrical and Stage Emp.,*
    525 F.2d 1354 (9th Cir. 1975)………………………………………………………….12,13

*In re Evans v. EPA,*
    2012 WL 316458 (DOL Adm Rev.Bd., July 31, 2012)……………………………………9

*In re Volkswagen of Am. Inc.,*
    545 F.3d 304 (5th Cir. 2008)……………………………………………………………….18

*Lozada-Leoni v. MoneyGram Int'l, Inc.,*
    No 2018-SOX-00004 …………………………………………………………………….17

*Malin v. Siemens Med. Sols. Health Svcs.,*
    638 F.Supp. 492 (D.Md. 2008)…………………………………………………………10,15

## TABLE OF AUTHORITIES

Page(s)

*Sosa v. Hiraoka,*
  920 F.2d 1451 (9th Cir. 1990)……………………………………………………………13-15

*Walder v. Bio-Rad Labs, Inc.,*
  141 F.Supp.3d 1005 (N.D. Cal. 2015)…………………………………………………..10, 11,16

*Wallace v. Tesoro Corp.,*
  796 F.2d 468 (5th Cir.2015)…………………………………………………....…11,17

*Wrighten v. Metropolitan Hosp.,*
  726 F.2d 1346 (9th Cir. 1984)……………………………………………………14

## Fe Statutes

18 U.S.C. §1514A…………………………………………………………………………9
18 U.S.C. §1514A(b)(1)(B)…....…………………………………………………10
18 U.S.C. §1514A(b)(2)(D)……....………………………………………………10
28 U.S.C. §1391(b)(2)………………………………………………………………16

## Federal Rules and Regulations

29 C.F.R. §1980.103……………………………………………………..…………10
29 C.F.R. §1980.103(b)…………………………………………………..…………10
Fed.R.Civ.P. 12(b)(1)………………………………………………………...……9,8
Fed.R.Civ.P. 12(b)(6)………………………………………………………...……9,8
 Fed.R.Civ.P. 12(f)……………………………………………………………………7



IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

JUAN LOZADA-LEONI,                    §
                                      §
        Plaintiff,                    §
                                      §
vs.                                   §
                                      §        Civil Action No. 5:19-cv-00011-RWS-
                                      §        CMC
MONEYGRAM INTERNATIONAL,              §
INC.  and MONEYGRAM PAYMENT
SYSTEMS, INC.,

        Defendants.


**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT MONEYGRAM PAYMENT SYSTEMS, INC.'S
MOTION TO DISMISS OR, ALTERNATIVELY, TO TRANSFER VENUE**

Plaintiff Juan Lozada-Leoni ("Plaintiff") hereby responds to Defendant MoneyGram

Payment Systems, Inc.'s ("MPSI's" or "Defendant's") Motion to Dismiss or, Alternatively, to

Transfer Venue as follows:

**RESPONSE TO MPSI'S STATEMENT OF ISSUES TO BE DECIDED**

Plaintiff accepts Defendant's Statement of Issues to be Decided.

**INTRODUCTION**

At all times during this proceeding, Plaintiff took the position, and takes the same

position now, that MPSI's role in this dispute is insignificant, thus not requiring naming it as an

individual defendant. There can be no doubt that both MPSI and OSHA were put on fair notice

of Plaintiff's claims under the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A ("SOX").

Plaintiff's argument to the contrary is disingenuous.  This Court has subject matter jurisdiction over MPSI and Plaintiff has stated a claim against MPSI upon which relief may be granted.  Accordingly, Defendant's Motions to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) must be denied.[1]  Further, this case should remain in the Eastern District of Texas, Texarkana, because Defendant has not met its burden to show that another venue is "clearly more convenient."  Therefore, Defendant's Motion to Transfer Venue also must be denied.

## FACTUAL ALLEGATIONS

Defendant's recitation of the facts is incomplete and troubling.

### A. The Exhaustion Argument Is a Transparent Delay Tactic

 Significantly, the speed with which Plaintiff gets to trial is uniquely important here.  Although it has slightly improved, as of June 17, 2019 MGI stock was trading at a perilously low per-share price of $1.45 USD per share.   MGI is also faced with multiple class actions, coincidentally related to the very issues that Plaintiff has complaint of here.  *See e.g.*, Complaint, *Chew v. MoneyGram Int'l Inc.*, No. 1:18-cv-07537 (N.D. Ill., filed April 5, 2019), attached as Exhibit A.  For Plaintiff to receive any relief for his claims, time is of the essence.  The Texarkana Division has the available resources to address Plaintiff's claims most efficiently; therefore, venue should remain here.  Thus, as conceded by Defendant, this factor "favors this Court retaining jurisdiction."

