**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **JUAN LOZADA-LEONI,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **Civil Action No. 5:19-cv-00011-RWS-CMC** |
| **MONEYGRAM INTERNATIONAL, INC., and MONEYGRAM PAYMENT SYSTEMS, INC.,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT MONEYGRAM PAYMENT SYSTEMS, INC.'S MOTION TO DISMISS OR, ALTERNATIVELY, TO TRANSFER VENUE**

Robert W. Weber, *Local Counsel*
Texas State Bar No. 21044800
E-mail: bweber@smithweber.com
SMITH WEBER, L.L.P.
5505 Plaza Drive
Texarkana, Texas 75503
Telephone: 903-223-5656
Facsimile: 903-223-5652

Steve Kardell
Texas State Bar No. 11098400
E-mail: skardell@kardelllawgroup.com
KARDELL LAW GROUP
4514 Cole Avenue, Suite 600
Dallas, Texas 75205
Telephone: (214) 616-4654
Facsimile: (469) 729-9926
ATTORNEYS FOR PLAINTIFF,
JUAN LOZADA-LEONI

# TABLE OF CONTENTS

**TABLE OF CONTENTS** ..... i

**TABLE OF AUTHORITIES** ..... ii

**INTRODUCTION** ..... 1

**LEGAL ARGUMENT** ..... 2

I. Defendant's Failure-to-Exhaust Argument Should Fail ..... 2

A. Defendant Neglects to Address Several Key Facts and, therefore, Should Be Deemed to Have Conceded Them ..... 2

B. The Applicable Caselaw Supports Plaintiff's Position ..... 2

C. Even if the Court Considers Defendant's Argument Plausible, Defendant Has Waited too Long to Make It ..... 4

II. Defendant Has Failed to Meet its Burden to Show that Another Venue is "Clearly More Convenient" ..... 5

**CONCLUSION** ..... 8

# TABLE OF AUTHORITIES

**Cases**

*Amazon.com v. Cendant Corp.*, 404 F.Supp.2d 1256 (WD Wash. 2005)....................................... 6

*Chew v. MoneyGram Int'l Inc.,* No. 1:18-cv-07537 (N.D.Ill. filed April 5, 2019) ........................ 7

*Gonzalez v. Colonial Bank,* ARB No. 05-060, ALJ No. 2004-SOX-39 (ARB May 31, 2005)...... 5

*Gundle Lining Constr. Corp. V. Fireman's Fund Ins.*, Co. 844 F.Supp. 1163 (S.D.Tex. 1994).... 6

*In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008)................................................. 5

*Regents of Univ. of Cal. V. Eli Lilly and Co.*, 119 F.3d 1559 (Fed. Cir. 1997) ............................. 6

*Sosa v. Hiraoka*, 920 F.2d 1452, 1459 (9th Cir. 1990).................................................................... 3

*Walder v. Bio-Rad Labs, Inc.*, 141 F.Supp.3d 1005, 1020 (N.D.Cal. 2015) ................................. 3

*Wallace v. Tesoro Corp*., 796 F.3d 468, 475 (5th Cir. 2010) .................................................... 2, 3

**Statutes**

29 C.F.R. sec. 1980.103 ................................................................................................................ 7

Fed.R.Civ.P. 72 ............................................................................................................................... 8

Sarbanes-Oxley Act of 2002, 18 U.S.C. sec. 1514A ...................................................................... 6

**Online Articles**

*MoneyGram Can't Blame $125 Fine on Software: Investors*, Law 360 ........................................ 7

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **JUAN LOZADA-LEONI,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**MONEYGRAM INTERNATIONAL, INC., and MONEYGRAM PAYMENT SYSTEMS, INC.,**<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil Action No. 5:19-cv-00011-RWS-CMC** |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT MONEYGRAM PAYMENT SYSTEMS, INC.'S MOTION TO DISMISS OR, ALTERNATIVELY, TO TRANSFER VENUE**

Plaintiff Juan Lozada-Leoni ("Plaintiff") hereby files his Sur-Reply to Defendant MoneyGram Payment Systems, Inc.'s ("MPSI's" or "Defendant's") Motion to Dismiss or, Alternatively, to Transfer Venue.

## INTRODUCTION

Defendant's Reply Brief ignores significant facts, confuses applicable case law and rests its last-ditch argument on one document. It fails to meet its burdens to establish that Plaintiff did not exhaust his administrative remedies and that venue is clearly more convenient somewhere else. Therefore, both Defendant's Motion to Dismiss on jurisdictional grounds and its Motion to Transfer Venue should be denied in their entirety.

