# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **JUAN LOZADA-LEONI** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 5:19-cv-00011-RWS-CMC |
| **MONEYGRAM INTERNATIONAL INC.,** | § | |
| **JUAN MANUEL GONZALEZ and** | § | |
| **CHRISTOPHER PONDER in their official** | § | |
| **and individual capacities,** | § | |
| | § | |
| *Defendants.* | § | |

### DECLARATION OF STEVE KARDELL REGARDING THE FILING OF DOL COMPLAINT

My name is Steve Kardell, and I declare:

1.  I am over the age of eighteen, and I am competent to make this declaration. I provide this declaration based upon my personal knowledge. I would testify to the facts in this declaration under oath if called upon to do so.

2.  I am an attorney with the Kardell Law Group, attorneys of record for Juan Lozada-Leoni (herein, "Plaintiff"). I submit this declaration in support of Plaintiff's Sur-Reply to MPSI's Motion to Dismiss or Transfer.

3.  In said Defendant's reply, reference is made at least eleven times to the "DOL Complaint," designated as Defendant's Exhibit 2, which is the initial OSHA filing herein, dated September 28, 2017.

4.  Defendant's position herein is that this DOL Complaint was jurisdictionally defective, because MPSI was either not named in the body of the document or not indicated as a Respondent in the document. Defendant also alleges that the Complaint was deficient, as indicated in a DOL dismissal letter, dated October

12.

5. It also alleges that the document was deficient as Indicated in DOL dismissal letter, dated October the 12th

6. I have filed many of these DOL Complaints since the enactment of the SOX statute in 2002.

7. I typically use a bare bones format, indicating that further details will be provided later. I am always careful to include, however, all the necessary jurisdictional information to perfect a SOX Complaint.

8. The DOL dismissal letter, dated October 12, 2017, was a form dismissal without any investigation having been done by OSHA.

9. In this case, the document itself contained all the necessary information for a DOL Complaint/SOX Charge.  Below is an explanatory copy of Plaintiff's OSHA Complaint, Defendant's exhibit 2, indicating how this document contained all the necessary jurisdictional requirements for a SOX charge:

   a. **The DOL Complaint herein was hand delivered to OSHA prior to expiration of the SOX SOL deadline of October 2:**

September 28, 2017

Kelly Knighton
Region 6 Administrator
OSHA
A. Maceo Smith Federal Building
525 Griffin St., Suite 602
Dallas, TX 75202

☐ Via Overnight
☐ Via Regular Mail
☒ Via Hand Delivery
☐ Via Fax
☐ Via E-Mail: kelly.knighton@osha.gov

RE: Complaint under Section 806 of SOX.

Juan Lozada-Leoni v. MoneyGram International

Dear Ms. Knighton:

   b. **The DOL Complaint herein cited the SOX statute:**

Dear Ms. Knighton:

Please process the following as a formal complaint under Section 806 of the Sarbanes-Oxley Act of 2002, as amended.

Statute:
Section 806 protects, of course, employees of publicly-traded companies (and subsidiaries of same) from retaliation when they complain and "reasonably believe" (that the complained-of conduct) constitutes a violation of one of six federal laws, e.g., Sections 1341, 1343, 1344, or 1348, any rule or regulation of the [SEC], or any provision of federal law relating to fraud against shareholders. Sarbanes-

**Declaration of Steve Kardell Re Filing of DOL Complaint**            **Page 3 of 6**

Oxley Act of 2002, 806(a), 18 U.S.C. 1514 A (a)(1) (2006).

### c. The DOL Complaint herein identified the parties:

| Complainant | Respondent |
|---|---|
| Juan Lozada-Leoni<br>5800 Brodie Ln.<br>Apt 836<br>Austin, TX 78745<br>Cell: (210) 995-3782 | MoneyGram International<br>2828 N Harwood St., #15<br>Dallas, TX 75201<br>Office: (214) 999-7552 |

B. Parties:

### d. The DOL Complaint herein stated all relevant facts:

Facts:
Complainant was hired on October 18, 2016
His job title was Manager, AML/CTF Regional Compliance USA.

