# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | |
|---|---|
| JUAN LOZADA LEONI, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> MONEYGRAM INTERNATIONAL INC, § <br> MONEYGRAM PAYMENT SERVICES, § <br> INC., § <br> § <br> Defendants. § | CIVIL ACTION NO. 5:19-CV-00011-RWS-CMC |

## ORDER

The above-entitled action was referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. On November 25, 2019, the Magistrate Judge issued a Report and Recommendation[1] recommending Defendants' respective Motions to Dismiss or, Alternatively, to Transfer Venue (Docket Nos. 5, 23) should be denied as to the requests to dismiss and granted as to the requests to transfer venue. The Magistrate Judge recommended that the case be transferred to the United States District Court for the Eastern District of Texas, Sherman Division. No objections have been filed to the Report and Recommendation. For the reasons set forth below, the Court agrees with and **ADOPTS** the Magistrate Judge's report and transfers the case to the Sherman Division of the Eastern District of Texas.

---

[1] A magistrate judge may decide a motion to transfer venue under 28 U.S.C. § 636(b)(1)(A), after which a district court judge may reconsider the magistrate judge's decision if a party shows the magistrate judge's order is clearly erroneous or contrary to law. In this instance, the Magistrate Judge elected to submit a report and recommendation, which is subject to *de novo* review upon objection by either party.

## BACKGROUND

In his original and First Amended Complaint, Plaintiff Juan Lozada-Leoni ("Plaintiff") sued MoneyGram International, Inc. ("MGI"), as well as Juan Manuel Gonzalez and Christopher Ponder, under the Sarbanes-Oxley Act of 2002, "which protects those who blow the whistle on their employer's failure to comply with Securities and Exchange Commission reporting requirements." *Wallace v. Andeavor Corp.*, 916 F.3d 423, 425 (5th Cir. 2019). Plaintiff filed a Second Amended Complaint, dismissing the individual defendants and adding MoneyGram Payments Systems, Inc. ("MPSI") as a defendant, along with MGI (collectively, "Defendants"). Docket No. 21. Plaintiff alleges that Defendants violated the Sarbanes-Oxley Act by taking adverse employment actions against him, including, but not limited to, termination and other forms of retaliation, because of his protected conduct under 18 U.S.C. § 1514A. Docket No. 21 at 22.

Before Plaintiff filed the Second Amended Complaint, MGI filed a motion to dismiss for improper venue or, in the alternative, to transfer. Docket No. 5. At the time MGI filed its motion MPSI was not a party to the suit. MGI argued the Court should grant MGI's motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) "because the acts and omissions by MGI allegedly giving rise to Plaintiff's claim against MGI either were not done *by* MGI [but by MPSI] or did not occur in this District, and because MGI does not reside in this District." Docket No. 5 at 2 (emphasis in original). Alternatively, MGI moved the Court to transfer this case to the Dallas Division of the Northern District of Texas, pursuant to 28 U.S.C. § 1406(a), or the Sherman Division of the Eastern District of Texas, pursuant to 28 U.S.C. § 1404.

After Plaintiff filed the Second Amended Complaint, MPSI moved to dismiss, or in the alternative, transfer venue. Docket No. 23. MPSI moved to dismiss pursuant to Rule 12(b)(1) and/or Rule 12(b)(6) for failure to state a claim against MPSI because Plaintiff did not name MPSI

as a respondent in the related administrative complaint filed with the Department of Labor ("DOL"). *Id.* at 2. Alternatively, MPSI moved the Court to transfer this case to the Dallas Division of the Northern District of Texas or the Sherman Division of the Eastern District of Texas pursuant to 28 U.S.C. § 1404. *Id.*

## ANALYSIS

On November 25, 2019, the Magistrate Judge entered a Report and Recommendation recommending that both Defendants' motions to dismiss and Defendant MGI's § 1406(a) motion to transfer venue be denied. The Magistrate Judge concluded that Plaintiff exhausted his administrative remedies as to the Sarbanes-Oxley Act retaliation claim, and therefore recommended that the motions to dismiss be denied. The Magistrate Judge then reviewed the relevant public and private interest factors in considering the motions to transfer venue, and determined the factors weighed in favor of transfer. Docket No. 48 at 38; *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008); *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). Accordingly, the Magistrate Judge recommended an intra-district transfer to the Sherman Division of the Eastern District of Texas. *Id.*

Neither party filed objections to the findings and conclusions of the Magistrate Judge. Accordingly, no party is entitled to *de novo* review by the District Judge of the findings, conclusions and recommendations and, except upon grounds of plain error, they are barred from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

Nonetheless, the Court has reviewed the motions and the Magistrate Judge's Report and agrees with the Magistrate Judge's Report. *See United States v. Raddatz*, 447 U.S. 667, 683 (1980)

("[T]he statute permits the district court to give to the magistrate's proposed findings of fact and recommendations 'such weight as [their] merit commands and the sounds discretion of the judge warrants . . . .' ") (quoting *Mathews v. Weber*, 23 U.S. 261, 275 (1976)).

## CONCLUSION

The Court agrees with the findings and conclusions in the Magistrate Judge's Report (Docket No. 48). It is therefore

**ORDERED** that the Report of the Magistrate Judge (Docket No. 48) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that Defendant MoneyGram International, Inc.'s Motion to Dismiss for Improper Venue, or Alternatively, Motion to Transfer Venue Under 28 U.S.C. § 1406 (Docket No. 5) and Defendant MoneyGram Payment Systems, Inc.'s Motion to Dismiss (Docket No. 23) are **GRANTED-IN-PART** and **DENIED-IN-PART**. Defendants' motions are **DENIED** as to the Defendants' requests that Plaintiff's claims be dismissed. Defendants' motions are **GRANTED** as to the requests that the cause of action be transferred. Accordingly, it is

**ORDERED** that the above-entitled and numbered cause of action is transferred to the Sherman Division of Eastern District of Texas. The Clerk of Court is directed to update the docket consistent with the following:

(1) This matter is **TRANSFERRED** to the Sherman Division.

(2) The case shall remain assigned to the undersigned and shall remain referred to Magistrate Judge Caroline M. Craven;

(3) The Clerk shall maintain the same assignment of judicial officers as currently exists.

**So ORDERED and SIGNED this 28th day of January, 2020.**

*Robert W. Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE