UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JUAN LOZADA-LEONI, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:20-cv-00068-RWS-CMC |
| MONEYGRAM INTERNATIONAL, INC., | § | |
| and MONEYGRAM PAYMENT SYSTEMS, | § | |
| INC., | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANTS' OBJECTIONS TO PLAINTIFF'S APPLICATION TO APPEAR PRO HAC VICE

Defendants MoneyGram International, Inc. ("MGI") and MoneyGram Payment Systems, Inc. ("MPSI") file their Objections to Plaintiff's Application to Appear Pro Hac Vice [Dkt. No. 60] and state:

## FACTUAL AND PROCEDURAL HISTORY

1. This lawsuit began as a SOX whistleblower complaint filed by Plaintiff Juan Lozada-Leoni against MGI in September 2017. *See* Exhibit 1.[1] Plaintiff is an attorney, though he did not work for Defendants *as* an attorney, but rather as a compliance officer. Attorney Steve Kardell filed the complaint on Plaintiff's behalf. *Id.* The Department of Labor investigated Plaintiff's complaint and issued a determination on October 12, 2017, that there "is insufficient evidence to prove the complaint has merit." *See* Exhibit 2.[2]

2. As was his right, Plaintiff elected to appeal the Department of Labor's adverse determination and sought review in an administrative proceeding styled *Juan Lozada-Leoni v.*

---

[1] Exhibit 1 is a September 28, 2017, letter from attorney Steve Kardell, representing Plaintiff, to the Occupational Safety and Health Administration ("OSHA") Regional Administrator, asserting a formal complaint under Section 006 of the Sarbanes-Oxley Act of 2002.

[2] Exhibit 2 is an October 12, 2017, letter to Kardell from Regional Supervisory Investigator Angela B. Fisher.

*MoneyGram International*, Case No. 2018-SOX-00004, before the United States Department of Labor and Administrative Law Judge Tracy R. Daly. *See* Exhibit 3.[3] Mr. Kardell also filed Plaintiff's Original Complaint in the administrative proceeding as counsel for Plaintiff. *Id.* at p. 22. During the course of the administrative proceeding, which lasted from March 2018 until Plaintiff filed this action in January 2019, counsel for MGI deposed Plaintiff twice; each time, Mr. Kardell defended the deposition.

3. In October 2018, Plaintiff indicated a desire to depose MGI witnesses Domh Leandro and Juan Manuel Gonzalez, each of whom live and work in the Miami, Florida, area. At about the same time, Mr. Kardell was scheduled for knee surgery, and Plaintiff (through Mr. Kardell) filed a Motion to Substitute Complainant as Counsel for Depositions. *See* Exhibit 4.[4] In the motion, Plaintiff was described as "a busy lawyer, licensed with the State Bar of Texas, in the early stages of setting up his law practice." *Id.* at p. 2.

4. Plaintiff had first raised the issue of being permitted to take certain depositions months earlier, at which time counsel for MGI made MGI's opposition known, because (as discussed below) the prevailing case law is clear that a party may not proceed *pro se* while also being represented by counsel. On the same day Plaintiff filed the referenced motion, MGI filed its Response to Complainant's Motion to Substitute Complainant as Counsel for Depositions. *See* Exhibit 5.[5] Exhibit A to that response reflects Plaintiff's earlier requests to be permitted to take the depositions of certain MGI witnesses, as well as MGI's opposition. *See* Exhibit 5 at Exh. A (p. 9 of the PDF).

---

[3] Exhibit 3 is Plaintiff's Original Complaint filed in the administrative proceeding on March 5, 2018.
[4] Exhibit4 is Complainant's Motion to Substitute Complainant as Counsel for Depositions, filed on October 5, 2018.
[5] Exhibit 5 is Respondent's Response to Complainant's Motion to Substitute as Counsel for Depositions, filed on October 5, 2018.

