**U.S. Department of Labor**  Occupational Safety & Health Administration
Baton Rouge Area Office
9100 Bluebonnet Centre Blvd, Suite 201
Baton Rouge, LA 70809
Phone: (225) 298-5458
Fax: (225) 298-5457

October 12, 2017

Steve Karell
Kardell Law Group
4514 Cole Ave. Suite 600
Dallas, TX 75205

Re: MoneyGram International Inc./Juan Lozada-Leoni/6-1730-17-219

Dear Mr. Kardell:

This is to advise you that we have completed our investigation of the above-referenced complaint filed by you on behalf of your client Juan Lozada-Leoni (Complainant) against MoneyGram International Inc., (Respondent) on September 28, 2017, under the Sarbanes-Oxley Act (SOX), 18 U.S.C.A. §1514A. In brief, you alleged Respondent terminated Complainant on/or about April 4, 2017, because of issues pertaining to non-compliance of money laundering issues.

Following an investigation by a duly-authorized Investigator, the Secretary of Labor, acting through his agent, the Acting Regional Administrator for the Occupational Safety and Health Administration (OSHA), Region VI, finds there is insufficient evidence to prove the complaint has merit.

### Secretary's Findings

On/or about Tuesday, April 4, 2017, Complainant alleged he was terminated from Respondent MoneyGram International Inc. because of non-compliance of money laundering issues. On September 28, 2017, Complainant's Attorney, Steve Kardell filed a complaint with the Secretary of Labor alleging Respondent retaliated against his client in violation of SOX. As this complaint was filed within the 180 days of the alleged adverse employment action, it is deemed timely.

Respondent is covered under the SOX because Respondent is a company within the meaning of 18 U.S.C. §1514A in that the company is required to file reports under Section 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. §78o(d)). Complainant is covered under the SOX because Complainant is an employee within the meaning of 18 U.S.C. §1514A.

Complainant did not present a prima facie showing.[1]

---

[1] § 1980.104(b)(2), and as directed by statute, OSHA will not investigate where a complainant has failed to make a prima facie showing that the protected behavior was a contributing factor in the unfavorable personnel action alleged.

Therefore, OSHA does not have reasonable cause to believe a violation of (SOX) occurred. Consequently, this complaint is dismissed.

Complainant has 30 days from the receipt of these Findings to file objections and to request a hearing before an Administrative Law Judge (ALJ). If no objections are filed, these Findings will become final and not subject to court review. Objections must be filed in writing with:

Chief Administrative Law Judge
Office of Administrative Law Judges
U.S. Department of Labor
800 K Street NW
Suite 400 North
Washington, D.C. 20001-8002
Telephone: (202) 693-7300
Fax: (202) 693-7365

With copies to:

Juan Lozada-Leoni
5800 Brodie Lane Apt. 836
Austin, TX 78745

MoneyGram International
2828 N. Harwood Street #15
Dallas, TX 75201

Regional Administrator
U.S. Department of Labor-OSHA
525 Griffin Street
Room 602
Dallas, TX 75202

In addition, please be advised that the U.S. Department of Labor generally does not represent any party in the hearing; rather, each party presents his or her own case. The hearing is an adversarial proceeding before an Administrative Law Judge (ALJ) in which the parties are allowed an opportunity to present their evidence *de novo* for the record. The ALJ who conducts the hearing will issue a decision based on the evidence, arguments, and testimony presented by the parties. Review of the ALJ's decision may be sought from the Administrative Review Board, to which the Secretary of Labor has delegated responsibility for issuing final agency decisions under the (SOX). A copy of this letter has been sent to the Chief Administrative Law Judge along with a copy of your complaint.

Sincerely,

*Fisher*

Angela B. Fisher
Regional Supervisory Investigator

Whistleblower Protection Program

cc: Chief Administrative Law Judge/SEC





