# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **JUAN LOZADA-LEONI,** | § |
| Plaintiff, | § |
| v. | § Civil Action No. 4:20-CV-00068-RWS-CMC |
| **MONEYGRAM INTERNATIONAL, INC.,** | § |
| **and MONEYGRAM PAYMENT** | § |
| **SYSTEMS, INC.,** | § |
| Defendants. | § |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S OBJECTIONS TO PLAINTIFF'S APPLICATION TO APPEAR PRO HAC VICE

It would be perfectly appropriate and just to allow Mr. Lozada to act as lead counsel on his own case. He is an experienced trial attorney with significant knowledge about the relevant facts of this case. Mr. Lozada did not find himself in this position by choice, he was placed in this position by the unexpected departure of Mr. Bob Webber, the only experienced trial attorney on his team. Mr. Kardell, the prior counsel for Mr. Lozada did not have the trial experience to properly manage this litigation and was removed by Mr. Lozada after it became clear Mr. Kardell did not have the experience and expertise in handling this type of litigation without the assistance of Mr. Webber.

In *United States v. Kimmel*, the United States Court of Appeals for the Ninth Circuit stated that "the district court has the authority to allow, if the accused desires, a hybrid form of representation in which the accused assumes some of the lawyer's functions as Kimmel did." See, e.g., *United States v. Halbert*, 640 F.2d 1000, 1009 (9th Cir. 1981). *United States v. Kimmel*, 672 F.2d 720 (9th Cir. 1982). In *United States v. Halbert*, the United States Court of Appeals for the Ninth Circuit again stated, "Whether to allow hybrid representation remains within the sound discretion of the trial judge. *United States v. Daniels*, 572 F.2d at 540; *United States v. Wilson*, 556 F.2d 1177, 1178 (4th Cir.), cert. denied, 434 U.S. 986, 98 S.Ct. 614, 54 L.Ed.2d 481 (1977); *United States v. Pinkey*, 548 F.2d 305, 310 (10th Cir. 1977); *United States v. Bennett*, 539 F.2d 45, 49 (10th Cir.), cert. denied, 429 U.S. 925, 97 S.Ct. 327, 50 L.Ed.2d 293 (1976). *United States v. Halbert*, 640 F.2d 1000, 1009 (9th Cir. 1981).

This lawsuit began when Plaintiff Juan Lozada – Leoni (hereafter "Mr. Lozada") filed a SOX whistleblower complaint. In this case, the trial judge should allow Mr. Lozada to represent himself and have the benefit of an attorney because Mr. Lozada knows the facts of the case better than any attorney he could possibly hire, and Mr. Lozada was forced to make a last minute change to his trial team after Bob Webber withdrew from the case unexpectedly. Despite Mr. Lozada's best efforts, he has not been able to find a suitable replacement for Mr. Webber. Instead, Mr. Lozada has asked Mr. Garber, one of the associate attorneys at the Law Office of Juan Antonio Lozada, PLLC, Mr. Lozada's own firm, to serve as associate counsel. Mr. Garber is a competent attorney but he is not an experienced trial attorney like Mr. Webber was. Mr. Kardell, the previous lead counsel in this case, has very little experience litigating complex cases in federal court and was not apt to properly manage the litigation of this case. At this time, Mr. Lozada is the best person to present the facts of this case to the jury during trial, he will continue

to look for a lead counsel but in order to prevent wasting valuable time and resources, he is willing to act in that role if he is unable to find a replacement to Mr. Webber who is willing to come into the case so late into the litigation.

Admittedly, Mr. Lozada could proceed pro-se, however it would be unfair to force Mr. Lozada to only have the benefit of a single attorney while the defendant is able to use a team of attorneys from one of the largest law firms in the United States. Hybrid representation would allow Mr. Lozada to efficiently present the facts of this case while allowing Mr. Garber to assist him with the preparation and prosecution of the case. Rule 3.08 of the Texas Disciplinary Rules of Professional Conduct provides that a "lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer may be a witness necessary to establish as essential fact on behalf of the lawyer's client, unless . . . the lawyer is a party to the action and is appearing pro se[.]" (https://www.legalethicstexas.com/Ethics-Resources/Rules/Texas-Disciplinary-Rules-of-Professional-Conduct/III--ADVOCATE/3-08-Lawyer-as-Witness). Rule 3.08 is saying that a lawyer can represent himself.

Opponents of hybrid representation argue that hybrid representation will confuse the jury but that analysis should be made on a case by case basis and that would not be a risk in this case. The jury will have a chance to witness attorneys zealously arguing their respective positions in this case. Mr. Garber will provide significant assistance to Mr. Lozada during his testimony by asking questions on direct examination and ensuring that the jury understands that Mr. Lozada is appearing as a witness at that portion of the trial. Denying Mr. Lozada the opportunity to assist in the prosecution of his own case would not be equitable under the circumstances. The goal of the trial is to establish whether or not the Defendants violated 18 U.S. Code § 1514A. Allowing Mr.

Lozada to take depositions, carry out discovery and ask cross examination questions at trial will benefit the jury because he is an experienced trial attorney with significant knowledge of the relevant facts in this case and at this late stage, it would be difficult to find a replacement for Mr. Webber.

## CONCLUSION

For the above reasons, Plaintiff respectfully urges the Court to allow Mr. Lozada to appear pro hac vice in this matter.

Respectfully submitted,

The Law Office of Juan Antonio Lozada, PLLC

By: /s/ Theodore Garber

Theodore Garber

Texas State Bar Number: 24107171

The Law Office of Juan Antonio Lozada

3305 West Slaughter Lane, Second Floor

Austin, Texas 78748

Phone: 469-693-8334

Email: tgarber@txcivillitigation.com

Attorney for Plaintiff

CERTIFICATE OF CONFERENCE

On March 20, 2020, Mr. Garber conferred by telephone with Mr. Barcus, one of counsel for the Defendants, in the manner required under Local Rule 7(h) regarding the relief requested herein. After a good faith discussion, no agreement could be reached, and Mr. Barcus informed me that Defendants are opposed to the relief requested herein.

*/s/ Theodore Garber*

Theodore Garber

CERTIFICATE OF SERVICE

The foregoing instrument was filed using the Court's CM/ECF system on April 6, 2020, which will transmit a copy to all counsel of record.

*/s/ Theodore Garber*

Theodore Garber