UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JUAN LOZADA-LEONI, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | Civil Action No. 4:20-cv-00068-RWS-CMC |
| MONEYGRAM INTERNATIONAL, INC., § | |
| and MONEYGRAM PAYMENT SYSTEMS, § | |
| INC., § | |
| § | |
| Defendants. § | |

## DEFENDANTS' REPLY IN SUPPORT OF OBJECTIONS TO PLAINTIFF'S APPLICATION TO APPEAR PRO HAC VICE

Defendants MoneyGram International, Inc. ("MGI") and MoneyGram Payment Systems, Inc. ("MPSI") file their Reply in Support of their Objections to Plaintiff's Application to Appear Pro Hac Vice ("Objections") and state:

1. Plaintiff Juan Lozada-Leoni ("Plaintiff"), who is also an attorney, filed his Application to Appear Pro Hac Vice (Dkt. No. 60) on March 11, 2020 ("Application"). At the time he was represented in the lawsuit by lead counsel Steve Kardell ("Kardell") and by Theodore Garber ("Garber"), an associate in the Law Office of Juan Antonio Lozada, *i.e.*, Plaintiff's law firm. That remains true today. From March 20, 2019, until the Court granted his Motion to Withdraw on March 2, 2020, attorney Robert Weber and the law firm of Smith Weber, L.L.P. also represented Plaintiff.

2. Defendants filed their Objections to the Application (Dkt. No. 61) on March 20, 2020. In the Objections, Defendants directed the Court to long-standing authority for the proposition "that a party in a civil action may appear either pro se or through counsel . . . but that he has no absolute right to do both in the absence of express statutory or constitutional provision.'"67 A.L.R.2d 1102, at § 1 (originally published 1959). There is "no constitutional

right to hybrid representations whereby the defendant and his attorney act as co-counsel." *U.S. v. Long*, 597 F.3d 720, 724 (5th Cir. 2010). The fact that Plaintiff is an attorney does not create an exception. *See, e.g.*, *Schumm v. State*, 866 N.E.2d 781, 797 (Ind. Ct. App. 2007), *opinion corrected on reh'g on oth. gr.*, 868 N.E.2d 1202 (Ind. Ct. App. 2007); *Frank M. McDermott, Ltd. v. Moretz*, 898 F.2d 418, 422 (4th Cir. 1990); *Haefner v. County of Lancaster, Pa.*, 165 F.R.D. 58, 60 (E.D. Va. 1996).

3. Defendants also directed the Court's attention to the fact that permitting Plaintiff to act as *both* co-counsel *and* Plaintiff would be to condone a direct violation of Rule 3.08 of the Texas Disciplinary Rules of Professional Conduct, which provides that a "lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer may be a witness necessary to establish an essential fact on behalf of the lawyer's client, unless . . . the lawyer is a party to the action and is appearing pro se[.]" Judge Mazzant recently denied two attorney-litigants' request to appear pro hac vice alongside retained counsel for exactly this reason. *Diamond Consortium, Inc. v. Manookian*, Civil Action No. 4:16-cv-00094-ALM, Dkt. No. 225 (E.D. Tex. May 31, 2017) (citing, *inter alia*, *McCullough v. Velez*, 364 F.3d 1, 4-5 (1st Cir. 2004)).

4. Plaintiff's Application is his second request to be both Plaintiff and appear as counsel in this case. The first was unsuccessful. Kardell represented Plaintiff throughout the administrative stage. Plaintiff nevertheless sought permission to take certain out-of-state depositions in Kardell's place. Judge Daly denied that request, finding that none of Plaintiff's "proffered justifications rise to a level warranting Complainant to personally take depositions of witness and act as his own attorney during the discovery process. Allowing Complainant to

personally take depositions, while at the same time remain represented by counsel, would likely result in easily avoidable challenges and unnecessary interference with an orderly discovery process." *See* Exhibit 1.[1]

5. Plaintiff retained attorney Ahmed Davut – then an associate in Plaintiff's law firm – to take those depositions. When Plaintiff removed the case to this Court, Kardell was Plaintiff's only counsel of record until he retained Weber and then Garber, all before Plaintiff filed his Application. Weber then withdrew, in what he *represented at the time* to be an unopposed withdrawal occasioned by a conflicting engagement on the date the case is set for trial, but which Plaintiff now claims was over his objections[2]. *See* Plaintiff's Motion to Amend the Docket Control Order (Dkt. No. 69) at ¶ 4.

6. Subsequent to the filing of the Objections, Kardell filed a motion to withdraw, which Defendants did not oppose, except to the extent Plaintiff planned to use Kardell's withdrawal as grounds for delaying the trial or extending any pretrial deadlines. The day after filing his motion to withdraw, Kardell moved to *stay* his motion to withdraw, ostensibly so that he could respond to certain inaccurate (and seemingly disparaging) statements made about him in Plaintiff's Response in Opposition to Defendant's Objections to Plaintiff's Application to Appear Pro Hac Vice ("Response") (Dkt. No. 72), filed the same day Kardell filed his motion to withdraw!

