# EXHIBIT 1

U.S. Department of Labor

Office of Administrative Law Judges
5100 Village Walk, Suite 200
Covington, LA 70433

(985) 809-5173
(985) 893-7351 (Fax)

Issue Date: 16 October 2018

Case No.: 2018-SOX-00004

In the Matter of:

JUAN LOZADA-LEONI
    Claimant

v.

MONEY GRAM INTERNATIONAL, INC.
    Respondent

## RULING ON COMPLAINANT'S MOTION TO SUBSTITUTE COMPLAINANT AS COUNSEL

    1. **Nature of Motion.** Pursuant to 29 C.F.R. § 18.33, Complainant, through counsel, filed a motion seeking an Order permitting Complainant to personally take a deposition of a witness in this case in the place of Complainant's attorney of record.

    2. **Findings of Fact and Procedural History.**

        a. On January 11, 2018, the undersigned issued a Notice of Case Assignment and Prehearing Order. This claim is currently scheduled for hearing on January 16-17, 2019 in Dallas, Texas.

        b. On October 9, 2018, Complainant filed a "Motion to Substitute Complainant as Counsel for Depositions." In support of the motion, Complainant stated his counsel, Mr. Steve Kardell, was required to reschedule a surgical procedure to October 22, 2018. In an effort to "help out with the deposition schedules," Complainant moves for an Order permitting himself to personally take the deposition of Mr. Juan Manuel Gonzales, who is identified by Complainant as a key witness. Complainant himself is also an attorney.

        c. On October 9, 2018, Respondent filed a reply in opposition to Complainant's motion.

    3. **Applicable Law and Analysis.**

    The issue before the undersigned is whether Complainant, who is represented by counsel in this matter, should be permitted to take a deposition of a key witness without the assistance or presence of his attorney of record. Although neither party cited any authority from the Administrative Review Board (ARB) on this specific issue, federal and states courts are "in

substantial agreement with the general proposition that a party in a civil action may appear either pro se or through counsel . . . but that he has no absolute right to do both in the absence of any express statutory or constitutional provision." 67 A.L.R.2d 1102, at § 1 (originally published 1959). "The cases wherein the question has been directly raised generally agree that a litigant in a civil action who appears pro se cannot at the same time insist upon being represented by counsel and that to hold otherwise would interfere with the orderly procedure of a trial." *Id.* § 2. "A party seeking to assert his statutory right to self-representation must clearly and unequivocally discharge any lawyer previously retained. A party does not have a right to self-representation and representation by counsel at the same time." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (citations omitted).

Complainant argues he should be permitted to personally take at least one deposition himself because his counsel of record is scheduled to have a surgical procedure near the discovery completion deadline, because Complainant himself is a licensed attorney in the state of Texas, and to reduce expenses. However, none of these proffered justifications rise to a level warranting Complainant to personally take depositions of witnesses and act as his own attorney during the discovery process. Allowing Complainant to personally take depositions, while at the same time remain represented by counsel, would likely result in easily avoidable challenges and unnecessarily interference with an orderly discovery process.

4. **Ruling.**

    a. Complainant's Motion to Substitute Complainant as Counsel is DENIED.

    b. Complainant is not permitted to take a deposition of any witness in this matter while represented by counsel.

**SO ORDERED.**



Digitally signed by Tracy A. Daly
DN: CN=Tracy A. Daly,
OU=Administrative Law Judge, O=US
DOL Office of Administrative Law
Judges, L=Covington, S=LA, C=US
Location: Covington LA

**TRACY A. DALY**
**ADMINISTRATIVE LAW JUDGE**

# SERVICE SHEET

Case Name: LOZADA-LEONI_JUAN_v_MONEYGRAM_INTERNATIO_

Case Number: **2018SOX00004**

Document Title: **RULING ON COMPLAINANT'S MOTION TO SUBSTITUTE COMPLAINANT AS COUNSEL**

I hereby certify that a copy of the above-referenced document was sent to the following this 16th day of October, 2018:



Digitally signed by ANGELA JOHNSON
DN: CN=ANGELA JOHNSON, OU=LEGAL ASSISTANT, O=US DOL Office of Administrative Law Judges, L=Covington, S=LA, C=US
Location: Covington LA

**ANGELA JOHNSON**
**LEGAL ASSISTANT**

Director
Directorate of Whistleblower Protection Programs
U S Department of Labor, OSHA
Room N 4618 FPB
200 CONSTITUTION AVE NW
WASHINGTON DC 20210
{Hard Copy - Regular Mail}

Associate Solicitor
Division of Fair Labor Standards
U. S. Department of Labor
Room N-2716, FPB
200 Constitution Ave., N.W.
WASHINGTON DC 20210
{Hard Copy - Regular Mail}

Regional Administrator
Region 6
U. S. Department of Labor, OSHA
Room 602
525 Griffin Street
DALLAS TX 75202
{Hard Copy - Regular Mail}

Regional Solicitor
U. S. Department of Labor
Suite 501
525 South Griffin Street
DALLAS TX 75202
{Hard Copy - Regular Mail}

MoneyGram International
Elizabeth Weathers-Nguyen, Esq.
2828 N. Harwood Street #15
DALLAS TX 75201
{Hard Copy - Regular Mail}

Juan Lozada Leoni
5800 Brodie Lane Apt. 836
AUSTIN TX 78745
{Hard Copy - Regular Mail}

Steve Karell, Esq.
Kardell Law Group
4514 Cole Avenue
DALLAS TX 75205
{Hard Copy - Regular Mail}

**SERVICE SHEET** continued (2018SOX00004 Order)     Page: 2

John M Barcus, Esq.
Ogletree Deakins
8117 Preston Road, Ste. 500
DALLAS TX 75225
 *{Hard Copy - Regular Mail}*