IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JUAN LOZADA-LEONI, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | Civil Action No. 4:20-cv-00068-RWS-CMC |
| MONEYGRAM INTERNATIONAL, INC., and § | |
| MONEYGRAM PAYMENT SYSTEMS, INC. § | |
| § | |
| Defendants. § | |

## MONEYGRAM INTERNATIONAL, INC.'S MOTION
## FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT

Defendant MoneyGram International, Inc. ("MGI") files this Motion for Summary Judgment and Brief in Support ("Motion") and states:

### STATEMENT OF THE ISSUE TO BE DECIDED

1. This is a SOX whistleblower lawsuit brought by Plaintiff Juan Lozada-Leoni ("Plaintiff") against his former employer, MoneyGram Payment Systems, Inc. ("MPSI") and its parent company, MGI. The case has been pending, first before OSHA, then the Department of Labor, and now in this Court, since 2017. The procedural history is complex, and has been set forth in detail in prior briefing. However, the sole question presented by this Motion is simple: may Plaintiff seek relief against MGI under the Sarbanes-Oxley Act despite the fact that he was not employed by MGI? The Supreme Court has answered this question directly; he may not. Because the undisputed evidence establishes that Plaintiff was employed by – and *only* by – MPSI, and alternatively because Plaintiff has no evidence that MGI ever employed him, the Court should grant the Motion and dismiss Plaintiff's claim against MGI with prejudice.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

2.  Plaintiff began working for MPSI in October 2016. [Exh. 1(Dkt. No. 21 ¶¶ 4, 24).][1] MPSI is, and has been at all relevant times, a privately held subsidiary of MGI. [*Id.* ¶¶ 5-6.] MPSI was Plaintiff's employer at all times. [Exh. 2 (Dkt. No. 20 at p. 1).][2] Plaintiff worked for MPSI for approximately six months before it terminated his employment. [Exh. 3 (Dkt. No. 19 at p. 4).][3] MPSI sent Plaintiff his offer letter of employment, which he received and accepted in 2016. [Exh. 4 (Weathers Declaration ¶ 4 and its Exh. 1).][4] Plaintiff testified about his understanding that MPSI was his employer:

> Q: Okay. And, sir, my name is John Barcus, I'm with the Ogletree Deakins Law Firm and I represent MoneyGram Payment Systems, Incorporated. Do you understand that?
>
> A: I do.
>
> Q: And if I refer in this deposition simply to "MoneyGram," do you understand that I mean the entity that was your former employer, MoneyGram Payment Systems, Incorporated?
>
> A: I do.

[Exh. 5 (Lozada Dep. 4:10 – 5:1).][5] Plaintiff has never been employed by MGI. [Ex. 4 (Weathers Declaration ¶ 5).]

3.  Plaintiff has alleged that, during the course of his employment with MPSI, he complained about what he believed were alleged improprieties in MGI's business operations. [Exh. 1 (Dkt. No. 21 ¶¶ 54-61).] In particular, he alleges that he complained to Christopher Ponder

---

[1] Relevant excerpts from Plaintiff's Second Amended Complaint (Dkt. No. 21) are attached hereto as Exhibit 1.
[2] Relevant excerpts from Plaintiff's Unopposed Motion for Leave to File a Second Amended Complaint "to add MPSI as a Defendant in this matter" are attached hereto as Exhibit 2.
[3] Relevant excerpts from Plaintiff's Response in Opposition to All Defendants' Jurisdictional Motions are attached hereto as Exhibit 3.
[4] The Declaration of Elizabeth Weathers-Nguyen, previously filed as Exhibit 1 to Defendant MoneyGram International, Inc.'s Motion to Dismiss for Improper Venue, or Alternatively, Motion to Transfer Venue, and Brief in Support (Dkt. No. 5), is attached hereto as Exhibit 4.
[5] Excerpts from the May 23, 2018, deposition testimony of Plaintiff are attached hereto as Exhibit 5.

("Ponder") and Juan Manuel Gonzalez ("Gonzalez"). [*Id.* ¶ 54 (Ponder), 55 (Gonzalez).] Gonzalez was Plaintiff's supervisor. [*Id.* ¶ 27.] Gonzalez is the individual who decided to terminate Plaintiff's employment, though he partnered with his H.R. business partner (*i.e.*, Ponder) in that decision. [Exh. 6 (Gonzalez 89:9 – 90:14).][6] MPSI also employed Ponder and Gonzalez, and neither Ponder nor Gonzalez has ever been employed by MGI. [Exh. 4 (Weathers Declaration ¶ 5); Exh. 6 (Gonzalez 6:4-10).]

