IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JUAN LOZADA-LEONI § | |
| § | |
| V. § | No. 4:20CV68-RWS-CMC |
| § | |
| MONEYGRAM INTERNATIONAL, § | |
| INC. and MONEYGRAM PAYMENT § | |
| SYSTEMS, INC. § | |

**ORDER**

The above-referenced case was referred to the undersigned United States Magistrate Judge in accordance with 28 U.S.C. § 636. The following is pending before the Court:

**Defendants' Objections to Plaintiff's Application to Appear Pro Hac Vice (Docket Entry # 61).**

The Court, having considered the relevant briefing, is of the opinion the objections should be **SUSTAINED**.

**I. BACKGROUND**

This suit concerns the federal Sarbanes-Oxley Act of 2002 ("SOX"), "which protects those who blow the whistle on their employer's failure to comply with Securities and Exchange Commission reporting requirements." *Wallace v. Andeavor Corp.*, 916 F.3d 423, 425 (5th Cir.), *cert. denied*, 140 S. Ct. 206 (2019). A complaint was originally filed by attorney Steve Kardell on behalf of Plaintiff Juan Lozada-Leoni ("Plaintiff") against MoneyGram International, Inc. ("MGI") in September 2017. Docket Entry # 61, Ex. 1.[1] The Department of Labor investigated Plaintiff's complaint and issued a determination on October 12, 2017, finding there "is insufficient evidence

---

[1] Exhibit 1 is a September 28, 2017, letter from attorney Steve Kardell, representing Plaintiff, to the Occupational Safety and Health Administration ("OSHA") Regional Administrator, asserting a formal complaint under Section 006 of the Sarbanes-Oxley Act of 2002.

to prove the complaint has merit." Docket Entry # 61, Ex. 2.

As was his right, Plaintiff elected to appeal the Department of Labor's adverse determination and sought review in an administrative proceeding styled *Juan Lozada-Leoni v. MoneyGram International*, Case No. 2018-SOX-00004, before the United States Department of Labor and Administrative Law Judge Tracy R. Daly. Docket Entry # 61, Ex. 3. Mr. Kardell also filed Plaintiff's original complaint in the administrative proceeding as counsel for Plaintiff. *Id.* at p. 22. Prior to the final hearing before Judge Daly, Plaintiff elected to remove the dispute from the administrative stage by filing the above-styled lawsuit on January 23, 2019. Mr. Kardell was the only attorney listed on the pleadings.[2] Docket Entry # 1 at pp. 5-6.

In his original complaint and First Amended Complaint, Plaintiff sued MGI, as well as Juan Manuel Gonzalez ("Gonzalez") and Christopher Ponder ("Ponder"), two managers that were allegedly involved in Plaintiff's termination. On April 11, 2019, MGI filed its motion to dismiss for improper venue, or alternatively, motion to transfer venue. Docket Entry # 5. That same day, Gonzalez and Ponder each filed a motion to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6), asserting Plaintiff never filed an administrative complaint against them and thus failed to exhaust administrative remedies. Docket Entry #s 6, 7.

On May 16, 2019, Plaintiff filed his Second Amended Complaint ("SAC"), dismissing Gonzalez and Ponder and adding MoneyGram Payments Systems, Inc. ("MPSI") as a defendant, along with MGI (collectively "Defendants"). *See* Docket Entry # 21. According to the SAC, Plaintiff began work as a Senior Manager for the U.S. Regional Compliance Team for MPSI on October 18,

---

[2] On March 20, 2019, Robert Weber and the law firm of Smith Weber, L.L.P., entered an appearance as counsel for Plaintiff. Docket Entry # 3. Following the Court's intra-district transfer from the Texarkana Division to the Sherman Division, Mr. Weber and his firm withdrew as counsel. Docket Entry # 59.

2016. SAC at p. 7, ¶ 24. Plaintiff alleges that during his tenure at MPSI, "MGI had knowledge of, yet ignored, suspicious activities of several of its largest agents, including Wal-Mart, Schnucks, SuperValu, RaceTrac, Valero and CVS." *Id*., ¶ 29. Plaintiff alleges he witnessed compliance infractions and notified MGI management of those infractions, "but to no avail." *Id*. at pp. 9-19. Plaintiff alleges he was retaliated against for his complaints about MGI's illegal conduct. *Id*. at p. 19. Plaintiff asserts Defendants violated the SOX by taking adverse employment actions against him, including, but not limited to, termination and other forms of retaliation, because of his protected conduct under 18 U.S.C. § 1514A. *Id.* at p. 22.

