# EXHIBIT 11

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| JUAN LOZADA-LEONI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 4:20-CV-00068-RWS-CMC |
| | § | |
| MONEYGRAM INTERNATIONAL, | § | |
| INC., and MONEYGRAM PAYMENT | § | |
| SYSTEMS, INC., | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT MONEYGRAM INTERNATIONAL, INC.'S ORIGINAL ANSWER

Defendant MoneyGram International, Inc. ("MGI") files this Original Answer to the Second Amended Complaint ("Complaint") of Plaintiff Juan Lozada-Leoni ("Plaintiff") and states:

## ANSWER

1.      Regarding the allegations in Paragraph 1 of the Complaint, MGI admits the Court has jurisdiction over this matter and denies the remaining allegations, if any.

2.      Regarding the allegations in Paragraph 2 of the Complaint, MGI admits that venue is proper in this district and division and denies the remaining allegations.

3.      Regarding the allegations in Paragraph 3 of the Complaint, MGI admits that Plaintiff filed a complaint with the Department of Labor regarding MGI, and that more than 180 days have elapsed since the filing of that complaint, and states that the remaining allegations are propositions of law to which no response is required. To the extent a further response is required, denied.

4.      Regarding the allegations in Paragraph 4 of the Complaint, MGI admits that Plaintiff became employed by MPSI as a Senior Manager for Regional Compliance on or about October 18, 2016, and denies the remaining allegations.

5.      MGI admits the allegations in Paragraph 5 of the Complaint.

6.      MGI admits the allegations in Paragraph 6 of the Complaint.

7.      MGI admits the allegations in Paragraph 7 of the Complaint.

8.      Regarding the allegations in Paragraph 8 of the Complaint, MGI admits that Plaintiff has brought a cause of action under the Sarbanes-Oxley Act, and denies the remaining allegations, if any.

9.      MGI denies the allegations in Paragraph 9 of the Complaint.

10.     MGI denies the allegations in Paragraph 10 of the Complaint.

11.     Regarding the allegations in Paragraph 11 of the Complaint, MGI states that the referenced Stipulated Order speaks for itself, and denies the remaining allegations, if any.

12.     Regarding the allegations in Paragraph 12 of the Complaint, MGI states that the referenced Deferred Prosecution Agreement speaks for itself, and denies the remaining allegations, if any.

13.     Regarding the allegations in Paragraph 13 of the Complaint, MGI states that the referenced press release speaks for itself, and denies the remaining allegations, if any.

14.     Regarding the allegations in Paragraph 14 of the Complaint, MGI states that the referenced Amendment and Extension of Deferred Prosecution Agreement speaks for itself, and denies the remaining allegations, if any.

15.     Regarding the allegations in Paragraph 15 of the Complaint, MGI states that the referenced Amendment and Extension of Deferred Prosecution Agreement speaks for itself, and denies the remaining allegations, if any.

16.     Regarding the allegations in Paragraph 16 of the Complaint, MGI states that the referenced Amendment and Extension of Deferred Prosecution Agreement speaks for itself, and denies the remaining allegations, if any.

17.     Regarding the allegations in Paragraph 17 of the Complaint, MPSI admits that it agreed to the entry of a 2018 Stipulated Order for Compensatory Relief and Modified Order for Permanent Injunction with the Federal Trade Commission, and denies the remaining allegations, if any.

18.     Regarding the allegations in Paragraph 18 of the Complaint, MGI states that the quoted press release speaks for itself, and denies the remaining allegations, if any.

19.     Regarding the allegations in Paragraph 19 of the Complaint, MGI states that the quoted press release speaks for itself, and denies the remaining allegations, if any.

20.     Regarding the allegations in Paragraph 20 of the Complaint, MGI states that the referenced Stipulated Order speaks for itself, and denies the remaining allegations, if any.

21.     Regarding the allegations in Paragraph 21 of the Complaint, MGI states that the referenced Stipulated Order speaks for itself, and denies the remaining allegations, if any.

22.     Regarding the allegations in Paragraph 22 of the Complaint, MGI states that the referenced documents speak for themselves, and denies the remaining allegations, if any.

