IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JUAN LOZADA-LEONI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-0068--RWS-CMC |
| | § | |
| MONEYGRAM INTERNATIONAL, INC. and | § | |
| MONEYGRAM PAYMENT SYSTEMS, INC., | § | |
| | § | |
| Defendants. | § | |

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT

GARY D. EISENSTAT
Texas State Bar No. 06503200
gary.eisenstat@ogletree.com
JOHN M. BARCUS
Texas State Bar No. 24036185
john.barcus@ogletree.com

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
500 Preston Commons West
8117 Preston Road
Dallas, Texas  75225
214.987.3800 (Phone)
214.987.3927 (Fax)

**ATTORNEYS FOR DEFENDANTS**

## TABLE OF CONTENTS

**INTRODUCTION** ............................................................................................................ 1

**STATEMENT OF THE ISSUE TO BE DECIDED** ................................................... 1

**PROCEDURAL HISTORY** ........................................................................................... 2

**SUMMARY JUDGMENT EVIDENCE** ....................................................................... 3

**STATEMENT OF UNDISPUTED MATERIAL FACTS** ........................................... 3

    **Background Regarding Defendants** .......................................................................... 3

    **Background Regarding Lozada** ................................................................................ 3

    **MPSI Hires Lozada** ................................................................................................... 4

    **Lozada's Termination** ................................................................................................ 4

    **The OSHA Complaint** .............................................................................................. 4

    **The OSHA Determination** ....................................................................................... 5

**ARGUMENT AND AUTHORITY** ............................................................................... 6

    **A.**    **Summary Judgment Standard** ....................................................................... 6

    **B.**    **The Elements of a SOX Whistleblower Claim** ........................................... 7

    **C.**    **Plaintiff is limited to the scope of the OSHA investigation expected from his OSHA Complaint; that scope is *zero*, and Plaintiff's claim fails as a matter of law** ............................................................................... 8

**RELIEF REQUESTED** ................................................................................................. 10

## TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Anderson v. Liberty Lobby Inc.*,
     477 U.S. 242 (1986)..................................................................................................6, 7

*Byers v. Dallas Morning News, Inc.*,
     209 F.3d 419 (5th Cir. 2000) ..........................................................................................7

*Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*,
     655 F.2d 598 (5th Cir. 1981) ..........................................................................................7

*Celotex Corp. v. Catrett*,
     477 U.S. 317 (1986)....................................................................................................6, 7

*Ferguson v. Nat'l Broad. Co.*,
     584 F.2d 111 (5th Cir. 1978) ..........................................................................................7

*Halliburton, Inc. v. Administrative Review Bd.*,
     771 F.3d 254 (5th Cir. 2014) ..........................................................................................7

*Jones v. Southpeak Interactive Corp. of Del.*,
     777 F.3d 658 (4th Cir. 2015) ..........................................................................................8

*In re Mun. Bond Reporting Antitrust Litig.*,
     672 F.2d 436 (5th Cir. 1982) ..........................................................................................7

*Paul v. Cisco Sys., Inc.*,
     No. 4:17-cv-00599, 2018 WL 1386863 (E.D. Tex. Feb. 26, 2018)..........................................8

*Sharkey v. JP Morgan Chase & Co.*,
     10-cv-3824 (DLC) (S.D.N.Y. Mar. 5, 2018) ...............................................................5, 8

*Wallace v. Andeavor Corp.*,
     916 F.3d 432 (5th Cir. 2019) ..............................................................................7, 9, 10

*Wallace v. Tesoro Corp.*,
     796 F.3d 468 (5th Cir. 2015) ..........................................................................................8

**Federal Statutes**

OSHA Determination...................................................................................................2, 3, 5

Sarbanes-Oxley Act of 2002, § 806..................................................................................1, 4

|  | Page(s) |
|---|---|

**Rules**

Federal Rules of Civil Procedure Rule 56(a) ...................................................................6

Fed. R. Civ. P. 56(c)(1)(A) ...............................................................................................7

**Regulations**

29 C.F.R. § 1980 ..............................................................................................................1

29 C.F.R. § 1980.103(b) ..................................................................................................9

29 C.F.R. § 1980.104(b)(2) ......................................................................................5, 6, 9

29 C.F.R. § 1980.104(e)(1) ..............................................................................................9

