**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| JUAN LOZADA-LEONI | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No. 4:20-cv-00068-RWS-CMC |
| v. | § | |
| | § | |
| MONEYGRAM INTERNATIONAL, INC. and | § | |
| MONEYGRAM PAYMENT SYSTEMS, INC. | § | |
| | § | |
| Defendants. | § | |

---

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
[ECF 109]

---

Now Comes Plaintiff, Juan Lozada-Leoni, and files his Response to Defendants' Motion for Summary Judgment, in support of which would respectfully show the Court the following:

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................... ii

I.      OBJECTIONS TO DEFENDANT'S SUMMARY JUDGMENT EVIDENCE ................ 1

II.     RESPONSE TO STATEMENT OF ISSUES .................................................................... 2

III.    RESPONSE TO STATEMENT OF UNDISPUTED FACTS........................................... 2

IV.     ARGUMENT AND AUTHORITIES............................................................................... 2

   A.  Standard of Review .................................................................................................... 2

   B.  Exhaustion of Administrative Remedies .......................................................... 3

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Buchanan v. Sterling Constr. Co., Inc.*, 2017 WL 6888308 (S.D. Tex. July 25, 2017). ................ 3

*Lozada-Leoni v. MoneyGram Int'l, Inc.*, 2019 WL 7875058 (E.D. Tex. Nov. 25, 2019) ............. 3

*Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir. 1970) .................................................... 5

*Wallace v. Tesoro Corp.*, 796 F.3d 468  (5th Cir. 2015) ....................................................... passim

*Williams v. Tarrant Cty. Coll. Dist.*, 717 F. App'x 440 (5th Cir. 2018), <u>reh'g denied</u> (Feb. 20,

2018). ............................................................................................................................................ 5

**Statutes**

18 U.S.C. § 1514A ..................................................................................................... 1, 2, 3, 4

29 U.S.C. § 1980.104(e)(2) ............................................................................................... 5

**Other Authorities**

Black's Law Dictionary (11th ed. 2019). ....................................................................................... 2

**Rules**

FED. R. EVID. 401 ............................................................................................................ 1

## I.     OBJECTIONS TO DEFENDANT'S SUMMARY JUDGMENT EVIDENCE

Mr. Lozada objects to Exhibits 1 and 3 of the Defendants' motion based upon relevance.

Pursuant to FED. R. EVID. 401, "evidence is relevant if: **(a)** it has any tendency to make a fact more or less probable than it would be without the evidence; and **(b)** the fact is of consequence in determining the action."   "Problems of relevancy call for an answer to the question whether an item of evidence, when tested by the processes of legal reasoning, possesses sufficient probative value to justify receiving it in evidence."   Advisory Committee Notes on Rule 401.   Neither exhibit possesses any probative value in addressing the sweep of Mr. Lozada's OSHA complaint.

18 U.S.C. § 1514A (SOX) guarantees a *de novo* review of SOX claims following the filing of an administrative complaint.   The guarantee of a *de novo* review "prevents deference" to OSHA's findings and conclusions.   *Wallace v. Tesoro Corp*., 796 F.3d 468, 475 (5th Cir. 2015).   Thus, while the complaint itself is relevant to address its "sweep" for purposes of assessing administrative exhaustion, the OSHA findings are entirely irrelevant.   Defendants' Exhibit 3 has no relevance to the issue being raised by Defendants and should be stricken and not considered by the Court for any purpose.

Defendants attempts to use Mr. Lozada's employment history and background to show that he was aware of the importance of "rules and regulations." (Defendants' motion, [ECF 109] p. 4).   This, too, is irrelevant to the issue raised by Defendants or the Court's analysis and should be stricken and not considered by the Court for any purpose. [1]

---

[1] The Plaintiff would note that the body of Defendants' motion also contains a substantial amount of irrelevant argument relating to an alleged "intent" with respect to the filing of the OSHA complaint.   The Defendants have cited no authority whatsoever to support such arguments, because such arguments are irrelevant to the analysis of the sweep of an OSHA complaint and are made in bad faith.   The Plaintiff's Response is focused upon the proper analysis.

II.     **RESPONSE TO STATEMENT OF ISSUES**

Plaintiff does not dispute the Defendants' statement that the issue being addressed is the scope of Mr. Lozada's OSHA complaint.  Plaintiff does dispute that OSHA's findings have any relevance in such analysis.

