IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JUAN LOZADA-LEONI, § § Plaintiff, § § v. § Civil Action No. 4:20-cv-0068--RWS-CMC § MONEYGRAM INTERNATIONAL, INC. and § MONEYGRAM PAYMENT SYSTEMS, INC., § § Defendants. § | |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendants MoneyGram Payment Systems, Inc. ("MPSI") and MoneyGram International, Inc. ("MGI") (collectively, "Defendants") file this Reply in Support of their Motion for Summary Judgment ("Motion") and state:

## INTRODUCTION AND SUMMARY

Defendants filed the Motion (Dkt. No. 109) on August 12, 2020, raising one discrete ground: whether Plaintiff Juan Lozada-Leoni ("Lozada") is barred under 29 C.F.R. § 1980 and binding Fifth Circuit precedent from litigating his SOX claim in this Court, because the original complaint he filed with the Department of Labor was so facially insufficient that OSHA determined it was *legally barred from investigating* the complaint in the first instance.

Lozada filed his Response (Dkt. No. 110) to the Motion on September 2, 2020. In the Response, Lozada takes an interesting approach: he objects to OSHA's findings as "irrelevant" to the issue of whether Lozada's original administrative complaint was sufficient to trigger an investigation and asks the Court to ignore it. With OSHA's finding somehow out of the way, Lozada finds himself free to argue that the original administrative complaint *was* sufficient. It was not, as a matter of law, and the Court should grant the Motion and dismiss the case.

## RESPONSE TO OBJECTIONS

Lozada has objected to Exhibit 3 to the Motion, which is OSHA's October 12, 2017, determination letter. He contends that OSHA's adverse determination is "entirely irrelevant" to the adjudication of whether Lozada exhausted his administrative remedies. The only authority cited in support of this argument is *Wallace v. Tesoro Corp.*, 796 F.3d 468 (5th Cir. 2015). In *Wallace*, the court discussed the meaning of a "de novo review," as Lozada informs the Court, but then said this: "the guarantee of de novo review prevents deference to OSHA's findings and conclusions if the employee subsequently sues, ***but it is not a complete redaction of the administrative proceeding***. There is no reason to think that, in enacting SOX, Congress varied from the ordinary meaning of 'de novo review.'" *Id.* at 475.[1]

That is, while the Court is not required to defer to OSHA's findings, nothing in *Wallace* requires the Court to ignore them, as Lozada requests. Moreover, it appears from the discussion in *Wallace* that OSHA never made a determination regarding the subject complaint; rather, the complainant filed his OSHA complaint, but then filed suit without waiting for OSHA to make a determination. *Id.* Thus, the issue of whether OSHA determination letters are relevant was not before the Court. Lozada is free to argue about the *weight* the Court should afford the OSHA determination letter in deciding the Motion, but in the absence of authority to the contrary, it is plainly relevant. The administrative agency charged with investigating Lozada's complaint found that it was insufficient as a matter of law to trigger an investigation. The Court can and should consider that evidence when deciding the question of law presented in the Motion.

Lozada also objected to Exhibit 1 to the Motion, which are excerpts from his own deposition in which he describes his extensive background as an assistant district attorney in

---

[1] All emphasis supplied unless otherwise indicated.

Houston, a military attorney (Chief of International Law for United States Army South), and an Assistant United States Attorney. Defendants' purpose in introducing this evidence was to demonstrate Lozada's obvious awareness of the importance of following all applicable rules and regulations (such as the exhaustion requirement at issue). Lozada argues, without citation to *any* authority, that this is "irrelevant to the issue raised by Defendants or the Court's analysis." To the contrary, the fact that Lozada is an experienced attorney, and that his then-counsel Steve Kardell is a self-professed expert in handling SOX whistleblower matters, is directly relevant, as discussed further below. If the Court might have been inclined to "look the other way" if a *pro se* complainant filed what OSHA determined was a fatally flawed complaint, Lozada and Kardell's backgrounds should discourage the Court from doing so in this instance. Defendants therefore ask that the Court overrule Lozada's objections.

## ARGUMENT AND AUTHORITY

The relevant regulations identifying the minimum (and minimal) requirements for an OSHA complaint alleging a SOX violation are clear – which, presumably, is why Lozada utterly fails to mention them and makes no attempt to rebut Defendants' argument that the six-sentence complaint failed to comply with the requirements. They bear repeating:

To file an OSHA complaint, "no particular form of complaint is required, except that a complaint must be in writing and should include a ***full*** statement of the acts and omissions, with pertinent dates, which are believed to constitute the violations." 29 C.F.R. § 1980.103(b). However, "[t]he complaint . . . ***must allege*** the existence of facts and evidence to make a prima facie showing as follows: (i) The employee engaged in a protected activity; (ii) The respondent knew or suspected that the employee engaged in the protected activity; (iii) The employee suffered

an adverse action; and (iv) The circumstances were sufficient to raise the inference that the protected activity was a contributing factor in the adverse action. *Id.* § 1980.104(e)(2).

