IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JUAN LOZADA-LEONI, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:20-cv-0068--RWS-CMC |
| § | |
| MONEYGRAM INTERNATIONAL, § | |
| INC. and MONEYGRAM PAYMENT § | |
| SYSTEMS, INC., § | |
| § | |
| Defendants. § | |

**MONEYGRAM INTERNATIONAL, INC.'S SUR-SURREPLY
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant MoneyGram International, Inc. ("MGI") submits this Sur-Surreply in Support of its Motion for Summary Judgment ("Motion") [Dkt. No. 83] and states:

As all sides agree, the single issue presented in MGI's Motion is whether Plaintiff Juan Antonio Lozada-Leoni ("Plaintiff") is barred under the Sarbanes-Oxley Act ("SOX") from recovering against MGI, when he only worked for Defendant MoneyGram Payment Systems, Inc. ("MPSI"), and not MGI. Because the answer is yes, the Court should grant the Motion and dismiss MGI from this suit.

In his Surreply [Dkt. No. 118], Plaintiff resorts to a very simple, but wholly disingenuous, solution to this insurmountable problem: he assumes it away. Specifically, he alleges for the first time, without pleading or proof, that "Mr. Lozada was an employee of ***both*** the subsidiary, MoneyGram Payment Systems, Inc. (MPSI) and the parent, MoneyGram International, Inc. (MGI)." [Dkt. No. 118, p. 1.] This untimely and counterfactual argument has never been pleaded, and it is unsupported by authority.

Plaintiff alleged in his live pleading that he "began work as Senior Manager for the U.S. Regional Compliance Team *for MPSI* on October 18, 2016." [Dkt. No. 21 ¶ 4.] As set forth in the Motion, Plaintiff received his offer letter from MPSI, admitted in his deposition that he was employed by MPSI, and has consistently alleged in several other filings that MPSI (and only MPSI) was his employer. [Dkt. No. 83 ¶ 2.] In connection with its long-ago motion to transfer venue, MGI submitted sworn testimony that it *never* employed Plaintiff. [Dkt. No. 5-1 ¶ 5.] In his response to that motion, Plaintiff did not controvert this testimony; instead, he told the Court that "he only worked for MPSI for approximately six months." [Dkt. No. 19 p. 4.]

As discussed in the Motion, one of the essential elements of Plaintiff's sole cause of action for SOX retaliation is that his employer knew that he engaged in alleged protected activity. *See, e.g.*, *Halliburton v. Admin. Review Bd.*, 771 F.3d 254, 259 (5th Cir. 2014). As originally enacted, SOX barred public companies, or "any employee, contractor, subcontractor, or agent of such company" from whistleblower retaliation. 18 U.S.C. § 1514A(a) (2006 ed.). Thus, there was some question about whether SOX offered any protection to employees of *subsidiaries* of publicly traded companies. Many litigants resorted to somewhat tortured statutory interpretations or "joint employer" arguments. In 2010, the Dodd-Frank amendments to SOX made clear that "any subsidiary or affiliate" of a publicly traded company "whose financial information is included in the consolidated financial statements of such company" may be held directly liable to its employees. 18 U.S.C. § 1514A(a). MPSI does not dispute that it falls into this category, and agrees that it would be subject to liability to its employees were it to engage in an act prohibited by SOX.

In his Response to the Motion [Dkt. No. 89], Plaintiff argues that "MGI has failed to prove that MPSI is not MGI's alter ego. MGI has failed to prove that the court should not pierce the corporate veil and hold MGI liable for acts done by MPSI." Plaintiff **has not alleged "alter ego"**

*or any other theory of vicarious liability*. He has asked the Court to hold MGI liable for its own alleged actions, not for the actions of MPSI. Prior to the Dodd-Frank amendments, Plaintiff, as an employee of non-public MPSI, might have needed to prove "alter ego" in order to have *anyone* to hold accountable for MPSI's alleged actions. Now, that is not the case. Plaintiff has not directed the Court to any authority for the proposition that an employee of a subsidiary can reach the parent without pleading and proving alter ego or some other theory of vicarious liability.

In the Response, Plaintiff asked the Court to wait to rule on the Motion until he had an opportunity to depose four current or former MPSI employees. His then attorney, Theodore Garber, testified in a declaration that he was going to ask the witnesses "questions regarding the laundry list of factors that the Fifth Circuit stated are crucial in determining whether a subsidiary is the alter ego of the parent" and that "the sworn responses of these four witnesses will establish that MPSI is MGI's alter ego." [Response p. 8.] That is, Plaintiff did not ask the Court to table the Motion while he sought discovery regarding whether he was employed by MGI (because he knows that he was not). He asked the Court for time to take discovery regarding his unpleaded alter ego theory. Upon completion of the depositions, the Court permitted Plaintiff to file a surreply supported by the deponents' testimony.

Nothing in the Surreply raises a fact question regarding whether Plaintiff was employed by MGI. As the Court will see when it reviews the testimony attached to the Surreply, Plaintiff's counsel did *not* ask any of the witnesses any questions regarding the identity of Plaintiff's employer, and did *not* ask them any questions about the "laundry list of factors" courts consider when evaluating a litigant's alter ego claim. Plaintiff was entitled to take the depositions, of course, and his counsel was free to ask whatever questions they wished, but months of time could have been saved had Plaintiff advised the Court that he no longer intended to ask the type of questions

Mr. Garber promised to ask, or that he no longer intended to pursue the unpleaded "alter ego" theory based on the "laundry list" of factors set forth in the *Jon-T Chemicals* case discussed prominently in the Response. The testimony is irrelevant and therefore inadmissible, and the Court should strike and disregard it.

