IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION xxx

| | |
|---|---|
| **JUAN LOZADA-LEONI,** § § § **Plaintiff,** § § vs. § § Civil Action No. 4:20-cv-68 § **MONEYGRAM INTERNATIONAL, INC.,** § **and MONEYGRAM PAYMENT** § **SYSTEMS, INC.,** § **Defendants.** § § § | |

### MOTION FOR TELEPHONE SETTLEMENT CONFERENCE ON ATTORNEY FEES DISPUTE

Intervenor Kardell Law Group ("KLG"), by and through its counsel, hereby files this Motion for an Order Setting a Telephone Settlement Conference in the above matter and, in support thereof, states as follows:

**Background:**

1. KLG represented Plaintiff Juan Lozada-Leoni ("Plaintiff") in the underlying matter starting on or about July of 2017 and continued this representation throughout the process of complex administrative litigation before a Department of Labor Administrative Law Judge (ALJ), beginning in early 2018.

2. KLG's representation of Plaintiff further continued after what was essentially a removal of the matter[1] to this Court on 1-23-2019. (Dkt.1).

3. KLG further represented Plaintiff throughout the litigation of the venue dispute herein, which resulted in the transfer of this case from the Texarkana Division to the Sherman Division. 1-28-2020 (Dkt. 53).

---

[1] In SOX litigation parlance, a statutory "kick-out".

**KLG withdrawal:**

4. Starting with Plaintiff's demands that he be allowed to act as trial counsel in depositions of key corporate executives (a request denied by the ALJ in the administrative proceeding) (Dkt. 61; at p. 3), Plaintiff and KLG had been locked into a long-running battle over Plaintiff's unreasonable and inappropriate demands for certain trial-counsel duties and responsibilities, insistence on what appeared to be ill-advised litigation strategies, as well as deposition and discovery goals which appeared to be primarily calculated to harass Defendant's witnesses.

5. KLG by and large opposed these demands, mainly because it appeared that Plaintiff's goals had morphed from those of a typical litigant to score-settling and grievance-airing. At some point these problems degenerated into communication difficulties and personality differences between Plaintiff and Kardell.

6. Kardell and KLG, by motion, withdrew on 4-15-2020 (Dkt. 84).[2]

**Relief requested:**

7. KLG asserts that it is entitled to its attorney fees from July 2017 to April 2020.

8. Prior to filing its Motion for Intervention in this case, (Dkt. 128) KLG made a diligent effort to effectuate a settlement of the attorney fees dispute.

9. Subsequent thereto, KLG has continued its attempts to effectuate a settlement of the attorney fees dispute.

10. Prior to filing its Motion for Intervention herein, KLG requested from Plaintiff's current counsel the settlement numbers as a starting point for settlement discussions.

11. KLG has been met with unyielding resistance from Plaintiff's counsel and no progress has been made in this area.

12. In an effort to avoid wasting the Court's time and to allow meaningful settlement

---

[2] KLG's withdrawal didn't quieten Plaintiff's somewhat erratic attempts to represent himself, (1) either as trial counsel of record (2) or *pro se* litigant, (3) or through an unorthodox "hybrid" combination thereof, (4) combined with his apparent misrepresentation to the Texarkana Division deputy clerk that he was "counsel of record" (Dkt. 61; at p. 9 ("For reasons unclear to Defendants, however, Plaintiff is listed as counsel of record for himself on the Court's docket", (5) further combined with the rotation in and out of various individuals purporting to represent him as counsel, (6) including one individual named "Ronald Romeo", who Defendants perceptively identified as someone who (a) had not made a counsel appearance in the case, (b) had not submitted a *pro hac vice* application, (c) nor was he even licensed to practice law in Texas. (Dkt. 61), at p. 5, fn 9.

**MOTION FOR TELEPHONE SETTLEMENT CONFERENCE ON ATTORNEY FEES DISPUTE    Page 2 of 4**

discussions, KLG respectfully requests that the Court order the parties to participate in a Telephone Settlement Conference in this matter.

13. KLG further respectfully requests that, prior to the telephone settlement conference, the Court order Plaintiff's counsel to:

a. Provide, at KLG's expense, copies of all depositions and discovery taken since it took over the case in June of 2020.

b. Provide the agreed-upon settlement number herein; and

c. Indicate the portion of the settlement with Defendants that is designated or attributed to attorney fees.

d. Because both parties have jointly requested that they submit their respective positions here by 11-27-2020, (Dkt. 132) KLG herein requests that the information requested here be provided to KLG no later than Friday, 11-20-2020.

e. KLG stipulates herein that it shall provide written assurance to Plaintiff that it will preserve the confidentiality and not disseminate to any third parties the documents or information indicated herein.

Respectfully submitted,

/s/ Steve Kardell
Steve Kardell
Texas State Bar No. 11098400
E-mail: skardell@kardelllawgroup.com
KARDELL LAW GROUP
4514 Cole Avenue, Suite 600
Dallas, Texas 75205
Telephone: (214) 616-4654
Facsimile: (469) 729-9926
ATTORNEY FOR INTERVENOR

**CERTIFICATE OF CONFERENCE**

On November 17, 2020, I conferred by email with Susan Hutchison, counsel for Plaintiff, in

the manner required under Local Rule 7(h) regarding the relief requested herein. After a good faith discussion, no agreement could be reached, and counsel for Plaintiff informed me that Plaintiff is opposed to the relief requested herein.

On the same day (November 17, 2020) I conferred by telephone with John Barcus, counsel for Defendants, who indicated that Defendants were opposed to the relief requested herein only to the extent that confidential settlement information might conceivably be disclosed. If safeguards are in place that prevent disclosure of confidential settlement information, Defendants are unopposed.

/s/ *Steve Kardell*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been submitted, by electronic means, to all counsel of record on November 18, 2020.

/s/ *Steve Kardell*