UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JUAN LOZADA-LEONI § § <br> Plaintiff, § § <br> v. § § <br> MONEYGRAM INTERNATIONAL, INC. and § <br> MONEYGRAM PAYMENT SYSTEMS, INC. § § <br> Defendants. § § | Case No. 4:20-cv-00068-RWS-CMC |

PLAINTIFF'S RESPONSE TO INTERVENOR'S MOTION FOR TELEPHONE
SETTLEMENT CONFERENCE ON ATTORNEY FEES DISPUTE [ECF 134]

Now Comes Plaintiff, Juan Lozada-Leoni, and files his Response to Intervenor's Motion for Telephone Settlement Conference on Attorney Fees Dispute, in support of which would respectfully show the Court the following:

Intervenor Kardell Law Group asks this Court to order revelation of confidential information to attorney Steve Kardell, allegedly for purposes of a "settlement conference." Plaintiff opposes Mr. Kardell's motion for numerous reasons, including the following: 1. The parties have already agreed to submit their respective positions on this matter to the Court by November 27, 2020; 2. Plaintiff asserts that it is necessary for the Court to review the entirety of the ongoing dispute between Mr. Lozada and Mr. Kardell before determining the appropriateness of ordering Mr. Lozada to turn over information he has agreed to keep confidential; 3. Mr. Kardell has threatened to reveal confidential information on numerous occasions previously and likely revealed confidential information without authority to do so, as described more fully below; 4. The information sought by Mr. Kardell is not necessary to the resolution of the

attorney fee dispute (or is at least premature to the resolution of such dispute); and 5. Mr. Kardell is aware that the matter of attorney fees is not amenable to settlement in light of the fact that Plaintiff asserts that Mr. Kardell has committed substantial malpractice in this case, to Mr. Lozada's extreme detriment, a matter that will not be resolved by a telephonic conference.

1. This Court has entered an Order pursuant to agreement of the Plaintiff and Intervenor to address their respective positions in an orderly manner by having each submit their respective positions on November 27, 2020, along with subsequent responses [ECF 133, Order of 11/16/20].

2. Plaintiff contends that Mr. Kardell has made substantial misrepresentations to this Court and believes that it is appropriate for the Court to be able to review all of the documented exchanges and conversations, rather Mr. Kardell's characterizations of such, particularly before ordering the release of information Mr. Lozada has contractually agreed to keep confidential.

3. There are at least three separate times that Mr. Kardell has threatened Mr. Lozada to release confidential information and/or presumably done so as well as threatened to invent attorney client communications and "reveal" them to the Court and opposing counsel: a) in an odd exchange with Mr. Lozada threatening to reveal attorney client communications to the Court and to opposing counsel that Mr. Kardell invented, as described more fully below with the specific email exchanges attached as exhibits; b) in another series of odd exchanges with Mr. Lozada's new counsel regarding Mr. Kardell filing his own response to Defendant MGI's Motion for Summary Judgement despite long having been withdrawn as counsel, as described more fully below with the specific email exchanges attached as exhibits; and c) in another series of exchanges with Mr. Lozada's new counsel, stating that he had spoken to an individual about

Mr. Lozada's case long after withdrawing as counsel and without any authority whatsoever (again, with the written communications attached as exhibits).

a) Threatening to Reveal Attorney Client Communications and to Invent Communications

In October 2019, Mr. Kardell announced at the end of a deposition to opposing counsel and MGI's representative, that he was withdrawing as counsel for Mr. Lozada. [Ex. 1, underlined]. However, inexplicably, he did not withdraw at that time.

In February 2020, Mr. Lozada sent Mr. Kardell an email stating that Mr. Kardell had missed the expert designation deadline, had done a terrible job in a key deposition and did not seem to know what he was doing (it should be noted that, as will be addressed in detail in Plaintiff's submission due November 27th, Mr. Kardell missed five separate deadlines to send written discovery to Defendants and none was EVER sent). Mr. Lozada attempted to terminate the attorney-client relationship at that time. [Ex. 2]. The relationship between Mr. Lozada and Mr. Kardell continued to decline.

