IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JUAN LOZADA-LEONI<br>*Plaintiff* | §<br>§<br>§ | |
| V. | §<br>§ | Civil Action No. 4:20cv68-RWS-CMC |
| MONEYGRAM INTERNATIONAL, INC.<br>and MONEYGRAM PAYMENT<br>SYSTEMS, INC.<br>*Defendants* | §<br>§<br>§<br>§<br>§ | |

## ORDER

The above-referenced cause of action was referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636. The following are before the Court:

> **Kardell Law Group's Motion for Telephone Settlement Conference on Attorney Fees Dispute (Docket Entry # 134);**
>
> **Kardell Law Group's Motion for Discovery Dispute Telephone Conference (Docket Entry # 136); and**
>
> **Kardell Law Group's Notice of Substantial Resolution of KLG's Motion for Telephonic Settlement Conference on Attorney Fee Dispute (Docket Entry # 138).**

The Court, having considered the relevant briefing, is of the opinion KLG's motions should be denied at this time.

On October 26, 2020, proposed intervenor Kardell Law Group ("KLG"), the former law firm of Plaintiff Juan Lozada-Leoni ("Plaintiff"), filed a Motion for Leave to Intervene, seeking to intervene in order to "protect its contractual interest in the proceeds from this lawsuit." Docket Entry

# 128 at p. 2. Two days later, Plaintiff and Defendants Moneygram International, Inc. and Moneygram Payment Systems, Inc. ("Defendants") filed a Motion to Stay All Deadlines and Notice of Settlement. The Court granted the motion on October 29, 2020, staying all deadlines in this case for thirty days pending finalization of the settlement. Docket Entry # 131.

Thereafter, the Court granted KLG and Plaintiff's joint motion for entry of scheduling order regarding attorney fees dispute, ordering KLG and Plaintiff to submit their relative positions by November 27, 2020, with deadlines for responses and replies. In the order, the Court also noted the October 29, 2020 order staying all deadlines was extended only as to a determination of attorney fees and associated deadlines pending resolution of the attorney fee issue. Docket Entry # 133.

On November 18 and 20, 2020, KLG filed two motions seeking information from Plaintiff's current counsel and requesting the Court order the parties to participate in a telephone settlement conference with the undersigned on the attorney fees dispute. *See* Docket Entry ##s 134, 136. Representing it will provide written assurance to Plaintiff that it will preserve the confidentiality of and will not disseminate to any third parties the documents or information requested, KLG requests the Court order Plaintiff's current counsel to provide KLG, prior to any ordered telephone settlement conference, the following: (1) copies of any and all depositions and written discovery taken since that firm assumed representation of Plaintiff on or about June 3, 2020; (2) the agreed-upon settlement number; and (3) the portion of the agreed-upon settlement number that is designated or attributed to attorney's fees.

In an expedited response, Plaintiff opposes KLG's motions, asserting the parties have already agreed to submit their respective positions on this matter to the Court. Docket Entry # 137 at p. 1. Plaintiff asserts it is necessary for the Court to review the entirety of the ongoing dispute between

Plaintiff and Mr. Kardell before determining the appropriateness of ordering Plaintiff to turn over information he has agreed to keep confidential. According to Plaintiff, "Mr. Kardell has threatened to reveal confidential information on numerous occasions previously and likely revealed confidential information without authority to do so. . . ." *Id.* Plaintiff further asserts the information sought by Mr. Kardell is not necessary to the resolution of the attorney fee dispute (or is at least premature to the resolution of such dispute), and the matter of attorney fees is not amenable to settlement in light of the fact that Plaintiff asserts "Mr. Kardell has committed substantial malpractice in this case, to Mr. Lozada's extreme detriment, a matter that will not be resolved by a telephonic conference." *Id.* at pp. 1-2. Plaintiff asks for the opportunity to present evidence to the Court documenting Mr. Kardell's alleged failure to prosecute this case and "his hostile and confrontational conduct toward his own client." *Id.* at p. 7.

On November 24, 2020, KLG filed a Notice of Substantial Resolution of the issues raised in both Docket Entry ##s 134 and 136. Without waiving any defenses, KLG agrees the first two issues raised in its motions "are likely a waste of time at this juncture," but KLG states it still needs copies of all depositions and written discovery taken since Plaintiff's current counsel took over the case in June of 2020. Docket Entry # 138 at p. 2.

On November 25, 2020, the Court entered an order extending the deadlines by which KLG and Plaintiff are to provide their respective positions regarding the disputed attorney fees issue. *See* Docket Entry # 143. Both Plaintiff and KLG are to submit their relative positions by December 18, 2020. Both Plaintiff and KLG are to submit their Responses to the above by January 2, 2021. Both Plaintiff and KLG are to submit their Replies to the above by January 15, 2021.

The Court agrees with Plaintiff that KLG's request is premature. In conjunction with the

3

parties' briefing on the attorney fees dispute, wherein the Court will be able to review the entirety of the issue, the Court will be able to consider whether Plaintiff should be ordered to produce copies of all depositions and written discovery taken since Plaintiff's current counsel took over the case in June of 2020 for purposes of a settlement conference on the issue of attorney fees. Therefore, the Court denies KLG's motions at this time, denying KLG's requests without prejudice to refiling in the context of the forthcoming briefing related to the attorney fees dispute. Accordingly, it is

**ORDERED** that Kardell Law Group's Motion for Telephone Settlement Conference on Attorney Fees Dispute (Docket Entry # 134) and Kardell Law Group's Motion for Discovery Dispute Telephone Conference (Docket Entry # 136) are hereby **DENIED WITHOUT PREJUDICE TO REFILING** in the context of the forthcoming briefing related to the attorney fees dispute.

**SIGNED this 9th day of December, 2020.**

*/s/ Caroline M. Craven*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE