# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| JUAN LOZADA-LEONI, § § § Plaintiff, § § vs. § § Civil Action No. 4:20-cv-68 § MONEYGRAM INTERNATIONAL, INC., § and MONEYGRAM PAYMENT § SYSTEMS, INC., § Defendants. § § § | |

## INTERVENOR KLG'S MOTION FOR REVISION OF PLEADING SCHEDULE ESTABLISHED IN DKT. 143

Comes now Kardell Law Group (KLG), Intervenor in the above referenced matter, and files this its **MOTION FOR REVISION OF PLEADING SCHEDULE ESTABLISHED IN DKT. 143**, and would respectfully show the court as follows:

1. The problem: .................................................................................................................... 2
2. Simple solution: ............................................................................................................... 2
3. BACKGROUND ............................................................................................................. 2
    a) KLG seeks its attorney's fees here: ............................................................................ 2
    b) Plaintiff's position: no attorney's fees owed here: .................................................... 3
    c) Current pleading schedule: ........................................................................................ 3
4. DISCUSSION AND ANALYSIS .................................................................................... 4
    a) KLG appreciates the Court's involvement in the above-referenced schedule: .......... 4
    b) Utilization of original complaint; intervenor complaint, *et al,* for attorney's fees: ...... 4
        i. Example: .............................................................................................................. 4

c) Controlling authority; *Whitaker Chalk Swindle & Sawyer, LLP v. Dart Oil & Gas* Corp................ 5
i. *Whitaker* on Compulsory Counterclaims:................................................................ 5
ii. Other Texas authority on compulsory counterclaims in fee disputes:.................................. 5
5. Plaintiff's position: ................................................................................................. 6
6. Relief requested:...................................................................................................... 6
7. Efforts to informally resolve this issue; explanation for any delay.................................... 7
i. Example:................................................................................................................ 8
a) The point:............................................................................................................... 8
8. Request: .................................................................................................................. 8

## 1. The problem:

Combining both KLG's and Plaintiff's pleadings currently due on 12/18/2020 potentially eliminates the *res judicata* effect of this dispute for attorney's fees.

## 2. Simple solution:

This problem can be fixed by entering a revised order providing:

- In lieu of filing its "relative position" on 12/18/2020, KLG is ordered to file its Original Complaint for Attorney's Fees on or before 12/14/2020; and
- In lieu of filing its "relative position" on 12/18/ 2020, Plaintiff is ordered to file its Answer to KLG's Original Complaint for Attorney's Fees and any Counterclaim for Malpractice by 12/24/2020.

See ¶6; "Relief requested" *infra*, and also Proposed Order.

## 3. BACKGROUND

### a) KLG seeks its attorney's fees here:

KLG seeks its attorney's fees for the following specific time periods, during which time KLG represented Plaintiff in the instant matter:

- Phase One, in connection with Plaintiff's termination from MoneyGram, starting with KLG's representation of Plaintiff sometime in July of 2016, extending through roughly September of 2017, at which time the Department of Labor/OSHA/Sarbanes Oxley administrative complaint was filed herein;
- Phase Two, involving the various OSHA and DOL proceedings from September of 2017 up to the removal of the case to this Court in January of 2019; and
- Phase Three, the proceedings herein, from January of 2019 until the KLG withdrawal (or termination by the client) in mid-April of 2020.

### b) Plaintiff's position: no attorney's fees owed here:

Plaintiff says no attorney's fees at all are owed during this time period, because, *inter alia,* KLG:

- Breached a standard of care in the depositions of company witnesses Manuel Goico, Chris Ponder, John Tyson, Leah Pfeifer and John Manuel Gonzales;
- Breached a standard of care in representing Plaintiff at his two depositions;
- Failed to timely propound written discovery;
- Failed to timely notice other company depositions; and
- Failed to timely designate expert witnesses.[1]

These defenses are classic malpractice, breach-of-duty-of-care defenses.

### c) Current pleading schedule:

By agreement of the parties, the Court previously established the following pleading schedule:

- Both Plaintiff and KLG are to submit their relative positions by December 18, 2020;
- Both Plaintiff and KLG are to submit their Responses to the above by January 2, 2021; and
- Both Plaintiff and KLG are to submit their Replies to the above by January 15, 2021.

[Dkt. 143].

---

[1] Monday, December 7, 2020 4:30 PM; Email from Susan Hutchison to Steve Kardell in connection with Plaintiff's claims; indicating "there may be others".

**INTERVENOR KLG'S MOTION FOR REVISION OF PLEADING SCHEDULE**

**Page 3 of 9**

4. DISCUSSION AND ANALYSIS

   a) **KLG appreciates the Court's involvement in the above-referenced schedule:**

KLG appreciates the Court's indulgence in approving the above-referenced schedule.

