IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JUAN LOZADA-LEONI, § § § § § § § § § § § § | |
| Plaintiff, | |
| vs. | |
| | Civil Action No. 4:20-cv-68 |
| MONEYGRAM INTERNATIONAL, INC., and MONEYGRAM PAYMENT SYSTEMS, INC., | |
| Defendants. | |

**INTERVENOR KLG'S ORIGINAL COMPLAINT FOR ATTORNEY'S FEES**

Comes now Kardell Law Group (KLG), Intervenor in the above referenced matter, and files this its Original Complaint for Attorney's Fees and would thereafter show the Court as follows:

**A. Parties and Service of Process:**

1. Plaintiff is and has been the Plaintiff in the above referenced action.

2. Intervenor Kardell Law Group previously represented Plaintiff in the above referenced action until on or about 04/15/2020, at which time the KLG was terminated by Plaintiff.

3. No service of processes is required here. All documents filed herein by Intervenor KLG are automatically served on Plaintiff through the Court's Electronic Filing system.

B. **Jurisdiction and Venue:**

4. Jurisdiction is proper in this Court as this dispute arises out of a SOX Complaint duly initiated at the administrative level and thereafter duly removed to this Court under the "kick-out" provision of SOX.

5. Venue has previously been established by this Court's order dated 1/28/2020.

6. Plaintiff retained the Kardell Law Group to represent him in litigation against MoneyGram on 9/8/2017.

7. The terms of the representation were a 40% contingent fee in the event litigation was initiated, less an initial retainer of $7,500, paid by Plaintiff at the time of the legal engagement with KLG. See Exhibit 1.

8. Plaintiff also agreed to be responsible for case expenses up to a maximum of $15,000.

9. Plaintiff terminated KLG sometime prior to 4/15/2020 and KLG withdrew from this proceeding on 4/15/2020.

10. On 10/26/2020, KLG filed its intervention, seeking recovery of its portion of any settlement proceeds herein.

11. On or about 10/28/2020 this matter was announced as settled.

12. KLG thereafter made its demand for a portion of the settlement agreement. Plaintiff refused the demand.

13. All conditions precedent required herein for KLG to prevail on its claims have either been performed or have occurred prior to the initiation of this Original Complaint.

C. **Breach of Contract:**

14. KLG incorporates the foregoing paragraphs as if set forth fully herein.

15. On 9/8/2017, Plaintiff and KLG entered into a valid binding contract for legal services. Those services have been adequately performed by KLG.

16. Thus, because of Plaintiff's breach of this contract, KLG has sustained actual damages.

**D. Quantum Meruit:**

17. KLG incorporates the foregoing paragraphs as if fully set forth herein.

18. In the alternative, KLG is entitled to damages from Plaintiff under the doctrine of quantum meruit.

19. KLG rendered services to Plaintiff that were valuable to Plaintiff.

20. Plaintiff accepted KLG services or accepted the benefit of KLG services.

21. Moreover, Plaintiff accepted KLG services under such circumstances as reasonably notified Plaintiff that KLG, in performing those legal services herein, expected to be paid by them.

22. Plaintiff has wrongly refused to pay KLG for its legal services. As a result, KLG has sustained actual damages as a result of Plaintiff's refusal to pay for those legal services.

**E. Attorney's fees:**

23. KLG has retained and agreed to pay the undersigned for its representation herein. An award of reasonable attorney's fees to KLG is proper pursuant to Tex. Civ. Prac. & Rem. Code Ann. §38.001 et seq. to recover its attorney's fees and expenses in this action.

24. Due to the contractual breaches and non-payment for valuable legal services provided to and accepted by Plaintiff, KLG seeks to recover all its attorney's fees that have been and will be incurred through trial and entry of judgment in this matter, and

any attorney's fees for post judgment activity or enforcement of the Court's rulings, any including any subsequent appeals.

26. Intervenor KLG has complied with all conditions precedent set forth in Tex. Civ. Prac. & Rem. Code Ann. §38.001 et seq. to recover its attorney's fees and expenses in this action.

**F. Pre-judgment and post-judgment interest:**

26. KLG seeks pre-judgment interest at the maximum rate allowed by law (either common law, statute, equity or otherwise) on all actual damages awarded to KLG by the trier of fact. KLG also seeks post-judgment interest at the maximum rate allowed by law (either by common law, statute, equity or otherwise) on all damages awarded by the trier of fact herein.

## Prayer:

For these reasons, KLG prays that Plaintiff be cited to appear herein, for an award of damages, as pled above, together with attorney's fees, costs of court, pre- and post-judgment interest, and such other and further relief at law or equity to which KLG may be entitled.

|  | Respectfully submitted,<br><br>_/s/ Steve Kardell_<br>Steve Kardell<br>Texas State Bar No. 11098400<br>E-mail:<br>skardell@kardelllawgroup.com<br>KARDELL LAW GROUP<br>4514 Cole Avenue, Suite 600<br>Dallas, Texas 75205<br>Telephone: (214) 616-4654<br>Facsimile: (469) 729-9926 |
|---|---|