---------- Forwarded message ---------
From: **Steve Kardell** <skardell@kardelllawgroup.com>
Date: Tue, Oct 23, 2018 at 9:06 PM
Subject: John, your email below recalls the phrase "there's got to be a pony..."
To: Barcus, John M. <john.barcus@ogletree.com>
Cc: Denise Devia <ddevia@kardelllawgroup.com>,
Eisenstat, Gary D. <gary.eisenstat@ogletreedeakins.com>,
adatik@txcivillitigation.com
<adatik@txcivillitigation.com>, Laura Smith
<lauramsmith66@gmail.com>


Please hold these two dates and we will issues notices.
Other issues will be subsequently addressed, if necessary.

> The final hearing is in January and yet discovery is still a moving target. We have tried repeatedly to accommodate you, but will
> oppose any further depositions, or discovery of any kind, other than Mr. Gonzalez and Mr. Leandro. We will present Mr. Gonzalez
> at 10:00 a.m. on Wednesday, December 5, and Mr. Leandro at 10:00 a.m. on Thursday, December 6, in Ogletree's Miami office.
> You may issue notices. We are releasing them from other dates that week. File what you will, but please indicate that we are
> opposed to extending discovery for anything beyond the limited purpose of the Miami depositions.



Steve Kardell


**Board Certified Labor & Employment Law; Texas Board**

Exh 1

*of Legal Specialization*



## 4514 Cole Avenue, Suite 600
## Dallas, Texas 75205

Direct: 214-616-4654

Secure Fax: 469-729-9926

Email: skardell@kardelllawgroup.com

Website: www.dallaswhistleblowerlawyer.com





**This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is LEGALLY PRIVILEGED. The information contained in this e-mail is intended only for the individual or entity named**

Exh 1

above. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified any dissemination, distribution or copying of this communication is **STRICTLY PROHIBITED**. If you have received this communication in error, please immediately notify us by telephone (214-707-2466), and destroy the original message. Thank You.

**From:** Barcus, John M. <john.barcus@ogletree.com>
**Sent:** Tuesday, October 23, 2018 5:46 PM
**To:** Steve Kardell <skardell@kardelllawgroup.com>
**Cc:** Denise Devia <ddevia@kardelllawgroup.com>; Eisenstat, Gary D. <gary.eisenstat@ogletreedeakins.com>
**Subject:** RE: SuperValu depo

Steve:

Trying to address your continued last-minute requests for new depositions has become increasingly frustrating, especially given the November 11 discovery deadline and the fact that the case has been on file for a year.

You initially asked to depose Juan Manuel Gonzalez earlier this summer. When we told you we would only present him in Miami, you filed a motion asking the court to order us to bring him here. The judge declined. We then told you that we would make Mr. Gonzalez available in Miami on

Exh 1

November 2, including by telephone if necessary, but that he was otherwise unavailable due to prior travel commitments spanning the globe. You repeated an earlier request that we agree to let your client take the deposition, so that it could proceed on November 2. When we declined, you filed a motion asking for that relief, which was denied.

When you asked for Mr. Leandro's deposition for the first time two weeks ago, we offered to present him and Mr. Gonzalez both on November 2, if that was something you were interested in doing. Your office seemingly accepted the offer and noticed both depositions for that date, but you soon thereafter you suggested in a motion asking for an emergency phone conference that we had somehow unilaterally tried to restrict you to less than your full allotment of time with each witness, which was not the case. We were trying to save you a second trip to Miami, and to allow you to get the Leandro deposition in before the close of discovery, despite the 11th-hour request.

At the conclusion of John Tyson's deposition earlier this month, you told my client and me that you intended to withdraw as counsel, and that your client would be proceeding pro se. We indicated that we would have no objection, so long as you did not later attempt to "re-appear." You wouldn't commit to not reappearing, but no motion was forthcoming. Early last week, you indicated that you might file a motion for continuance of the final

Exh 1

hearing and to extend the discovery deadline. No motion was forthcoming. At the conclusion of Chris Ponder's deposition on October 18, I told you that we would agree to present Mr. Gonzalez and Mr. Leandro for deposition in Miami during the first week of December, on consecutive dates of your choosing, but would not agree to any other discovery after the November 11 deadline. You told us that was acceptable, and informed us that one of your client's associate attorneys would be making an appearance as co-counsel and would be conducting the depositions, which we indicated was fine.  I informed the court clerk of the same, and he cancelled the telephone status conference that had been set for later that day, but he also advised that we would need to file a motion to extend the deadline.

I drafted a proposed joint motion, permitting you to take the two Miami depositions in December, and sent it to you that afternoon. On Friday, you indicated for the very first time that you wanted to depose Dana Johnson of SuperValu, and said that you wanted to seek this relief from the court as well. I told you we would be opposed, and said that you could either file the joint motion I drafted, limited to Miami, or file a partially opposed motion asking for the additional SuperValu deposition. I heard nothing in response on Friday or over the weekend. I understand you were in surgery yesterday. This morning, you asked us to provide dates for Mr. Gonzalez and Mr. Leandro, and advised that you would be asking the court to allow you to depose not just Dana Johnson but also former MoneyGram employee Derya White, whose deposition you had never

mentioned before (and who lives in Georgia, for your information).

