Page 1

```
 1              BEFORE THE U.S. DEPARTMENT LABOR

 2    In the Matter of:              §
                                     §
 3    JUAN LOZADA-LEONI              §
                                     § Case No. 2018-SOX-00004
 4              Complainant,         §
                                     §
 5    VS.                            §
                                     §
 6    MONEYGRAM INTERNATIONAL,       §
                                     §
 7              Respondent.          §

 8    ------------------------------------

 9                  ORAL DEPOSITION OF

10                  JUAN LOZADA-LEONI

11                    MAY 23, 2018

12                   VOLUME 1 OF 1

13    ------------------------------------

14        ORAL DEPOSITION OF JUAN LOZADA-LEONI, produced as a

15    witness at the instance of the RESPONDENT, and duly

16    sworn, was taken in the above-styled and numbered cause

17    on May 23, 2018, from 9:42 a.m. to 5:33 p.m., before

18    Delanie Schreiber, CSR No. 9375 in and for the State of

19    Texas, reported by stenographic method, at the offices

20    of Ogletree & Deakins, Preston Commons West, 8117

21    Preston Road, Suite 500, Dallas, Texas, 75225, pursuant

22    to the Federal Rules of Civil Procedure and the

23    provisions stated on the record or attached hereto.

24

25    Job No. 2923036
```

Exhibit 10

Page 28

1  significantly different.  And I did not list all my
2  assignments in the Army because I was actually in the
3  Army Corp for 4th ID as a legal assistant attorney but I
4  also was in III Core, you know, I was an administrative
5  law attorney in Iraq, as well as being a prosecutor.  I
6  didn't list any of that because it would just be too
7  many.  Too money things, too money jobs and if I -- just
8  for the sake of being easier and more efficient, I did
9  it like that.
10      Q.  And you chose to list senior manager rather
11  than just manager because it sounds more important?
12      A.  Well, I have already answered that question,
13  so...
14      Q.  So why don't you answer it again.  Did you
15  chose to list yourself as a senior manager rather than a
16  manager because it sounds more important?
17      A.  I already answered that, so if you want to --
18          MR. BARCUS:  Objection:  nonresponsive --
19          THE WITNESS:  Okay.
20          MR. BARCUS:  -- I'll move to strike.
21      Q.  Did you list yourself as senior manager rather
22  than a manager because it sounded more important?
23      A.  I already answered that.
24      Q.  Okay.
25          MR. BARCUS:  Objection:  nonresponsive.

Exhibit 10

Page 29

1    Move to strike.

2        Q.  I need you to answer my questions, sir.  Did

3    you chose to list yourself as a senior manager rather

4    than a manager because it sounds more important, yes or

5    no?

6        A.  I already answered that.

7            MR. BARCUS:  Okay.  Mr. Kardell, we're

8    getting ready to have a problem.  Your client is

9    refusing to answer.

10            MR. KARDELL:  We can take it up with the

11   Judge.  He's answered.  As best I can understand, he's

12   answered the question.  What you're doing is badgering

13   the guy.  If you want to spend your clients money all

14   day, that kind of stuff, it's up to you pal, but he's

15   answered your question.  I'm not going to instruct him

16   otherwise.  Take it up with the Judge if you want to

17   right now.

18       Q.  (BY MR. BARCUS)  Are you refusing to answer my

19   question?

20            MR. KARDELL:  No.  Let me make a point

21   here.

22            MR. BARCUS:  I didn't ask you --

23            MR. KARDELL:  He's answered your question.

24   It's my opinion he has answered your question.  Now, so

25   mark it and take it up, you know, if you have nothing

Exhibit 10

```
 1   better to do than to badger this guy over some minor
 2   little deal like that, then that's your business.  I
 3   wouldn't do it if I were you, though.  Okay.  Spend all
 4   day on that.
 5               THE WITNESS:  Can I drink some water,
 6   please?
 7               MR. BARCUS:  You may.
 8               I'll let you know when I want your opinion.
 9               MR. KARDELL:  You know, I am surprised
10   somebody that's in law practice as long as you are to
11   spend this kind of time on some little issue like that,
12   I mean, go ahead if you want to.  Certify it if you want
13   to.
14               THE WITNESS:  Can we continue so we can --
15               MR. KARDELL:  Jesus Christ.
16               MR. BARCUS:  Excuse me?
17               MR. KARDELL:  I said Jesus --
18               Did you get this?
19               I said Jesus H. Christ.  Meaning, I've
20   never seen anybody take this line of questioning on
21   something that is unimportant as the question that
22   you're asking and to spend this much time on and to
23   waste our time.  With regard to that, Jesus H. Christ.
24               Do I need to clarify more for you?
25               MR. BARCUS:  You do not.
```

