# KARDELL | LAW GROUP

4514 Cole Avenue, Suite 600
Dallas, Texas  75205

STEVE KARDELL
PH: (214) 306-8045
FAX: (469) -729- 9926
Board Certified Labor & Employment
Law; Texas Board of Legal
Specialization
Writer's Phone: (214) 306-8045
Writer's E-Mail:
skardell@kardelllawgroup.com
Website:
www.dallaswhistleblowerlawyer.com

June 28, 2017

Mr. Juan Antonio Lozada-Leoni
3200 Rifle Gap Rd.
Apt. 1146
Frisco, TX 75034

☐ Via Overnight
☐ Via Regular Mail
☐ Via Hand Delivery
☐ Via Fax:_____
☒ Via E-Mail: jual76@gmail.com

Dear Mr. Lozada-Leoni:

    The purpose of this engagement letter is to outline the terms by which the Kardell Law Group (hereinafter "KLG") will agree to represent you.  We ask that you acknowledge your understanding of this letter and agreement by signing and returning an original to us at your earliest convenience.  If you have any questions, please call me directly.

| | | |
|---|---|---:|
| I. | SCOPE OF ENGAGEMENT | 2 |
| II. | FEES | 2 |
| III. | NO ITEMIZED TIME ENTRIES | 2 |
| IV. | FEE TREATMENT OF OTHER SETTLEMENT PROVISIONS | 2 |
| V. | ANY AND ALL DISPUTES SHALL BE DECIDED EXCLUSIVELY BY BINDING ARBITRATION | 2 |
| VI. | WHO WILL PROVIDE THE LEGAL SERVICES? | 3 |
| VII. | THE SCOPE OF THE REPRESENTATION | 3 |
| VIII. | WHO IS OUR CLIENT? | 3 |
| IX. | YOUR COOPERATION | 4 |
| X. | OUR RELATIONSHIPS WITH OTHERS | 4 |
| XI. | CHARGES FOR OTHER EXPENSES AND SERVICES | 4 |
| XII. | BILLING ARRANGEMENTS (FOR EXPENSES) AND TERMS OF PAYMENT | 4 |
| XIII. | TERMINATION | 5 |
| XIV. | DOCUMENT RETENTION | 5 |
| XV. | DISCLAIMER | 5 |
| XVI. | OUR PROFESSIONAL RESPONSIBILITY | 6 |
| XVII. | KLG DOES NOT GIVE TAX OR INVESTMENT ADVICE | 6 |
| XVIII. | TAX WITHHOLDING ON SETTLEMENT PAYMENTS. | 6 |
| XIX. | MODIFICATION OF OUR AGREEMENT | 6 |
| XX. | CONCLUSION | 6 |

Exhibit 12

Juan Lozada-Leoni
Wednesday, June 28, 2017
Page 2

## I. SCOPE OF ENGAGEMENT

The scope of our engagement shall be limited to the following specific matter(s): advice and representation ~~in seeking a severance agreement or other exit package with your former employer,~~ regarding your termination JZ from JZ MoneyGram, Inc. JZ

## II. FEES JZ → Settlement JZ SK SK

The nonrefundable retainer for this representation is $7,500, the payment of which is hereby acknowledged. This is to compensate us for initial and preliminary work done on the matter. This consists of all fees for any and all legal services performed pursuant to the scope of this engagement.

If the company elects to offer you ~~a severance or other exit package~~, our fee for this representation is (1) a contingency fee of one-third (i.e., 33 1/3%) of any severance amount eventually paid by the company, (2) less a credit for the $7,500 retainer previously paid, and (3) less any expenses due or previously paid on your behalf, with the following exception: in the event the company has offered, or is prepared to offer a cash severance payment pursuant to a predetermined formula determined by the company, this specific amount is treated as an amount payable to you and not subject to the contingent fee. (This only applies to payments calculated pursuant to a predetermined formula determined by the company, and not, for example, stock options, RSU's., etc.)

In the event it is necessary to file a formal administrative proceeding or lawsuit, this fee increases to 40% of the amount recovered, either through settlement or judgment. Please note that we do not guarantee success with regard to any particular settlement figure. ~~Plus, we retain the exclusive discretion on whether to file a formal lawsuit.~~ JZ SK

## III. NO ITEMIZED TIME ENTRIES

The nonrefundable retainer is due and payable at the time of the commencement of the representation. We do not provide a monthly itemization of time spent on particular tasks. The nonrefundable retainer serves as a form of "dry-hole" insurance, i.e. payable to the firm even though settlement efforts may be unsuccessful.

