IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JUAN LOZADA-LEONI,<br><br>　　　Plaintiff,<br><br>vs.<br><br>MONEYGRAM INTERNATIONAL, INC., and MONEYGRAM PAYMENT SYSTEMS, INC.,<br>　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§  Civil Action No. 4:20-cv-68<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## INTERVENOR KLG'S MOTION TO STRIKE

Comes now Kardell Law Group (KLG), Intervenor in the above referenced matter, and files this its **MOTION TO STRIKE,** and would respectfully show the court as follows:

1. **KLG herein asks this Court to enter an Order striking Plaintiff's allegations in p. 24, dealing with an after-the-fact discussion regarding KLG's ability to rebut allegations of improper "intent" in connection with the filing of the OSHA charge herein.**
From the early stages of this litigation, MoneyGram has pursued, with Captain Ahab-like obsession, their theory that KLG's sparse SOX pleading here was their ticket to a summary dismissal.

In pursuit of this quixotic goal, the legal team at MoneyGram apparently thought it insufficient to just argue that filing a bare-bones SOX complaint was "negligence" or some other lapse of legal judgment.

At some point MoneyGram apparently concluded that it was necessary to plead "intent" on the part of the lawyer filing the SOX Complaint.

**INTERVENOR KLG'S MOTION TO STRIKE**

Kardell's only goal in filing the declaration involved herein was to formally deny that there was any "intent" on his part here.

2. **Applicable law**

To succeed on a motion to strike, the movant must show that the allegations being challenged are so unrelated as to be unworthy of any consideration and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party. See United States v. Cushman & Wakefield, Inc., 275 F. Supp. 2d 763, 768 (N.D. Tex. 2002) (Citations omitted). A court must deny a motion to strike if there is any question of law or fact. Id. See also Augustus v. Board of Public Instruction of Escambia, Fla., 306 F.2d 862, 868 (5th Cir. 1962). Because motions to strike are not favored, challenged matter in a pleading will not be stricken unless it is clear that it can have no possible bearing upon the subject matter of the litigation. Berke v. Presstek, Inc., 188 F.R.D. 179, 180 (D.N.H. 1998).

This entire allegation should be struck for a number of reasons.

3. **KLG's allegedly harmful conduct here took place some 4 months after Kardell withdrew from the case.**
   In August 2020 MGI filed a Motion for Summary Judgment alleging that the OSHA complaint (drafted and filed by Mr. Kardell) was insufficient to support a claim.

   This issue here arose in September of 2020.

4. **Steve Kardell's allegedly harmful conduct here is, if anything, *de minimus*.**

   As Plaintiff conceded, it was just "extremely concerning".

5. **Steve Kardell allegedly harmful conduct had nothing to do with malpractice on KLG's part.**
   The allegations against KLG here are that it failed to conduct discovery, was not aggressive enough throughout the litigation, etc. etc.

These "extremely concerning" events detailed herein have no bearing on any breach of lawyer duty or standard of care.

6. **Since nothing was filed with this Court by KLG, there was no conceivable breach of any type of fiduciary duty owed to Plaintiff.**
As plaintiff indicated, "fortunately, he did not file his own Response".

7. **KLG was fully justified in seeking some method to rebut MoneyGram's allegations that KLG intentionally bypassed SOX, OSHA and DOL.**
Because KLG does a lot of SOX filings; public allegations that KLG intentionally bypassed OSHA exhaustion requirements could be professionally damaging.

8. **KLG had a legitimate concern that if unexplained, the issue of the bare-bones pleading might subsequently be utilized by Plaintiff as evidence of malpractice.**
One of Plaintiff's core strategies here is basing malpractice claims on MoneyGram's accusatory statements.

In this very pleading Plaintiff adopts MoneyGram's allegations of discovery delay as prima facie evidence of malpractice. Consequently, it is important that KLG be allowed to set the record straight here.

9. **This bare-bones, "placeholder" pleading strategy is a standard procedure utilized by KLG in SOX cases.**

One recent example here is an almost identical SOX case that KLG had against Grubhub.



10. **In his response, Plaintiff indicated that he was going to be revealing Plaintiff's "strategic goals," "strategies" and "intent "with regard to the OSHA filing.**
    No so. In its declaration, KLG states that the issue here is only his intent", not Plaintiff's.

11. **As illustrated by the detail of Exhibit 1, (i.e., the 59 emails concerning this dispute), this mini-soap opera is a distraction that will take up the Court's valuable time on what is the essentially a non-issue.**

12. **Kardell pointed out all throughout this process that all he wanted to do was to see what they planned to file.**

Relief requested:

KLG urges the Court to enter the attached proposed Order, striking Plaintiff's p. 24 for the reasons indicated herein.

Respectfully submitted,

*/s/ Steve Kardell*
Steve Kardell
Texas State Bar No. 11098400
E-mail: skardell@kardelllawgroup.com
KARDELL LAW GROUP
4514 Cole Avenue, Suite 600

**INTERVENOR KLG'S MOTION TO STRIKE**

Page 4 of 6

>Dallas, Texas 75205
>Telephone: (214) 616-4654
>Facsimile: (469) 729-9926
>ATTORNEY FOR INTERVENOR

## CERTIFICATE OF CONFERENCE

On December 31, 2020, I conferred by email with Susan Hutchison, counsel for Plaintiff, in the manner required under Local Rule 7(h) regarding the relief requested herein. Plaintiff is opposed to the relief requested herein.

>*/s/ Steve Kardell*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been submitted, by electronic means, to all counsel of record on December 31, 2020.

>*/s/ Steve Kardell*

Respectfully submitted,

/s/ Steve Kardell
Steve Kardell
Texas State Bar No. 11098400
E-mail: skardell@kardelllawgroup.com
KARDELL LAW GROUP
4514 Cole Avenue, Suite 600
Dallas, Texas 75205
Telephone: (214) 616-4654
Facsimile: (469) 729-9926
ATTORNEY FOR INTERVENOR

## CERTIFICATE OF CONFERENCE

On November 24, 2020, I conferred by email with Susan Hutchison, counsel for Plaintiff, in the manner required under Local Rule 7(h) regarding the relief requested herein. Plaintiff is unopposed to the relief requested herein.

/s/ Steve Kardell

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been submitted, by electronic means, to all counsel of record on November 24,2020.

/s/ Steve Kardell