# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| **JUAN LOZADA-LEONI,** § | |
|     **Plaintiff,** § | |
| § | |
| V. § | |
| § | Civil Action No.  4:20CV68-RWS-CMC |
| § | |
| **MONEYGRAM INTERNATIONAL,** § | |
| **INC., ET AL.,** § | |
|     **Defendants.** § | |

## ORDER ON INTERVENOR KLG'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT FOR ATTORNEY'S FEES

The above-referenced cause of action was referred to the undersigned United States Magistrate Judge for pretrial purposes in accordance with 28 U.S.C. § 636.  The following pending motion is before the Court:

**Intervenor KLG's Motion for Leave to File a First Amended Complaint for Attorney's Fees (Docket Entry # 175).**

The Court, having carefully considered the relevant briefing, is of the opinion Intervenor's motion for leave to file a First Amended Complaint for Attorney's Fees should be **GRANTED.**

### I. BACKGROUND

In his original complaint and First Amended Complaint, Plaintiff Juan Lozada-Leoni ("Plaintiff") sued MoneyGram International, Inc. ("MGI"), as well as Juan Manuel Gonzalez and Christopher Ponder, pursuant to the whistleblower provision of the Corporate and Criminal Fraud Accountability Act of 2002, also known as the Sarbanes-Oxley Act, codified at 18 U.S.C. § 1514A(a), as amended by Section 929A of the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010. On May 16, 2019, Plaintiff filed his Second Amended Complaint, dismissing

the individual defendants and adding MoneyGram Payments Systems, Inc. ("MPSI") as a defendant, along with MGI (collectively, "Defendants"). See Docket Entry # 21.

On October 19, 2020, the undersigned entered a 138-page Report and Recommendation, recommending Defendants' motions for summary judgment be denied. See Docket Entry # 127. In the Report and Recommendation, the undersigned advised the parties that within fourteen days after service of the report, any party must serve and file specific written objections to the findings and recommendations contained in the report. On October 26, 2020, Kardell Law Group PC ("KLG"), Plaintiff's former counsel who withdrew by Order dated April 15, 2020, filed a Motion for Leave to Intervene, seeking to intervene to protect its contractual interest in the proceeds from this lawsuit.[1] Docket Entry # 128.

Two days later, Plaintiff and Defendants, Moneygram International, Inc. and Moneygram Payment Systems, Inc., filed a Joint Motion to Stay All Deadlines and Notice of Settlement, advising the Court that all matters in controversy between the parties have been settled in principle. Docket Entry # 130. On October 29, 2020, the Court granted the Joint Motion to Stay All Deadlines and Notice of Settlement, ordering that all deadlines in the above-referenced cause of action were stayed for thirty days pending finalization of the settlement. Docket Entry # 131. The Court ordered the parties or their counsel to submit to the Court all papers necessary for the closing of this case and its removal from the active docket of the Court within thirty days from the date of entry of the Order.

On November 13, 2020, Plaintiff and proposed Intervenor KLG filed a Joint Motion for Entry of Scheduling Order Regarding Attorney Fee Dispute. Docket Entry # 132. Defendants expressed

---

[1] In the Certificate of Conference, KLG stated Plaintiff objected to any claim by Kardell to attorney fees in this matter but did not object to the Court making the determination as to whether Kardell should recover any attorney fees in this matter. Defendants stated they take no position on the dispute or the motion.

no interest in the issue. The Court granted the joint motion on November 16, 2020, ordering Plaintiff and KLG to submit briefing on the relative positions regarding the attorney fee dispute.[2] Docket Entry # 133.

On December 14, 2020, KLG filed its Motion for Leave to File its Original Complaint for Attorney's Fees. Docket Entry # 146. The Certificate of Conference stated Plaintiff was opposed to the relief. Although the motion for leave stated KLG's Original Complaint for Attorney's Fees was attached as "Exhibit A" to the motion for leave, the proposed Original Complaint was not attached as an exhibit but was separately filed on the docket as Docket Entry # 147. Plaintiff did not file a response in opposition to the motion for leave. Rather, Plaintiff filed a substantive response to Intervenor's Request for Attorney Fees on December 18, 2020 (Docket Entry # 149). Plaintiff later filed an Amended Response to Intervenor's Request for Attorney Fees on January 4, 2021 (Docket Entry # 157), thus terminating Plaintiff's original response (and KLG's related motion to strike p. 11, ¶ 24 of Plaintiff's original response).[3] KLG filed a reply on January 8, 2021 (Docket Entry # 163), and Plaintiff filed a surreply on January 15, 2021 (Docket Entry # 166).

Meanwhile, on January 5, KLG filed a Motion for Disclosure, noting both sides had made significant settlement progress. *See* Docket Entry # 159. According to KLG, one "hurdle" to settlement was the fact that Plaintiff's attorneys were "reluctant to disclose either the amount that was reached in settlement with MoneyGram or the attorney's fee portion of that amount." *Id*. at p. 1. KLG believed that "once we get past this hurdle, that settlement is highly likely." *Id*. KLG

---

[2] Thereafter, the Court revised the pleading schedule. *See* Docket Entry #s 152, 155.

[3] The Court notes KLG filed an Amended Motion to Strike on January 5, 2021, requesting the Court strike p. 11, ¶ 24 of Plaintiff's amended response.

requested the Court enter an order directing Hutchinson & Stoy to disclose, confidentially, to KLG the amount Hutchinson & Stoy anticipates will be payable as their contingent fee and expenses herein. *Id*. at p. 2.