### B.  The Failure to Exhaust Argument is Specious

---

[1] Should the Court be inclined to grant Defendant's Motions to Dismiss based on its specious "failure to exhaust" argument, then Plaintiff should be entitled to discovery on this issue. Plaintiff submits that a limited amount of discovery would establish that, as far as the facts of this case are concerned, MGI and MPSI constituted a single, integrated enterprise and, therefore, naming MPSI as an individual defendant in the administrative complaint would have been superfluous.

1.     **The Cases Cited by Defendant Do Not Support its Position**

With the exception of two cases, indicated below, all of the case law cited by Defendant involves the failure to name individual defendants, and that scenario involves other fairness factors, such as notice to an individual, which are not present here.

The two cases cited by Defendant, McClendon and Wallace v. Tesoro involved the late inclusion of additional allegations, not additional parties.  Since this is not an issue here, these cases do not apply.

*Walder v. Bio-Rad Labs, Inc.,* 141 F.Supp.3d 1005 (N.D. Cal. 2015), involves a controlling fact suitation, and holds that where the defendant should have anticipated that it would be involved in the administrative process, plaintiff's failure to specifically name a key party is not deficient for purposes of exhaustion.  Here, MPSI could have anticipated its likely inclusion in this type of suit.

**2.  All Factors Point to MGI and MPSI as an Integrated Entity for Purposes of SOX Compliance; thus, There Is No Need for Notice of Exhaustion as far as MPSI Is Concerned**

The distinctions between employees of parents vis-à-vis employees of subsidiaries were blurred as a result of the July 21, 2010 Amendment to SOX, which provided for SOX coverage for "any subsidiary of affiliate [of a public company] whose financial information is included in the consolidated financial statements of such company.  Dodd-Frank §929A.

Prior to the enactment of Dodd-Frank §929A, some Administrative Law Judges ("ALJs") held that non-public subsidiaries could be covered by SOX if the ALJ found that "the parent company and its wholly-owned subsidiary were so intertwined as to represent one entity."  *Hughart v. Raymond James & Assocs., Inc*., No. 2004 SOX 9, 2004 WL 5308719 at *43 (DOL ALJ, Dec. 17, 2004)

MGI publically emphasizes its integrated relationship with MPSI, stating in its 2016 Annual Report that: "We conduct our business primarily through our wholly owned subsidiary,

MoneyGram Payment Systems, Inc. ("MPSI"), under the MoneyGram brand." See Exhibit A.

In both the 2012 Deferred Prosecution Agreement ("DPA") and the 2018 Amended Deferred Prosecution Agreement ("Amended DPA") entered into between MGI and DOL, MGI acquiesced and consented to recognizing all of its employees as subject to those agreements.[2] Indeed, both the DPA and the Amended DPA combined all of MGI's employees together in terms of oversight, with no distinction as to which entity (parent or subsidiary) was actually the "employer."

Both Juan Manuel Gonzalez ("Gonzalez"), Plaintiff's immediate supervisor, and Christopher Ponder ("Ponder"), the head of human resources (and individuals who admittedly participated in the decision to terminate Plaintiff), testified that they were employed *not* by MPSI, but by MGI.[3]

In the DPA and the Amended DPA, MGI concedes that there is no distinction between parent and subsidiary for purposes of defining the term "employer."

These facts are determinative as to the issue of whether MPSI and MGI are substantially identical entities for purposes of notice of the underlying DOL charges.

### 3. There Was No Opportunity to Exhaust

OSHA dismissed Plaintiff's complaint within roughly two weeks of its filing. Because OSHA conducted no investigation and conciliation process here, there was no opportunity to exhaust the administrative process and separately name MPSI.

### 4. There Was No Lack of Notice to Defendant

---

[2] The 2012 DPA and 2018 Amended DPA are attached hereto as Exhibits A and B, respectively.
[3] See Excerpts from Gonzalez Deposition dated December 12, 2018 at p. 18, l. 3-9 and Excerpts from Ponder Deposition dated October 18, 2018 at p. 23, l. 17-25, attached respectively as Exhibit C and Exhibit D.

Contrary to Defendant's assertion, there was no lack of notice because Defendant did the "noticing."  It is uncontested that MGI put Plaintiff on notice in the ALJ proceeding of its position that MPSI should be named as a defendant.  Plaintiff demurred, asserting that the integrated entity relationship between MGI and MPSI made such a procedural modification unnecessary.  It is disingenuous for either MGI or MPSI to argue that there was a lack of notice here.

### C.  Defendant's Improper Conduct

Never before has the undersigned counsel had to respond to accusations of scandalous conduct by opposing counsel.[4]  Defendant makes these allegations not only in its moving brief in support of this motion, *see* Def. Brief at 13, but in its moving and reply briefs in MGI's pending Motion to Dismiss or, Alternatively, to Transfer Venue. Plaintiff has responded in great detail to opposing counsel's conduct in his Sur-Reply Brief, and will not recount his response again here.

In addition, Defendant cites to an email from Plaintiff's counsel that discusses his choice of venue.  *See* Def. Brief ¶ 17. While the email was not designated as a confidential settlement communication pursuant to Fed.R.Civ.P. 408, its tenor was, in part, to discuss settlement. Defendant inappropriately seized upon this settlement communication and used it in an attempt to defeat venue.  Defendant's personal attacks on Plaintiff's counsel and improper use of confidential communications are offensive and should not be countenanced.

### LEGAL ARGUMENT

Defendant's arguments in support of its Motion to Dismiss pursuant to 12(b)(1) and

---

[4] These accusations are so scandalous that if Defendant's Brief had been a pleading, Plaintiff would have moved to strike ¶ ¶ 13-17 pursuant to Fed.R.Civ.P. 12(f).

12(b)(6)[5] must fail because Plaintiff's claims against MGI in the administrative complaint were sufficient to exhaust his claims against MPSI.  Even though Plaintiff's DOL complaint did not name MPSI, it gave MPSI fair notice of the charges against it and afforded OSHA the opportunity to resolve those charges administratively.  Therefore, Defendant's Rule 12(b) motions should be denied.  Defendant's alternative Motion to Transfer Venue also should be denied because MPSI has failed to meet its burden of good cause.

## I.   Defendant's Motions to Dismiss Should Be Denied because Plaintiff Has Exhausted His Administrative Remedies

Pursuant to the whistleblower protection provisions of SOX, before a plaintiff can assert a cause of action in federal court, he must file a complaint with the Secretary of Labor within 90 days of the adverse employment action.  18 U.S.C. § 1514A(b)(2)(D).  If the plaintiff meets the administrative filing requirement and a final decision is not rendered within 180 days, he may file an action for *de novo* review in federal court.  18 U.S.C.1514A(b)(1)(B).  If these prerequisites are not met, the court lacks jurisdiction to hear the claim.  *See Malin v. Siemens Med Sols Health Svcs*, 638 F.Supp. 2d 492, 497 (D Md 2008)(*citing Collins v. Beazer Homes USA, Inc.*, 334 F.Supp.2d1365, 1373 & n.5 (N.D.Ga 2004).

Pursuant to the rules and regulations promulgated under SOX, there are no pleading requirements for whistleblower actions. 29 C.F.R. § 1980.103.  In fact, under the regulations, a whistleblower complaint is not even required to be in writing.  29 C.F.R. § 1980.103(b). Because of the absence of formal pleading requirements, complaints filed with the DOL are not expected

---

[5] Plaintiff concedes that the exhaustion of remedies is a jurisdictional prerequisite to a suit under the Sarbanes-Oxley Act of 2002, 18 U.S.C. sec 1514A ("SOX"); accordingly, both Defendant's 12(b)(1) motion to dismiss for lack of jurisdiction and 12(b)(6) motion for failure to state a claim turn on whether Plaintiff exhausted his administrative remedies.  Therefore, the 12(b) motions will be addressed together.

to meet the standards of pleadings that apply to claims filed in federal court. *See Wadler v. Bio-Rad Labs., Inc.*, 141 F.Supp.3d 1005, 1020 (N.D. Cal. 2015)(citing *In re Evans v. EPA*, 2012 WL 316458 (DOL Adm.Rev.Bd., July 31, 2012 at \*6).

Rather, a complaint is sufficient as long as it gives the opposing party fair notice of the charges against it. *See Wadler*, 141 F.Supp.3d at 120; *In re Evans* at \*6; *see also Donovan v. Royal Logging Co.*, 645 F.2d 822, 926 (9th Cir. 1991)(the law is well-settled that administrative pleadings are liberally construed). In addition to fair notice to an opposing party, the administrative complaint also must provide OSHA with sufficient notice of the charges to trigger the agency's investigation and conciliation procedures. *See Wallace v. Tesoro Corp.*, 796 F.3d 468, 475 (5th Cir. 2015).

### A. Notice to MPSI Was Sufficient

While there is no binding authority as to whether Plaintiff's administrative complaint put MPSI on notice of a potential action against it notwithstanding that it did not name MPSI as a party defendant, there are several factually similar and well-reasoned decisions that support this proposition. In *Wadler*, the SOX plaintiff had alleged in his DOL administrative complaint that he was "'terminated from [his] employment at Bio-Rad by the CEO.'" 141 F.Supp.3d at 1020. Id. The plaintiff did not name Bio-Rad's CEO, Norman Schwartz, as a defendant. *Id.* at 1021. After the administrative proceeding had been pending for more than 180 days, Walder filed suit in federal court. Walder named Bio-Rad, Schwartz, and the individual members of its Board of Directors as defendants. The defendants filed a motion to dismiss for failure to state a claim asserting that Wadler failed to exhaust his administrative remedies. Id. at 1011.

In ruling on the defendants' motion to dismiss, the court held that even though he was not

named in the administrative complaint, Schwartz, the CEO, received fair notice that he was being charged with retaliation and would likely be named as a defendant in a subsequent lawsuit. *Id.* at 1020.  The court also found that Walder's complaint did not give Bio-Rad's remaining Board members fair notice that they might be named as defendants in a subsequent suit.  *Id.* Regarding the Board members, the court found that Walder did not cite any specific conduct on the part of the members that would have put them on notice that they were being accused of retaliatory conduct against him and he did not allege in his administrative complaint that his termination was a result of the Board.  *Id.* Therefore, the court dismissed the claims against the individual board members.  *Id.*

Similarly, while Plaintiff did not name MPSI as a defendant in his administrative complaint, MPSI, as the privately-held subsidiary that conducts MGI's business, received fair notice that it was being charged with retaliation and likely would be charged in a subsequent federal suit.  Indeed, as Defendants point out, counsel for MPSI took the Plaintiff's deposition in the administrative case.  *See* Def. Brief at ¶ 12. Clearly, then, MPSI was on notice of Plaintiff's claims.

Cases addressing exhaustion requirements under Title VII also have held that an administrative complaint may be sufficient to exhaust a plaintiff's administrative remedies even where a specific defendant is not named as a defendant in the complaint.  For example, in *Chung v. Pomona Valley Community Hospital*, 667 F.2d 788, 789-90 (9th Cir. 1982), the 9th Circuit considered whether Chung had exhausted his administrative remedies regarding his Title VII claims against several doctors where the administrative complaint filed with the EEOC alleged that only the hospital in which he worked had denied him promotions. Chung did not specifically

name any of the individual doctors who allegedly denied him the promotions.  *Id*. The district court held that the claims against the doctors failed because they were not specifically named in the administrative complaint. *Id*. at 790.

On appeal, the 9th Circuit disagreed, noting that EEOC charges are to be liberally construed. *Id.* at 792 (*citing Kaplan v. International Alliance of Theatrical and Stage Employees,* 525 F.2d 1354, 1359 (9th Cir. 1975)(international union was subject to Title VII suit where EEOC charge identified only the union local as a respondent).  The court determined that the lower court's holding was based on an overly-restrictive reading of the administrative complaint.  *Id*.  The *Chung* court reasoned that, because the doctors participated in the promotion decision, they should have anticipated that plaintiff would name them in his lawsuit. *Id*. at 792. The court held, therefore, that Chung's administrative complaint gave an adequate basis for his Title VII claims against the individual doctors to proceed in federal court.  *Id. (citing Sosa v. Hiraoka,* 920 F.2d 1451, 1419 (9th Cir. 1990).

*Sosa*, another Title VII case, similarly held that failure to name defendants in an administrative complaint did not deprive the court of jurisdiction over those defendants.  In *Sosa*, Fresno City College, a unit of the state community college district ("District"), hired plaintiff as a professor at Fresno College.  920 F.2d at 1453.  During his tenure at the college, the plaintiff appeared before the District's Board of Trustees twice; the first time to respond to a trustee's remarks that Hispanic students were incapable of learning and that programs for them were a waste, and the second time to protest the underrepresentation of Hispanics in the  faculty and administration in the District's colleges.  *Id*.  Following his appearances before the Board, the plaintiff's request for leave to attend a conference was denied, he was subjected to a performance

evaluation, and was denied a promotion.  *Id*. at 1453-54.  The plaintiff then filed a charge of discrimination on the basis of national origin with the EEOC.  He named only the District as a respondent.  *Id.*

After the EEOC issued plaintiff a "right to sue" letter, the plaintiff filed a Title VII complaint in federal court against the District, its trustees, and five administrators for employment discrimination on the basis of national origin. *Id*. The defendants filed a motion dismiss alleging, *inter alia*, that the plaintiff's failure to name any defendants except the District in his EEOC complaint deprived the court of jurisdiction over those defendants.  *Id*. at 1454.  The district court agreed and dismissed the plaintiff's claims against the unnamed defendants. *Id.* The 9th Circuit, however, reversed, finding that "'Title VII charges could be brought against defendants not named in the EEOC complaint as long as they were involved in the acts giving rise to the EEOC claims.'" *Id*. at 1458-59 (*quoting Wrighten v. Metropolitan Hosp.*, 726 F.2d 1346, 1352 (9th Cir. 1984)).  The court also found that where the agency or the defendants should have anticipated that the plaintiff would name those defendants in subsequent a Title VII action, the court has jurisdiction over those defendants regardless of whether they were named in the administrative complaint. *Sosa*, 920 F.2d at 1459 (*citing Chung*, 667 F.2d at 792).  The *Sosa* court reasoned that there are three exceptions to the exhaustion requirement of Title VII:

> First, if the respondent named in the EEOC charge is a principal or agent of the unnamed party, or if they are 'substantially identical parties,' suit may proceed against the unnamed party ….   Second, suit may proceed if the EEOC could have inferred that the unnamed party violated Title VII.  Third, if the unnamed party had notice of the EEOC conciliation efforts and participated in the EEOC proceedings, then suit may proceed against the unnamed party.

Id. at 1459.

As applied to the facts here, *Sosa* supports the argument that this suit may proceed against

MPSI, even though it was not named in the administrative complaint.  The facts show that as the wholly-owned subsidiary of MGI, MPSI conducts the business of MGI.  In addition, MPSI clearly had notice of the administrative proceedings, as its counsel represented MGI in those proceedings. *Cf. Courtland v. Carpenters Local 408*, 2008 WL 11338793 (D.Ariz. Feb. 1, 2008)(applying the reasoning of *Chung* and *Sosa*, but determining that the plaintiff had failed to demonstrate that the defendants not named in the EEOC charges shared a substantial identity with the named defendants).[6]

*Walder* is the case most factually similar to this case and its discussion the most comprehensive.  Additionally, the *Chung* and *Sosa* cases, while decided under the regulatory framework of Title VII, also are factually similar and well-reasoned.  Therefore, in the absence of controlling law, these cases should be deemed the most persuasive and their reasoning should apply to the facts here.   Plaintiff's administrative charges against MGI put both the agency and MPSI on notice of a subsequent suit against MPSI.  Accordingly, pursuant to *Walder*, *Chung* and *Sosa*, it was unnecessary for Plaintiff to have named MPSI in his administrative complaint in order for him to be deemed to have exhausted his administrative remedies.

Defendant cites to *Bozeman v. Per-Se Tech., Inc.,* 456 F.Supp.2d 1282 (N.D.Ga. 2006), and *Hanna v. WCI Communities, Inc.,* No. 4-80595-CIV, 2004 WL 6072492 (S.D.Fla. Nov. 29,

---

[6] Should the Court be inclined to grant Defendant's Motions to Dismiss based on its specious "failure to exhaust" argument, then Plaintiff should be entitled to discovery on this issue. Plaintiff submits that a limited amount of discovery would establish that, as far as the facts of this case are concerned, MGI and MPSI constituted a single, integrated enterprise and, therefore,  naming MPSI  as an individual defendant in the administrative complaint would have been superfluous.  See e.g., Malin v. Siemens Med. Sols. Health Svc., No PJM 07-1896, 2009 WL 2500289 *13 (D.Md. Sept. 22, 2008)(granting plaintiff discovery to establish that defendant acted as corporation's agent with respect to employment matters in general or the retaliatory conduct in particular to determine whether defendant could be subject to SOX's whistleblower protection provisions).

2004), in support of its contention that MPSI must have been named in the caption of the administrative complaint in order for Plaintiff to establish jurisdiction and to state a claim against MPSI.  The holdings in both Boze*man* and *Hanna*, however, assume that a complaint filed in an administrative pleading must meet the same pleading requirements as a complaint filed in federal court.[7]  To require MPSI to have been named in the caption of the administrative complaint when no formal pleading is even required under SOX "is inconsistent with the statutory and regulatory framework established by Congress and the [DOL] to ensure compliance with [SOX]." *Wadler*, 141 F.Supp.3d at 1021.  Therefore, these cases should be found inapplicable here.

Pursuant to the reasoning in *Walder, Chung, Sosa* and the lack of formal pleading requirements of whistleblower complaints, MPSI was on sufficient notice that Plaintiff would name it in his SOX lawsuit.

### B.  Notice to OSHA was sufficient

Not only did Plaintiff's administrative complaint put MPSI on notice of the claims against it, it also afforded OSHA sufficient notice to resolve those claims.  Defendant cites the decision in *Wallace v. Tesoro Corp.*, 796 F.3d 468, 475 (5th Cir. 2010) in support of its argument that Plaintiff never provided OSHA with notice as to the claims he raises against MPSI because he failed to specifically name MPSI in the caption of his administrative complaint. Def. Brief at ¶ 35. This case, however, is distinguishable.  In *Wallace*, the plaintiff filed an administrative complaint against his employer claiming that the employer retaliated against him for the protected activities

---

[7] A similar formalistic approach is taken by the courts in the remainder of the cases relied upon by Defendant in ¶ 36 of its Brief.  Because the courts' overly-restrictive reading of the administrative complaints is contrary to the regulations promulgated under SOX, it should not be followed.

of investigating and reporting certain anti-trust and tax issues. 796 F.3d at 475.  Because a final decision had not been reached with the 180-day period, the plaintiff filed suit in federal court.  *Id*. In addition to alleging the same categories of protected activities that he alleged in the administrative action, plaintiff added as another protected activity the investigation and reporting of suspected wire fraud. *Id*. at 476-77.  Defendant argued that the wire-fraud-based claims had not been presented in the OSHA complaint and, therefore, were not exhausted. *Id*. at 477. The district court agreed and dismissed the wire-fraud-based portions of the complaint because that alleged protected activity was outside the scope of the OSHA complaint. *Id*.

Here, while Plaintiff may not have identified MPSI in his administrative complaint, he certainly put the agency on notice of his claims of compliance violations and violations of the Bank Secrecy Act. *See Lozada-Leoni v. MoneyGram Int'l Inc*., No. 2018-SOX-00004.  It was Plaintiff's *claims*, not the identification of MPSI as a defendant, that triggered the agency's investigation and conciliation procedures. The scope of the OSHA complaint was the same as the scope of the complaint filed in this Court. Therefore, *Wallace* is distinguishable.

Defendant's contention that Plaintiff failed to exhaust his administrative remedies because he did not name MPSI in his administrative complaint must fail. MPSI, as a privately-held corporation that conducts MGI's business, was put on notice of Plaintiff's claims and should have anticipated that it would be named in a subsequent suit.  In addition, Plaintiff's administrative complaint put OSHA on notice of the criminal acts involved.  Therefore, Defendant's 12(b) Motions should be dismissed.

## II. Defendant's Motion to Transfer Venue Should Be Denied because it Has Not Met its Burden of Good Cause

Plaintiff has established that venue is proper in the Eastern District of Texas.  Title 28, § 1392(b)(2) provides that a civil action "may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred...." 28 U.S.C. §1391(b)(2). Because this case is about retaliation, in the form of termination, against an employee for reporting the illegal activities of his employer and its parent company, venue is proper in the Eastern District of Texas, where Plaintiff was terminated. *See e.g., Davis v. American Society of Civil Engineers*, 290 F.2d 216 (D.C. 2004)(events giving rise to employee's claims included receipt of termination letter).  Because venue is proper here, Defendant cannot force Plaintiff to try his case in another district.

Defendant's Motion to Transfer Venue also must be denied because Defendant has not met its burden of good cause for transfer.  *See In re Volkswagen of Am., Inc.,* 545 F.3d 304, 315 (5th Cir. 2008).  As explained supra, the Eastern District of Texas is a proper venue for Plaintiff's claims. Defendant has failed to establish that another division within the Eastern District is "clearly more convenient" than Plaintiff's choice of the Texarkana Division. Accordingly, Plaintiff's choice to litigate this action in the Eastern District, Texarkana Division should be respected.  *Id.*

Regarding the relative ease of access to sources of proof, Plaintiff contends that the *relevant* sources of proof here, i.e., documentary evidence concerning Plaintiff's termination, simply do not exist.  Even Chris Ponder ("Ponder"), MGI's director of human resources, testified that no physical documentation was created regarding communications between himself and Plaintiff's supervisor, Juan Manuel Gonzalez ("Gonzalez") about the reasons for Plaintiff's termination.  Regarding documentary evidence stored electronically, both MGI's and

MPSI's email servers are located in Minnesota and, therefore, are not "located" in Texas. Defendant has stipulated that emails written by Gonzalez were typically drafted from either his office in Miami or from wherever he was traveling when he wrote them; emails drafted by Ponder were typically drafted from his office in Frisco.  Finally, documentary evidence that will be sought from MGI's agents is located at those agents' offices on the Eastern seaboard, in the Atlanta-Georgia area and in the Midwest.  Accordingly, the relative ease of access to sources of proof is neutral.

As for the availability of the compulsory process, Plaintiff has represented that he does not plan to call any non-party witness residing within the State of Texas.  Accordingly, contrary to Defendant's argument, this issue also is neutral.

As for Defendant's argument concerning the convenience of the witnesses, Defendant misses the mark.  As discussed *supra*, venue is proper in the Eastern District of Texas – the issue before the Court, then, is whether the Sherman Division is more convenient than the Texarkana Division for the anticipated out-of-state witnesses.  It cannot be seriously disputed that for the witnesses located in the Midwest, along the Eastern seaboard, and in the Georgia-Florida area, Texarkana is geographically closer than Sherman.  Therefore, this factor weighs significantly in favor of maintaining venue here.

Regarding judicial economy, Plaintiff has provided evidence that the number of civil cases filed in the Eastern District, Sherman Division, is almost six times the number filed in the Texarkana Division. Even if there are more judges in the Sherman Division, its docket is still more congested than that of the Texarkana Division. Thus, as conceded by Defendant, this factor "favors this Court retaining jurisdiction."  Def. Reply Brief at ¶ 17.

The burden is on Defendant, not Plaintiff, to show that a venue other than the one selected by Plaintiff is "clearly more convenient."  Defendant has not met its burden.  Plaintiff's choice should be respected and Defendant's Motion to Transfer should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully urges the Court to deny Defendant MSPI's Motions to Dismiss and Motion to Transfer Venue.

DATED:  June 24, 2019                    Respectfully submitted,


By:   */s/ Robert W. Weber*
**Robert W. Weber,** *Local Counsel*
Texas State Bar No. 21044800
E-mail: bweber@smithweber.com
**SMITH WEBER, L.L.P.**
5505 Plaza Drive
Texarkana, Texas 75503
Telephone:  903-223-5656
Facsimile:  903-223-5652


*/s/ Steve Kardell*
**Steve Kardell**
Texas State Bar No. 11098400
E-mail: skardell@kardelllawgroup.com
**KARDELL LAW GROUP**
4514 Cole Avenue, Suite 600
Dallas, Texas 75205
Telephone: (214) 616-4654
Facsimile: (469) 729-9926

**ATTORNEYS FOR PLAINTIFF,**
**JUAN LOZADA-LEONI**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document has been served via email on Counsel for all Defendants: Gary Eisenstat, John Barcus and Darby Doan, on June 24, 2019.


/s/ Steve Kardell