## LEGAL ARGUMENT

### I. Defendant's Failure-to-Exhaust Argument Should Fail

#### A. Defendant Neglects to Address Several Key Facts and, therefore, Should Be Deemed to Have Conceded Them

Defendant's Reply Brief is notable for that which it *does not* say. Defendant has failed to even address these significant facts cited by Plaintiff in his Response Brief:

- MoneyGram International, Inc. ("MGI") conducts its business through its wholly owned subsidiary, MPSI[1] and
- In both the 2012 Deferred Prosecution Agreement ("DPA") and the 2018 Amended Deferred Prosecution Agreement ("Amended DPA"), MGI concedes that there is no distinction between parent and subsidiary for purposes of defining "employer."[2]

Essentially, then, it stands as undisputed that MGI and MPSI are substantially identical parties.

#### B. The Applicable Caselaw Supports Plaintiff's Position

As explained in Plaintiff's Response Brief, there is no binding authority as to whether Plaintiff's administrative complaint[3] put MPSI on notice of a potential action against it notwithstanding that it did not name MPSI as a party defendant. However, Plaintiff has cited several factually similar and well-reasoned decisions that support this proposition.

*Wallace v. Tesoro Corp*., 796 F.3d 468, 475 (5th Cir. 2010), while distinguishable from the case at hand, actually supports Plaintiff's position here. As discussed in his Reply Brief at p. 16-17, the issue in *Wallace* did not involve notice to a defendant, but notice to OSHA, of the claims presented in the federal complaint. The defendant in *Wallace* argued that because certain claims had not been presented in the administrative complaint, those claims had not been exhausted. The court agreed. 796 F.3d at 476-77. Here, the retaliation and whistleblower

---

[1] See Plaintiff's Response in Opposition to MPSI's Motion to Dismiss or, Alternatively, Transfer Venue ("Plaintiff's Response Brief") at 7.

[2] Id. at 7-8, Exhibits C and D.

[3] Plaintiff's administrative complaint was filed with OSHA on September 28, 2017. It is hereafter referred to as the "DOL Complaint." See Declaration of Steve Kardell Regarding the Filing of DOL Complaint, Exh. 1, para. 1.

claims alleged by Plaintiff in his federal court complaint are the same claims previously alleged in his DOL Complaint. Following the court's reasoning in *Wallace*, Plaintiff has exhausted those claims.

As for *Walder v. Bio-Rad Labs, Inc.*, 141 F.Supp.3d 1005, 1020 (N.D.Cal. 2015), contrary to Defendant's assertion, that decision does not support the conclusion that Plaintiff's claims against MPSI are barred. In *Walder*, while the plaintiff did not name Bio-Rad's CEO in the administrative complaint, plaintiff referenced him in the body of the complaint. Here, based on Defendant's concessions that MGI conducts its business through MPSI and that there is no distinction between the two in the DPA and Amended DPA, it can easily be said that Plaintiff referenced MPSI in its claims against MGI.

The thrust of these decisions is that where a defendant not named in an administrative complaint can reasonably expect to be named in a subsequent lawsuit, it has received fair notice of the charges against it. *See Wallace*, 796 F.3d at 476-77; *Wadler*, 141 F.Supp.3d at 1020. There is no question, especially since pleadings in cases brought pursuant to the Sarbanes-Oxley Act of 2002, 18 U.S.C. sec. 1514A ("SOX"), are to be liberally construed, *Wadler*, 141 F.Supp.3d at 1020, *see* 29 C.F.R. sec. 1980.103, that MPSI received fair notice of the charges against it by virtue of the DOL Complaint.[4] Defendant's formalistic approach is not supported by the applicable law and regulations. Accordingly, Plaintiff should be found to have exhausted his administrative remedies, and Defendant's 12(b)(1) and 12(b)(6) motions should be denied.

---

[4] Indeed, as the court in *Sosa v. Hiraoka*, 920 F.2d 1452, 1459 (9th Cir. 1990), observed in a similar Title VII case, "if the respondent named in the EEOC charge is a principal or agent of the unnamed party, or if they are 'substantially identical parties,' suit may proceed against the unnamed party...."

### C. Even if the Court Considers Defendant's Argument Plausible, Defendant Has Waited too Long to Make It

Defendant mentions the DOL Complaint *11 times* in its Reply Brief.  The DOL Complaint, however, was complete and comprehensive,[5] except for naming MPSI as a Respondent. Defendant's fixation on the DOL complaint at this late hour has all the indicia of an afterthought or last-ditch strategy.

Defendant also relies on the new Declaration of Elizabeth Weathers-Nguyen dated April 11, 2019. Ms. Weathers-Nguyen at all times herein has functioned as MGI's in-house counsel with responsibility for handling this case.  Her Declaration stresses the employment relationship between Plaintiff and MPSI; however, it omits crucial details of communications among Ms. Weathers-Nguyen, Chris Ponder (the director of MGI Human Resources), Plaintiff and Plaintiff's counsel over a period of 3 months and 26 days prior to the filing of the DOL Complaint.[6] During these almost four months of communications, there was never any mention by Weathers-Nguyen of any deficiency in not naming MPSI in the DOL Complaint.[7]

Defendant failed to raise the MPSI deficiency issue at the time the DOL Complaint was filed after a total of almost 4 months of discussion with MGI in-house counsel.[8]   Defendant then sat on this issue for almost an additional seven months, finally raising it for the first time in

---

[5] *See* Kardell Decl., Exh. 1.
[6] *See* Defendant's Moving Brief, Exhibit 1.  In addition to email and telephone communications from early June 2017 until the filing of the DOL Complaint, Plaintiff's counsel had a "voluntary disclosure" meeting on June 28, 2017 with Ms. Weathers-Nguyen and Mr. Ponder, the Human Resources director involved in Plaintiff's termination.
[7] *See* Declaration of Steve Kardell Regarding Emails between Juan Manuel Gonzalez and Juan Lozada-Leoni Provided by Elizabeth Weathers-Nguyen on 6-2-2017, Exhibit 2 hereto (for example, all of the emails provided in the zip file that Plaintiff had taken with him identified his colleagues as MGI employees; not one email identified any MGI employee as an MPSI employee).

[8] *See id.*, Exh. 2.

April, 2018.[9] Neither MGI nor MPSI, however, filed a dispositive motion as to the issue until June 2019, after another 14 months had passed and, significantly, after the Court had allowed the filing of Plaintiff's Second Amended Complaint, which cured any deficiency pertaining to the absence of MPSI as a named party.[10] This argument by Defendant is not only too late but also is made in the wrong procedural vehicle to contest the current status of both MGI and MPSI as co-defendants.[11]

Defendant's "failure-to-exhaust," "gamesmanship," and "improper-conduct-before-the-ALJ" arguments are so frivolous, dilatory and lacking in legitimate support as to be sanctionable under Rule 11. *See* Joint Conference Report filed June 10, 2019.

**II. Defendant Has Failed to Meet its Burden to Show that Another Venue is "Clearly More Convenient"**

Defendant concedes that venue is proper in this District and it has failed to establish that another venue is "clearly more convenient" than Plaintiff's choice of the Eastern District of Texas, Texarkana Division. Therefore, Plaintiff's decision to litigate this action here should be respected. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

---

[9] See id., Exh. 2.
[10] See id., Exh. 2. It has long been recognized in SOX ALJ proceedings that the amendment of a complaint entirely cures these issues. In *Gonzalez v. Colonial Bank,* ARB No. 05-060, ALJ No. 2004-SOX-39 (ARB May 31, 2005), the ALJ's order allowed complainant to amend his complaint to add the publicly-held parent company as a Respondent, thus resolving an almost identical problem as the one herein, and also establishing that an ALJ may permit a complainant to amend a complaint when (1) the amendment is reasonably within the scope of the original complaint, (2) the amendment will facilitate a determination of a controversy on the merits of the complaint and (3) there is no prejudice to the public interest and the rights of the parties.

[11] Defendant should have filed a motion for reconsideration of the Court's Order granting Plaintiff leave to file his Second Amended Complaint. Fed.R.Civ.P. 72 (When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to).

In an employment lawsuit, the typical sources of proof are evidence of a Plaintiff's performance or termination. These are usually generated or maintained by the company's Human Resource Department. Here it is uncontested that no such documentation exists, at least not in Dallas or Frisco.

An email provided by Ms. Weathers-Nguyen to Mr. Kardell during their 3-month, 26-day pre-DOL Complaint discussions illustrates how all email communications between Plaintiff and his supervisor regarding Plaintiff's performance (or any other topic, for that matter), either originated in Miami or from other locations.[12] Significantly, as far as venue facts are concerned, there is no contention that any documentation relating to Plaintiff's performance or termination either originated or was maintained in Dallas or Frisco.

Defendant concedes that Texarkana is "geographically closer" to some witnesses but argues that venue would still be more convenient elsewhere. However, to prevail on a motion to transfer venue, the moving party must show that the "balance of convenience and justice weighs heavily in favor of transfer." *Gundle Lining Constr. Corp. V. Fireman's Fund Ins.*, Co. 844 F.Supp. 1163 (S.D.Tex. 1994).[13]

The interests of justice here tip the scale in favor of venue in the Eastern District, Texarkana Division. First, MGI has conceded in its Reply Brief in Support of Its Motion to Dismiss or, Alternatively, to Transfer Venue ("MGI Reply Brief") that judicial economy "favors this Court

---

[12] See Declaration of Steve Kardell Regarding Venue Issue: Location and Origin of Juan Manuel Gonzalez Emails, Exhibit 3 hereto.
[13] Judicial economy is not a concern to be taken lightly. For example, while not controlling, both the Federal Circuit and the 9th Circuit consider judicial economy to be the most important factor in a section 1404 analysis. *See e.g.*, *Regents of Univ. of Cal. V. Eli Lilly and Co*., 119 F.3d 1559 (Fed. Cir. 1997); *Amazon.com v. Cendant Corp.*, 404 F.Supp.2d 1256 (WD Wash. 2005).

retaining jurisdiction." MGI Reply Brief at para. 17. Second, an apples-to-apples comparison clearly establishes that the median time to trial in the Northern District is longer than the median time in the Eastern District. *See* The U.S. District Courts National Judicial Caseload Profile, attached as Exhibit 4 hereto.

In addition, as explained by Plaintiff in his Response Brief, the speed with which Plaintiff gets to trial is significant here. While Defendant dismisses this argument as disingenuous and unsupported, it is a fact that this case has morphed into a totally different case as a result of the Amended DPA and 2018 government sanctions. Plaintiff promptly moved to kick out[14] the case as a result of the new issues that were raised by the government sanctions, opening up entirely new areas of discovery (e.g., favored key customers, breakdown of interdiction system, etc).

It is also a fact that MGI is faced with a class action related to the very issues that Plaintiff raises in his Second Amended Complaint. *See* Complaint, *Chew v. MoneyGram Int'l Inc.,* No. 1:18-cv-07537 (N.D.Ill. filed April 5, 2019), attached as Exhibit A to Plaintiff's Response Brief. As recently stated in a filing of the Chew case: "A day after the $125 million deal was announced in November 2018, shares of MoneyGram fell $2.20, or more than 49%, according to the investors, who claim the company is liable for lying about its compliance." See C. Bott, *MoneyGram Can't Blame $125 Fine on Software: Investors*, Law 360 (July 1, 2019), attached as Exhibit 5 hereto.[15] Common sense compels the conclusion that, in order for Plaintiff to be able to recover on his claims, time is crucial. Because the Texarkana Division has the available resources to address Plaintiff's claims most efficiently, the interests of justice require that venue remain here.

---

[14] SOX's "Kickout Provision" allows a claimant to withdraw an unresolved complaint from OSHA's administrative process as a matter of right after 180 days. See 18 U.S.C. sec. 1514A. Plaintiff timely exercised his option pursuant to the Kickout Provision by filing his Complaint in federal court on January 23, 2019. See Defendant's Moving Brief, Exh. 16.

[15] https://www.law360.com/articles/1174783/moneygram-can-t-blame-125m-fine-on-software-investors?copied=1.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully urges the Court to deny Defendant MSPI's Motions to Dismiss and to Transfer Venue in their entirety.

Dated: July 10, 2019

Respectfully submitted,

By: */s/ Robert W. Weber*
Robert W. Weber, *Local Counsel*
Texas State Bar No. 21044800
E-mail: bweber@smithweber.com
SMITH WEBER, L.L.P.
5505 Plaza Drive
Texarkana, Texas 75503
Telephone: 903-223-5656
Facsimile: 903-223-5652

*/s/ Steve Kardell*
Steve Kardell

Texas State Bar No. 11098400
E-mail: skardell@kardelllawgroup.com
KARDELL LAW GROUP
4514 Cole Avenue, Suite 600
Dallas, Texas 75205
Telephone: (214) 616-4654
Facsimile: (469) 729-9926
ATTORNEYS FOR PLAINTIFF,
JUAN LOZADA-LEONI

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been served via email on Counsel for all Defendants: Gary Eisenstat, John Barcus and Darby Doan, on July 10, 2019.

/s/ Steve Kardell