Two of his essential responsibilities were (1) compliance with anti-money laundering rules and regulations; and (2) compliance with a consent decree that required, *inter alia,* compliance with anti-money laundering rules and regulations.

In a scenario that is becoming increasingly predictable,[1] his efforts to achieve compliance were met with (1) resistance; (2) outright hostility, and (3) finally resulted in his termination on April 4, 2017.

[1] *Corporate Counsel Magazine* recently quoted a local (employment law) luminary – the redoubtable Chip Jones -- on what is becoming a somewhat predictable scenario: "…The company brings in an expert, bares its soul and confesses its sins, then asks the compliance officer to fix everything. 'They bring in someone who wants to build a world-class program…' The [breakdown]… becomes so toxic, Jones adds… the compliance officer quits or files a whistleblower suit." Reisinger, S. (2017, August 7). *Ride the Whistleblower Wave*. Retrieved from Corporate Counsel: http://www.corpcounsel.com/id=1202794888902/Ride-the-Whistleblower-Wave?cmp=share_email&slreturn=20170826174614

### e. The DOL Complaint herein identified protected conduct, tangible adverse employment action and last date of alleged retaliatory action (for SOX SOL filing purposes):

Protected conduct:
This is essentially a *Sharkey v. JP Morgan Chase* case,[2] with one additional twist: on top of violating the underlying anti-money laundering laws, the employer here **violated an existing consent decree that prohibited future violations** of the underlying anti-money laundering laws. (Emphasis added).

[2] In *Sharkey*, the Second Circuit established that complaints pertaining to a violation of the anti-money laundering statute qualifies as protected conduct under SOX. Stempel, J. (2016, September 12). *JPMorgan whistleblower case revivedJPMorgan Whistleblower Case Revived by U.S. appeals court.Appeals Court*. Retrieved from Reuters: https://www.reuters.com/article/us-jpmorgan-whistleblower-lawsuit/jpmorgan-whistleblower-case-revived-by-u-s-appeals-court-idUSKCN11I1T7

Tangible adverse employment action:
In addition to on-the-job harassment, verbal abuse, isolation, and marginalization, complainant's termination on April 4, 2017.

Last date of alleged retaliatory action (for SOL filing purposes):
April 4, 2017.
Corporate service to be made on:

See Certificate of Service, below.

Further details will be subsequently provided.

Please send us your standard acknowledgement of receipt here.

### f.  The DOL Complaint herein was contemporaneously served on in-house counsel

**CERTIFICATE OF SERVICE**

The foregoing has been sent by electronic means (email) to the following counsel for Respondents, on September 28, 2017. A courtesy copy has also been sent via email to Anthony Incristi, Regional Supervisor, OSHA.

| Name | Contact information | Role |
|---|---|---|
| Elizabeth Weathers-Nguyen | Associate General Counsel<br>MoneyGram International<br>2828 N Harwood St., #15<br>Dallas, TX 75201<br>Cell: (214) 999-8029<br>eweathers-nguyen@moneygram.com | In-house counsel for Respondent MoneyGram International |
| Anthony Incristi | OSHA Regional Supervisor<br>Austin Area Office<br>1033 La Posada Suite 375<br>Austin, TX 78752<br>Tel (512) 374-0271 x 234<br>Fax (512) 374-0086<br>incristi.anthony@dol.gov | OSHA |

### g.  The DOL Complaint herein was also served on the OSHA Regional Investigator (see above)

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 10th day of July 2019 at Dallas, Texas.

                                             */s/ Steve Kardell*
                                             **Steve Kardell**
                                             Texas State Bar No. 11098400
                                             E-mail: skardell@kardelllawgroup.com
                                             **KARDELL LAW GROUP**
                                             4514 Cole Avenue, Suite 600
                                             Dallas, Texas 75205

Telephone: (214) 616-4654
Facsimile: (469) 729-9926
**Attorney for Plaintiffs**