5.　　When Plaintiff again raised the issue, MGI filed its response, directing Judge Daly to relevant authorities, discussed in detail below, all standing for the proposition that a party in civil litigation may appear *either* pro se or through counsel, but has no right to do both, including authority holding that it does not matter whether the party is himself an attorney. *Id.* at pp. 3-5. Judge Daly agreed, and on October 16, 2018, issued a Ruling on Complainant's Motion to Substitute Complainant as Counsel, holding that "a party seeking to assert his statutory right to self-representation must clearly and unequivocally discharge any lawyer previously retained. A party does not have a right to self-representation and representation by counsel at the same time." *See* Exhibit 6 at p. 2.[6] Judge Daly further held that the fact that Plaintiff is an attorney does not justify permitting him to take depositions or act as his own attorney while still represented by counsel. *Id.* Accordingly, Judge Daly denied the motion. *Id.*

6.　　Several days after Judge Daly's ruling, Plaintiff filed his Motion for Leave to Add Counsel, in which he then sought approval to add Ahmed Davut as trial counsel, noting that Mr. Kardell would remain as lead counsel. *See* Exhibit 7.[7] At the time, Mr. Davut was an associate employed at the Law Office of Juan Lozada-Leoni, *i.e.*, Plaintiff's law firm. MGI did not oppose the motion, which Judge Daly granted. Mr. Davut thereafter took the depositions of the Miami witnesses without incident.

7.　　Rather than proceed with the then-scheduled administrative proceeding, Plaintiff instead elected to remove the dispute from the administrative stage prior to the final hearing by filing the above-styled lawsuit (originally against MGI and two individual defendants, now against MGI and MPSI) on January 23, 2019. Mr. Kardell was the only attorney listed on the pleadings. [Dkt. No. 1 at pp. 5-6.] On March 20, 2019, Robert Weber and the law firm of Smith

---

[6] Exhibit 6 is the Ruling on Complainant's Motion to Substitute Complainant as Counsel entered on October 16, 2018.

[7] Exhibit 7 is the Motion for Leave to Add Counsel filed on October 24, 2018.

Weber, L.L.P., then entered an appearance as counsel for Plaintiff. [Dkt. No. 3.] As the Court likely recalls, Defendants each filed motions to dismiss or to transfer venue, and the Court ultimately ordered an intra-district transfer from the Texarkana Division to the Sherman Division. [Dkt. No. 53.] Mr. Weber and his firm thereafter withdrew as counsel. [Dkt. No. 58.]

8. On February 24, 2020, attorney Theodore Garber filed an Application to Appear Pro Hac Vice on behalf of Plaintiff. [Dkt. No. 57.] Like Mr. Davut (who apparently is no longer associated with Plaintiff's law firm), Mr. Garber is an associate in the "Law Office of Juan Antonio Lozada, PLLC," the new name of Plaintiff's law firm. A notation on the top of the document indicates that Deputy Clerk Jill Veazey "approved" the application the same day. Mr. Garber has never filed a formal notice of appearance, but is reflected on the Court's docket as one of counsel of record for Plaintiff. Defendants have no objection to Mr. Garber's representation of Plaintiff, and have been working with him (and Mr. Kardell) to schedule certain depositions Plaintiff has asked to take.

9. On March 11, 2020, Plaintiff filed his own Application to Appear Pro Hac Vice. [Dkt. No. 60.] As of the date of these Objections, the application has *not* been approved, or at least approval is not reflected on the copy of the application available online. For reasons unclear to Defendants, however, Plaintiff is listed as counsel of record for himself on the Court's docket.

10. On March 17 and 18, 2020, John Barcus, one of counsel for Defendants, communicated by telephone and email with Mr. Kardell regarding the logistical difficulty of scheduling the requested depositions, including six already agreed to by Defendants, in light of the emerging COVID-19 pandemic. Four of the six deponents reside out of state, and both Mr. Kardell and Mr. Barcus agreed that traveling for these depositions would be inadvisable. Two of the depositions, previously scheduled for March 19, 2020, in Atlanta, Georgia, and March 26,

2020, in Minneapolis, Minnesota, had already been unilaterally canceled by Plaintiff (as communicated by Mr. Garber).

11.     After their telephone conversation and after conferring with Defendants, Mr. Barcus emailed Mr. Kardell and Mr. Garber on the morning of March 18, 2020, with a proposed Joint Motion for Entry of a Second Amended Docket Control Order, in which Defendants proposed asking the Court to extend the discovery deadline until April 30 for the purpose of completing the six agreed-to depositions and any other depositions that Defendants agreed to permit during that time frame. *See* Exhibit 8. Defendants also proposed moving other pretrial deadlines to accommodate the additional time necessary for depositions.[8]

12.     On the evening of March 18, 2020, Plaintiff emailed Mr. Barcus, neglecting to copy any other counsel of record for Defendants, but copying Mr. Kardell, Mr. Garber, Alexandra Hicks (whose identity is unknown to Defendants), and Ronald Romeo (whose identity is likewise unknown),[9] stating as follows:

> Please communicate exclusively with Mr. Garber and Mr. Romeo from now on, you can cc Mr. Kardell until he withdraws but he is no longer authorized to make decisions for my litigation team as he will be withdrawing from this case within the next few days. I ask you to please cc me in all communications as I have made an appearance in this case as counsel. We are not able to agree with the proposed language of the orders, and we can't agree to any limitations on the discovery extension, I would also disagree with your contention (in the proposed order) that you have been diligently working with us to provide deposition dates for the witnesses that you are representing. Finally, we won't be agreeing to limit the deposition of Mr. Bernier to three hours.[10] Thank you.

---

[8] Exhibit 8 is a March 18, 2020, email exchange between counsel, starting with the referenced October 18 email from Mr. Barcus to Messrs. Kardell and Garber.

[9] On information and belief, Ronald Romeo is an attorney licensed in several states, not including Texas, who has recently formed some affiliation with Plaintiff's law firm (as evidenced by the domain of his email address). Mr. Romeo has not made an appearance in this matter, or submitted an application to appear pro hac vice, or had any communications of any kind with counsel for Defendants. Defendants respectfully decline Plaintiff's invitation/instruction to correspond with Mr. Romeo. Plaintiff and his counsel may share whatever they wish with him.

[10] Craig Bernier is a senior executive and unquestionably an "Apex" witness. Plaintiff – through Mr. Garber – has *already agreed* to limit Mr. Bernier's deposition to three hours of on-the-record time. This sort of inconsistent

*See* Exhibit 8. Mr. Kardell, as of the date of these Objections, has not filed a motion to withdraw as counsel for Plaintiff, nor has Plaintiff – contrary to his own representation – made an appearance as counsel, other than by filing the as-yet unapproved application to appear pro hac vice. For the reasons set forth below, Defendants object to Plaintiff acting as his own counsel while he remains represented by outside counsel, and ask that the Court deny him permission to do so.

## ARGUMENT AND AUTHORITIES

13. For many years, courts considering the issue have been "in substantial agreement with the general proposition that a party in a civil action may appear either pro se or through counsel . . . but that he has no absolute right to do both in the absence of express statutory or constitutional provision." 67 A.L.R.2d 1102, at § 1 (originally published 1959). "The cases wherein the question has been directly raised generally agree that a litigant in a civil action who appears pro se cannot at the same time insist upon being represented by counsel and that to hold otherwise would interfere with the orderly procedure of a trial." *Id.* § 2. *See, e.g.*, *Harris v. Walls*, 23 Fed. App'x 540 (7th Cir. 2001) ("a litigant represented by counsel is not entitled to proceed on his own behalf") (citing cases); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("a party seeking to assert his statutory right to self-representation must clearly and unequivocally discharge any lawyer previously retained"). As the Fifth Circuit made clear (in the criminal context), "there is no constitutional right to hybrid representations whereby the defendant and his attorney act as co-counsel." *U.S. v. Long*, 597 F.3d 720, 724 (5th Cir. 2010).

14. The fact that Plaintiff is an attorney is irrelevant. The A.L.R. cited above remarks that "cases are in conflict" on this point, but they really are not. In *Schumm v. State*, 866 N.E.2d

---

messaging is yet another reason to deny Plaintiff's application to appear pro hac vice. Defendants must be able to rely on promises made by Mr. Garber and/or Mr. Kardell.

781 (Ind. Ct. App. 2007), *opinion corrected on reh'g on oth. gr.*, 868 N.E.2d 1202 (Ind. Ct. App. 2007), an attorney proceeding pro se appealed the trial court's refusal to permit him the assistance of co-counsel, because "he's either proceeding on his own, or he has an attorney of record." *Id.* at 796. In affirming that decision, the appellate court cited a number of cases for the general proposition, then turned to the attorney's argument that "an exception should be made for civil litigants who are also attorneys[.]" *Id.*[11] As the *Schumm* court noted, "several cases specifically hold that an attorney may not both represent himself and have the assistance of counsel." *Id.* at 797 (citing *Frank M. McDermott, Ltd. v. Moretz*, 898 F.2d 418, 422 (4th Cir. 1990); *Carter v. Holt*, 28 Cal. App. 796, 799, 154 P. 37, 39 (1915); *Flaacke v. Jersey City*, 33 N.J.Eq. 57, 58 (Ch.Ct. 1880)).

15. In the *McDermott* case, the Fourth Circuit affirmed the district court's refusal to allow an attorney to represent himself when he also was represented by retained counsel. *McDermott*, 898 F.2d at 422. "In order for defendant . . . to have proceeded pro se he must have immediately discharged the other attorneys who had filed appearances on his behalf." *Id. See, e.g.*, *Lanigan v. LaSalle Nat'l Bank*, 609 F. Supp. 1000, 1002 (N.D. Ill. 1985) (attorney desiring to proceed pro se may not do so unless he immediately discharges any other lawyer who has made an appearance). In granting a motion to terminate a deposition conducted by a party who (like Plaintiff) was also represented by counsel, one court first held that the litigant "had no right to conduct the deposition" and the deponent "for that reason alone . . . has the right to have the

---

[11] The court took note of the A.L.R. but also noted that the only case cited therein "actually holding that a civil-litigant attorney has the right to both represent himself and have the assistance of counsel" was an 1810 opinion from the Constitutional Court of Appeals of South Carolina, which did so hold, but "without discussion." *Id.* at 797.

deposition terminated." *Haefner v. County of Lancaster, Pa.*, 165 F.R.D. 58, 60 (E.D. Va. 1996).[12]

16. Ethical considerations also come into play if Plaintiff's desired outcome is hybrid representation. Rule 3.08 of the Texas Disciplinary Rules of Professional Conduct provides that a "lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer may be a witness necessary to establish as essential fact on behalf of the lawyer's client, unless . . . the lawyer is a party to the action and is appearing pro se[.]" *See* Eastern District Local Rule AT-2(a) ("the standards of professional conduct adopted as part of the Rules Governing the State Bar of Texas shall serve as a guide governing the obligations and responsibilities of all attorneys appearing in this court").

17. The First Circuit has addressed this issue. In *McCullough v Velez*, Mr. McCullough was one of three plaintiffs, and was also a member of the bar of the jurisdiction in which the case was filed. He sought to make an appearance as co-counsel (*i.e.*, in his capacity as a lawyer), and the court noted that "he ordinarily would have a right, in that capacity, to enter his appearance as counsel in a pending case." *McCullough*, 364 F.3d 1, 4 (1st Cir. 2004). However:

> This case is out of the ordinary in that McCullough is a principal in the transaction that underlies the litigation. He has been deposed at length, and there is every reason to expect that he would be one of the main witnesses should a trial ensue. A lawyer is under an ethical obligation to refrain from appearing ass counsel in a case in which he reasonably can anticipate that he will be called as a percipient witness. *See* ABA Model Rules of Prof'l Conduct R. 3.7(a);[13] *see also* D.P.R.R. 83.5(a). . . . Given the salience of that apothegm, the district court did

---

[12] The court went further, noting that "if it is conceded for the sake of argument that plaintiff had a right to take the depositions pro se, the Court would, nevertheless, order the . . . deposition terminated. The Court has reviewed the entire transcript and concludes that it is so mean-spirited and harassing of the witness as not to be tolerable." *Id*. at 60-61.

[13] "A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services renderedin the case; or (3) disqualification of the lawyer would work substantial hardship on the client."

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S APPLICATION TO APPEAR PRO HAC VICE    Page 8**

> not abuse its discretion in refusing to permit McCullough to act as co counsel in this matter.

*Id.* at 4-5 (citing *U.S. v. Merlino*, 349 F.3d 144, 150-152 (3d Cir. 2003); *Hutchison v. Spanierman*, 190 F.3d 815, 828 (7th Cir. 1999)). And, for the reasons explained above, McCullough did not have a right to appear "in his personal capacity (i.e., pro se.). He is – and has been – represented by other counsel in the district court proceedings. A party has a right to represent himself or to be represented by an attorney, but he cannot have it both ways." *Id.* at 5.

18. Judge Mazzant recently denied two attorney-litigants permission to appear pro hac vice as co-counsel for the same reasons. In *Diamond Consortium, Inc. v. Manookian*, two attorneys (Mr. Manookian and Mr. Cummings), their law firm, another attorney, and that attorney's law firm were all defendants, and all were represented by counsel. Manookian and Cummings later entered notices of appearance pro hac vice, to which the plaintiffs filed objections. Citing *Long*, *McCullough*, ABA Model Rule 3.7, and Texas Rule of Disciplinary Conduct 3.08(a), Judge Mazzant held that "an applicant [for admission pro hac vice] may not appear before the Court to engage in hybrid representation. Manookian and Cummings are both represented by counsel. Manookian, Cummings, and their counsel may not act as co-counsel. Further, Manookian and Cummings are defendants in the case and will be necessary fact witnesses. Manookian and Cummings may not seek employment as advocates in the case knowing that they will be necessary to establish essential facts in the case." *Diamond Consortium, Inc. v. Manookian*, Civil Action No. 4:16-cv-00094-ALM, Dkt. No. 225 (E.D. Tex. May 31, 2017).

19. In summary, Plaintiff does not have a *right* to hybrid representation, and the fact that he is an attorney does not change that rule. To the contrary, precisely because Plaintiff is both an attorney and a necessary fact witness, any attempt by Plaintiff to appear as co-counsel

would violate the applicable rules of professional conduct, as courts within and outside of this District have consistently held. Throughout the course of this litigation, Plaintiff has repeatedly added or threatened to add other counsel, joined and then released other counsel, and (according to Mr. Kardell) contemplated separating or threatened to separate from Mr. Kardell, often leaving the decisions at issue in this case in a state of flux. Plaintiff's second attempt to appear as counsel of record is simply a continuation of that pattern. While Plaintiff may have the right to change counsel as often as he wants, he may not appear as counsel of record in this case and for so long as Mr. Kardell and/or Mr. Garber remain counsel of record for Plaintiff. The Court should deny Plaintiff's request to appear pro hac vice in this matter.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court sustain their objections; deny Plaintiff's application to appear pro hac vice as co-counsel in this matter; and grant all other relief, general or special, at law or in equity, to which Defendants may be justly entitled.

Respectfully submitted,

By: */s/ John M. Barcus*
GARY D. EISENSTAT
Texas State Bar No. 06503200
gary.eisenstat@ogletree.com
JOHN M. BARCUS
Texas State Bar No. 24036185
john.barcus@ogletree.com

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
Preston Commons West
8117 Preston Road, Suite 500
Dallas, Texas 75225
Telephone: (214) 987-3800
Fax: (214) 987-3927

*-and-*

Darby Vincent Doan
Randy Roeser
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, Texas 75503
Telephone: (903) 255-1000
Facsimile (903) 255-0800

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF CONFERENCE

On March 20, 2020, I conferred by telephone with Theodore Garber, one of counsel for Plaintiff, in the manner required under Local Rule 7(h) regarding the relief requested herein. After a good faith discussion, no agreement could be reached, and Mr. Garber informed me that Plaintiff is opposed to the relief requested herein.

                                                */s/ John M. Barcus*
                                                JOHN M. BARCUS

## CERTIFICATE OF SERVICE

The foregoing instrument was filed using the Court's CM/ECF system on March 20, 2020, which will transmit a copy to all counsel of record.

                                                */s/ John M. Barcus*
                                                JOHN M. BARCUS

42233739.1