7. In the Response, Plaintiff paints himself as the victim of circumstances beyond his control – that he "was placed in this position by the unexpected departure of Mr. Bob Webber [*sic*], the only experienced trial attorney on his team." [Dkt. No. 72 at p. 1.] He alleges that it "became clear" after Weber's withdrawal that Kardell "did not have the trial experience and

---

[1] October 16, 2018, Ruling on Complainant's Motion to Substitute Complainant as Counsel.
[2] Plaintiff did not file any objections to Weber's unopposed motion to withdraw or otherwise state the basis for his objection to it.

expertise in handling this type of litigation without the assistance of Mr. Webber [*sic*]." [*Id.*] Plaintiff, a self-proclaimed "experienced trial attorney," has had nearly three years to evaluate Kardell's ability to represent him in this dispute, and Defendants note Kardell's claimed deep experience in this area of law, as chronicled on his website (www.dallaswhistleblowerlawyer.com). Plaintiff claims Garber is "competent" but that he is "not an experienced trial attorney like Mr. Webber [*sic*] was." [*Id.* at p. 2.] Regardless of whether Plaintiff's dissatisfaction with his choice of counsel is genuine, it is not a basis on which to permit hybrid representation in violation of the relevant disciplinary rules. Were that the case, the exception would swallow the rule, and a plaintiff-attorney would need only voice displeasure with counsel to circumvent the disciplinary rule and obtain "hybrid" status. No case has so held.

8. Seemingly acknowledging this, Plaintiff notes that "admittedly," he "could proceed pro-se," but claims that this would be "unfair," because Defendants are represented by a "team of attorneys from one of the largest law firms in the United States." [*Id.* at p. 3.] Again, Plaintiff's choice of counsel is his, and his alone. If Plaintiff desired to be represented by a large law firm, he should have hired one to combat the perceived "unfairness," and he still could. Instead, he wants the Court to permit hybrid representation, which "would allow Mr. Lozada to efficiently present the facts of this case while allowing Mr. Garber to assist him with the preparation and prosecution of the case." [*Id.*] This argument is misplaced. There is no doubt that Plaintiff has "significant knowledge of the relevant facts in this case." [*Id.* at p. 4.] That is presumably true of all plaintiffs in his situation. Plaintiff is thus fully capable of providing assistance to Garber – and to any other attorney he chooses to hire – in preparing for and conducting the trial of this matter. Plaintiff does not need to appear as counsel to provide this assistance or control trial strategy. He will be with his trial counsel the whole time.

9. Plaintiff relies solely on a line of 40-year-old cases from other circuits to support his argument that the Court has discretion to permit the type of hybrid representation he desires. Each of these cases involves a ***criminal defendant*** asking for permission to participate in his own defense (sometimes granted, sometimes denied). None of the criminal defendants were attorneys, at least as far as the opinions reveal. Plaintiff has not directed the Court to any authority standing for the proposition that an attorney, as the plaintiff in civil litigation, has the "right" to hybrid representation, or even to any cases in which a district court has exercised whatever discretion it may have to *permit* hybrid representation by an attorney-plaintiff and retained counsel.

10. Plaintiff has not attempted to rebut the authority cited in the Objections. Regarding Rule 3.08, he says only that "Rule 3.08 is saying that a lawyer can represent himself." True enough. However, to avoid violating his ethical duties, an attorney who wishes to represent himself must first decide to go it alone. If Kardell is permitted to withdraw, and if Plaintiff elects to terminate Garber and not replace either of them with a another law firm, large or small, Defendants concede that then, and only then, must the Court permit Plaintiff to proceed *pro se*. Unless and until all of that occurs, though, the Court should sustain the Objections and deny Plaintiff's Application or to engage in "hybrid representation" of himself in this matter, whether in conducting discovery or participating at trial.

## **RELIEF REQUESTED**

For the foregoing reasons and as set forth more fully in the Objections, Defendants respectfully request that the Court sustain their objections, deny Plaintiff's Application, and grant all other relief, general or special, at law or in equity, to which Defendants may be justly entitled.

Respectfully submitted,

By: */s/ John M. Barcus*
Gar D. Eisenstat
Texas State Bar No.  06503200
gary.eisenstat@ogletree.com
John M. Barcus
Texas State Bar No.  24036185
john.barcus@ogletree.com

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
Preston Commons West
8117 Preston Road, Suite 500
Dallas, Texas  75225
Telephone:  (214) 987-3800
Fax:  (214) 987-3927

*-and-*

Darby Vincent Doan
Randy Roeser
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, Texas 75503
Telephone:  (903) 255-1000
Facsimile (903) 255-0800

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

The foregoing instrument was filed using the Court's CM/ECF system on April 14, 2020, which will transmit a copy to all counsel of record.

*/s/ John M. Barcus*
John M. Barcus