## ARGUMENT AND AUTHORITY

4. Plaintiff has alleged a single cause of action against both Defendants for "Retaliation in Violation of the Sarbanes-Oxley Act – 18 USC § 1514A." [Dkt. No. 21 ¶¶ 88-90.] The question presented in this Motion is simple: may MGI be held liable under SOX despite the fact that Plaintiff was employed by MPSI and the decision to terminate his employment with MPSI was made by MPSI? The answer, plainly, is no, and the Court should grant the Motion and dismiss Plaintiff's claims against MGI.[7]

**A.   Summary Judgment Standard.**

5. The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty*

---

[6] Excerpts from the January 22, 2019, deposition testimony of Gonzalez are attached hereto as Exhibit 6.

[7] This would leave Plaintiff's claims against MPSI for trial. As the Court is aware from prior motion practice, MPSI contends that Plaintiff's claims against it fail because he failed to exhaust his administrative remedies. The Court denied MPSI's Rule 12(b)(1) and 12(b)(6) motions on that argument. MPSI reserves and does not waive its right to present the "failure to exhaust" defense at trial.

*Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

6. The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, courts require "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)).

**B.** **Plaintiff must prove that MGI employed him.**

7. To make out a claim under Section 1514A, Lozada must prove each of the following elements: (1) he engaged in protected whistleblowing activity; (2) *his employer* knew

that he engaged in the protected activity; (3) he suffered an adverse action; and (4) the protected activity was a contributing factor in the adverse action. *Halliburton, Inc. v. Administrative Review Bd.*, 771 F.3d 254, 259 (5th Cir. 2014). *See, e.g.*, *Wallace v. Andeavor Corp.*, 916 F.3d 432, 426-427 (5th Cir. 2019); *Paul v. Cisco Sys., Inc.*, No. 4:17-cv-00599, 2018 WL 1386863, at *2 (E.D. Tex. Feb. 26, 2018).

8. As the Fifth Circuit has explained, the "legal burdens of proof" set forth in the Aviation Investment and Reform Act "govern SOX whistleblower protections." *Allen v. Admin. Review Bd.*, 514 F.3d 468, 475 (5th Cir. 2008). That Act requires an affected employee to make a *prima facie* showing that his protected activity "was a contributing factor in the unfavorable personnel action alleged in the complaint" before the Department of Labor will even open an investigation. 42 U.S.C. § 42121(b)(2)(B)(i). If the complainant does so, no investigation "shall be conducted if **the employer** demonstrates, by clear and convincing evidence, that **the employer** would have taken the same unfavorable personnel action in the absence of that behavior." *Id.* § 42121(b)(2)(B)(ii) (emphasis supplied). Simply put, SOX affords relief to employees who engage in certain protected activity and then are retaliated against *by their employer*. MGI was not, and has never been, Plaintiff's employer. May he still maintain a cause of action against MGI under SOX?

C. **MGI is entitled to summary judgment because it was not Plaintiff's employer.**

9. The Supreme Court has provided all the guidance necessary to answer this question. In *Lawson v. FMR LLC*, the Court held that "the prohibited retaliatory measures enumerated in § 1514A(a) – discharge, demotion, suspension, threats, harassment, or discrimination in the terms and conditions of employment – are commonly actions an employer takes against its *own* employees." *Lawson*, 571 U.S. 429, 441 (2014) (emphasis original). That is, "**Congress presumed**

*an employer-employee relationship between the retaliator and the whistleblower.*" *Id.* at 442 (emphasis supplied). "Employees gain protection for furnishing information to a federal agency, Congress, or 'a person with supervisory authority over *the employee* (or such other person working for *the employer* who has the authority to investigate, discover, or terminate misconduct.'" *Id.* (emphasis original).

10. At the time of the wrongful acts at issue in *Lawson*, Section 1514A expressly barred public companies, or "any employee, contractor, subcontractor, or agent of such company" from retaliating against an employee for engaging in whistleblowing activity. 18 U.S.C. § 1514A(a) (2006 ed.). The question before the Court was whether a contractor to a public company was barred from retaliating against its own employees, or was somehow only barred from retaliating against "an employee" *of the public company*. The Court found the latter interpretation, urged by a contractor who was alleged to have retaliated against its own employee, to be inconsistent with "the text of the statute and with common sense." *Id.* at 443. "The most sensible reading of § 1514A's numerous references to an employer-employee relationship between the respondent and the claimant is that the provision's protections run between contractors and their own employees." *Id.*

11. Subsequent to the events at issue in *Lawson*, but well before the Court issued its opinion, the Dodd-Frank amendments made clear that the whistleblower protections in SOX extend to subsidiaries of publicly-traded companies. As the Court noted, Section 1514A(a) now reads as follows:

> No company with a class of securities registered under section 12 of the Securities Exchange Act of 1934 (15 U.S.C. 78*l*), or that is required to file reports under [section 12] of the [1934 Act] (15 U.S.C. § 78*o* (d)) *including any subsidiary or affiliate whose financial information is included in the consolidated financial statements of such company, or nationally recognized statistical rating organization (as defined in section 3(a) of the [1934 Act] [15 U.S.C. 78c)*, or any

> officer, employee, contractor, subcontractor, or agent of such company *or nationally recognized statistical rating organization*, may discharge, demote, suspend, threaten, harass, or in any other manner discriminate against an employee in the terms and conditions of employment because of any [protected activity].

*Lawson*, 571 U.S. at 455 (quoting 18 U.S.C. § 1514A(a)) (alterations and emphasis by the Court). The Court found that the amendment provided "nothing useful" to its determination of the question presented. It is, however, dispositive of Plaintiff's previously-articulated "joint employer" argument.

12. Prior to the Dodd-Frank amendments, courts were divided on the question of whether the SOX whistleblower rules applied to privately-held subsidiaries of publicly traded companies. Some courts, presuming Congressional intent, fashioned a "joint employer" work-around to allow employees of subsidiaries to obtain any relief at all, and it is in the context of these outdated cases that Plaintiff contends he "can proceed with a SOX claim against a public company even though he was employed by its privately-held subsidiary." [Dkt. No. 32 at p. 8.] The Dodd-Frank amendments make clear that a subsidiary of a publicly-traded company is susceptible to suit under SOX if it wrongfully retaliates against its employee. Neither MGI nor MPSI disputes that MPSI, as Plaintiff's actual employer, is susceptible to suit (although it denies all of Plaintiff's claims). The Court's guidance in *Lawson* makes equally clear that ***only*** MPSI is susceptible to suit, because no employer-employee relationship ever existed between Plaintiff and MGI. The undisputed evidence and judicial admissions establish that MPSI both employed and terminated Plaintiff, and that he never had any employment relationship with MGI, affirmatively negating an essential element of Plaintiff's claim. Alternatively, Plaintiff has no evidence that MGI ever employed him. The Court should therefore grant the Motion and enter judgment in favor of MGI on Plaintiff's sole cause of action against it.

## RELIEF REQUESTED

For the foregoing reasons, MGI respectfully requests that the Court grant the Motion; enter a take-nothing judgment for MGI and against Plaintiff on Plaintiff's claims, causes of action, and requests for relief alleged against MGI, dismissing the same with prejudice; award MGI its reasonable and necessary attorneys' fees and costs of Court; and grant all other relief, general or special, at law or in equity, to which MGI may be justly entitled.

Respectfully submitted,

By:    */s/ John M. Barcus*
    Gary D. Eisenstat
    Texas State Bar No. 06503200
    gary.eisenstat@ogletree.com
    John M. Barcus
    Texas State Bar No. 24036185
    john.barcus@ogletree.com
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
Preston Commons West
8117 Preston Road, Suite 500
Dallas, Texas 75225
Telephone: (214) 987-3800
Facsimile: (214) 987-3927

    *-and-*

Darby Vincent Doan
ddoan@haltomdoan.com
Randy Roeser
rroeser@haltomdoan.com
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, Texas 75503
Telephone: (903) 255-1000
Facsimile: (903) 255-0800

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The foregoing instrument was filed using the Court's CM/ECF system on April 14, 2020, which will transmit a copy to all counsel of record.

                                                                                            */s/ John M. Barcus*  
                                                                                            John M. Barcus