On November 25, 2019, the undersigned recommended, among other things, Defendants' alternative motions to transfer under 28 U.S.C. § 1404(a) (Docket Entry #s 5-2, 23-2) be granted and that the above-entitled and numbered cause of action be transferred to the Sherman Division of Eastern District of Texas. Docket Entry # 48. On January 28, 2020, District Judge Schroeder adopted the November 25, 2019 report and transferred the case to the Sherman Division while maintaining the same assignment of judicial officers. Docket Entry # 53 at p. 4.

On February 24, 2020, attorney Theodore Garber filed an Application to Appear Pro Hac Vice on behalf of Plaintiff. Docket Entry # 57. Mr. Garber is an associate in the "Law Office of Juan Antonio Lozada, PLLC." *Id.* at p. 2. The application was approved for the Court by a deputy clerk the same day. *Id.* Mr. Garber is reflected on the Court's docket as counsel of record for Plaintiff. Defendants have no objection to Mr. Garber's representation of Plaintiff and have been working with him (and now-former counsel Mr. Kardell) to schedule certain depositions Plaintiff had asked to take. Docket Entry # 61 at p. 4.

On March 11, 2020, Plaintiff filed his own Application to Appear Pro Hac Vice. Docket Entry # 60. At the time, Plaintiff was represented in the lawsuit by lead counsel Steve Kardell and

by Mr. Garber, an associate in Plaintiff's law firm.[3]

## II. DEFENDANTS' OBJECTIONS

On March 20, 2020, Defendants filed their objections to Plaintiff's application to appear pro hac vice, asserting a litigant has the right to represent himself or to be represented by counsel, but not the right to both. Docket Entry # 61 at p. 6. Defendants further argued that permitting "hybrid representation" in this case would violate Rule 3.08 of the Texas Disciplinary Rules of Professional Conduct, which provides that a "lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer may be a witness necessary to establish an essential fact on behalf of the lawyer's client, unless . . . the lawyer is a party to the action and is appearing pro se[.]" *Id*. at p. 8 (quoting TEX. RULES OF PROF'L CONDUCT r. 3.08; also citing E.D. Tx. L.R. AT-2(a) ("the standards of professional conduct adopted as part of the Rules Governing the State Bar of Texas shall serve as a guide governing the obligations and responsibilities of all attorneys appearing in this court.")).

As of the date of the filing of Defendants' objections, Plaintiff's application for pro hac vice, which was filed in the name of "Juan Antonio Lozada" had not been approved. "For reasons unclear to Defendants, however, Plaintiff [was] listed as counsel of record for himself on the Court's docket."[4] *Id*. at p. 4. A review of the docket at this time reveals Plaintiff's application was approved for the Court by a deputy clerk on March 23, 2020, three days after Defendants' objections were filed. The docket contains a notation indicating the original unapproved application erroneously filed by Plaintiff on March 11, 2020 (referenced in Defendants' objections) was replaced by the

---

[3] On April 15, 2020, the Court granted Mr. Kardell's motion to withdraw as counsel of record for Plaintiff Juan Lozada-Leoni (Docket Entry # 73), leaving only Mr. Garber as counsel of record.

[4] Apparently, the Court's docketing system allows an attorney to add himself as counsel of record on the docket at the time of filing an approved application to appear pro hac vice, but in this instance Plaintiff was able to do so at the time he filed his original application which was later replaced by the docketing clerk.

approved application on March 23, 2020.[5] Docket Entry # 60 at p. 2. Plaintiff remains listed as counsel of record for himself on the docket along with Mr. Garber.

On April 7, 2020, Mr. Garber filed Plaintiff's response to Defendants' objections to Plaintiff's application to appear pro hac vice. Docket Entry # 72. In the response, Plaintiff states he is "an experienced trial attorney with significant knowledge about the relevant facts of this case," and "he was placed in this position by the unexpected departure of Mr. Bob Weber [sic], the only experienced trial attorney on his team." *Id.* at p. 1. According to Plaintiff, it "became clear" after Mr. Weber's withdrawal that "Mr. Kardell did not have the trial experience and expertise in handling this type of litigation without the assistance of Mr. Weber [sic]." *Id.* Plaintiff claims Mr. Garber, one of the associate attorneys at Plaintiff's own law firm and the only remaining counsel of record, is "a competent attorney but he is not an experienced trial attorney like Mr. Weber [sic] was." *Id.* at p. 2. Plaintiff asserts Plaintiff himself "is the best person to present the facts of this case to the jury during trial." Although Plaintiff represents he will continue to look for a lead counsel, he further states that "in order to prevent wasting valuable time and resources, he is willing to act in that role if he is unable to find a replacement to Mr. Weber [sic] who is willing to come into the case so late into the litigation." *Id*. at pp. 2-3. Plaintiff further states as follows:

---

[5] E-mail correspondence obtained from the Clerk's office reveals Plaintiff filed his original application on March 11, 2020, thus allowing Plaintiff to add himself to the docket as counsel at that time. On March 11, the docketing clerk emailed Plaintiff, notifying him the application contained the wrong case number at the top of page one (apparently the original Texarkana Division cause number from before the case was transferred to the Sherman Division and assigned a new cause number). The docketing clerk further advised Plaintiff the application was also missing the Deputy Clerk signature on page two.

On March 18, 2020, Plaintiff emailed the Clerk's office, attaching a pro hac vice application that had been approved for the Court on March 10, 2020. However, because the "approved" application still contained original case number 5:19cv11 instead of the new correct cause number (4:20cv68), the Clerk's office emailed Plaintiff on March 19, notifying Plaintiff he would need to submit for approval a new application with the correct information. The pro hac vice application containing the correct cause number was approved for the Court on March 23, 2020, and the docketing clerk in the Sherman Division then docketed the correct application at Docket Entry # 60 (replacing the original application filed on March 11, 2020).

> Admittedly, Mr. Lozada could proceed pro-se, however it would be unfair to force Mr. Lozada to only have the benefit of a single attorney while the defendant is able to use a team of attorneys from one of the largest law firms in the United States. Hybrid representation would allow Mr. Lozada to efficiently present the facts of this case while allowing Mr. Garber to assist him with the preparation and prosecution of the case. Rule 3.08 of the Texas Disciplinary Rules of Professional Conduct provides that a 'lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer may be a witness necessary to establish as essential fact on behalf of the lawyer's client, unless . . . the lawyer is a party to the action and is appearing pro se[.]'. . . . Rule 3.08 is saying that a lawyer can represent himself.

*Id*. at p. 3.

According to Defendants' reply, regardless of Plaintiff's dissatisfaction with his choice of counsel, "it is not a basis on which to permit hybrid representation in violation of the relevant disciplinary rules. Were that the case, the exception would swallow the rule, and a plaintiff-attorney would need only voice displeasure with counsel to circumvent the disciplinary rule and obtain 'hybrid' status." Docket Entry # 80 at p. 4. Defendants further assert as follows:

> Again, Plaintiff's choice of counsel is his, and his alone. If Plaintiff desired to be represented by a large law firm, he should have hired one to combat the perceived 'unfairness,' and he still could. Instead, he wants the Court to permit hybrid representation, which 'would allow Mr. Lozada to efficiently present the facts of this case while allowing Mr. Garber to assist him with the preparation and prosecution of the case.' . . . This argument is misplaced. There is no doubt that Plaintiff has 'significant knowledge of the relevant facts in this case.' . . . Plaintiff is thus fully capable of providing assistance to Garber – and to any other attorney he chooses to hire – in preparing for and conducting the trial of this matter. Plaintiff does not need to appear as counsel to provide this assistance or control trial strategy. He will be with his trial counsel the whole time.
>
> \* \* \*
>
> Regarding Rule 3.08, he says only that 'Rule 3.08 is saying that a lawyer can represent himself.' True enough. However, to avoid violating his ethical duties, an attorney who wishes to represent himself must first decide to go it alone. If Kardell is permitted to withdraw, and if Plaintiff elects to terminate Garber and not replace either of them with a another law firm, large or small, Defendants concede that then, and only then, must the Court permit Plaintiff to proceed pro se. Unless and until all

> of that occurs, though, the Court should sustain the Objections and deny Plaintiff's Application or to engage in 'hybrid representation' of himself in this matter, whether in conducting discovery or participating at trial.

*Id.* at pp. 4-5.

### III. LEGAL STANDARD

"An applicant for admission pro hac vice who is a member in good standing of a state bar may not be denied the privilege to appear except on a showing that in any legal matter, whether before the particular district court or in another jurisdiction, he has been guilty of unethical conduct of such a nature as to justify disbarment of a lawyer admitted generally to the bar of the court." *In re Evans*, 524 F.2d 1004, 1007 (5th Cir. 1975). Twenty-eight U.S.C. § 1654 provides: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." *Andrews v. Schneider Logistics, Inc.*, No. 3:13-CV-2160-D, 2014 WL 7003799, at *1 (N.D. Tex. Dec. 11, 2014). Nevertheless, "a party seeking to assert his statutory right to self-representation must clearly and unequivocally discharge any lawyer previously retained. A party does not have a right to self-representation and representation by counsel at the same time." *Id.* (quoting *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir.1998)).

District Judge Mazzant recently held in a civil case "there is no constitutional right to hybrid representations whereby the defendant and his attorney act as co-counsel." *Diamond Consortium, Inc. v. Manookian*, No. 4:16-CV-00094-ALM, 2017 WL 2364039, at *1 (E.D. Tex. May 31, 2017) (quoting *United States v. Long*, 597 F.3d 720, 724 (5th Cir. 2010)). "[A] defendant does not have the right to a hybrid representation, in which he conducts a portion of the trial and counsel conducts the balance." *Carrier v. Trico Prod. Corp.*, No. 1:17-CV-248, 2018 WL 4963283, at *1 (S.D. Tex.

Sept. 17, 2018) (quoting *United States v. Norris*, 780 F.2d 1207, 1211 (5th Cir. 1986)).

## IV. DISCUSSION

According to Defendants' motion, District Judge Mazzant recently denied two attorney-litigants (Manookian and Cummings) permission to appear pro hac vice. Docket Entry # 61 at p. 9 (citing *Diamond Consortium, Inc. v. Manookian, et al.*, Civil Action No. 4:16-cv-00094-ALM, Docket Entry # 225). In that case, a diamond wholesaler, Diamond Consortium, Inc. d/b/a The Diamond Doctor, claimed that Mark Hammervold and his law firm, Hammervold PLC, conspired with attorneys Brian Manookian and Brian Cummings to tarnish its reputation and to force it to enter settlement agreements in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") and Texas civil conspiracy common law. *Diamond Consortium, Inc. v. Hammervold*, 737 Fed. Appx. 194, 195 (5th Cir. 2018).

As part of the underlying litigation, Diamond Doctor sought and obtained a protective order designating certain discovery materials "Attorneys' Eyes Only" due to concerns that Hammervold and Manookian would publicize customer information. *Id.* On May 2, 2017, Manookian and Cummings filed an application to appear pro hac vice before the district court. *Id.* On May 9, 2017, Manookian and Cummings requested "the district court modify the protective order and remove the 'Attorneys' Eyes Only' designation because the Attorney Defendants appeared as counsel in the case and were entitled to fully participate in their own defense." *Id*. Diamond Doctor objected. Hammervold, Hammervold PLC, and Hammervold's defense counsel, Varant Yegparian, then filed a motion seeking permission for Yegparian to withdraw as counsel and for Hammervold to take over as counsel for himself and Hammervold PLC. *Id.* at 195-96.

On May 31, 2017, District Judge Mazzant entered two orders relevant here. In the first order,

Judge Mazzant denied Varant Yegparian, Mark Hammervold, and Hammervold PLC's Motion for Withdrawal, Substitution of Counsel, and Designation of Lead Counsel. *Diamond Consortium, Inc. v. Manookian, et al.*, Civil Action No. 4:16-cv-00094-ALM (Docket Entry # 224), 2017 WL 2364038 (E.D. Tex. May 31, 2017), *aff'd*, 737 Fed. Appx. 194 (5th Cir. 2018). The district court denied the motion to withdraw, reasoning that Yegparian had failed to show good cause for withdrawal. *Diamond Consortium, Inc. v. Hammervold*, 737 Fed. Appx. 194, 196 (5th Cir. 2018). "The district court also denied Hammervold's request to appear on behalf of Hammervold PLC, citing case law denying a similar request due to the advocate-witness rule." *Id.* "Finally, the court acknowledged that Hammervold timely sought to appear pro se, but it denied the request because allowing him to represent himself would result in 'hybrid representation.'"[6] *Id.*

In the second order, relied upon by Defendants in this case, Judge Mazzant ordered that Defendants Manookian and Cummings could not appear pro hac vice in the case. *Diamond Consortium, Inc. v. Manookian, et al.*, Civil Action No. 4:16-cv-00094-ALM (Docket Entry # 225), 2017 WL 2364039 (E.D. Tex. May 31, 2017). Diamond Doctor had objected to Manookian and Cummings appearing pro hac vice, asserting their appearance would result in hybrid representation

---

[6] Mark Hammervold filed an interlocutory appeal, requesting the Fifth Circuit Court of Appeals reverse the district court's denial of his motion to represent himself and his firm, Hammervold PLC. *Diamond Consortium, Inc. v. Hammervold*, 737 Fed. Appx. 194, 195 (5th Cir. 2018). Also implicit in the appeal was whether the district court erred in denying defense counsel's motion to withdraw. *Id.* The Fifth Circuit affirmed. *Id.* Among other things, the Fifth Circuit affirmed the district court's determination that the ethical concerns outweighed the corporation's right to counsel and therefore it did not err in holding that Hammervold PLC must be represented by a licensed attorney other than Hammervold. *Id*. at 196-97.

Noting Hammervold's request to proceed *pro se* "was likely a tactical move to gain access to sensitive information Diamond Doctor sought to protect from Hammervold in particular," the Fifth Circuit held the district court did not err when it denied Hammervold's motion to proceed *pro se. Id*. at 197. The Fifth Circuit noted in a footnote the district court also discussed that Hammervold's *pro se* representation would lead to prohibited "hybrid representation." *Id*. at 197, n. 2. The Fifth Circuit refrained "from adopting the district court's determination that Hammervold PLC is legally indistinguishable from Hammervold as an individual defendant. Instead, the court reiterate[d] the long-accepted principle that a corporation is separate from its shareholders, even where the corporation has a sole shareholder." *Id*.

9

and violate the disciplinary rules that indicate lawyers that are necessary witnesses generally should not act as advocates at trial. *Id.* at *1. Judge Mazzat concluded as follows:

> Although a Court may not deny an applicant admission pro hac vice unless the applicant engaged in conduct to justify disbarment, an applicant nonetheless may not appear before the Court to engage in hybrid representation. Manookian and Cummings are both represented by counsel. Manookian, Cummings, and their counsel may not act as co-counsel. Long, 597 F.3d at 724. Further, Manookian and Cummings are defendants in the case and will be necessary fact witnesses. Manookian and Cummings may not seek employment as advocates in the case knowing that they will be necessary to establish essential facts in the case.

*Id.* at *2.

As discussed above, 28 U.S.C. § 1654 allows a party to represent himself or to be represented by counsel. *Bigelow v. Soc. Sec. Admin.*, No. 2:08-CV-626, 2008 WL 4594146, at *3 (D. Utah Oct. 9, 2008). As urged by Defendants, there is no right to the type of hybrid representation that Plaintiff seeks. *Id.*; *see also Diamond Consortium, Inc. v. Manookian, et al.*, 2017 WL 2364039, at *1 (citing *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004) (holding that a civil litigant "has a right to represent himself or to be represented by an attorney, but he cannot have it both ways. There is no right to hybrid representation in the federal courts")).

Mr. Lozada-Leoni has been represented by counsel since the inception of this case. Plaintiff is currently represented by Mr. Garber. Therefore, at this time, Mr. Lozada-Leoni may not act as co-counsel. Further, Mr. Lozada-Leoni will be a necessary fact witness in this case.[7]

---

[7]According to Plaintiff's Second Amended Trial Witness List filed by Mr. Garber on March 24, 2020, Plaintiff Juan Lozada-Leoni will be called to testified at trial. The chart indicates as follows:

> He may testify that the Defendants were violating the requirements of the 2012 Deferred Prosecution Agreement that the Defendants signed with the Department of Justice. He may testify that the Defendants were violating the requirements of the 2009 Federal Trade Commission Order. He may testify regarding actions that Mr. Lozada took in order to help the Defendants comply with the requirements of the 2012 Deferred Prosecution Agreement and the 2009 Federal Trade Commission Order. He may testify regarding the reasons why the Defendants terminated Mr. Lozada's employment. He may also testify regarding attorneys' fees.

ABA Model Rule 3.7 provides "[a] lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness." Texas Rule of Disciplinary Conduct 3.08(a) provides "[a] lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client." As recently explained by Judge Mazzant, Mr. Lozada-Leoni may not seek employment as an advocate in the case knowing he will be necessary to establish essential facts in the case. *See Diamond Consortium, Inc. v. Manookian, et al.*, 2017 WL 2364039, at *2. Accordingly, it is

**ORDERED** that Defendants' Objections to Plaintiff's Application to Appear Pro Hac Vice (Docket Entry # 61) are **SUSTAINED**. Plaintiff Juan Lozada-Leoni may not appear pro hac vice in this matter. It is further

**ORDERED** that the Clerk of the Court shall remove from the docket Plaintiff Juan Lozada-Leoni as counsel of record**.**

**SIGNED this 16th day of April, 2020.**

*/s/ Caroline M. Craven*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE

---

Docket Entry # 68 at p. 2. Plaintiff's Rebuttal Witness List also listed Mr. Lozada-Leoni as a "will call" rebuttal witness who may "rebut statements made by the Defendants' witnesses regarding" various topics. Docket Entry # 70 at pp. 2-3.