23.     MGI denies the allegations in Paragraph 23 of the Complaint.

24.     Regarding the allegations in Paragraph 24 of the Complaint, MGI admits that Plaintiff began working for MPSI as a Senior Manager for Regional Compliance in October

2016, and that part of Plaintiff's job duties and responsibilities included supervising certain regional compliance officers and senior regional compliance officers employed by MPSI, and denies the remaining allegations, if any.

25.     Regarding the allegations in Paragraph 25 of the Complaint, MGI admits that the identified tasks constituted a portion of the responsibilities of the compliance officers and regional compliance officers who reported to Plaintiff, states that Plaintiff himself also had these responsibilities, and denies the remaining allegations, if any.

26.     MGI admits the allegations in Paragraph 26 of the Complaint.

27.     MGI admits the allegations in Paragraph 27 of the Complaint.

28.     MGI denies the allegations in Paragraph 28 of the Complaint.

29.     MGI denies the allegations in Paragraph 29 of the Complaint.

30.     Regarding the allegations in Paragraph 30 of the Complaint, MGI admits that it conducted periodic onsite reviews of its agents and documented the findings of those reviews, and denies the remaining allegations, if any.

31.     Regarding the allegations in Paragraph 31 of the Complaint, MGI admits that it conducted periodic onsite reviews of its agents and documented the findings of those reviews, and denies the remaining allegations, if any.

32.     MGI admits the allegations in Paragraph 32 of the Complaint.

33.     Regarding the allegations in Paragraph 33 of the Complaint, MGI admits that at the conclusion of certain types of agent reviews, it would issue both an "AML/Fraud Compliance Review Report" and a "MoneyGram Compliance Department – Acknowledgment Form." These forms were typically issued by MGI's compliance officers and given to each agent's compliance

Case 4:20-cv-00068-RWS-CMC   Document 79-11   Filed 04/14/20   Page 5 of 10 PageID #:
2374

officer(s), to take action as appropriate. MPSI denies the remaining allegations, if any in Paragraph 33 of the Complaint.

34.     MGI denies the allegations in Paragraph 34 of the Complaint.

35.     MGI states that the allegations in Paragraph 35 of the Complaint are legal conclusions to which no response is required. To the extent a further response is required, denied.

36.     MGI denies the allegations in Paragraph 36 of the Complaint.

37.     MGI admits the allegations in Paragraph 37 of the Complaint.

38.     MGI admits the allegations in Paragraph 38 of the Complaint.

39.     MGI denies the allegations in Paragraph 39 of the Complaint.

40.     MGI denies the allegations in Paragraph 40 of the Complaint.

41.     MGI denies the allegations in Paragraph 41 of the Complaint.

42.     MGI denies the allegations in Paragraph 42 of the Complaint.

43.     MGI denies the allegations in Paragraph 43 of the Complaint.

44.     Regarding the allegations in Paragraph 44 of the Complaint, MGI admits that Plaintiff received one or more emails from Pam Mueller in or about February 2017, which emails speak for themselves, and denies the remaining allegations, if any.

45.     Regarding the allegations in Paragraph 45 of the Complaint, MGI admits that Plaintiff received one or more emails from Sheryl Stanhope in or about February 2017, which emails speak for themselves, and denies the remaining allegations, if any.

46.     Regarding the allegations in Paragraph 46 of the Complaint, MGI admits that Kristi Diehl was employed by MPSI as its Head of Compliance Technology Projects, and denies the remaining allegations.

47.     Regarding the allegations in Paragraph 47 of the Complaint, MGI admits that at some point during his employment with MPSI, Plaintiff discussed the IWL program with Craig Bernier, and denies the remaining allegations, if any.

48.     MGI denies the allegations in Paragraph 48 of the Complaint.

49.     MGI denies the allegations in Paragraph 49 of the Complaint.

50.     Regarding the allegations in Paragraph 50 of the Complaint, MGI admits that admits that Pablo Rivera was a senior regional compliance officer responsible for the CVS account, and denies the remaining allegations.

51.     MGI denies the allegations in Paragraph 51 of the Complaint.

52.     MGI denies the allegations in Paragraph 52 of the Complaint.

53.     MGI denies the allegations in Paragraph 53 of the Complaint.

54.     MGI denies the allegations in Paragraph 54 of the Complaint.

55.     MGI denies the allegations in Paragraph 55 of the Complaint.

56.     MGI denies the allegations in Paragraph 56 of the Complaint.

57.     MGI denies the allegations in Paragraph 57 of the Complaint.

58.     MGI denies the allegations in Paragraph 58 of the Complaint.

59.     MGI denies the allegations in Paragraph 59 of the Complaint.

60.     MGI denies the allegations in Paragraph 60 of the Complaint.

61.     MGI denies the allegations in Paragraph 61 of the Complaint.

62.     MGI denies the allegations in Paragraph 62 of the Complaint.

63.     MGI denies the allegations in Paragraph 63 of the Complaint.

64.     MGI denies the allegations in Paragraph 64 of the Complaint.

65.     MGI denies the allegations in Paragraph 65 of the Complaint.

66.     MGI denies the allegations in Paragraph 66 of the Complaint.

67.     MGI denies the allegations in Paragraph 67 of the Complaint.

68.     MGI denies the allegations in Paragraph 68 of the Complaint.

69.     MGI denies the allegations in Paragraph 69 of the Complaint.

70.     MGI denies the allegations in Paragraph 70 of the Complaint.

71.     MGI denies the allegations in Paragraph 71 of the Complaint.

72.     MGI denies the allegations in Paragraph 72 of the Complaint.

73.     MGI denies the allegations in Paragraph 73 of the Complaint.

74.     MGI denies the allegations in Paragraph 74 of the Complaint.

75.     MGI denies the allegations in Paragraph 75 of the Complaint.

76.     MGI denies the allegations in Paragraph 76 of the Complaint.

77.     MGI denies the allegations in Paragraph 77 of the Complaint.

78.     MGI denies the allegations in Paragraph 78 of the Complaint.

79.     MGI denies the allegations in Paragraph 79 of the Complaint.

80.     MGI denies the allegations in Paragraph 80 of the Complaint.

81.     Regarding the allegations in Paragraph 81 of the Complaint, MGI admits that Plaintiff sent an email to Mr. Gonzalez, which email speaks for itself, and denies the remaining allegations, if any.

82.     MGI denies the allegations in Paragraph 82 of the Complaint.

83.     MGI denies the allegations in Paragraph 83 of the Complaint.

84.     MGI denies the allegations in Paragraph 84 of the Complaint.

85.     MGI admits that MPSI terminated Plaintiff's employment on April 4, 2017, and denies the remaining allegations in Paragraph 85 of the Complaint.

86.     MGI denies the allegations in Paragraph 86 of the Complaint.

87.     MGI denies the allegations in Paragraph 87 of the Complaint and the table following Paragraph 87 of the Complaint.

88.     Regarding the allegations in Paragraph 88 of the Complaint, MGI repeats and realleges each of the defenses contained in each of the preceding paragraphs as though fully set forth herein.

89.     MGI denies the allegations in Paragraph 89 of the Complaint.

90.     MGI denies the allegations in Paragraph 90 of the Complaint.

91.     MGI denies that Plaintiff is entitled to any of the relief listed in the final unnumbered paragraph of the Complaint.

## DEFENSES, INCLUDING AFFIRMATIVE DEFENSES

MGI asserts the following affirmative and other defenses without assuming burdens of production, persuasion, or proof that, under law, are not legally assigned to or borne by MGI, and otherwise belong to Plaintiff to prove.

92.     The Complaint should be dismissed, in whole or in part, to the extent it fails to allege sufficient facts to state a claim upon which relief can be granted.

93.     MGI did not employ Plaintiff, and Plaintiff therefore lacks standing to assert any claims or causes of action for violations of the Sarbanes-Oxley Act against MGI.

94.     All of MGI's actions regarding Plaintiff were taken in good faith and for legitimate, non-discriminatory, and non-retaliatory business reasons.

95.     Any allegedly improper, illegal, or discriminatory acts taken against Plaintiff by any employee of MGI occurred outside the course and scope of employment, were contrary to MGI's policies, and were not ratified, confirmed, or approved by MGI. Thus, any such alleged actions cannot be attributed or imputed to MGI.

96.     Plaintiff's claims are barred, in whole or in part, by his failure to timely exhaust administrative remedies and/or by the applicable statutes of limitations.

97.     Plaintiff's claims for damages are restricted by all applicable damage caps under the law.

98.     Some or all of Plaintiff's claims are barred by his failure to mitigate his alleged damages. MGI is therefore entitled to an offset for any alleged damages that could have been mitigated by Plaintiff.

99.     Plaintiff's claims are barred, in whole or in part, under the doctrines of waiver, estoppel, and/or laches including, but not limited to, Plaintiff's own actions which led to his separation of employment.

100.     To the extent MGI discovered prior to or during the course of this action that Plaintiff engaged in any additional conduct that would have warranted discharge under Company policy, Plaintiff's right to recover damages (without conceding Plaintiff has suffered any damages) beyond the date of discovery are cut off, under the after-acquired evidence doctrine. Without limiting the generality of the foregoing, MGI states that Plaintiff's claims for damages, if any, occurring after MGI and MPSI's April 8, 2017, discovery of Plaintiff's transmission of confidential MGI and MPSI emails and documents to his personal email address, without authorization, are barred, because such conduct would have been grounds for immediate termination under applicable company policies had MGI or MPSI become aware of it during the course of Plaintiff's employment with MPSI.

## **RELIEF REQUESTED**

MGI requests that the Court enter a take-nothing judgment for MGI and against Plaintiff on each of his claims, causes of action, and requests for relief, and that the same be dismissed

with prejudice, and that MGI be awarded its costs of court, attorneys' fees, and all such other and further relief to which it may be justly entitled.

Respectfully submitted,

By:    */s/ John M. Barcus*
        Gary D. Eisenstat
        Texas State Bar No. 06503200
        gary.eisenstat@ogletree.com
        John M. Barcus
        Texas State Bar No. 24036185
        john.barcus@ogletree.com

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
500 Preston Commons West
8117 Preston Road
Dallas, Texas 75225
214.624-1145 (phone)
214.987.3927 (fax)

and

Darby Vincent Doan
HALTOM & DOAN
6500 Summerhill Road
Texarkana, Texas 75503
Telephone: (903) 255-1000

**ATTORNEYS FOR DEFENDANTS**

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that on the 14th day of April, 2020, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system of filing, which will transmit a Notice of Electronic Filing to counsel for Plaintiff, an ECF registrant.

        */s/ John M. Barcus*
        John M. Barcus

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **JUAN LOZADA-LEONI,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | **4:20-CV-00068-RWS-CMC** |
| | § | |
| **MONEYGRAM INTERNATIONAL,** | § | |
| **INC., and MONEYGRAM PAYMENT** | § | |
| **SYSTEMS, INC.,** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANT MONEYGRAM PAYMENT SYSTEMS, INC.'S ORIGINAL ANSWER

Defendant MoneyGram Payment Systems, Inc. ("MPSI") files this Original Answer to the Second Amended Complaint ("Complaint") of Plaintiff Juan Lozada-Leoni ("Plaintiff") and states:

### ANSWER

1.      Regarding the allegations in Paragraph 1 of the Complaint, MPSI admits the Court has jurisdiction over this matter and denies the remaining allegations, if any.

2.      Regarding the allegations in Paragraph 2 of the Complaint, MPSI admits that venue is proper in this district and division and denies the remaining allegations.

3.      MPSI denies the allegations in Paragraph 3 of the Complaint.

4.      Regarding the allegations in Paragraph 4 of the Complaint, MPSI admits that Plaintiff became employed by MPSI as a Senior Manager for Regional Compliance on or about October 18, 2016, and denies the remaining allegations.

5.      MPSI admits the allegations in Paragraph 5 of the Complaint.

6.      MPSI admits the allegations in Paragraph 6 of the Complaint.

---

7.     MPSI admits the allegations in Paragraph 7 of the Complaint.

8.     Regarding the allegations in Paragraph 8 of the Complaint, MPSI admits that Plaintiff has brought a cause of action under the Sarbanes-Oxley Act, and denies the remaining allegations, if any.

9.     MPSI denies the allegations in Paragraph 9 of the Complaint.

10.    MPSI denies the allegations in Paragraph 10 of the Complaint.

11.    Regarding the allegations in Paragraph 11 of the Complaint, MPSI states that the referenced Stipulated Order speaks for itself, and denies the remaining allegations, if any.

12.    Regarding the allegations in Paragraph 12 of the Complaint, MPSI states that the referenced Deferred Prosecution Agreement speaks for itself, and denies the remaining allegations, if any.

13.    Regarding the allegations in Paragraph 13 of the Complaint, MPSI states that the referenced press release speaks for itself, and denies the remaining allegations, if any.

14.    Regarding the allegations in Paragraph 14 of the Complaint, MPSI states that the referenced Amendment and Extension of Deferred Prosecution Agreement speaks for itself, and denies the remaining allegations, if any.

15.    Regarding the allegations in Paragraph 15 of the Complaint, MPSI states that the referenced Amendment and Extension of Deferred Prosecution Agreement speaks for itself, and denies the remaining allegations, if any.

16.    Regarding the allegations in Paragraph 16 of the Complaint, MPSI states that the referenced Amendment and Extension of Deferred Prosecution Agreement speaks for itself, and denies the remaining allegations, if any.

17.     Regarding the allegations in Paragraph 17 of the Complaint, MPSI admits that MGI agreed to the entry of a 2018 Stipulated Order for Compensatory Relief and Modified Order for Permanent Injunction with the Federal Trade Commission, and denies the remaining allegations, if any.

18.     Regarding the allegations in Paragraph 18 of the Complaint, MPSI states that the quoted press release speaks for itself, and denies the remaining allegations, if any.

19.     Regarding the allegations in Paragraph 19 of the Complaint, MPSI states that the quoted press release speaks for itself, and denies the remaining allegations, if any.

20.     Regarding the allegations in Paragraph 20 of the Complaint, MPSI states that the referenced Stipulated Order speaks for itself, and denies the remaining allegations, if any.

21.     Regarding the allegations in Paragraph 21 of the Complaint, MPSI states that the referenced Stipulated Order speaks for itself, and denies the remaining allegations, if any.

22.     Regarding the allegations in Paragraph 22 of the Complaint, MPSI states that the referenced documents speak for themselves, and denies the remaining allegations, if any.

23.     MPSI denies the allegations in Paragraph 23 of the Complaint.

24.     Regarding the allegations in Paragraph 24 of the Complaint, MPSI admits that Plaintiff began working for MPSI as a Senior Manager for Regional Compliance in October 2016, and that part of Plaintiff's job duties and responsibilities included supervising certain regional compliance officers and senior regional compliance officers employed by MPSI, and denies the remaining allegations, if any.

25.     Regarding the allegations in Paragraph 25 of the Complaint, MPSI admits that the identified tasks constituted a portion of the responsibilities of the compliance officers and

regional compliance officers who reported to Plaintiff, states that Plaintiff himself also had these responsibilities, and denies the remaining allegations, if any.

26.     MPSI admits the allegations in Paragraph 26 of the Complaint.

27.     MPSI admits the allegations in Paragraph 27 of the Complaint.

28.     MPSI denies the allegations in Paragraph 28 of the Complaint.

29.     MPSI denies the allegations in Paragraph 29 of the Complaint.

30.     Regarding the allegations in Paragraph 30 of the Complaint, MPSI admits that it conducted periodic onsite reviews of its agents and documented the findings of those reviews, and denies the remaining allegations, if any.

31.     Regarding the allegations in Paragraph 31 of the Complaint, MPSI admits that it conducted periodic onsite reviews of its agents and documented the findings of those reviews, and denies the remaining allegations, if any.

32.     MPSI admits the allegations in Paragraph 32 of the Complaint.

33.     Regarding the allegations in Paragraph 33 of the Complaint, MPSI admits that at the conclusion of certain types of agent reviews, MGI would issue both an "AML/Fraud Compliance Review Report" and a "MoneyGram Compliance Department – Acknowledgment Form." These forms were typically issued by MGI's compliance officers and given to each agent's compliance officer(s), to take action as appropriate. MPSI denies the remaining allegations, if any in Paragraph 33 of the Complaint.

34.     MPSI denies the allegations in Paragraph 34 of the Complaint.

35.     MPSI states that the allegations in Paragraph 35 of the Complaint are legal conclusions to which no response is required. To the extent a further response is required, denied.

Case 4:20-cv-00063-RWS-CMC   Document 89-11   Filed 04/14/20   Page 5 of 10   PageID #: 2012

36.     MPSI denies the allegations in Paragraph 36 of the Complaint.

37.     MPSI admits the allegations in Paragraph 37 of the Complaint.

38.     MPSI admits the allegations in Paragraph 38 of the Complaint.

39.     MPSI denies the allegations in Paragraph 39 of the Complaint.

40.     MPSI denies the allegations in Paragraph 40 of the Complaint.

41.     MPSI denies the allegations in Paragraph 41 of the Complaint.

42.     MPSI denies the allegations in Paragraph 42 of the Complaint.

43.     MPSI denies the allegations in Paragraph 43 of the Complaint.

44.     Regarding the allegations in Paragraph 44 of the Complaint, MPSI admits that Plaintiff received one or more emails from Pam Mueller in or about February 2017, which emails speak for themselves, and denies the remaining allegations, if any.

45.     Regarding the allegations in Paragraph 45 of the Complaint, MPSI admits that Plaintiff received one or more emails from Sheryl Stanhope in or about February 2017, which emails speak for themselves, and denies the remaining allegations, if any.

46.     Regarding the allegations in Paragraph 46 of the Complaint, MPSI admits that Kristi Diehl was employed by MPSI as its Head of Compliance Technology Projects, and denies the remaining allegations.

47.     Regarding the allegations in Paragraph 47 of the Complaint, MPSI admits that at some point during his employment with MPSI, Plaintiff discussed the IWL program with Craig Bernier, and denies the remaining allegations, if any.

48.     MPSI denies the allegations in Paragraph 48 of the Complaint.

49.     MPSI denies the allegations in Paragraph 49 of the Complaint.

50.     Regarding the allegations in Paragraph 50 of the Complaint, MPSI admits that admits that Pablo Rivera was a senior regional compliance officer responsible for the CVS account, and denies the remaining allegations.

51.     MPSI denies the allegations in Paragraph 51 of the Complaint.

52.     MPSI denies the allegations in Paragraph 52 of the Complaint.

53.     MPSI denies the allegations in Paragraph 53 of the Complaint.

54.     MPSI denies the allegations in Paragraph 54 of the Complaint.

55.     MPSI denies the allegations in Paragraph 55 of the Complaint.

56.     MPSI denies the allegations in Paragraph 56 of the Complaint.

57.     MPSI denies the allegations in Paragraph 57 of the Complaint.

58.     MPSI denies the allegations in Paragraph 58 of the Complaint.

59.     MPSI denies the allegations in Paragraph 59 of the Complaint.

60.     MPSI denies the allegations in Paragraph 60 of the Complaint.

61.     MPSI denies the allegations in Paragraph 61 of the Complaint.

62.     MPSI denies the allegations in Paragraph 62 of the Complaint.

63.     MPSI denies the allegations in Paragraph 63 of the Complaint.

64.     MPSI denies the allegations in Paragraph 64 of the Complaint.

65.     MPSI denies the allegations in Paragraph 65 of the Complaint.

66.     MPSI denies the allegations in Paragraph 66 of the Complaint.

67.     MPSI denies the allegations in Paragraph 67 of the Complaint.

68.     MPSI denies the allegations in Paragraph 68 of the Complaint.

69.     MPSI denies the allegations in Paragraph 69 of the Complaint.

70.     MPSI denies the allegations in Paragraph 70 of the Complaint.

Case 4:20-cv-00063-RWS-CMC   Document 78   Filed 04/14/20   Page 7 of 10 PageID #: 2014

71.     MPSI denies the allegations in Paragraph 71 of the Complaint.

72.     MPSI denies the allegations in Paragraph 72 of the Complaint.

73.     MPSI denies the allegations in Paragraph 73 of the Complaint.

74.     MPSI denies the allegations in Paragraph 74 of the Complaint.

75.     MPSI denies the allegations in Paragraph 75 of the Complaint.

76.     MPSI denies the allegations in Paragraph 76 of the Complaint.

77.     MPSI denies the allegations in Paragraph 77 of the Complaint.

78.     MPSI denies the allegations in Paragraph 78 of the Complaint.

79.     MPSI denies the allegations in Paragraph 79 of the Complaint.

80.     MPSI denies the allegations in Paragraph 80 of the Complaint.

81.     Regarding the allegations in Paragraph 81 of the Complaint, MPSI admits that Plaintiff sent an email to Mr. Gonzalez, which email speaks for itself, and denies the remaining allegations, if any.

82.     MPSI denies the allegations in Paragraph 82 of the Complaint.

83.     MPSI denies the allegations in Paragraph 83 of the Complaint.

84.     MPSI denies the allegations in Paragraph 84 of the Complaint.

85.     MPSI admits that MPSI terminated Plaintiff's employment on April 4, 2017, and denies the remaining allegations in Paragraph 85 of the Complaint.

86.     MPSI denies the allegations in Paragraph 86 of the Complaint.

87.     MPSI denies the allegations in Paragraph 87 of the Complaint and the table following Paragraph 87 of the Complaint.

88.     Regarding the allegations in Paragraph 88 of the Complaint, MPSI repeats and realleges each of the defenses contained in each of the preceding paragraphs as though fully set forth herein.

89.     MPSI denies the allegations in Paragraph 89 of the Complaint.

90.     MPSI denies the allegations in Paragraph 90 of the Complaint.

91.     MPSI denies that Plaintiff is entitled to any of the relief listed in the final unnumbered paragraph of the Complaint.

## DEFENSES, INCLUDING AFFIRMATIVE DEFENSES

MPSI asserts the following affirmative and other defenses without assuming burdens of production, persuasion, or proof that, under law, are not legally assigned to or borne by MPSI, and otherwise belong to Plaintiff to prove.

92.     The Complaint should be dismissed, in whole or in part, to the extent it fails to allege sufficient facts to state a claim upon which relief can be granted.

93.     All of MPSI's actions regarding Plaintiff were taken in good faith and for legitimate, non-discriminatory, and non-retaliatory business reasons.

94.     Any allegedly improper, illegal, or discriminatory acts taken against Plaintiff by any employee of MPSI occurred outside the course and scope of employment, were contrary to MPSI's policies, and were not ratified, confirmed, or approved by MPSI. Thus, any such alleged actions cannot be attributed or imputed to MPSI.

95.     Plaintiff's claims are barred, in whole or in part, by his failure to timely exhaust administrative remedies and/or by the applicable statutes of limitations.

96.     Plaintiff's claims for damages are restricted by all applicable damage caps under the law.

97.     Some or all of Plaintiff's claims are barred by his failure to mitigate his alleged damages. MPSI is therefore entitled to an offset for any alleged damages that could have been mitigated by Plaintiff.

98.     Plaintiff's claims are barred, in whole or in part, under the doctrines of waiver, estoppel, and/or laches including, but not limited to, Plaintiff's own actions which led to his separation of employment.

99.     To the extent MPSI discovered prior to or during the course of this action that Plaintiff engaged in any additional conduct that would have warranted discharge under Company policy, Plaintiff's right to recover damages (without conceding Plaintiff has suffered any damages) beyond the date of discovery are cut off, under the after-acquired evidence doctrine. Without limiting the generality of the foregoing, MGI states that Plaintiff's claims for damages, if any, occurring after MGI and MPSI's April 8, 2017, discovery of Plaintiff's transmission of confidential MGI and MPSI emails and documents to his personal email address, without authorization, are barred, because such conduct would have been grounds for immediate termination under applicable company policies had MGI or MPSI become aware of it during the course of Plaintiff's employment with MPSI.

## **RELIEF REQUESTED**

MPSI requests that the Court enter a take-nothing judgment for MPSI and against Plaintiff on each of his claims, causes of action, and requests for relief, and that the same be dismissed with prejudice, and that MPSI be awarded its costs of court, attorneys' fees, and all such other and further relief to which it may be justly entitled.

Respectfully submitted,

By:  /s/ John M. Barcus
       Gary D. Eisenstat
       Texas State Bar No. 06503200
       gary.eisenstat@ogletree.com
       John M. Barcus
       Texas State Bar No. 24036185
       john.barcus@ogletree.com

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
500 Preston Commons West
8117 Preston Road
Dallas, Texas 75225
214.624-1145 (phone)
214.987.3927 (fax)

and

Darby Vincent Doan
HALTOM & DOAN
6500 Summerhill Road
Texarkana, Texas 75503
Telephone: (903) 255-1000

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that on the 14th day of April, 2020, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system of filing, which will transmit a Notice of Electronic Filing to counsel for Plaintiff, an ECF registrant.

       /s/ John M. Barcus
      John M. Barcus