29 C.F.R. § 1980.104(e)(2) ..............................................................................................9

29 C.F.R. § 1980.104(e)(3) ..............................................................................................9

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JUAN LOZADA-LEONI, | § § § § | |
| Plaintiff, | § | |
| v. | § § | Civil Action No. 4:20-cv-0068--RWS-CMC |
| MONEYGRAM INTERNATIONAL, INC. and MONEYGRAM PAYMENT SYSTEMS, INC., | § § § § | |
| Defendants. | § | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT

Defendants MoneyGram Payment Systems, Inc. ("MPSI") and MoneyGram International, Inc. ("MGI") (collectively, "Defendants") file this Motion for Summary Judgment and Brief in Support ("Motion") and state:

## INTRODUCTION

Plaintiff Juan Lozada-Leoni ("Lozada") worked for MPSI for approximately six months, from October 2016 through April 2017, when MPSI terminated his employment for well-documented performance issues. In this lawsuit, Lozada has alleged a single cause of action: that he engaged in "protected activity" under the Sarbanes-Oxley Act ("SOX"), and that MPSI unlawfully terminated his employment in retaliation for having done so. Defendants deny this allegation.

## STATEMENT OF THE ISSUE TO BE DECIDED

The sole issue to be decided in this Motion is whether, based upon the bare-bones complaint Lozada filed with the Department of Labor — which then determined that it was barred from investigating that complaint because Lozada failed to articulate a *prima facie* case — Lozada is now barred from litigating the claims he has asserted in this Court, under 29 C.F.R. § 1980 and

binding Fifth Circuit precedent. He is, and the Court should grant the Motion and dismiss Lozada's claims against both Defendants.[1]

## PROCEDURAL HISTORY

As Magistrate Judge Craven's Report and Recommendations [Dkt. No. 48] (among other rulings) shows, the Court is well familiar with the complex administrative and judicial procedural history of this dispute. Except as is relevant to this Motion, Defendants will not repeat that history herein. Briefly stated, however, after MPSI terminated Lozada's employment in April 2017, Lozada filed a complaint on September 28, 2017 with the Occupational Safety and Health Administration ("OSHA") through his then-counsel (the "OSHA Complaint"). In his OSHA Complaint, Lozada alleged that MGI had wrongfully terminated his employment in violation of SOX. [Dkt. No. 23-2.] Lozada named MGI as the sole respondent in that proceeding, although he knew that MPSI was his employer. [*Id.*]

By its letter dated October 12, 2017, OSHA dismissed the OSHA Complaint, concluding that it did not have "reasonable cause to believe that a violation of (SOX) occurred," and informing Lozada that it was statutorily barred from investigating his claim because he had not articulated a *prima facie* case under SOX ("OSHA Determination"). [Dkt. No. 23-3.]

Lozada appealed the OSHA Determination and requested a hearing before an Administrative Law Judge, where the dispute remained pending for just over a year. [*See* Dkt. No. 48 at pp. 14-16.] A few days before MPSI's deadline to file its dispositive motions, and a

---

[1] MGI filed a motion for summary judgment on April 15, 2020, on the grounds that it never employed Lozada. [Dkt. No. 83.] That motion remains pending and is ripe for consideration.

month before the final hearing on liability, Lozada abruptly removed the dispute from the ALJ proceeding and chose, instead, to pursue his claim in this Court. *Id.*[2]

## SUMMARY JUDGMENT EVIDENCE

In support of the Motion, in addition to the pleadings on file in this matter, and excerpts from Lozada's deposition testimony, attached as Exhibit 1, Defendants rely on only two pleadings from Lozada's previous administrative filings: (a) the OSHA Complaint [Dkt. No. 23-2], and (b) OSHA's determination letter in response ("OSHA Determination"), refusing to investigate the OSHA Complaint because the relevant federal regulations bar it from doing so. [Dkt. No. 23-3.] Copies of those documents are attached as Exhibits 2 and 3 for the Court's convenience, and quoted below where relevant.

## STATEMENT OF UNDISPUTED MATERIAL FACTS[3]

1. **Background Regarding Defendants.** Defendants, who operate publically under the "MoneyGram" brand name, provide electronic money transfer services for both consumers and businesses. Consumers, including many "unbanked" individuals, typically use Defendants' services for check cashing, money transfers and money orders, and electronic bill payments. To make its services more accessible, Defendants partner with various retailers that serve as MoneyGram "agents" to interface with consumers.

2. **Background Regarding Lozada.** Lozada has been licensed to practice law in Texas since 2004. Prior to coming to work for MPSI, Lozada was an Assistant United States Attorney,

---

[2] Lozada originally filed this suit in the Texarkana Division, but the Court granted Defendants' motion to transfer venue to the Sherman Division on January 28, 2020. [Dkt. No. 53.] The case is set for trial on November 16, 2020. [Dkt. No. 87.]

[3] As indicated by the citations, many of these facts are drawn from Lozada's live pleading. By citing to them for purposes of the Motion, Defendants *do not necessarily agree* that Lozada's allegations are true, and are not conceding the facts for trial. Rather, Defendants' purpose in relying on Lozada's facts is to simplify the Motion, which does not turn on the substantive underlying facts.

---

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT**             Page 3

after spending a decade as a military attorney (rising to the rank of Chief of International Law for United States Army South), and prior to that, served an assistant district attorney in the Houston area. [Exhibit A at 12:9 – 20:19.] To say that Lozada understands the importance of following rules and regulations regarding the prosecution of claims would be an understatement.

3.   **MPSI Hires Lozada.**   Lozada began working for MPSI as a Senior Manager for Regional Compliance in October 2016. [Second Amended Complaint ("Complaint") (Dkt. No. 21) ¶ 4.] Lozada reported to Juan Manuel Gonzalez ("Gonzalez"), MPSI's Head of Regional Compliance. [*Id.* ¶ 27.] Lozada alleges that, during his brief tenure with MPSI, he observed what he considered to be certain "suspicious activities," "problems," and "infractions," both internally and regarding some of MPSI's agents. [*Id.* ¶¶ 24-53.] Defendants deny these allegations.

4.   **Lozada's Termination.**   Lozada alleges that he notified Defendants of issues that he believed were "compliance infractions," including what Lozada claims to have observed during an impromptu on-site review of MGI's agent, SuperValu, in Minneapolis, Minnesota, in March 2017. [*Id.* ¶¶ 54-81.] Defendants acknowledge that Lozada brought certain alleged "concerns" to Defendants' attention, but deny that the things Lozada believes he observed were, in fact, violations of any applicable law or court order. For reasons unrelated to Lozada's reports relating to his observations and beliefs about them, MPSI terminated Lozada's employment in April 2017.

5.   **The OSHA Complaint.**   On September 28, 2017, counsel for Lozada filed his very bare bones OSHA Complaint with OSHA, the arm of the Department of Labor ("DOL") tasked with investigating SOX complaints. [Exhibit 2, Dkt. No. 23-2.] Lozada asked OSHA to "process the following as a formal complaint under Section 806 of the Sarbanes-Oxley Act of 2002, as amended," before identifying the statute under which he brought his complaint (SOX) and the parties — Lozada and MGI. [*Id.* at p. 1.] Lozada described the operative facts in fewer than 100

words, including identifying his job title and job duties, and stating that "his efforts to achieve compliance were met with" resistance and hostility, and resulted in his termination. [*Id.* at pp. 1-2.] Lozada then informed OSHA of all of the "protected conduct" in which he had engaged. That description, *in its entirety*, reads only as follows:

> This is essentially a *Sharkey v. JP Morgan Chase* case,[4] with one additional twist: on top of violating the underlying anti-money laundering laws, the employer here **violated an existing consent decree that prohibited future violations** of the underlying anti-money laundering laws.

[*Id.* at p. 2 (emphasis and footnote in original).] That's it. No description of what he observed, or to whom he communicated, or what he told his alleged audience. One *sentence* of vaguely-alleged "protected activities" without more. There can be no doubt that Lozada, under the direction of his then-counsel intentionally pled his OSHA Complaint purposefully vague and void of detail. After all, in addition to Lozada's decade spent practicing federal and military law, Kardell claims to have vast expertise (over 35 years) in representing whistleblowers, and specifically those claiming SOX violations.[5]

6. **The OSHA Determination.** OSHA wasted little time in responding. In its October 12, 2017 OSHA Determination letter to counsel for Lozada, OSHA concluded that it "did not have reasonable cause to believe a violation of (SOX) occurred" and highly relevant to this Motion, that Lozada "did not present a prima facie showing." [Exhibit 3, Dkt. No. 23-3 at p 1.] As the agency explained in a footnote, pursuant to "[29 C.F.R.] § 1980.104(b)(2), and as directed by statute, *OSHA will not investigate* where a complainant has failed to make a prima facie showing

---

[4] This is the footnote included in Lozada's OSHA Complaint — "In Sharkey, the Second Circuit established that complaints pertaining to a violation of the anti-money laundering statute qualifies as protected conduct under SOX. Stempel, J. (2016, September 12). JP Morgan Whistleblower Case Revived by U.S. Appeals Court. [sic] Retrieved from Reuters: https://www.reuters.com/article/us-jpmorgan-whistleblower-lawsuit/jpmorgan-whistleblower-case-revived-by-u-s-appeals-court-idUSKCN11111T7[.]"

[5] *See* https://www.dallaswhistleblowerlawyer.com/ for Kardell's firm website touting his vast experience and expertise in this very area.

that the protected behavior was a contributing factor in the unfavorable personnel action alleged." *Id.*[6] OSHA further informed Lozada that he had 30 days to file objections and request a hearing before an ALJ. *Id.* Lozada did just that, which led to the ALJ proceeding that Lozada then abruptly short-circuited by effectively "removing" the dispute to this Court days before the motion deadline and mere weeks before the final hearing. As the Court knows, Lozada initially filed suit in this Court against MGI, Gonzalez, and Christopher Ponder, another MPSI employee working in the human resources department. [Dkt. No. 1.] He later voluntarily dismissed the individual defendants and added MPSI as a party defendant. [Dkt. No. 21.] Both Defendants have answered and asserted the defense of failure to exhaust administrative remedies. [Dkt. No. 77 at ¶ 96 (MGI) and 78 at ¶ 95 (MPSI).]

## ARGUMENT AND AUTHORITY

Based on the foregoing evidence, and for each of the following reasons, the Court should grant the Motion and dismiss Lozada's claims against Defendants with prejudice:

**A.  Summary Judgment Standard.**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court

---

[6] This and all subsequent emphasis supplied by counsel unless otherwise indicated.

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT**               Page 6

"must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, courts require "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)).

B. <u>The Elements of a SOX Whistleblower Claim.</u>

To succeed on a claim under Section 1514A, Lozada must prove each of the following elements: (1) he engaged in protected whistleblowing activity; (2) his employer knew that he engaged in the protected activity; (3) he suffered an adverse action; and (4) the protected activity was a contributing factor in the adverse action. *Halliburton, Inc. v. Administrative Review Bd.*, 771 F.3d 254, 259 (5th Cir. 2014). *See, e.g.*, *Wallace v. Andeavor Corp.*, 916 F.3d 432, 426-427 (5th

Cir. 2019); *Paul v. Cisco Sys., Inc.*, No. 4:17-cv-00599, 2018 WL 1386863, at *2 (E.D. Tex. Feb. 26, 2018).

C. **Plaintiff is limited to the scope of the OSHA investigation expected from his OSHA Complaint; that scope is *zero*, and Plaintiff's claim fails as a matter of law.**

The Court should grant summary judgment irrespective of the merits of Lozada's allegations because his OSHA Complaint failed to provide the requisite information regarding his alleged protected activity. In evaluating Plaintiff's alleged activity, this Court's review is limited to "the sweep of the OSHA investigation that can reasonably be expected to ensue from the administrative complaint." *Wallace v. Tesoro Corp.*, 796 F.3d 468, 476 (5th Cir. 2015) (affirming dismissal for failure to exhaust). *See, e.g.*, *Jones v. Southpeak Interactive Corp. of Del.*, 777 F.3d 658, 669 (4th Cir. 2015). "It would thwart the administrative scheme to allow plaintiffs to sue on claims that the agency never had a chance to investigate." *Wallace*, 796 F.3d at 475. "Merely filing a claim that meets OSHA's technical requirements" is insufficient to exhaust all potential claims. *Id.* at 476-477. As discussed below, by design, Lozada did not even do that.

As discussed above, Lozada filed his OSHA Complaint on September 28, 2017, through and with the assistance of his then highly experienced whistleblower counsel. Lozada's description of his protected conduct in the OSHA Complaint, in its entirety, reads as follows:

> This is essentially a *Sharkey v. JP Morgan Chase* case, with one additional twist: on top of violating the underlying anti-money laundering laws, the employer here **violated an existing consent decree that prohibited future violations** of the underlying anti-money laundering laws.

[Exhibit 2, Dkt. No. 23-2] In short, Lozada *never identified any protected conduct in which he allegedly engaged.* He did not state (1) what information he provided, (2) the specific law he "reasonably believed" was being violated, or (3) the identity of the person to whom he provided the information. OSHA readily and correctly determined that this intentionally sparse Complaint "did not present a *prima facie* showing" of a SOX whistleblower claim. [Exhibit 3, Dkt. No. 23-3.]

In making this determination, the assigned OSHA's Regional Supervisory Investigator specifically noted that pursuant to "[29 C.F.R.] § 1980.104(b)(2), and as directed by statute, OSHA *will not investigate* where a complaint has failed to make a prima facie showing that the protected behavior was a contributing factor in the unfavorable personnel action alleged." [*Id.* p. 1 n. 2.]

The relevant regulation that govern Lozada's claim are clear. To file an OSHA complaint, "no particular form of complaint is required, except that a complaint must be in writing and should include a full statement of the acts and omissions, with pertinent dates, which are believed to constitute the violations." 29 C.F.R. § 1980.103(b). However, "[t]he complaint . . . *must allege* the existence of facts and evidence to make a prima facie showing as follows:  (i) The employee engaged in a protected activity; (ii) The respondent knew or suspected that the employee engaged in the protected activity; (iii) The employee suffered an adverse action; and (iv) The circumstances were sufficient to raise the inference that the protected activity was a contributing factor in the adverse action. *Id.* § 1980.104(e)(2). Lozada's OSHA Complaint alleges none of these facts, other than his termination.

Further, the regulations require that "a complaint *will be dismissed* unless the complainant has made a prima facie showing that a protected activity was a contributing factor in the adverse action alleged in the complaint." 29 C.F.R. § 1980.104(e)(1). The regulation continues:  "For purposes of determining *whether to investigate*, the complainant will be considered to have met the required burden if the complaint on its face . . . alleges the existence of facts and either direct or circumstantial evidence to meet the required showing[.] . . . If the required showing has not been made, the complainant (or the complainant's counsel, if complainant is represented by counsel) will be so notified *and the investigation will not commence*." *Id.* § 1980.104(e)(3).  If, under *Wallace*, this Court is limited to "the sweep of the OSHA investigation that can reasonably be

expected to ensue from the administrative complaint," *Wallace*, 796 F.3d 476, the reasonably expected sweep is nil.

In sum, Lozada and his counsel — two experienced and sophisticated lawyers — made a calculated decision — not to provide OSHA with any description of Lozada's alleged "protected activity." Clearly, these attorneys, knew (or reasonably should have known) that no investigation would result from their filing such a facially deficient complaint and the absence of any substantive information in the OSHA Complaint was no accident. It was a choice, and one that carries mandatory consequences. Under *Wallace*, this Court **may not review** what OSHA could not reasonably have been expected to investigate. With no facts or "protective activity" described in the OSHA Complaint, this Court must likewise not go beyond what was before OSHA when it had the OSHA Complaint. According, the Court should grant the Motion irrespective of the merits of Lozada's allegations.

## RELIEF REQUESTED

For the foregoing reasons, Defendants respectfully request that the Court grant the Motion; enter a take-nothing judgment for Defendants and against Lozada on his sole cause of action and requests for relief asserted against Defendants, dismissing the same with prejudice; award Defendants their reasonable and necessary attorneys' fees and costs; and grant all other relief, general or special, at law or in equity, to which Defendants may be justly entitled.

Respectfully submitted,

By: */s/ Gary D. Eisenstat*
GARY D. EISENSTAT
Texas State Bar No. 06503200
gary.eisenstat@ogletree.com
JOHN M. BARCUS
Texas State Bar No. 24036185
john.barcus@ogletree.com

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
500 Preston Commons West
8117 Preston Road
Dallas, Texas  75225
214.987.3800 (Phone)
214.987.3927 (Fax)

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2020, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Gary D. Eisenstat*
GARY D. EISENSTAT

43840606.1