III.    **RESPONSE TO STATEMENT OF UNDISPUTED FACTS**

Plaintiff disputes the relevance of most of the facts included by Defendants because the only information relevant to the Court's analysis is the OSHA complaint (Defendants' Exhibit 2) and the Second Amended Petition [ECF 21].   While Plaintiff does not dispute the general background facts provided, he obviously disputes the entirely unsupported allegations regarding his allegedly nefarious intent and that he was "purposefully vague and devoid of detail." (Defendants' Motion, p. 5, par. 5).   However, as these allegations are irrelevant to this analysis, they are not addressed further.

IV.     **ARGUMENT AND AUTHORITIES**

A.  Standard of Review

SOX actions presented in a District Court are reviewed "*de novo*."  18 U.S.C.A. § 1514A provides:

> **(B)** if the Secretary has not issued a final decision within 180 days of the filing of the complaint and there is no showing that such delay is due to the bad faith of the claimant, bringing an action at law or equity for de novo review in the appropriate district court of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy.

A *de novo* review is "a court's non-deferential review."  Black's Law Dictionary (11th ed. 2019).  The Fifth Circuit has confirmed that there is no deference to OSHA's findings in SOX complaints.  *Wallace v. Tesoro Corp.*, 796 F.3d 468, 474 (5th Cir. 2015).  Thus, while the scope of the complaint filed with OSHA is part of the review, OSHA's findings are not.

B.  Exhaustion of Administrative Remedies

This Court has already addressed the "sweep" of Mr. Lozada's OSHA complaint in *Lozada-Leoni v. MoneyGram Int'l, Inc.*, 2019 WL 7875058, (E.D. Tex. Nov. 25, 2019), *report and recommendation adopted*, 2020 WL 428080 (E.D. Tex. Jan. 28, 2020) ("*Lozada I*").  In *Lozada I*, MoneyGram Payment Systems, Inc. (MPSI) filed a motion to dismiss alleging failure to exhaust administrative remedy because it was not specifically named in Mr. Lozada's OSHA complaint.  The Court engaged in an extensive analysis of the facts of this case, the OSHA complaint filed by Mr. Lozada, and applicable Fifth Circuit law, noting that the applicable law "'only requires that claims have a reasonable relation to the original complaint, and those developed by reasonable investigation of the complaint.'"  *Id*. at *13 (citing *Buchanan v. Sterling Constr. Co., Inc*., 2017 WL 6888308 (S.D. Tex. July 25, 2017).  The Court found that "Plaintiff exhausted his administrative remedies as to the SOX-retaliation claim against MPSI...."  *Id.*

While *Lozada I* did not address the conduct alleged in Mr. Lozada's OSHA complaint, it did address the law applicable to such, citing *Wallace v. Tesoro Corp*., 796 F.3d 468, 474 (5th Cir. 2015) (*Wallace I*), which holds that "[essentially, the employee has to provide information or assist in an investigation that he reasonably believes relates to one or more of six <u>categories</u> of laws and regulations: four specific types of fraud, a federal offense that relates to fraud against shareholders, <u>or a rule or regulation of the SEC</u>." *Wallace I* at 474 (citing 18 U.S.C. § 1514A(a)) (emphasis added).  Rather than requiring an OSHA complaint to be factually specific, Wallace I only requires that the complaint state a "category" of offense or violation of a "rule or regulation" of the SEC.

The "categories" referenced by *Wallace I* and contained within 18 U.S.C. § 1514A including: sections 1341 ("frauds and swindles"); 1343 ("fraud by wire, radio, or television"); 1344 ("bank fraud"); or 1348 ("securities and commodities fraud").

In the OSHA complaint at issue, Mr. Lozada clearly put OSHA and the Defendant on notice of the nature of, and bases for, his claims and specifically stated categories of misconduct that fall within 18 U.S.C. § 1514A.

The OSHA complaint filed by Mr. Lozada stated his job title and job duties, as well as efforts to achieve compliance that were met with resistance and hostility, resulting in his termination.  The categories of SOX violation were stated as follows:

> This is essentially a *Sharkey v. JP Morgan Chase* case, with one additional twist: on top of violating the underlying anti-money laundering laws, the employer here violated an existing consent decree that prohibited future violations of the underlying anti-money laundering laws (the complaint includes a footnote stating that "[i]n *Sharkey*, the Second Circuit established that complaints pertaining to a violation of the anti-money laundering statute qualifies as protected conduct under SOX").  (See Defendants' Exhibit 2)

Any reasonable investigation of this complaint would address the specific factual underpinning of the alleged violations of anti-money laundering laws as well as violations of the "consent decree" which are the basis of this lawsuit.  In *Wallace I*, the OSHA complaint listed one <u>category</u> of violation—"anti-trust issues."  796 F.3d at 476-77.  The complainant argued that the category listed should also encompass "wire fraud."  *Id*.  However, the court determined that an investigation of anti-trust issues would not encompass wire fraud.  *Id*.  "By failing entirely to reference a distinct <u>category</u> of protected activity in his OSHA complaint, Wallace did not file a complaint whose investigation would reach that activity."  *Id*. at 477 (emphasis added).

*Wallace I* takes the language regarding exhaustion directly from Title VII cases addressing the scope of an administrative charge.  *Id*. at 476.  "We have similarly held that an EEOC complaint claiming sex discrimination would not reasonably lead to an investigation that

would encompass race discrimination as a motivation for the same action." *Id*.  Again, the court is focused on the category of the claim ("sex" versus "race") rather than factual recitations.

The Fifth Circuit views the Title VII exhaustion "in the broadest possible sense" and a description of "the general nature" of a claim is sufficient.  *Williams v. Tarrant Cty. Coll. Dist.*, 717 F. App'x 440, 446 (5th Cir. 2018), reh'g denied (Feb. 20, 2018).  In *Williams*, the plaintiff failed to check the box for "retaliation" on the EEOC Charge and did not include it in the narrative portion.  The court found that "retaliation" was included in the "general nature" of her claim and it was sufficient to exhaust her administrative remedy.  *Id*.  See also *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 463 (5th Cir. 1970) (charge asserting "sex" and "national origin" encompassed claims including race and color).

In the case *sub judice*, the categories of violations stated in the OSHA complaint are "violation of anti-money laundering laws" and "violation of a consent decree."  The statute governing investigations of such complaints specifies that the assessment of whether a complaint properly identifies a protected activity must be based upon ""[t]he complaint, supplemented as appropriate by interviews of the complainant."  29 U.S.C. § 1980.104(e)(2) (emphasis added).  A simple interview of Mr. Lozada would have provided any additional information as pleaded in this lawsuit.

In Lozada's Second Amended Complaint [ECF 21], he provides substantial factual detail to support his SOX claims, and they are all based upon MoneyGram's violations of anti-money laundering statutes and the "consent decree" (Deferred Prosecution Agreement) stated in the OSHA complaint.  For example, paragraphs 12 through 16, 28, 35, 43, 49, 61, 62, 63, 71, 74, 86, and 87 specifically mention the DPA, the Defendant's violations of the DPA, and Mr. Lozada's opposition to those violations.  The remaining factual contentions address "compliance" issues

related to the DPA and there is an entire section beginning on p. 17 entitled "compliance infractions" setting out how various actions violated provisions of the DPA.   There are additionally specific provisions relating to violations of anti-money laundering statutes.   All of the allegations relate to violations of anti-money laundering laws.   For example, Mr. Lozada determined to suspend thirteen SuperValu stores because of numerous ongoing violations of the DPA and concerns about money laundering at such stores.   Because SuperValu was such a large account, MoneGram had allowed it to continue to violate anti-money laundering provisions for years.   Lozada's decision was reversed by his manager, who chastised him and removed him from the SuperValu account.   This conduct is specifically and directly related to, and arising from, anti-money laundering laws and the DPA, as is all of the other conduct specified in Lozada's Second Amended Complaint.   Defendants' Motion for Summary Judgment should be in all things denied.

FOR THE REASONS STATED, Plaintiff prays that the Defendants' Motion for Summary Judgment be denied in all things and for such further relief as justice may require.

Respectfully submitted,

/s/Susan E. Hutchison
Texas Bar No. 10354100
sehservice@hsjustice.com

Hutchison & Stoy, PLLC
505 Pecan St., Ste. 101
Fort Worth, Texas 76102
Phone:  817-820-0100
Fax:   817-820-0111

S. Rafe Foreman
Texas Bar No. 10354100
srfservice@hsjustice.com

Hutchison & Stoy, PLLC
1312 Texas Ave., #101
Lubbock, TX  79401
(806) 491-4911

ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

 This is to certify that on September 2, 2020, a true and correct copy of the above and foregoing document was served on the following attorneys of record by delivery to each of them via facsimile transmission:

John M. Barcus, Gary D. Eisenstat
Ogletree, Deakins
john.barcus@ogletree.com
rroeser@haltomdoan.com

J. Randall Roeser, Darby V. Doan
Haltom & Doan
rroeser@haltomdoan.com
ddoan@haltomdoan.com

    s/Susan E. Hutchison
    Susan E. Hutchison