Why ***must*** the OSHA complaint allege all of those things? Because they constitute the essential elements of a SOX claim. To succeed on a claim under Section 1514A, Lozada must prove each of the following elements: (1) he engaged in protected whistleblowing activity; (2) his employer knew that he engaged in the protected activity; (3) he suffered an adverse action; and (4) the protected activity was a contributing factor in the adverse action. *Halliburton, Inc. v. Administrative Review Bd.*, 771 F.3d 254, 259 (5th Cir. 2014).

In the Response, Lozada ***does not dispute*** that the six-sentence complaint fails to comply. He does not contend, for example, that the complaint identifies *any* protected whistleblowing activity, that his employer *knew* he engaged in that activity, or that the protected activity was a contributing factor in his termination. No matter how generously the Court construes the complaint, those factual allegations simply are not there. Lozada does not contend otherwise, nor could he. His OSHA complaint says only that his employer violated anti-money-laundering laws and a consent decree, and that he was terminated. He makes no allegation that those two things are connected and, again, does not allege that he engaged in any protected activity or that his employer knew about it, let alone providing a "full statement of the acts and omissions, with pertinent dates, which are believed to constitute the violations."

Lozada attempts to distract from these clear shortcomings by discussing the *Wallace* opinion, but *Wallace* addressed a different issue: whether an otherwise-compliant OSHA complaint alleging an observed violation of one category of laws (*e.g.*, securities fraud) exhausts administrative remedies with regard to allegations in the subsequent litigation about an observed violation of a different category of laws (*e.g.*, wire fraud). The complainant in *Wallace* alleged in

his OSHA complaint that he observed violations of laws relating to securities fraud. In the litigation, he added an allegation that he observed violations of wire fraud laws. The district court dismissed his wire fraud allegations for failure to exhaust. The Fifth Circuit affirmed. "As we explain, SOX has an exhaustion requirement, and the district court correctly concluded that Wallace's wire-fraud-based protected activity was outside the scope of the OSHA complaint or any investigation it would reasonably prompt." *Wallace*, 796 F.3d at 474.

Even in *Wallace*, the complainant's argument was not as extreme as the position Lozada now advocates. The argument was that "SOX contains no exhaustion requirement and that, to the contrary, merely filing a charge with OSHA ***that triggers an investigation*** is enough to permit a future district-court filing that is not limited by the scope of that charge." *Id.* at 475. Lozada now asks the Court to hold that merely filing a charge with OSHA ***that is legally insufficient to trigger an investigation*** is enough. It is not. In *Wallace*, the complainant filed a detailed complaint, and identified in detail and with specificity the protected activity in which he allegedly engaged; the fact that his employer knew of his protected activity; an allegedly adverse action; and several paragraphs explaining the alleged causal link between the protected activity and the adverse action. *See* Exhibit 1.[2] Lozada provided none of this.

Thus, Lozada's argument that "rather than requiring an OSHA complaint to be factually specific, *Wallace* only requires that the complaint state a 'category' of offense or violation of a 'rule or regulation' of the SEC" is plainly wrong. [Response (Dkt. No. 110) at p. 3.] To the

---

[2] The *Wallace* OSHA Complaint is an exhibit to the Memorandum of Law in Support of Tesoro Corporation's Motion to Dismiss the Second Amended Complaint (Dkt. No. 38) filed on April 23, 2012, in *Wallace v. Tesoro Corp.*, Civil Action No. 5:11-CV-00099, in the United States District Court for the Western District of Texas, San Antonio Division. The Court may take judicial notice of it. *See, e.g.*, *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 664-665 (N.D. Tex. 2011) (courts may take judicial notice of the existence and contents of public documents or documents from another court, but may not assume the truth of disputed factual allegations). A copy is attached for the Court's convenience.

contrary, the lesson from *Wallace* is that the OSHA complaint must be factually specific *and* must state every "category" of law enumerated in 18 U.S.C. § 1514A that the complaint allegedly observed being violated.

Lozada's discussion of two Title VII cases also misses the mark. In *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir. 1970), the Fifth Circuit held that an "unlettered and unsophisticated" complainant need not "check every box" on the EEOC's charge form, because "the selection of which box to check, is in reality nothing more than the attachment of a legal conclusion to the facts alleged." *Id.* at 462. Instead, "the crucial element of a charge of discrimination is the ***factual statement*** contained therein." *Id.*[3] The "only procedural requirement which should confront a Title VII complainant is the requirement that he state, within the ninety-day period, ***facts sufficient to trigger a Commission investigation***." *Id.* Lozada and his then-counsel, whistleblower specialist Steve Kardell, are hardly the type of "unsophisticated" complainants described in the *Sanchez* opinion. Particularly in these circumstances, the Court should not excuse Lozada's failure to comply with the low bar set in the relevant OSHA regulations and, to the extent it has any relevance, with the standard established in *Sanchez*.

In *Williams*, the Fifth Circuit reaffirmed this principle. The court held that summary judgment is warranted on exhaustion grounds when the complainant "fails to describe the general nature of the claim in the narrative section of the charge." *Williams v. Tarrant County College District*, 717 F. App'x 440, 445 (5th Cir. 2018). As discussed above, *Wallace* does impose a "check the box" requirement in the sense that an OSHA complaint must at least identify the category of

---

[3] The *Sanchez* court specifically notes that the charging party in the Title VII context is often a legally untrained layperson: "We must ever be mindful that the provisions of Title VII were not designed for the sophisticated or cognoscenti, but to protect equality of opportunity among all employees and prospective employees. This protection must be extended to even the most unlettered and unsophisticated. It cannot be doubted that 'a large number of charges filed with [the] EEOC are filed by ordinary people unschooled in the technicalities of the law.'" *Id.*

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**     **Page 6**

laws allegedly broken. Even if *Williams* and *Sanchez* suggest leniency on that point, these cases reaffirm the principle expressed in *Wallace* that factual specificity is what matters.

When the Court compares and contrasts Exhibit 1 with Lozada's six-sentence OSHA complaint, it should become clear why *no* investigation could reasonably have been expected (particularly by a sophisticated complainant represented by specialized counsel) to flow from Lozada's complaint. All it takes is reading the relevant regulations. As OSHA informed Lozada when it declined to investigate his complaint:

> A complaint **will be dismissed** unless the complainant has made a ***prima facie showing that a protected activity was a contributing factor*** in the adverse action alleged in the complaint.
>
> The complaint, supplemented as appropriate by interviews of the complainant, must allege the existence of facts and evidence to make a prima facie showing as follows: (i) the employee engaged in a protected activity; (ii) the respondent knew or suspected that the employee engaged in the protected activity; (iii) the employee suffered an adverse action; and (iv) the circumstances were sufficient to raise the inference that the protected activity was a contributing factor in the adverse action.
>
> For purposes of determining **whether to investigate**, the complainant will be considered to have met the required burden if the complaint on its face, supplemented as appropriate through interviews of the complainant, alleges the existence of facts and either direct or circumstantial evidence to meet the required showing, i.e., to give rise to ***an inference that the respondent knew or suspected that the employee engaged in protected activity and that the protected activity was a contributing factor in the adverse action***. . . . If the required showing has not been made, the complainant (or the complainant's legal counsel, if complainant is represented by counsel) will be so notified and ***the investigation will not commence***.

29 C.F.R. § 1980.104(e)(1)-(3). Lozada made no attempt to allege that he engaged in protected activity, and no attempt to allege a causal link between that protected activity and any adverse action. He does not argue otherwise in the Response, nor could he. OSHA informed him that it was barred from investigating the complaint, which Lozada never sought to amend. This Court should reach the same conclusion – not because OSHA *reached it*, but because OSHA *got it right*.

The holding in *Wallace* favors Defendants' position, rather than Lozada's, and he cites no other on-point authority in support of his responsive arguments.

### REQUEST FOR RELIEF

For the foregoing reasons and as set forth more fully therein, Defendants respectfully request that the Court overrule Lozada's evidentiary objections, grant the Motion, enter a take-nothing judgment for Defendants and against Lozada on each of his claims, causes of action, and requests for relief, dismissing the same with prejudice, award Defendants their reasonable and necessary attorneys' fees and costs, and grant all other relief, general or special, at law or in equity, to which Defendants may be justly entitled.

Respectfully submitted,

By: ___/s/ John M. Barcus___
GARY D. EISENSTAT
Texas State Bar No. 06503200
gary.eisenstat@ogletree.com
JOHN M. BARCUS
Texas State Bar No. 24036185
john.barcus@ogletree.com

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
500 Preston Commons West
8117 Preston Road
Dallas, Texas  75225
214.987.3800 (Phone)
214.987.3927 (Fax)

-and-

Darby Vincent Doan
Randy Roeser
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, Texas 75503
Telephone:  (903) 255-1000
Facsimile (903) 255-0800

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

     I hereby certify that on September 17, 2020, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                */s/ John M. Barcus*
                                John M. Barcus

44209788.1