Instead, Plaintiff has taken advantage of the Court's decision to permit a surreply to advance an entirely new legal argument: "whether an employee of a subsidiary is also an employee of the parent company for purposes of SOX protection." [Dkt. No. 118 p. 1.] According to Plaintiff, "the answer is a very clear 'yes.' Mr. Lozada was an employee of both the subsidiary . . . and the parent[.]" *Id.* That is, Plaintiff now argues that SOX liability ***automatically*** extends to the parent company for the actions of its subsidiary. Plaintiff was not even bold enough to attempt that argument in the Response. He is not allowed to raise it now. As set forth in MGI's Reply, a party "may not defeat summary judgment on the basis of a theory found nowhere in the complaint." *Johnson v. Thibodaux City*, 887 F.3d 726, 736 (5th Cir. 2018). *See, e.g.*, *Charles v. K-Patents, Inc.*, No. 1:17-CV-339, 2020 WL 1480734, at *14 (E.D. Tex. March 19, 2020) (citing cases); *Maples v. Barrett Daffin Frappier Turner & Engel, LLP In Rem Only*, No. 4:18-cv-875-ALM-CAN, 2019 WL 6333989, at *8 n. 5 (E.D. Tex. Oct. 31, 2019) (citing cases).

Even if the Court allows Plaintiff to rely on the unpleaded argument, it fails as a matter of law. The *Morefield* decision on which Plaintiff relies does not lend support to his theory. First, as Plaintiff pointedly fails to acknowledge, *Morefield* was decided in 2004, nearly a decade before the Dodd-Frank amendments gave employees of subsidiaries a direct cause of action against their employer. Second, *Morefield* also came a decade before *Lawson*, in which the Supreme Court held that there must be a direct employer-employee relationship between a SOX plaintiff and the entity the plaintiff seeks to hold liable for alleged misdeeds. Third, the judge in *Morefield* did not hold

that the complainant had been an employee of both the subsidiary (as all acknowledged) and the parent. Instead, he determined that "employees of non-public subsidiaries of publicly traded companies are covered by the whistleblower protections of Sarbanes-Oxley." *In re Morefield v. Exelon Servs., Inc.*, 2004 SOX 00002, 2004 WL 5030303, at *4 (Jan. 28, 2004). In other words, the employee has a remedy against his employer. So does Plaintiff. His remedy is against MPSI.

Plaintiff's other authority also misses the mark. In *Carnero*, a First Circuit case that again predates the Dodd-Frank amendments and *Lawson*, neither party contested that the plaintiff was a covered employee of the parent. *Carnero v. Boston Sci. Corp.*, 433 F.3d 1, 6 (1st Cir. 2006). The court nevertheless engaged in a discussion, entirely in *dictum*, and did the sort of pre-amendment analysis necessary to give an employee of a subsidiary **any** form of relief, musing that if the employing subsidiaries "were agents" of the parent, "as seems quite possible, their own employee would fit this definition of the parent's 'employee.'" *Id.* "We shall, therefore, assume for present purposes, but without deciding, that [plaintiff] was a covered employee of" the parent-defendant. *Id.* That is, *Carnero* is not even an endorsement of the pre-amendment argument for holding the parent liable for the actions of its subsidiary against a subsidiary's employee. It is simply an acknowledgment that the argument exists – or existed. The point is now moot because SOX, as currently enacted, unambiguously provides a direct cause of action against the subsidiary.

In summary, Plaintiff has abandoned the "alter ego" argument raised for the first time in the Response, and the Court should disregard it – and, in any event, none of the deposition testimony addresses the *Jon-T* factors. Plaintiff's new argument that employees of subsidiaries are automatically employees of the parent for purposes of extending direct SOX liability to the parent is not only untimely, but it is unsupported by law. Plaintiff does not dispute that his actual employer was MPSI, and has judicially admitted that fact several times over. Defendants deny that MPSI

did anything wrong (and deny that Plaintiff exhausted his remedies against MPSI), but it is undisputed that MPSI is susceptible to liability under SOX if it is found to have engaged in unlawful retaliation against its employees. Plaintiff still has not shown the Court *any* evidence that he was employed by MGI. His claims, factually and legally, are meritless.

## RELIEF REQUESTED

For the foregoing reasons, and as set forth more fully in the Motion and the Reply, MGI respectfully requests that the Court grant the Motion; enter a take-nothing judgment for MGI and against Plaintiff on each of his claims, causes of action, and requests for relief pleaded against MGI, dismissing the same with prejudice; award MGI its reasonable and necessary attorneys' fees and costs; and grant all other relief, general or special, at law or in equity, to which MGI may be justly entitled.


Respectfully submitted,

By: */s/ John M. Barcus*
GARY D. EISENSTAT
Texas State Bar No. 06503200
gary.eisenstat@ogletree.com
JOHN M. BARCUS
Texas State Bar No. 24036185
john.barcus@ogletree.com

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
500 Preston Commons West
8117 Preston Road
Dallas, Texas 75225
214.987.3800 (Phone)
214.987.3927 (Fax)

*-and-*

Darby Vincent Doan
Randy Roeser
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, Texas 75503
Telephone: (903) 255-1000
Facsimile (903) 255-0800

**ATTORNEYS FOR DEFENDANTS**

### CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2020, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ John M. Barcus*
John M. Barcus