On April 4, 2020, at 1:19 a.m., Mr. Kardell sent an email to Mr. Lozada stating "I suggest you save your energies that currently seem to be focused on blaming me for your problems in this case and let's discuss how to address this red herring discovery objection that Barcus has filed." [Ex. 3]. At 4:04 p.m. that same day, Mr. Kardell sent another email saying "the more I think about this situation, and you having overplayed your hand here (by attacking me) I've decided not to voluntarily withdraw at this point and retain my position as lead counsel in this case and will not withdraw unless ordered by the court." He went on to instruct that anything filed in the case still needed to be approved by him. He stated "if you instruct [attorney Ted Garber] to file something without giving me the opportunity to look at it first, then **I will**

**immediately file a motion to strike that** pleading and explain some of your unethical practices in this case to the court (which are numerous)." [Ex. 3, emphasis in original]. Mr. Kardell went on to allege that Mr. Lozada had ceased to have actual damages and was trying to take depositions to "bully, harass and intimidate witnesses." [*Id*.]. He closed that email thread again with a veiled threat to provide some unidentified information to the Court: "Most federal judges often see this problem, i.e., former-employee/litigants that can't seem to separate legitimate issues in disputes from their own emotions, and they usually aren't reluctant to order sanctions in these situations, sometimes dispositive sanctions." [*Id*.]. A short time later, Mr. Lozada responded to Mr. Kardell that Mr. Kardell was misrepresenting the truth and did not have an understanding of the facts of the case. [*Id*.]. Mr. Lozada indicated he would be filing a bar complaint. [*Id*.]. The next day, April 5th, at 1:05 p.m., Mr. Kardell sent another email stating that Mr. Lozada had engaged in sanctionable conduct by trying to designate himself as an attorney in the case and that, inexplicably, Mr. Lozada [while Mr. Kardell was representing him], had engaged in discovery abuse. [*Id*.]. He ended this email with yet another threat: "I realize that it would likely be improper for me to volunteer this information to both the Court and Barcus, if you file a motion to remove me, the Court could obviously inquire about this conduct on your part, and could possibly even sanction you *sua sponte*." [*Id*.]. Mr. Lozada, extremely upset, wrote Mr. Kardell back at 2:17 pm and stated that he had never misrepresented anything, that Mr. Kardell's claims were ridiculous and that Kardell was making up allegations because he had been fired. [*Id*.].

      b)     Threatening to Reveal Attorney Work Product

Mr. Kardell withdrew from representation in this case by Order of April 15, 2020 [ECF 84]. Subsequently, Defendant MGI filed a Motion for Summary Judgment alleging that the

OSHA complaint (drafted and filed by Mr. Kardell) that had been filed was insufficient to support a claim. In August 2020, Mr. Kardell contacted Mr. Lozada's current counsel, Susan Hutchison. [Ex. 4]. Ms. Hutchison was working on drafting a Response to the MSJ and Mr. Kardell expressed that he was upset about what he felt was a personal attack on him in the MSJ and wanted to defend his "intent." Ms. Hutchison, understanding that he felt attacked, stated that he could draft an affidavit addressing the sufficiency of the OSHA complaint and she could use it as an exhibit in the Response. [Ex. 5]. However, Mr. Kardell then sent a "declaration" revealing what Ms. Hutchison perceived to be work product and also subsequently indicated he would be filing his "own" response, to which Ms. Hutchison objected. [Ex. 6]. Mr. Kardell then drafted his own Response, indicating that he was going to be revealing Plaintiff's "strategic goals," "strategies" and "intent" with respect to the OSHA filing and the filing of the Complaint in this case.[1] [Ex. 6]. Ms. Hutchison attempted to communicate with Mr. Kardell that he was not authorized to reveal any such information as it was both irrelevant to the Court's consideration and violated attorney client communications/attorney work product. [Ex. 6]. Mr. Kardell's response was "I disagree." [*Id*.]. Ms. Hutchison refused to attach Mr. Kardell's "declaration," and, fortunately, he did not file his own Response. However, Mr. Kardell's cavalier determination to reveal attorney work product was extremely concerning.

      c)    On October 6, 2020, Mr. Kardell indicated that he had a conversation with another individual about Mr. Lozada's case that his current counsel might find "interesting."[2] [Ex. 7]. Ms. Hutchison responded by asking "[c]an you help me understand why you are discussing Mr. Lozada's case with anyone....I truly do not know how to make it any clearer that

---

[1] Plaintiff does not attach Mr. Kardell's specific declaration or response in that Plaintiff contends they reveal privileged work product and Plaintiff does not waive such work product.
[2] Plaintiff redacts the specifics of to whom Mr. Kardell was speaking as a professional courtesy, but if the Court so instructs, will provide such information in an unredacted form. Suffice it to say that such "discussion" was extremely concerning.

not only are you not authorized to discuss Mr. Lozada's case, doing so breaches your legal and ethical duties as a former attorney." [Id.]. Again, Mr. Kardell gave no indication that he took the issue seriously.

4. Confidential Information Unnecessary or Premature

The amount of the settlement of Mr. Lozada's case is irrelevant if the Court determines either that Mr. Kardell's representation provided no value to Mr. Lozada's case (or, in fact, caused substantial damage) or even if Mr. Kardell were allowed to recover in *quantum meruit* (which Mr. Lozada contests). *City of Alexandria v. Brown*, 740 F.3d 339, 348 (5th Cir. 2014). Thus, until the Court addresses whether Mr. Kardell is entitled to any recovery or the type of any allowed recovery, the release of confidential information is premature.

5. Mr. Lozada Asserts Malpractice On The Part of Mr. Kardell

Mr. Lozada asserts that Mr. Kardell was fired for cause and wishes for an opportunity to present all supporting evidence to the Court before being forced to reveal the confidential terms of his resolution with the Defendants. The timeline submitted by Defendants in the administrative proceeding documenting Mr. Kardell's erratic behavior and the fact that he missed three separate administrative deadlines to serve written discovery or provide necessary pre-trial materials is summarized in Ex. 8 (MGI's Motion for Clarification in administrative proceeding). Mr. Kardell subsequently missed two additional deadlines in this Court to serve written discovery—and in fact none was ever served. In the exactly three years that Mr. Kardell represented Mr. Lozada, Defendants were never required to provide a single document or tangible piece of evidence and there were never subpoenas served on the DOJ or the FTC to obtain any documentation related to the Injunction or Deferred Prosecution Agreement. In three years, Mr. Kardell failed to serve a single Request for Production, a single Interrogatory, a single

6

Request for Admissions or a single subpoena. Mr. Kardell missed every single deadline to designate experts, including after representing to the Court in January 2019 [ECF 49] that he only needed another ten days to do so. Despite the Court granting the requested extension [ECF 50], Mr. Kardell failed to designate experts, including an economist to prove up Mr. Lozada's economic damages. In his filing to the Court by November 27th, Mr. Lozada will further document Mr. Kardell's damaging conduct, including during depositions, that caused substantial harm to Mr. Lozada's case. There is a substantial amount of additional information documenting Mr. Kardell's failure to prosecute this case, his erratic behavior during the litigation and his hostile and confrontational conduct toward his own client. Mr. Lozada merely asks for the opportunity to present such evidence to the Court.

FOR THE REASONS STATED, Plaintiff prays that the Intervenor's Motion for Telephone Settlement Conference on Attorney Fees Dispute be denied in all things and for such further relief as justice may require.

Respectfully submitted,

/s/Susan E. Hutchison
Texas Bar No. 10354100
sehservice@hsjustice.com

Hutchison & Stoy, PLLC
505 Pecan St., Ste. 101
Fort Worth, Texas 76102
Phone: 817-820-0100
Fax: 817-820-0111

S. Rafe Foreman
Texas Bar No. 10354100
srfservice@hsjustice.com

Hutchison & Stoy, PLLC

7

1312 Texas Ave., #101  
Lubbock, TX  79401  
(806) 491-4911

ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

This is to certify that on November 23, 2020, a true and correct copy of the above and foregoing document was served on the following attorneys of record by delivery to each of them via facsimile transmission:

Steve Kardell  
skardell@kardelllawgroup.com  
Kardell Law Group

John M. Barcus, Gary D. Eisenstat  
Ogletree, Deakins  
john.barcus@ogletree.com  
rroeser@haltomdoan.com

J. Randall Roeser, Darby V. Doan  
Haltom & Doan  
rroeser@haltomdoan.com  
ddoan@haltomdoan.com

                                              s/Susan E. Hutchison  
                                              Susan E. Hutchison