However, some additional clarification is needed on (1) whether KLG should designate its pleading as an Original Complaint, and (2) whether Plaintiff should be required to file a Compulsory Counterclaim for his malpractice defenses here;

   b) **Utilization of original complaint; intervenor complaint,** *et al,* **for attorney's fees:**

A cursory review of docket entries in litigation asserting claims to attorney's fees indicates that as a procedural matter, such a dispute is usually initiated with either a "complaint" or an "original complaint" or an "intervenor complaint" by the party claiming attorney's fees. [2]

   i. **Example:**
Docket entry in Williams v. Remington Arms Co., Inc., CIV.A.3:05-CV-1383D, 2008 WL 2467015, at *4 (N.D. Tex. June 19, 2008):

| 10/18/2006 | 34 | INTERVENOR COMPLAINT against all parties filed by Turley Law Firm.(Turley, Linda) (Entered: 10/18/2006) |
| 11/06/2006 | 35 | *Plaintiff's* ANSWER to Intervenor Complaint by Trevor Williams(Hightower, Jeffrey) (Entered: 11/06/2006) |

**Thus, KLG asserts that its initial pleading here should be designated "KLG's Original Complaint for Attorney's Fees" or "Intervenor's Complaint for Attorney's Fees".**

---

[2] See, e.g., Whitaker Chalk Swindle & Sawyer, LLP v. Dart Oil & Gas Corp., 408-CV-684-Y, 2009 WL 464989, at *9 (N.D. Tex. Feb. 23, 2009); Williams v. Remington Arms Co., Inc., CIV.A.3:05-CV-1383D, 2008 WL 2467015, at *4 (N.D. Tex. June 19, 2008); Miller Weisbrod, LLP v. Klein Frank, PC, 3:13-CV-2695-B, 2014 WL 2738231, at *2 (N.D. Tex. June 17, 2014); Girards v. Frank, 3:13-CV-2695-BN, 2016 WL 454465, at *1 (N.D. Tex. Feb. 5, 2016).

INTERVENOR KLG'S MOTION FOR REVISION OF PLEADING SCHEDULE

      c) **Controlling authority;** *Whitaker Chalk Swindle & Sawyer, LLP v. Dart Oil & Gas* **Corp.**

In *Whitaker*, Judge Means addressed almost identical procedural issues presented in the instant case.

The original complaint for attorney's fees there was initially filed in Fort Worth state court but removed to the Northern District on the basis of diversity jurisdiction.

      i. *Whitaker* **on Compulsory Counterclaims:**

The *Whitaker* case also held that it is well established under both federal and Texas law that a malpractice claim is a compulsory counterclaim in a suit for attorneys' fees, citing *Goggin v. Grimes,* 969 S.W.2d 135, 138 (Tex.App.-Houston [14th Dist.] 1998, no pet.):

> Under both Texas and federal procedure, a claim is "mature" in regard to the compulsory-counterclaim analysis when it accrues. *See New York Life Ins. v. Deshotel,* 142 F.3d 873 (5th Cir.1998) (discussing maturity under Rule 13 in terms of accrual of the relevant state causes of action); *see also Ingersoll–Rand Co. v. Valero Energy Corp.,* 997 S.W.2d 203, 208 (Tex.1999) ( "A claim is mature [for compulsory-counterclaim purposes] when it has accrued."). **Texas courts have held that the filing of a claim for attorneys' fees which may be subject to avoidance due to malpractice is a sufficient injury to cause the malpractice claim to accrue or mature.** (Emphasis added.) *See Goggin,* 969 S.W.2d 137–38.
>
> Whitaker Chalk Swindle & Sawyer, LLP v. Dart Oil & Gas Corp., 408-CV-684-Y, 2009 WL 464989, at *9 (N.D. Tex. Feb. 23, 2009), citing *Goggin,* 969 S.W.2d at 138.

      **ii.** **Other Texas authority on compulsory counterclaims in fee disputes:**

**INTERVENOR KLG'S MOTION FOR REVISION OF PLEADING SCHEDULE**

The *Goggin* decision is also widely cited by other Texas state courts requiring compulsory counterclaims in attorney's fee disputes.[3]

**Thus, KLG asserts that Plaintiff's initial pleading herein should be designated "Plaintiff's Answer to KLG'S Original Complaint for Attorney's Fees and Counterclaim"**

5. **Plaintiff's position:**

In indicating their objection to this suggestion, Plaintiff's counsel utilizes a creative bit of sophistry, asserting that (paraphrasing) "Plaintiff's counsel has never asserted a claim for malpractice"; [Plaintiff] asserts that KLG "malpracticed" and that "such malpractice precludes any attorney's fees".[4]

The undersigned suspects that Plaintiff wants to preserve a second bite of the apple in the form of a subsequent state court malpractice claim.

Notwithstanding Plaintiff's position to the contrary, [5]Federal and state caselaw cited herein firmly indicates this cannot be done.

6. **Relief requested:**

---

[3] See also Flanagan v. Raborn, 01-98-00634-CV, 1999 WL 280483, at *1 (Tex. App.—Houston [1st Dist.] May 6, 1999, no pet.) "A claim of legal malpractice has been held to be a compulsory counterclaim to a claim for attorney's fees under Texas Rule of Civil Procedure 97(a)," and "the claim for malpractice arose from the same transaction as the intervention for attorney's fees and could have been brought at that time. **Because Flanagan chose not to counterclaim for malpractice, her claim is barred by res judicata".**(Emphasis added.) citing *Goggin,* 969 S.W.2d at 138; and *CLS Assocs.,* 762 S.W.2d at 224; *see also Ogletree v. Crates,* 363 S.W.2d 431, 435 (Tex.1963) (res judicata bars litigation of all issues connected with cause of action that might have been tried, as well as those actually tried, with use of diligence).

[4] See Monday, December 7, 2020 12:16 PM; Email from Susan Hutchison to Steve Kardell.
[5] See Monday, December 7, 2020 4:30 PM; Email from Susan Hutchison to Steve Kardell; "I don't think it is a mandatory counter-claim.  I think it is a defense to your claim for fees".

To allow these issues to be clearly pled and clarified for the Court's subsequent determination and resolution, KLG requests that the Court enter a revised pleading schedule providing:

| | | No surprise or hardship to Plaintiff because ………. |
|---|---|---|
| In lieu of filing its "relative position" on 12/ 18/ 2020 ……… | ……..KLG is ordered to file its Original Complaint for Attorney's Fees on or before 12/ 14/2020. | Under this revised schedule, Plaintiff is put on notice of the Complaint for Attorney's Fees a full 10 days prior to when his new first submission would be due here. |
| In lieu of filing its "relative position" on 12/ 18/ 2020 ……… | ……..Plaintiff is ordered to file its Answer to KLG's Original Complaint for Attorney's Fees and Counterclaim for Malpractice by 12/ 24/ 2020. | Plaintiff is given a total of 10 additional days to file his new first submission here. |
| Both parties are excused from any filings currently due on 12/18/2020. | | |
| Both parties' submissions currently due on 01/O2/2021 remain due on that date. | | No change. |
| Both parties' submissions currently due on 01/15/2021 remain due on that date. | | No change. |

**7. Efforts to informally resolve this issue; explanation for any delay.**

Both sides have expended considerable effort here in an attempt to solve this problem without the Court's involvement.

**INTERVENOR KLG'S MOTION FOR REVISION OF PLEADING SCHEDULE**

> i. **Example:**
> Friday, December 4, 2020 2:27 PM; Email from Steve Kardell to Susan Hutchison et al

re *Whitaker* case.

> Re: Whitaker Chalk Swindle And Sawyer LLP v Dart Oil And Gas Corp; Let me know if you have any thoughts on this ...
>
> The more I think about it, the simple solution here might be for us to ask the court to convert the submissions due on the 18th to intervenors complaint for attorneys fees and plaintiffs counter claim for malpractice. If you needed more time, I wouldn't object. Let me know what you think.
>
> Sent from my iPhone

Later during the week of 12/07/2020 it was determined that no agreement could be worked out here.

> a) **The point:**

The parties diligently attempted to work this out between ourselves and avoid involving the Court; no delay was intended.

8. **Request:**

KLG herein requests that the current Pleading Schedule be revised as indicated above.

> Respectfully submitted,
>
> */s/ Steve Kardell*
> Steve Kardell
> Texas State Bar No. 11098400
> E-mail: skardell@kardelllawgroup.com
> KARDELL LAW GROUP
> 4514 Cole Avenue, Suite

**INTERVENOR KLG'S MOTION FOR REVISION OF PLEADING SCHEDULE**

> 600
> Dallas, Texas 75205
> Telephone: (214) 616-4654
> Facsimile: (469) 729-9926
> ATTORNEY FOR INTERVENOR

## **CERTIFICATE OF CONFERENCE**

During the week of 12/07/2020, I conferred by email with Susan Hutchison, counsel for Plaintiff, in the manner required under Local Rule 7(h) regarding the relief requested herein. Plaintiff is opposed to the relief requested herein.

>  /s/ *Steve Kardell*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document has been submitted, by electronic means, to all counsel of record on December 11, 2020.

>  /s/ *Steve Kardell*