The final hearing is in January and yet discovery is still a moving target. We have tried repeatedly to accommodate you, but will oppose any further depositions, or discovery of any kind, other than Mr. Gonzalez and Mr. Leandro. We will present Mr. Gonzalez at 10:00 a.m. on Wednesday, December 5, and Mr. Leandro at 10:00 a.m. on Thursday, December 6, in Ogletree's Miami office. You may issue notices. We are releasing them from other dates that week. File what you will, but please indicate that we are opposed to extending discovery for anything beyond the limited purpose of the Miami depositions.

If you intend to ask the Court for permission to depose any *other* witnesses, please let me know now, rather than continuing to drag it out.

Thanks.

John

Exh 1

**John M. Barcus | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone:
214-313-2902 | Fax: 214-987-3927
john.barcus@ogletree.com | www.ogletree.com | Bio

**From:** Steve Kardell <skardell@kardelllawgroup.com>
**Sent:** Tuesday, October 23, 2018 1:59 PM
**To:** Barcus, John M. <john.barcus@ogletreedeakins.com>
**Cc:** Denise Devia <ddevia@kardelllawgroup.com>
**Subject:** Re: SuperValu depo

John, we need the dates for the Miami depos. For airline
reservations. We will have to ask the court for permission
to depose both Johnson and Derya. We understand you
oppose.

**(Sent from my iPhone; please excuse typos, etc.)**

Steve Kardell

**KARDELL LAW GROUP**

Direct: 214-616-4654

Exh 1

Secure Fax: 469-729-9926

Email: skardell@kardelllawgroup.com

Website:

http://www.dallaswhistleblowerlawyer.com/

**This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is LEGALLY PRIVILEGED. The information contained in this e-mail is intended only for the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified any dissemination, distribution or copying of this communication is STRICTLY PROHIBITED. If you have received this communication in error, please immediately notify us by telephone (214-707-2466), and destroy the original message. Thank You.**

On Oct 23, 2018, at 9:39 AM, Steve Kardell <skardell@kardelllawgroup.com> wrote:

John, surgery went well. Thanks for asking. These are a lot of questions, but right now all we need from you are which days you want to set aside for both Dom and JMG. That

Exh 1

way Davut can make his airline reservations as soon as possible. Later this afternoon I'll try to get back with you on the other questions.


**(Sent from my iPhone; please excuse typos, etc.)**


Steve Kardell


**KARDELL LAW GROUP**

Direct: 214-616-4654

Secure Fax: 469-729-9926

Email: skardell@kardelllawgroup.com

Website:

http://www.dallaswhistleblowerlawyer.com/


**This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is LEGALLY PRIVILEGED. The**

Exh 1

**information contained in this e-mail is intended only for the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified any dissemination, distribution or copying of this communication is STRICTLY PROHIBITED. If you have received this communication in error, please immediately notify us by telephone (214-707-2466), and destroy the original message. Thank You.**

On Oct 23, 2018, at 9:28 AM, Barcus, John M. <john.barcus@ogletree.com> wrote:

Steve:

What do you intend to do on the motion to extend the discovery deadline for limited purposes? Are you going to file the joint motion I sent, which extends the deadline for just the two Miami depositions? Or are you going to do as you indicated you might last week, and ask the court to allow you to take a SuperValu deposition (presumably in Minneapolis) after the existing deadline as well? We remain opposed to that. Please let us know what you decide. Once we have an answer on that, we can figure out the order for Mr. Gonzalez and Mr. Leandro. Whichever order we end up choosing, we need to lock in the dates ASAP (assuming the judge grants the motion or that part of the motion). These guys can't continue to block out an

Exh 1

entire week.

You are correct that we remain unopposed to Mr. Atik making an appearance as co-counsel. I don't know whether that requires a motion/leave or not.

I hope your surgery was successful.

John

**John M. Barcus | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-313-2902 | Fax: 214-987-3937
john.barcus@ogletree.com | www.ogletree.com | Bio

**From:** Steve Kardell <skardell@kardelllawgroup.com>
**Sent:** Tuesday, October 23, 2018 8:14 AM
**To:** Barcus, John M. <john.barcus@ogletreedeakins.com>; Denise Devia <ddevia@kardelllawgroup.com>
**Cc:** Eisenstat, Gary D. <gary.eisenstat@ogletreedeakins.com>
**Subject:** Re: SuperValu depo

John, did you decide on which day (either before or

Exh 1

after JMG) you want to produce Dom L for his deposition

**(Sent from my iPad; please excuse typos, etc.)**

Steve Kardell

*Board Certified Labor & Employment Law; Texas Board of Legal Specialization*

**KARDELL LAW GROUP**

4514 Cole Avenue, Suite 600
Dallas, Texas 75205

Direct: 214-616-4654

Secure Fax: 469-729-9926

Email: skardell@kardelllawgroup.com

Website: http://www.dallaswhistleblowerlawyer.com

Exh 1

**This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is LEGALLY PRIVILEGED. The information contained in this e-mail is intended only for the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified any dissemination, distribution or copying of this communication is STRICTLY PROHIBITED. If you have received this communication in error, please immediately notify us by telephone (214-707-2466), and destroy the original message. Thank You.**

On Oct 19, 2018, at 11:59 AM, Steve Kardell <skardell@kardelllawgroup.com> wrote:

John, I am going to give the General Counsel at Supervalu a courtesy call, before we notice the deposition of Dana Johnson. Do you want to be in on the call?

<image001.jpg>

Steve Kardell

Exh 1

*Board Certified Labor & Employment Law; Texas Board of Legal Specialization*

<image002.png>

**4514 Cole Avenue, Suite 600
Dallas, Texas 75205**

Direct: 214-616-4654

Secure Fax: 469-729-9926

Email: skardell@kardelllawgroup.com

Website: www.dallaswhistleblowerlawyer.com
<image003.jpg>

<image004.jpg>

<image001.png>
<image006.png>  <image007.png>  <image002.png>

**This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is LEGALLY PRIVILEGED. The information**

Exh 1

**contained in this e-mail is intended only for the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified any dissemination, distribution or copying of this communication is <span style="color:red">STRICTLY PROHIBITED</span>. If you have received this communication in error, please immediately notify us by telephone (214-707-2466), and destroy the original message. Thank You.**

**From:** Steve Kardell
**Sent:** Friday, October 19, 2018 11:47 AM
**To:** 'Barcus, John M.' <john.barcus@ogletree.com>;
Denise Devia <ddevia@kardelllawgroup.com>
**Cc:** 'Eisenstat, Gary D.'
<gary.eisenstat@ogletreedeakins.com>
**Subject:** SuperValu depo

We are looking at the regs. If we don't ask for an extension of the discovery period, do we have to get leave of court to take the depo of the Supervalu employee?

<image001.jpg>

Steve Kardell

***Board Certified Labor & Employment Law; Texas Board***

Exh 1

*of Legal Specialization*

<image002.png>

**4514 Cole Avenue, Suite 600**
**Dallas, Texas 75205**

Direct: 214-616-4654

Secure Fax: 469-729-9926

Email: skardell@kardelllawgroup.com

Website: www.dallaswhistleblowerlawyer.com
<image003.jpg>

<image004.jpg>

<image001.png>
<image006.png>   <image007.png>   <image002.png>

**This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is LEGALLY PRIVILEGED. The information contained in this e-mail is intended only for the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified any dissemination, distribution or copying of this**

Exh 1

**communication is STRICTLY PROHIBITED. If you have received this communication in error, please immediately notify us by telephone (214-707-2466), and destroy the original message. Thank You.**

**From:** Steve Kardell
**Sent:** Friday, October 19, 2018 11:24 AM
**To:** 'Barcus, John M.' <john.barcus@ogletree.com>; Denise Devia <ddevia@kardelllawgroup.com>
**Cc:** Eisenstat, Gary D. <gary.eisenstat@ogletreedeakins.com>
**Subject:** RE: Case No. 2018-SOX-00004; Lozada-Leoni v. MoneyGram Intl.; Emergency motion; filing procedure

John, this basically looks fine, but I want to leave open the possibility that we might have to ask the court to extend the discovery deadline long enough to allow us to take the deposition of Dana Johnson at Supervalu's headquarters. Relevance: as you know, in her deposition, Leah Pfeifer indicated that, at least as far she was concerned, the primary information that she got from JMG that influenced her conclusion (that the seven day grace period should have been allowed) was JMG's statement that the individual that JLL interfaced with during his trip to SuperValu was both (1) not the chief compliance officer and (2) had only been on the job for a short time. We anticipate that Ms. Johnson's testimony will be directly contrary to JMG's representation to Tyson and Pfeifer, and thus relevant evidence in this case.

Exh 1

Consequently, we want to make sure we have the ability to take the Johnson deposition, which will require coordination with her schedule. Thus, let's hold on this proposed joint motion until we find out when the available dates are for deposing her. (I expect you will oppose this particular extension, but it needs to be raised along with the other agreed issues).

<image001.jpg>

Steve Kardell

***Board Certified Labor & Employment Law; Texas Board of Legal Specialization***

<image002.png>

**4514 Cole Avenue, Suite 600**
**Dallas, Texas 75205**

Direct: 214-616-4654

Exh 1

Secure Fax: 469-729-9926

Email: skardell@kardelllawgroup.com

Website: www.dallaswhistleblowerlawyer.com
<image003.jpg>

<image004.jpg>

<image001.png>
<image006.png>  <image007.png>  <image002.png>

**This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is LEGALLY PRIVILEGED. The information contained in this e-mail is intended only for the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified any dissemination, distribution or copying of this communication is STRICTLY PROHIBITED. If you have received this communication in error, please immediately notify us by telephone (214-707-2466), and destroy the original message. Thank You.**

**From:** Barcus, John M. <john.barcus@ogletree.com>
**Sent:** Thursday, October 18, 2018 1:57 PM
**To:** Steve Kardell <skardell@kardelllawgroup.com>; Denise Devia <ddevia@kardelllawgroup.com>
**Cc:** Eisenstat, Gary D. <gary.eisenstat@ogletreedeakins.com>
**Subject:** RE: Case No. 2018-SOX-00004; Lozada-Leoni v.

Exh 1

MoneyGram Intl.; Emergency motion; filing procedure

Steve:

If this works for you, I'll get permission to fax file, and then get it filed. Please let us know which dates during the week of December 3-7 you want, as soon as possible. We would like to avoid Monday, December 3, as it would require weekend travel.

Thanks.

John

**John M. Barcus | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-313-2902 | Fax: 214-987-3927
john.barcus@ogletree.com | www.ogletree.com | Bio

**From:** Barcus, John M.
**Sent:** Thursday, October 18, 2018 12:45 PM
**To:** Steve Kardell <skardell@kardelllawgroup.com>

Exh 1

**Cc:** Eisenstat, Gary D.
<gary.eisenstat@ogletreedeakins.com>
**Subject:** FW: Case No. 2018-SOX-00004; Lozada-Leoni
v. MoneyGram Intl.; Emergency motion; filing procedure

Steve – I will prepare a short motion extending discovery
for purposes of completing the Miami depositions, and
send it to you for approval.

**John M. Barcus | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone:
214-313-2902 | Fax: 214-987-3927
john.barcus@ogletree.com | www.ogletree.com | Bio

**From:** Ross, Allen L. - OALJ <Ross.Allen.L@dol.gov>
**Sent:** Thursday, October 18, 2018 12:38 PM
**To:** Barcus, John M. <john.barcus@ogletreedeakins.com>;
Denise Devia <ddevia@kardelllawgroup.com>; Eisenstat,
Gary D. <gary.eisenstat@ogletreedeakins.com>; Steve
Kardell <skardell@kardelllawgroup.com>
**Subject:** RE: Case No. 2018-SOX-00004; Lozada-Leoni v.
MoneyGram Intl.; Emergency motion; filing procedure

Judge Daly appreciates that the parties have amicably
resolved this issue and believes a teleconference is no

Exh 1

longer necessary.

As the parties are aware, the discovery deadline is November 11, 2018. The parties should jointly file a motion to extend the discovery period to a date after the depositions will be completed. However, please be advised that the record will not be left open post-hearing for additional evidentiary submissions.

**From:** Barcus, John M. <john.barcus@ogletree.com>
**Sent:** Thursday, October 18, 2018 12:28 PM
**To:** Ross, Allen L. - OALJ <Ross.Allen.L@dol.gov>; Denise Devia <ddevia@kardelllawgroup.com>; Eisenstat, Gary D. <gary.eisenstat@ogletreedeakins.com>; Steve Kardell <skardell@kardelllawgroup.com>
**Subject:** RE: Case No. 2018-SOX-00004; Lozada-Leoni v. MoneyGram Intl.; Emergency motion; filing procedure

Mr. Ross:

The parties have concluded the deposition scheduled for today in this case. After the deposition, the parties came to an agreement that Respondent will agree to present the two Miami deponents (Domh Leandro and Juan Manuel

Exh 1

Gonzalez) for deposition after the close of discovery, in Miami, on back-to-back days during the first week of December. Mr. Kardell indicated that another attorney may make an appearance as co-counsel of record for Complainant, and Respondent agreed that if that comes to pass, Respondent will have no objection to that attorney taking the depositions. Unless the Court still wishes to hold the teleconference for other reasons, from the perspective of the parties, there is no further need for a teleconference this afternoon. Please let us know how the Court wishes to proceed.

Thank you.

John Barcus

**John M. Barcus | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-313-2902 | Fax: 214-987-3927
john.barcus@ogletree.com | www.ogletree.com | Bio

**From:** Ross, Allen L. - OALJ <Ross.Allen.L@dol.gov>
**Sent:** Wednesday, October 17, 2018 4:03 PM
**To:** Barcus, John M. <john.barcus@ogletreedeakins.com>; Denise Devia <ddevia@kardelllawgroup.com>; Eisenstat, Gary D. <gary.eisenstat@ogletreedeakins.com>; Steve

Exh 1

Kardell <skardell@kardelllawgroup.com>
**Subject:** RE: Case No. 2018-SOX-00004; Lozada-Leoni v. MoneyGram Intl.; Emergency motion; filing procedure

This email confirms Judge Daly will hold the conference call tomorrow at 2:00 p.m. central time. Please see the Notice of Case Assignment and Prehearing Order for instructions to initiate the teleconference.

**From:** Barcus, John M. <john.barcus@ogletree.com>
**Sent:** Wednesday, October 17, 2018 3:53 PM
**To:** Ross, Allen L. - OALJ <Ross.Allen.L@dol.gov>; Denise Devia <ddevia@kardelllawgroup.com>; Eisenstat, Gary D. <gary.eisenstat@ogletreedeakins.com>; Steve Kardell <skardell@kardelllawgroup.com>
**Subject:** RE: Case No. 2018-SOX-00004; Lozada-Leoni v. MoneyGram Intl.; Emergency motion; filing procedure

Mr. Ross:

In response to your prior email, I am available at 2:00 tomorrow for the teleconference. If we have not completed the deposition by that time, I am sure we can take a break for the teleconference. I will let Mr. Kardell respond for

Exh 1

himself, in the event his view is different than mine.


John Barcus


**John M. Barcus | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone:
214-313-2902 | Fax: 214-987-3927
john.barcus@ogletree.com | www.ogletree.com | Bio


**From:** Ross, Allen L. - OALJ <Ross.Allen.L@dol.gov>
**Sent:** Wednesday, October 17, 2018 2:40 PM
**To:** Denise Devia <ddevia@kardelllawgroup.com>;
Barcus, John M. <john.barcus@ogletreedeakins.com>;
Eisenstat, Gary D. <gary.eisenstat@ogletreedeakins.com>;
Barcus, John M. <john.barcus@ogletreedeakins.com>
**Subject:** RE: Case No. 2018-SOX-00004; Lozada-Leoni v.
MoneyGram Intl.; Emergency motion; filing procedure


These documents must be transmitted by fax for them to be
considered filed. I am unable to accept filings by email. Fax
filing is authorized.


Also, please be advised Judge Daly will not be conducting
a "hearing" tomorrow by telephone. This will be an

Exh 1

informal status case teleconference. There will not be a court reporter transcribing the teleconference.

**From:** Denise Devia <ddevia@kardelllawgroup.com>
**Sent:** Wednesday, October 17, 2018 2:26 PM
**To:** Ross, Allen L. - OALJ <Ross.Allen.L@dol.gov>;
Barcus, John M. <john.barcus@ogletree.com>; Eisenstat,
Gary D. <gary.eisenstat@ogletreedeakins.com>
**Subject:** RE: Case No. 2018-SOX-00004; Lozada-Leoni v.
MoneyGram Intl.; Emergency motion; filing procedure

Dear Mr. Ross,

Enclosed please find the above.

I understand we have a telephone hearing set for 2pm tomorrow.

Exh 1

Steve Kardell

**_Board Certified Labor & Employment Law; Texas Board of Legal Specialization_**

<image002.png>

**4514 Cole Avenue, Suite 600**
**Dallas, Texas 75205**

Direct: 214-616-4654

Secure Fax: 469-729-9926

Email: skardell@kardelllawgroup.com

Website: www.dallaswhistleblowerlawyer.com
<image003.jpg>

<image009.jpg>

<image001.png>

Exh 1

**This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is LEGALLY PRIVILEGED. The information contained in this e-mail is intended only for the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified any dissemination, distribution or copying of this communication is STRICTLY PROHIBITED. If you have received this communication in error, please immediately notify us by telephone (214-707-2466), and destroy the original message. Thank You.**

**From:** Ross, Allen L. - OALJ <Ross.Allen.L@dol.gov>
**Sent:** Wednesday, October 17, 2018 2:17 PM
**To:** Barcus, John M. <john.barcus@ogletree.com>; Steve Kardell <skardell@kardelllawgroup.com>; Eisenstat, Gary D. <gary.eisenstat@ogletreedeakins.com>; Denise Devia <ddevia@kardelllawgroup.com>
**Subject:** RE: Case No. 2018-SOX-00004; Lozada-Leoni v. MoneyGram Intl.; Emergency motion; filing procedure

Mr. Kardell and Mr. Barcus - please confirm your availability for 2:00 p.m. central time tomorrow afternoon for a teleconference.

**From:** Barcus, John M. <john.barcus@ogletree.com>

Exh 1

**Sent:** Wednesday, October 17, 2018 12:04 PM
**To:** Ross, Allen L. - OALJ <Ross.Allen.L@dol.gov>;
Steve Kardell <skardell@kardelllawgroup.com>; Eisenstat,
Gary D. <gary.eisenstat@ogletreedeakins.com>; Denise
Devia <ddevia@kardelllawgroup.com>
**Subject:** RE: Case No. 2018-SOX-00004; Lozada-Leoni v.
MoneyGram Intl.; Emergency motion; filing procedure

Mr. Ross:

Respondent is unclear on the purpose of the proposed
telephone status conference. If, as Mr. Kardell indicated in
response to your first email today, the only reason
Complainant wants to hold the telephone conference was to
discuss the issue of whether Complainant himself would be
permitted to conduct the Miami depositions, my
understanding is that the Judge has already ruled on that
request by way of this morning's order. In light of that
decision, I am unsure why a telephone status conference is
necessary, and would appreciate clarification on the
subject(s) to be discussed, so that I may be prepared to
discuss them.

Regarding timing, we have a deposition scheduled in this
case tomorrow at 10:00CT. I am sure we could take a break
during the deposition to have the telephone status

Exh 1

conference. I would also be available on October 23.

Thank you.

John Barcus

**John M. Barcus | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-313-2902 | Fax: 214-987-3927
john.barcus@ogletree.com | www.ogletree.com | Bio

**From:** Ross, Allen L. - OALJ <Ross.Allen.L@dol.gov>
**Sent:** Wednesday, October 17, 2018 11:36 AM
**To:** Steve Kardell <skardell@kardelllawgroup.com>; Barcus, John M. <john.barcus@ogletreedeakins.com>; Eisenstat, Gary D. <gary.eisenstat@ogletreedeakins.com>; Denise Devia <ddevia@kardelllawgroup.com>
**Subject:** RE: Case No. 2018-SOX-00004; Lozada-Leoni v. MoneyGram Intl.; Emergency motion; filing procedure

Please advise if you are available tomorrow afternoon (and what times) for a case status teleconference. If both parties are not available tomorrow afternoon, please advise your availability for Tuesday, October 23 at 10:30 a.m. central

Exh 1

time.

**From:** Steve Kardell <<u>skardell@kardelllawgroup.com</u>>
**Sent:** Wednesday, October 17, 2018 10:14 AM
**To:** Ross, Allen L. - OALJ <<u>Ross.Allen.L@dol.gov</u>>
**Cc:** Barcus, John M. <<u>john.barcus@ogletree.com</u>>;
Eisenstat, Gary D. <<u>gary.eisenstat@ogletreedeakins.com</u>>;
Denise Devia <<u>ddevia@kardelllawgroup.com</u>>
**Subject:** Re: Case No. 2018-SOX-00004; Lozada-Leoni v.
MoneyGram Intl.; Emergency motion; filing procedure

I am in court today, so I apologize for the brevity of this response.

All we need is (1).

To make it even simpler, all we are asking for is an order from the judge allowing Complainant to take two depositions in Miami on or about November 2. Without such an order, those two key depositions can't be taken within the discovery period, since I'll still be recuperating from surgery during that time.

I don't even think a telephone hearing is necessary at this point, since Respondent has fully articulated their specious reasons for opposing our reasonable suggestion on how to

Exh 1

handle this problem.


**Time is somewhat of the essence here, given the need to make airline reservations.**


**(Sent from my iPhone; please excuse typos, etc.)**


Steve Kardell


**KARDELL LAW GROUP**

Direct: 214-616-4654

Secure Fax: 469-729-9926

Email: skardell@kardelllawgroup.com

Website:

http://www.dallaswhistleblowerlawyer.com/


**This e-mail is covered by the Electronic**

Exh 1

**Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is LEGALLY PRIVILEGED. The information contained in this e-mail is intended only for the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified any dissemination, distribution or copying of this communication is STRICTLY PROHIBITED. If you have received this communication in error, please immediately notify us by telephone (214-707-2466), and destroy the original message. Thank You.**

On Oct 17, 2018, at 9:24 AM, Ross, Allen L. - OALJ <Ross.Allen.L@dol.gov> wrote:

Please see the attached Order issued by Judge Daly yesterday.

Judge Daly is in receipt of "Complainant's Motion for Telephone Hearing (Emergency Discovery Motion)" filed on October 16, 2018. Additional clarification is needed regarding the requests made in the motion. Mr. Kardell, please advise whether (1) Complainant is requesting a case status teleconference with the judge to informally discuss current pending matters, or (2) Complainant is requesting an on-the-record motion session in which Complainant will make legal arguments seeking formal relief. If Complainant is seeking an informal status teleconference, then Judge

Exh 1

Daly is willing to schedule it at a mutually agreeable time for the parties. If Complainant is requesting an on-the-record hearing session, then it will not be conducted telephonically and will be scheduled to occur in person in Austin or Covington, Louisiana at a later date. Please clarify your motion at your earliest convenience.

**From:** Ross, Allen L. - OALJ
**Sent:** Friday, October 12, 2018 12:10 PM
**To:** 'Barcus, John M.' <john.barcus@ogletree.com>
**Cc:** Steve Kardell <skardell@kardelllawgroup.com>; Eisenstat, Gary D. <gary.eisenstat@ogletreedeakins.com>; ddevia@kardelllawgroup.com
**Subject:** RE: Case No. 2018-SOX-00004; Lozada-Leoni v. MoneyGram Intl.; Emergency motion; filing procedure

Respondent may file a reply by fax. As of now, Judge Daly is not in receipt of a motion to withdraw from Complainant's counsel.

**From:** Barcus, John M. <john.barcus@ogletree.com>
**Sent:** Friday, October 12, 2018 12:05 PM
**To:** Ross, Allen L. - OALJ <Ross.Allen.L@dol.gov>
**Cc:** Steve Kardell <skardell@kardelllawgroup.com>; Eisenstat, Gary D. <gary.eisenstat@ogletreedeakins.com>; ddevia@kardelllawgroup.com

Exh 1

**Subject:** Re: Case No. 2018-SOX-00004; Lozada-Leoni v. MoneyGram Intl.; Emergency motion; filing procedure

Mr. Ross:

MoneyGram respectfully requests permission to fax-file its response, and that it have until the end of the day on Monday to do so (on the assumption that the motion is filed today).

In addition, as a point of clarification for all involved. Counsel for the complainant advised at the conclusion of a deposition on Wednesday that he would be withdrawing and that complainant would be proceeding pro se. I have seen no motion to withdraw and assume one has not been filed. I would request that Mr. Kardell or his office confirm that he continues to represent the complainant and that no motion to withdraw has been filed.

Thank you.

John Barcus

Exh 1

Sent from my iPhone


On Oct 12, 2018, at 11:06 AM, Ross, Allen L. - OALJ <Ross.Allen.L@dol.gov> wrote:

You may file the motion by fax. Judge Daly will not hold a teleconference without the filing of a motion.


However, please be aware that the Judge will likely deny any request to hold a teleconference unless the motion thoroughly sets forth the issues in dispute.


**From:** Steve Kardell <skardell@kardelllawgroup.com>
**Sent:** Friday, October 12, 2018 10:45 AM
**To:** Ross, Allen L. - OALJ <Ross.Allen.L@dol.gov>; Barcus, John M. <john.barcus@ogletree.com>
**Cc:** Eisenstat, Gary D. <gary.eisenstat@ogletreedeakins.com>
**Subject:** RE: Case No. 2018-SOX-00004; Lozada-Leoni v. MoneyGram Intl.; Emergency motion; filing procedure


Mr. Ross, today we are filing an emergency motion, requesting a telephone hearing on various discovery disputes. We would like to get a telephone hearing as soon as possible. Do we have permission to file this Motion via

Exh 1

email (in addition to standard/regular mail)?

Alternatively, would it be possible to just get a telephone hearing set without having to file a formal motion? Because our discovery window is quickly closing, this needs to be addressed fairly quickly.

<image001.jpg>

Steve Kardell

**_Board Certified Labor & Employment Law; Texas Board of Legal Specialization_**

<image002.png>

**4514 Cole Avenue, Suite 600**
**Dallas, Texas 75205**

Direct: 214-616-4654

Exh 1

Secure Fax: 469-729-9926

Email: skardell@kardelllawgroup.com

Website: www.dallaswhistleblowerlawyer.com
<image003.jpg>

<image004.jpg>


<image005.png>
<image006.png>  <image001.png>  <image008.png>



**This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is LEGALLY PRIVILEGED. The information contained in this e-mail is intended only for the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified any dissemination, distribution or copying of this communication is STRICTLY PROHIBITED. If you have received this communication in error, please immediately notify us by telephone (214-707-2466), and destroy the original message. Thank You.**



**From:** Ross, Allen L. - OALJ <Ross.Allen.L@dol.gov>
**Sent:** Wednesday, August 1, 2018 8:10 AM
**To:** Barcus, John M. <john.barcus@ogletree.com>; Steve Kardell <skardell@kardelllawgroup.com>
**Cc:** Eisenstat, Gary D. <gary.eisenstat@ogletreedeakins.com>
**Subject:** RE: Case No. 2018-SOX-00004; Lozada-Leoni v.

Exh 1

MoneyGram Intl.; Telephone status conference

At 10:00 a.m. central time this morning, I will call your office phone number to initiate the teleconference. If you would like me to call you at a different phone number, please let me know. Thank you.

**From:** Barcus, John M. <john.barcus@ogletree.com>
**Sent:** Tuesday, July 31, 2018 10:54 AM
**To:** Ross, Allen L. - OALJ <Ross.Allen.L@dol.gov>;
Steve Kardell <skardell@kardelllawgroup.com>
**Cc:** Eisenstat, Gary D.
<gary.eisenstat@ogletreedeakins.com>
**Subject:** RE: Case No. 2018-SOX-00004; Lozada-Leoni v. MoneyGram Intl.; Telephone status conference

Mr. Ross:

We have a telephone status conference scheduled for 10:00 a.m. tomorrow in the referenced matter. Will the court be providing dial-in information? If not, I'm happy to do it.

Exh 1

Thanks.


John

**John M. Barcus | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-313-2902 | Fax: 214-987-3927
john.barcus@ogletree.com | www.ogletree.com | Bio


**From:** Ross, Allen L. - OALJ <Ross.Allen.L@dol.gov>
**Sent:** Monday, March 12, 2018 4:27 PM
**To:** Steve Kardell <skardell@kardelllawgroup.com>
**Cc:** Eisenstat, Gary D. <gary.eisenstat@ogletreedeakins.com>; Barcus, John M. <john.barcus@ogletreedeakins.com>; Adrienne Donoho <ADonoho@kardelllawgroup.com>
**Subject:** RE: Case No. 2018-SOX-00004; Lozado-Leoni v. MoneyGram Intl.; Respondent's Concerns Regarding Use of Matrices in Original Complaint.


I have discussed each party's email and concerns with Judge Daly. He appreciates each party's attempt to comply with the Notice of Case Assignment issued in this case. He has reviewed Complainant's Pleading Complaint, and agrees it is unwieldy and confusing in its current form. Therefore, the judge directs the following action:

Exh 1

1.   Complainant shall file a document titled "Amended Complaint." In the Amended Complaint, counsel shall refrain from the use of undesignated columns and rows in an attempt to identify alleged action by the Complainant or conduct by Respondent and correlate it to some responsive action.

2.   The Amended Complaint (and all filings in this case) shall be single-sided. Each section, subsection, paragraph and subparagraph shall be assigned a number or letter designator.

3.   In one section of the Amended Complaint - titled "Incidents of Protected Activity" - Complainant shall specifically and separately enumerate each individual action done by Complainant that he believes constitutes a protected activity. Thus if Complainant asserts 20 distinct events of protected activity, then the section will have 20 individually enumerated subsections that describe the protected activity.

4.   A separate section of the Amended Complaint shall be titled "Adverse Action."  Complainant shall identify each distinct and separate type of adverse action that he alleges Respondent took against him.

5.   Complainant's Amended Complaint is due COB 3/23/18.

6.   Respondent's shall file its Complaint Response by COB 4/6/18.

7.   No fax filings are authorized.

Exh 1

Thank you,

Allen Ross

**From:** Steve Kardell [mailto:skardell@kardelllawgroup.com]
**Sent:** Monday, March 12, 2018 12:46 PM
**To:** Ross, Allen L. - OALJ
**Cc:** Gary D Eisenstat - Ogletree Deakins (gary.eisenstat@ogletree.com);
John M. Barcus - Ogletree Deakins (john.barcus@ogletree.com);
Adrienne Donoho
**Subject:** Case No. 2018-SOX-00004; Lozado-Leoni v. MoneyGram Intl.;
Respondent's Concerns Regarding Use of Matrices in Original Complaint.

Mr. Ross,

Here is our (Complainant's) suggestion on how to resolve
the matrix issue mentioned below:

Exh 1

*First, as you may recall, under the Notice of Hearing Date and Filing Deadlines ("Notice"), Complainant was to have filed his Complaint on March 1, 2018, (actually before the hearing, originally) consistent with the requirements set forth in Section III of the Notice.*

*Upon Complainant's Motion, the Court extended that filing deadline to March 5, 2018.  In light of this extension, and subject to the second item below, Respondent intends to request a similar five-day extension to file its responsive pleading, from March 16, 2018, until March 21, 2018.  Complainant does not oppose this extension and Respondent would ask the Court's permission to file that request for an extension and other pleadings in this case, by facsimile.  Would you kindly advise if Respondent may file pleadings in this matter by facsimile?*

Exh 1

*Second, Section III of the Notice requires Complainant's Complaint to have included certain specific information in it. Section IV of the Notice likewise requires the Response to the Complaint also to include specific information in it. Under subsection 1), Respondent must admit to or deny the occurrence of each protective activity asserted in the Complaint.*

*As currently formatted, the Complaint includes several sections, many of which contain numerous unnumbered paragraphs within each one, such as a "Cast of Characters," and two different sets of matrices, Sections III and IV of the Complaint.*

Exh 1

*The second matrix (Section IV) includes four columns for each "date" including the Event, the Specifics, if there was an "Internal Complaint," and "Notes." Counsel for Respondent has never seen any federal court or administrative pleading that resembles this format and it is not possible or practical to file an answer to allegations made in matrix form that allows one to properly admit or deny such allegations appearing in matrix form. The undersigned has discussed this issue with Complainant's counsel who understands Respondent's concern and is willing to help resolve this issue. He also thinks the matrix is helpful.*

**We do not dispute that this creates somewhat of a challenge with regard to Respondent's answer.**

**Counsel for Complainant agrees and intends on filing an Amended Complaint (reflecting the suggested changes) by COB tomorrow, March 13, 2018.**

*Respondent would respectfully request a hearing with the Court to address the format of the Complaint in light of the requirements in Sections III and IV of the Notice.*

Exh 1

*At a minimum, Respondent* ==*seeks the Court's guidance on the format of an answer or response that contains the required information*== *from Section IV of the Notice, and does so in a proper format that is useful to  the Court and also does not require Respondent to spend hundreds of hours attempting to respond to allegations listed in matrix format or unnumbered paragraphs.  FRCP 10 makes the form of pleadings very simple and clear, and Respondent respectfully suggests that using Rule 10 for both parties when providing the information required under Sections III and IV of the Notice would be more appropriate.*

**Counsel for Complainant is in the process of drafting an Amended Complaint with the necessary revisions mentioned here.**

Exh 1

*Please advise ==if the Court will have such a hearing== and when that might occur. Thank you in advance.*

**Consequently, we do not feel a hearing is necessary at this time.  We suggest that Counsel for Respondent reevaluate their request after they have had a chance to see the revisions.**

<image001.jpg>

Steve Kardell

<image002.png>

**4514 Cole Avenue, Suite 600
Dallas, Texas 75205**

Direct: 214-616-4654

Secure Fax: 469-729-9926

Exh 1

Email: skardell@kardelllawgroup.com

Websites: http://www.dallaswhistleblowerlawyer.com/


**This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is LEGALLY PRIVILEGED. The information contained in this e-mail is intended only for the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified any dissemination, distribution or copying of this communication is STRICTLY PROHIBITED. If you have received this communication in error, please immediately notify us by telephone (214-707-2466), and destroy the original message. Thank You.**

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

<LOZADA-LEONI_JUAN_v_MONEYGRAM_INTERNATIO_2018SOX000 04_(OCT_16_2018)_153241_ORDER_SD_201810171053.pdf>

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message*

Exh 1

*is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

Exh 1