Exhibit 10

Page 31

1          MR. KARDELL:  Thank you.
2          MR. BARCUS:  I need an answer from the
3  witness on whether he's going to refuse to answer the
4  question.
5      A.  I already answered the question.  I'm not
6  refusing to answer, I already answered the question.
7          MR. KARDELL:  Let's go off the record for a
8  minute.
9          (Off-the-record discussion.)
10         MR. KARDELL:  Let me instruct the witness
11 as follows:  To the best of your recollection, what was
12 your -- what was your reasoning for describing your job
13 position in the manner that you did?  Is that easier?
14         THE WITNESS:  Sure.  I have been in that
15 position all the position for the company and the duties
16 only changing one really way that was somewhat
17 significant and I know longer had the managers
18 underneath but the description in the job then
19 actually -- if you read it, you know, I can it's pretty
20 clear what I did there so...
21     Q.  (BY MR. BARCUS)  You accepted MoneyGram's offer
22 of employment, correct?
23     A.  Yes.
24     Q.  And your salary was $125,000 a year base; is
25 that right?

Exhibit 10

Page 246

```
 1   when I said "Wait a second.  Did you just tell me that I
 2   need start looking for another job because I went to
 3   legal?"
 4                 MR. KARDELL:  Question.
 5                 MR. BARCUS:  Yeah.
 6                 MR. KARDELL:  Can I ask him if it's -- if
 7   it's going to be convenient or -- I know you're going to
 8   want to see those recordings, right?
 9                 MR. BARCUS:  Yeah.
10                 MR. KARDELL:  Okay.  So can you easily get
11   those to him pretty quick?
12                 THE WITNESS:  Yeah.  I got them somewhere
13   on my phone.
14                 MR. KARDELL:  Don't do it right now.  But
15   as soon as you can.
16                 THE WITNESS:  Yeah, sure.
17                 MR. BARCUS:  What we may need to do is
18   recess the deposition here in a little while and then
19   pick it up back once I've had a chance --
20                 MR. KARDELL:  Sure.
21                 MR. BARCUS:  I don't want to cold cross him
22   on them.
23                 MR. KARDELL:  I understand.  That's fine
24   with me.
25                 MR. BARCUS:  Okay.  So I'll reserve
```

Exhibit 10

Page 247

1  questions about the content of any recordings for right
2  now.
3              THE WITNESS:  I don't know -- okay.  Let me
4  ask you something because I -- you have this record had.
5              MR. BARCUS:  I'm not -- I don't think I'm
6  almost certain I don't have all of them.
7              MR. KARDELL:  So if -- what we'll do is
8  figure out which ones you have and if there's any
9  additional ones.
10             MR. BARCUS:  Let's do that.  Yeah.
11             THE WITNESS:  So anything that was
12 provided -- I mean, you didn't side not to cross me on.
13 I mean, I don't know that you can reserve that, you
14 know.
15             MR. BARCUS:  You may not know exactly what
16 I've been provided with, so.
17             THE WITNESS:  Okay.
18             MR. KARDELL:  We'll figure that out.
19             MR. BARCUS:  We can figure that out.
20             THE WITNESS:  Okay.
21             MR. KARDELL:  So with that -- after having
22 offered such an olive branch as I did, does that mean we
23 get to quit here in a little bit?
24             MR. BARCUS:  Well.
25             MR. KARDELL:  It's almost 5:00.

Exhibit 10

Page 248

1           MR. BARCUS:  It is.  So let's go of the
2  record for a minute.
3           (Recess taken from 4:54 p.m. to 5:32 p.m.)
4           MR. BARCUS:  All right.  So we're back on
5  the record.  And just confirming a discussions that
6  counsel and the parties have had offline.  We've agreed
7  to recess this deposition and resume it on June 19th at
8  the claimant's office in Austin.  And claimant has
9  greeted to produced to us the audio files that we just
10 identified on his phone as soon as possible and I assume
11 we can agree no later than at least one full week before
12 the hearing -- before the resumption of the depo.
13          MR. KARDELL:  Perfect.
14          MR. BARCUS:  Everybody is in agreement with
15 that.
16          MR. KARDELL:  Sure.
17          MR. BARCUS:  All right.  So we're in
18 recess, I guess, and off the record.
19          (Deposition concluded at 5:33 p.m.)
20
21
22
23
24
25                                              Exhibit 10

Page 251

1              BEFORE THE U.S. DEPARTMENT OF LABOR

2    In the Matter of:              §
                                    §
3    JUAN LOZADA-LEONI               § Case No. 2018-SOX-00004
                                    §
4              Complainant,          §
                                    §
5    VS.                             §
                                    §
6    MONEYGRAM INTERNATIONAL,        §
                                    §
7              Respondent.           §

8               REPORTER'S CERTIFICATION

9            DEPOSITION OF JUAN LOZADA-LEONI

10                   MAY 23, 2018

11

12        I, Delanie Schreiber, Certified Shorthand Reporter

13   in and for the State of Texas, hereby certify to the

14   following:

15        That the witness, JUAN LOZADA-LEONI, was duly sworn

16   by the officer and that the transcript of the oral

17   deposition is a true record of the testimony given by

18   the witness;

19        That the deposition transcript was submitted on

20   July 15, 2018, to the witness or to the attorney

21   for the witness for examination, signature and return to

22   me by July 18, 2018;

23        That the amount of time used by each party at the

24   deposition is as follows:

25   John M. Barcus.....04 HOUR(S):26 MINUTE(S)

Exhibit 10

Page 252

```
 1        That pursuant to information given to the
 2   deposition officer at the time said testimony was taken,
 3   the following includes counsel for all parties of
 4   record:
 5   FOR THE CLAIMANT:
 6        Steve Kardell, Esq.
          Adrienne L. Donoho, Paralegal
 7        KARDELL LAW GROUP
          4514 Cole Avenue
 8        Suite 600
          Dallas, Texas 75205
 9        Telephone: (214) 306-8045
10
     FOR THE RESPONDENT:
11
          John M. Barcus, Esq.
12        OGLETREE DEAKINS
          Preston Commons West
13        8117 Preston Road
          Suite 500
14        Dallas, Texas 75225
          Telephone: (214) 987-3800
15        Fax: (214) 987-3927
          john.barcus@ogletreedeakins.com
16
                -- and --
17
          Elizabeth Weathers-Nguyen, Esq.
18        ASSOCIATE GENERAL COUNSEL MONEYGRAM PAYMENT
          SYSTEMS, INC.
19        2828 N. Harwood Street
          Suite 1500
20        Dallas, Texas 75201
          Telephone: (214) 999-8029
21        eweathers-nguyen@moneygram.com
22        That $_____ is the deposition officer's
23   charges to the RESPONDENT for preparing the original
24   deposition transcript and any copies of exhibits;
25        I further certify that I am neither counsel for,
```

Exhibit 10

Page 253

1  related to, nor employed by any of the parties or
2  attorneys in the action in which this proceeding was
3  taken, and further that I am not financially or
4  otherwise interested in the outcome of the action.
5       Certified to by me this 12th day of June, 2018.
6
7
8                          <%Signature%>
                           Delanie Schreiber, Texas CSR 9375
9                          Expiration Date:  12/31/18
                           VERITEXT LEGAL SOLUTIONS
10                         Veritext Registration No. 571
                           300 Throckmorton Street
11                         Suite 1600
                           Fort Worth, Texas  76102
12  Job No. 2923036        (817) 336-3042  (800) 336-4000
13
14
15
16
17
18
19
20
21
22
23
24
25                                              Exhibit 10