## IV. FEE TREATMENT OF OTHER SETTLEMENT PROVISIONS

In most instances, the company settlement will consist of a simple cash payment. But there are some instances where the settlement includes consideration and compensation that goes beyond a simple cash payment. Some examples: accelerated vesting; alienation of affection; back pay; bonuses; bridging of benefits; KLG's attorneys' fees to represent you; compensation; court/arbitration costs; damages; deferred compensation; equity interests; expert fees; health or country club memberships; forum fees; fringe benefits; front pay; health, life, medical, dental, disability or other insurance benefits; loan forgiveness, loan cancellation, new, increased or extended benefits; interest; liquidated or punitive damages; loss of: earnings, earning capacity or consortium; mental anguish; pain and suffering; payment of COBRA; participating units; perquisites; real estate; reputation damages; retirement, pension or 401(k) benefits; REUs; RSUs; statutory damages; equity; stock; stock options; the bridging of stock options pursuant to a consulting agreement; PTO or vacation benefits; and wages). In the event that the total recovery here includes any of the above, the KLG 33.3% contingent fee will apply, less the refund of any nonrefundable retainer.

## V. ~~ANY AND ALL DISPUTES SHALL BE DECIDED EXCLUSIVELY BY BINDING ARBITRATION~~

~~Any and all disputes by, among or between the Parties to this Agreement shall be exclusively resolved by mandatory, binding arbitration. This includes, but is not limited to, any and all disputes arising under, out of or related to this Agreement, the lawyers' representation of the client(s)~~

Exhibit 12 JL

and any claims for malpractice, negligence, breach of fiduciary duty, breach of warranty, deceptive trade practices, breach of contract or any other claims that the client(s) might assert against the lawyers or the lawyers might assert against the client(s). The Parties intend for this Agreement to arbitrate to be as broad as possible.

Prior to the arbitration, the Parties agree to participate in a full day mediation before a mutually acceptable mediator. If the Parties cannot agree on a mediator, the matter will be mediated by the Judicial Arbitration and Mediation Service (hereafter "JAMS") office located in Dallas or if none is located in Dallas, in the JAMS office located closest to Dallas.

If the Parties cannot reach a resolution of their dispute in mediation, the Parties agree to proceed to arbitration before the American Arbitration Association (hereafter "AAA") pursuant to the AAA Commercial Arbitration Rules, except that the Parties agree to use three AAA arbitrators to decide this matter. All costs of the mediation and the arbitration will be borne equally by the Parties. If more than one Party is involved, the costs of the arbitration will be split on a pro rata basis, based on the number of Parties involved. However, if permitted by the AAA Rules, at the end of the arbitration, the AAA can award and/or allocate the arbitration fees between the parties, as permitted by the AAA Rules. Except as provided for in this Agreement, all other AAA rules will apply. Except as provided for in this Agreement, all other AAA rules will apply.

There are advantages and disadvantages to arbitration. Arbitrating any and all disputes between the Parties may be more efficient and will be conducted confidentially. However, any claims the Parties have will be decided by arbitrators, not decided by a court or a trial by jury. Also, unlike courts, which are an arm of the government, private arbitrators have no ability to require third parties to participate in an arbitration or to provide documents or witnesses. There may be other disadvantages to arbitration. Consequently, you should consider carefully whether arbitration is acceptable to you, and should consult with an independent attorney regarding this issue.

### VI. WHO WILL PROVIDE THE LEGAL SERVICES?

In most cases, one attorney will be your principal contact. From time to time, that attorney may delegate parts of your work to other lawyers or to legal assistants or nonlegal professionals in the firm. We do this in order to involve those with special knowledge or experience in an area and to provide you service in a timely and efficient manner.

### VII. THE SCOPE OF THE REPRESENTATION

As lawyers, we undertake to provide representation and advice solely on the legal matters for which we are engaged, and it is important that we both have a clear understanding of the legal services the firm has agreed to provide. In our engagement letter with you, we specified the scope of services we will provide. If there are any questions about the terms of engagement, including the scope of the representation, please raise those questions promptly with your principal contact at the firm.

We cannot guarantee the outcome of any matter. Any expression of our professional judgment regarding your matter or the potential outcome limited by our knowledge of the facts and based on the law at the time of expression. It is also subject to any unknown or uncertain factors or conditions beyond our control.

### VIII. WHO IS OUR CLIENT?

It is our policy to represent only the person or entity identified in our engagement letter and not any affiliates. For example, unless otherwise specifically stated in our engagement letter, if you are a corporation or partnership, our representation does not include any parents, subsidiaries, employees, officers, directors, shareholders, or partners of the corporation or partnership, or commonly owned corporations or partnerships. If you are a trade association, our representation excludes members of

Exhibit 12

Juan Lozada-Leoni
Wednesday, June 28, 2017
Page 4

the trade association. If you are an individual, our representation does not include your employer, partners, spouse, siblings, or other family members.

### IX. YOUR COOPERATION

To enable us to provide effective representation, you agree to: (1) disclose to us, fully and accurately and on a timely basis, all facts and documents that are or might be material or that we may request, (2) keep us apprised on a timely basis of all developments relating to the representation that are or might be material, (3) attend meetings, conferences, and other proceedings when it is reasonable to do so, and (4) otherwise cooperate fully with us.

### X. OUR RELATIONSHIPS WITH OTHERS

Our law firm represents many companies and individuals. In some instances, the applicable rules of professional conduct may limit our ability to represent clients with conflicting or potentially conflicting interests. Those rules of conduct often allow us to exercise our independent judgment in determining whether our relationship with one client prevents us from representing another. In other situations, we may be permitted to represent a client only if the other client consents to that representation.

If a controversy unrelated to the subject matter of the representation develops between you and another client of the firm, we will follow the applicable rules of professional responsibility to determine whether we may represent either you or the other client in the controversy.

### XI. CHARGES FOR OTHER EXPENSES AND SERVICES

The total amount of attorney's fees owed by you for this representation is capped by the nonrefundable retainer. Expenses may be ongoing, though.

Any expenses less than $200 will be deducted from the nonrefundable retainer. As an example of these expenses, the firm utilizes Lexis CaseMap, a digitized and computer-generated case-management system. There will be occasional (non-marked-up) charges deducted for this process.

For any expenses in excess of $200, we will seek your prior approval before incurring same. At the early stage of an employment dispute, these are typically mediation fees or filing fees. For these expenses (and any other pre-approved expenses in excess of $200), we will expect you to either pay the vendor directly or promptly reimburse us for the expense.

### XII. BILLING ARRANGEMENTS (FOR EXPENSES) AND TERMS OF PAYMENT

If not prepaid by you as described above, we will bill you for any expenses over the $200 threshold on a regular basis, normally each month. You agree to make payment within 30 days of the date of our invoice. Your obligation for this reimbursement of expenses will be capped at the total amount of $15,000 during the scope of this representation. Should your account become delinquent and satisfactory payment terms are not arranged, as permitted under the rules regulating our profession we will be required to withdraw from the representation. In most cases, and except as prohibited by ethical considerations, if your account becomes more than 60 days delinquent, we will cease representation until we can arrive at a mutually satisfactory arrangement for payment of the delinquent account and the resumption of services.

If the representation will require a concentrated period of activity, such as a trial, arbitration, or hearing, we reserve the right to require the payment of all amounts then owing to us and the prepayment to us of the fees and expenses we estimate will be incurred in preparing for and completing the trial, arbitration, or hearing, as well as arbitration fees likely to be assessed. If you fail to timely pay any additional deposit requested, we will have the right to cease performing further work and the right to withdraw from the representation.

Exhibit 12

Juan Lozada-Leoni
Wednesday, June 28, 2017
Page 5

Unless otherwise specified and agreed to in the engagement letter, payment of our expenses is not contingent on the ultimate outcome of our representation.

We look to you, the client, for payment regardless of whether you are insured to cover the particular risk. From time-to-time, we assist clients in pursuing third-parties for recovery of attorneys' fees and other charges resulting from our services. These situations include payments under contracts, statutes or insurance policies. However, it remains your obligation to pay all amounts due to us within 30 days of the date of our statement.

### XIII. TERMINATION

Because our firm has been engaged to provide legal services in connection with the representation specifically defined in our engagement letter, the attorney-client relationship terminates upon our completion of our services related to the representation in the matter. After completion of the representation, however, changes may occur in the applicable laws or regulations that could affect your future rights and liabilities in regard to the matter. Unless we are actually engaged after the completion of the representation to provide additional advice on such issues, the firm has no continuing obligation to give advice with respect to any future legal developments that may relate to the matter.

If you later retain us to perform further or additional services, our attorney-client relationship will be subject to the terms of engagement agreed to at that time; in the absence of any specific agreement, these Additional Terms of Engagement shall apply to the further or additional representation.

We look forward to the opportunity to complete our representation of you in the specified matter. You may, however, terminate our representation at any time, with or without cause, by notifying us in writing. You agree that we will own and retain our own files pertaining to the matter or case, including, for example, firm administrative records, time and expense reports, personnel and staffing materials, credit and accounting records, and internal lawyer's work product such as drafts, notes, internal memoranda, and legal and factual research including investigative reports, prepared by or for the internal use of lawyers.

The termination of our services without cause will not affect your responsibility for payment of legal services rendered and other charges incurred before termination and in connection with an orderly transition of the matter. *Accordingly, by signing the engagement letter you agree that KLG has a right to assert a lien or file an intervention or other pleading against this case or any settlement monies or thing of value to secure payment of its fees and expenses.*

### XIV. DOCUMENT RETENTION

At the close of any matter, we usually send the pertinent parts of our files in that matter to a storage facility for storage at our expense. However, we do not store voluminous papers at our expense. The attorney closing the file will determine what part of the file is sent to storage and how long we will maintain the files in storage. Documents we choose not to store will be returned to you or destroyed.

### XV. DISCLAIMER

By signing the engagement letter or otherwise indicating your acceptance of the engagement letter, you acknowledge that KLG has made no promises or guarantees to you about the outcome of the representation, and nothing in these terms of engagement shall be construed as such a promise or guarantee. Either at the commencement or during the course of the representation, we may express opinions or beliefs about the matter or various courses of action and the results that might be anticipated. Any expressions on our part concerning the outcome of the representation, or any other legal matters, are based on our professional judgment and are not guarantees.

Exhibit 12

Juan Lozada-Leoni
Wednesday, June 28, 2017
Page 6

### XVI. OUR PROFESSIONAL RESPONSIBILITY

This agreement is subject to the laws of the State of Texas. The Texas code of professional responsibility lists several types of conduct or circumstances that require or allow us to withdraw from representing a client. These include, for example, nonpayment of fees or charges, misrepresentation or failure to disclose material facts, action contrary to our advice, and conflict of interest with another client.

We try to identify in advance and discuss with our clients any situation that may lead to our withdrawal. If withdrawal ever becomes necessary, we give our client written notice as soon as practicable.

### XVII. KLG DOES NOT GIVE TAX OR INVESTMENT ADVICE

KLG makes no representations or guarantees regarding the tax, consequences of any recovery obtained on behalf of the client(s). KLG recommends and encourages you to retain CPAs, tax attorneys or investment professionals to provide advice regarding the tax treatment of any settlement or recovery. You should obtain the advice of tax professionals regarding whether or not a W-2 or 1099 can or should be issued for any settlement proceeds, whether a separate 1099 should be issued for the lawyers' fees, whether you will be taxed on the amount of the total recovery you pay to the lawyers for attorneys' fees and litigation expenses, or whether any settlement may be characterized as some other type of payment such as a payment for a physical injury, payment for wages and whether standard withholding should be taken or whether the payment should be characterized in some other manner. It is your responsibility to obtain tax and investment advice from professionals outside KLG.

### XVIII. TAX WITHHOLDING ON SETTLEMENT PAYMENTS.

Whether tax is withheld is a matter for the Company's discretion. We will request no withholding if that is your desire, but the Company is under no obligation to do so.

### XIX. MODIFICATION OF OUR AGREEMENT

The engagement letter and these Additional Terms of Engagement reflect our entire agreement on the terms of this engagement. These written terms of engagement are not subject to any oral agreements or understandings, and any change in those terms can only be made in writing signed by both KLG and you.

### XX. CONCLUSION

We look forward to a mutually satisfying relationship with you. Again, if at any time you have a question or concern, please feel free to bring it to my attention. Thank you.

Very truly yours,

KARDELL LAW GROUP

By: _____
Steve Kardell

Date: _____ June 28, 2017 _____

Exhibit 12

Juan Lozada-Leoni
Wednesday, June 28, 2017
Page 7

AGREED AND ACCEPTED:

By: _____
    Juan Lozada-Leoni

Date: __8 September 2017__

Exhibit 12