On February 11, 2021, the Court entered an Order granting Kardell Law Group's Motion for Leave to Intervene (Docket Entry # 128) and Intervenor KLG's Motion for Leave to File its Original Complaint for Attorney's Fees (Docket Entry # 146).[4]

## II. KLG'S MOTION FOR LEAVE

In KLG's motion for leave to file a First Amended Complaint for Attorney's Fees, KLG requests leave to amend the original complaint to respond to two new issues raised for the first time in Plaintiff's January 15, 2021 surreply. Specifically, KLG asserts justice requires that it be given the opportunity to rebut Plaintiff's allegations of "abandonment" of this case, "i.e., that KLG withdrew their representation of Plaintiff because of KLG's 'disapproval of the client's objective[s].'" Docket Entry # 175 at pp. 2-3. KLG further seeks to respond to Plaintiff's assertion in the surreply that KLG failed to present evidence of reasonable and necessary attorney's fees, and alternatively, that quantum meruit recovery is inappropriate here because that entitlement has not been proven by competent evidence. *Id*. at p. 2.

In his response in opposition to KLG's motion for leave to amend, Plaintiff points out, as an

---

[4] In its February 11, 2021 Order, the Court further instructed Plaintiff to advise the Court as follows: (1) whether Plaintiff and/or Hutchison & Stoy oppose the relief requested in Intervenor KLG's Motion for Disclosure (Docket Entry #159); (2) the current status of settlement discussions with KLG as to the disputed attorney fee issue; and (3) whether a hearing on Intervenor KLG's Original Complaint for Attorney's Fees and related Amended Motion to Strike would be helpful in resolving the disputed attorney fee issue. On February 15, 2021, Plaintiff filed a Notice Advising of Status (Docket Entry # 173), stating, among other things, Plaintiff's counsel has provided KLG, in confidence, the final settlement amount as well as Plaintiff's contingency interest, thus mooting KLG's Motion for Disclosure.
On February 23, 2021, the Court entered an Order denying Intervenor KLG's Motion for Disclosure (Docket Entry # 159) as moot. *See* Docket Entry # 174.

initial matter, all of the extensive briefing that has been filed by KLG in the past six months. Docket Entry # 179 at pp. 1-3. Plaintiff asserts KLG "has had ample time to file necessary pleadings and documents with the Court." *Id.* at p. 3. Plaintiff objects to continuing, recurring filings by KLG and wishes for a resolution. *Id.*

According to Plaintiff, "[e]ven the proposed First Amended Complaint fails to comply with the requirements necessary to recover attorney fees, which require: providing admissible evidence of reasonable hours worked with specific time entries, reasonable hourly rate, time and labor required, skill required to perform the legal services correctly, etc." *Id.* Plaintiff addresses Rule 15(a)(2) and argues the Court should deny KLG's motion because of "undue delay," "repeated failure to cure deficiencies," "undue prejudice to the opposing party," and "futility of amendment." *Id.* at p. 4.

In its reply, KLG states as follows:

> the Complaint and the proposed Amended Complaint was necessary to preserve a future defense of mandatory counterclaim, in view of Plaintiff's 'oath of relentless vengeance' stated in an email to Steve Kardell and the disingenuous refusal of Hutchison & Stoy throughout the extent and duration of this intervention to admit that their formal claims consisted of a claim for malpractice. These proceedings generally require the pleading formality of a separate lawsuit. Kardell believed it was uncertain whether a simple briefing schedule would suffice here.

Docket Entry # 180 at pp. 3-4. According to KLG, the proposed First Amended Complaint for Attorney's Fees will "actually kill[] two birds with one stone: first, since [Plaintiff's surreply] was the first mention of Plaintiff's specious 'abandonment' allegations, the proposed Amended Complaint provides KLG the first opportunity to rebut those allegations." *Id.* at p. 4. "Secondly, since [Plaintiff's surreply] was also the first detailed mention of an alleged paucity of attorney's fees evidence, the proposed Amended Complaint responds to those issues in a succinct fashion." *Id.*

## III. APPLICABLE LAW

Under Federal Rule of Civil Procedure 15(a), leave to amend should be freely given when justice requires. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Factors determining whether there is "substantial reason" to deny leave to amend include: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment." *Bayway Lincoln Mercury, Inc. v. Universal Underwriters Ins. Co.*, Civil Action No. H-19-3817, 2020 WL 8093495, at *3 (S.D. Tex. Dec. 4, 2020) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (alteration omitted in *Bayway*)).

## IV. DISCUSSION

Plaintiff asserts Federal Rule of Civil Procedure 15 does not support granting leave to file an amendment that was unduly delayed, fails to cure deficiencies, and is futile. Docket Entry # 179 at p. 4. Plaintiff further asserts he will be prejudiced if leave is granted.

At this time, the Court does not find any undue delay, bad faith or dilatory motive, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice, or futility. The Court therefore finds no substantial reason to deny KLG's leave to amend. Therefore, KLG's motion for leave to file its proposed First Amended Complaint for Attorney's Fees is granted pursuant to Federal Rule of Civil Procedure 15(a).[5]

## V. CONCLUSION

Based on the foregoing analysis, it is hereby

---

[5] To the extent Plaintiff desires to address any of the allegations contained in the First Amended Complaint for Attorney's Fees, Plaintiff may seek leave of Court to do so.

**ORDERED** that Intervenor KLG's Motion for Leave to File a First Amended Complaint for Attorney's Fees (Docket Entry # 175) is **GRANTED.**

**SIGNED this 23rd day of March, 2021.**

_____
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE